**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**

**RUSSELL MARTINEZ,**

     **Plaintiff,**

                                     **USDC Case No. 14-CV-00534 KBM/WPL**

**v.**                                **District Court Case No. D-117-CV-2014-00159**

**JOSEPH SALAZAR, et al.,**

     **Defendants.**

**ANSWER TO COMPLAINT FOR DAMAGES RESULTING FROM CIVIL RIGHTS
VIOLATIONS, INTENTIONAL TORTS, NEGLIGENCE, AND VIOLATIONS OF
TITLE II OF THE AMERICAN WITH DISABILITIES ACT**

     **COME NOW** Defendants Joseph Salazar, Greg Esparza, the Espanola Department of Public Safety, Leo Montoya and the City of Espanola (hereinafter collectively referred to as "Espanola Defendants") by and through their attorneys Basham & Basham, P.C. (Mark A. Basham appearing) and answer Plaintiff's Complaint for Damages Resulting from Civil Rights Violations, Intentional Torts, Negligence, and Violations of Title II of the American with Disabilities Act (hereinafter "Complaint") as follows:

1.  Espanola Defendants admit the allegations contained in Paragraphs 1 – 8 of the Complaint.

2.  Espanola Defendants state that with respect to the allegations contained in Paragraphs 9 – 19 of the Complaint that they are directed to other parties requiring no response by the Espanola Defendants.

3.  Espanola Defendants are without sufficient information as to the allegations contained in Paragraphs 20 – 25 of the Complaint and, therefore, deny them.

4.  Espanola Defendants admit the allegations contained in in Paragraphs 26 – 28 of the Complaint.

5.  Espanola Defendants admit the allegations in the first sentence of Paragraph 29 of the Complaint but deny the allegations contained in the second sentence of that same Paragraph.

6.  Espanola Defendants admit the allegations in the first sentence of Paragraph 30 of the Complaint but deny the allegations contained in the second sentence of that same Paragraph.

7.  Espanola Defendants deny the allegations contained in Paragraphs 31 – 35 of the Complaint.

8.  Espanola Defendants are without sufficient information as to the allegations contained in Paragraphs 36 and 37 and, therefore, deny them.

9.  Espanola Defendants admit the allegations contained in Paragraphs 38 and 39 of the Complaint.

10.  Espanola Defendants are without sufficient information as to the allegations contained in Paragraphs 40 – 46 of the Complaint.

11.  Espanola Defendants deny the allegations contained in Paragraph 47 of the Complaint.

12.  Espanola Defendants are without sufficient information as to the allegations contained in Paragraphs 48 – 75 of the Complaint.

13.  Espanola Defendants deny the allegation contained in Paragraph 76 of the Complaint.

14.  Espanola Defendants are without sufficient information as to the allegations contained in Paragraphs 77 – 92 of the Complaint.

15.  With respect to Paragraph 93 of the Complaint, the Espanola Defendants incorporate by reference their answers to the preceding paragraphs as though they were fully stated herein.

16.  Espanola Defendants state that the allegations contained in Paragraph 94 of the Complaint is a legal conclusion requiring no response.

17.  Espanola Defendants deny the allegation contained in Paragraph 95 of the Complaint.

18.  Espanola Defendants admit the allegation contained in Paragraph 96 of the Complaint.

19.  Espanola Defendants deny the allegations contained in Paragraphs 97 and 98 of the Complaint.

20.  With respect to Paragraph 99 of the Complaint, the Espanola Defendants incorporate by reference their answers to the preceding paragraphs as though they were fully stated herein.

21.  Espanola Defendants admit the allegations contained in Paragraphs 100 and 101 of the Complaint.

22.  Espanola Defendants deny the allegations contained in Paragraphs 102 and 103 of the Complaint.

23.   Espanola Defendants state that the allegations contained in Paragraph 104 of the Complaint is a legal conclusion requiring no response.

24.  With respect to Paragraph 105 of the Complaint, the Espanola Defendants incorporate by reference their answers to the preceding paragraphs as though they were fully stated herein.

25.  Espanola Defendants admit the allegations contained in Paragraph 106 of the Complaint.

26.  Espanola Defendants state that the allegation contained in Paragraph 107 of the Complaint is a legal conclusion requiring no response.

27.  Espanola Defendants deny the allegations contained in Paragraphs 108 – 110 of the Complaint.

28. Espanola Defendants state that the allegation contained in Paragraph 111 of the Complaint is a legal conclusion requiring no response.

29.  With respect to Paragraph 112 of the Complaint, the Espanola Defendants incorporate by reference their answers to the preceding paragraphs as though they were fully stated herein.

30.  Espanola Defendants state that with respect to the allegations contained in Paragraphs 113 – 191 that they are directed to other parties requiring no response by the Espanola Defendants.

31.  Espanola Defendants deny Plaintiff's Prayer for Relief.

32.  Any facts not specifically admitted herein by the Espanola Defendants are denied.

## AFFIRMATIVE DEFENSES

1.      The Complaint fails to state a claim upon which relief can be granted.

2.      Espanola Defendants breached no duty owed to Plaintiff.

3.      Espanola Defendants activities were lawful, in good faith and in the exercise of governmental functions.

4.      At all times relevant hereto, the Espanola Defendants actions were reasonable, proper and constitutional.

5.      If Plaintiff suffered any injury and damages, such were unavoidable and not caused by Espanola Defendants.

6.      Any detriment or damages allegedly suffered by the Plaintiff was due to and caused by Plaintiff's own acts and conduct.

7.      If Plaintiff suffered any detriment, such was not caused by the Espanola Defendants.

8.      Plaintiff failed to take reasonable action to avoid, mitigate or prevent the alleged injury or damage.

9.       The Espanola Defendant law enforcement officers were, at all times relevant hereto, duly qualified, appointed and acting law enforcement officers and at all times relevant hereto were engaged in the performance of their regularly scheduled duties as law enforcement officers.

10.     The Espanola Defendant law enforcement officers are not liable for their acts or omissions while exercising due care in the execution or enforcement of the law.

11.     Plaintiff  has failed to comply with the provisions of the New Mexico Tort Claims Act, which bars recovery.

12.     Espanola Defendants are entitled to qualified immunity

13.     The Espanola Defendant law enforcement officers are not liable for any injury resulting from their acts or omissions where the acts or omissions were the result of the exercise of discretion vested in them as law enforcement officers.

14.     The actions of the Espanola Defendant law enforcement officers were lawful and proper.

15.     Plaintiff knew or should have known that he was being arrested by law enforcement officers and had the duty to refrain from resisting such arrest.

16.     The force, if any, used on Plaintiff was reasonable and necessary under the circumstances.

17.     Plaintiff has failed to allege, nor can she prove, participation in ratification of or acquiescence by the governmental City Defendant Espanola in the actions of the Defendant law enforcement officers.  As such, Plaintiff has failed to state a claim for relief pursuant to 42 U.S.C. §1983.

18.     The doctrine of respondeat superior is not an adequate basis for liability of the governmental entity City Defendant Espanola under 42 U.S.C. §1983.

19.     Plaintiffs have failed to allege, and cannot prove, an "affirmative link" between the alleged incidents of misconduct by the Espanola Defendant law enforcement officers and an express or implied directive or operating procedure of the City of Espanola or law enforcement.

20.     Pursuant to N.M.S.A. §41-4-19(D) of the New Mexico Tort Claims Act, these Defendants are not liable for exemplary or punitive damages.

21.     The individual Espanola Defendants are entitled to qualified immunity.

22.     Espanola Defendants reserve the right to add additional affirmative defenses as discovery takes place.

**WHEREFORE**, the Espanola Defendants respectfully request that the Court dismiss Plaintiff's claims with prejudice, award them their costs and attorneys' fees in the defense of this matter, and for such other and further relief that the Court deems is appropriate.

Respectfully submitted by:

Basham & Basham, P.C.

*Electronically filed 06/09/14*
*/s/ Mark A. Basham*
Mark A. Basham
2205 Miguel Chavez, Suite A
Santa Fe, New Mexico 87505
505-988-4575
Fax: 505-992-6170
mbasham@bbpcnm.com
Attorneys for Espanola Defendants

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 9th day of June, 2014, I filed the foregoing Espanola Defendants' Answer to Plaintiff's Complaint, which caused counsel of record to be served by electronic means, as more fully reflected on the Notice of Electronic Filing:

Todd A. Coberly
Cobberly & Attrep, LLLP
1322 Paseo de Peralta
Santa Fe, NM  87501
Attorneys for Plaintiff
tcoberly@cna-law.com

*/s/ Mark A. Basham*
Mark A. Basham