IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

RUSSELL MARTINEZ,

      Plaintiff,

vs.                                                         No.  1:14-cv-00534 KBM/WPL

JOSEPH SALAZAR, in his individual capacity,
GREG ESPARZA, in his individual capacity,
THE ESPANOLA DEPARTMENT OF PUBLIC
SAFETY, LEO MONTOYA, THE CITY OF
ESPANOLA, MARVIN ARMIJO, in his official
capacity, ANTHONY ARMIJO, in his official
capacity, JAMES CULIN, in his individual capacity,
MANUEL VALDEZ, in his individual capacity,
GUY JORDAN, in his individual capacity, THE
BOARD OF COUNTY COMMISSIONERS OF
RIO ARRIBA COUNTY, THE RIO ARRIBA
COUNTY SHERIFF'S OFFICE, THOMAS
RODELLA, in his individual and official capacities,
LARRY DEYAPP, in his individual and official
capacities, UKNOWN NUMBER OF JOHN DOES,
employees of the Rio Arriba County Adult Detention
Facility, in their individual capacities, and FERNANDO
BAYARDO, M.D.,

      Defendants.

**ANSWER OF DEFENDANTS MARVIN ARMIJO,
ANTHONY ARMIJO, JAMES CULIN, MANUEL VALDEZ,
GUY JORDAN, THE BOARD OF COUNTY COMMISSIONERS
OF RIO ARRIBA COUNTY, THE RIO ARRIBA COUNTY
SHERIFF'S  OFFICE, THOMAS RODELLA AND LAWRENCE
DEYAPP TO PLAINTIFF'S COMPLAINT FOR DAMAGES
RESULTING FROM CIVIL RIGHTS VIOLATIONS,
INTENTIONAL TORTS, NEGLIGENCE AND VIOLATIONS OF
TITLE II OF THE AMERICANS WITH DISABILITIES ACT**

      Come now Defendants, Marvin Armijo, Anthony Armijo, James Culin, Manuel Valdez,

Guy Jordan, the Board of County Commissioners of Rio Arriba County, the Rio Arriba County

Sheriff's Office, Thomas Rodella and Lawrence DeYapp ("County Defendants"), by and through

their attorneys, Yenson, Allen & Wosick P.C. (Robert W. Becker, appearing), and by way of

Answer to the Complaint of Plaintiff, Russell Martinez, state as follows:

## I.  JURIDICTION AND VENUE

1.      Defendants admit that subject matter jurisdiction and venue are proper in the

United States District Court for the District of New Mexico.

2.      Defendants deny the allegations of Paragraph 2, the matter having been removed

to the United States District Court for the District of New Mexico.

## II.  PARTIES

3.      Defendants admit the allegations of Paragraph 3.

4.      The allegations of Paragraph 4 are not directed to theses Defendants.  To the

extent that it can be construed that the allegations of Paragraph 4 are directed to these

Defendants, Defendants admit the allegations of Paragraph 4.

5.      The allegations of Paragraph 5 are not directed to theses Defendants.  To the

extent that it can be construed that the allegations of Paragraph 5 are directed to these

Defendants, Defendants admit the allegations of Paragraph 5.

6.      The allegations of Paragraph 6 are not directed to theses Defendants.  To the

extent that it can be construed that the allegations of Paragraph 6 are directed to these

Defendants, Defendants admit sentence 1 of the allegations of Paragraph 6 and are without

knowledge or information sufficient to form a belief as to the truth of the allegations of the

second sentence of allegations of Paragraph 6.

7.      The allegations of Paragraph 7 are not directed to these Defendants.  To the extent

that it can be construed that the allegations of Paragraph 7 are directed to these Defendants, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 7.

8.     The allegations of Paragraph 8 are not directed to theses Defendants.  To the extent that it can be construed that the allegations of Paragraph 8 are directed to these Defendants, Defendants admit the allegations of Paragraph 8.

9.     Defendants admit the allegations of Paragraph 9.

10.     Defendants admit the allegations of Paragraph 10.

11.     Defendants admit the allegations of Paragraph 11.

12.     Defendants admit the allegations of Paragraph 12.

13.     Defendants admit the allegations of Paragraph 13.

14.     Defendants admit the first sentence of allegations of Paragraph 14.  Defendants deny as stated the second, third and fourth sentences of allegations of Paragraph 14.

15.     Defendants admit the first sentence of allegations of Paragraph 15.  Defendants deny the second sentence of allegations of Paragraph 15.

16.     Defendants deny as stated the first sentence of allegations of Paragraph 16. Defendants admit the second, third and fourth sentences of allegations of Paragraph 16.

17.     Defendants deny as stated the first sentence of allegations of Paragraph 17. Defendants admit the second, third and fourth sentences of allegations of Paragraph 17.

18.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 18.

19.     The allegations of Paragraph 19 are not directed to these Defendants.  To the extent that it can be construed that the allegations of Paragraph 19 are directed to these Defendants, Defendants admit the allegations of Paragraph 19.

### III.  FACTUAL ALLEGATIONS , BACKGROUND ON PLAINTIFF'S MEDICAL CONDITION AND DISABILITY

20.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 20.

21.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 21.

22.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 22.

23.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 23.

24.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 24.

25.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 25.

### IV.  ESPANOLA POLICE DEPARTMENT OFFICERS' USE EXCESSIVE FORCE ON PLAINITFF

26.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 26.

27.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 27.

28.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 28.

29.     The allegations of Paragraph 29 are not directed to these Defendants.  To the extent that it can be construed that the allegations of Paragraph 29 are directed to these Defendants, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 29.

30.     The allegations of Paragraph 30 are not directed to these Defendants.  To the extent that it can be construed that the allegations of Paragraph 30 are directed to these Defendants, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 30.

31.     The allegations of Paragraph 31 are not directed to these Defendants.  To the extent that it can be construed that the allegations of Paragraph 31 are directed to these Defendants, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 31.

32.     The allegations of Paragraph 32 are not directed to these Defendants.  To the extent that it can be construed that the allegations of Paragraph 32 are directed to these Defendants, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 32.

33.     The allegations of Paragraph 33 are not directed to these Defendants.  To the extent that it can be construed that the allegations of Paragraph 33 are directed to these Defendants, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 33.

34.     Defendants deny the allegations of Paragraph 34.

35.     The allegations of Paragraph 35 are not directed to these Defendants.  To the extent that it can be construed that the allegations of Paragraph 35 are directed to these Defendants, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 35.

36.     The allegations of Paragraph 36 are not directed to these Defendants.  To the extent that it can be construed that the allegations of Paragraph 36 are directed to these Defendants, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 36.

37.     The allegations of Paragraph 37 are not directed to these Defendants.  To the extent that it can be construed that the allegations of Paragraph 37 are directed to these Defendants, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 37.

38.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 38.

39.     The allegations of Paragraph 39 are not directed to these Defendants.  To the extent that it can be construed that the allegations of Paragraph 39 are directed to these

Defendants, Defendants are without information sufficient to form a belief as to the truth of the allegations of Paragraph 39.

## V.  PLAINTIFF'S DISCHARGE FROM ESPANOLA HOSPITAL AND SUBSEQUENT ARREST BY RACSO OFFICERS

40.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 40.

41.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 41.

42.     Defendants are without knowledge or information sufficient to form a belief as to the first sentence of allegations of Paragraph 42.  Defendants admit the second sentence of allegations of Paragraph 42.

43.     Defendants deny as stated the allegations of Paragraph 43.

44.     Defendants deny the allegations of Paragraph 44.

45.     Defendants deny the allegations of Paragraph 45.

46.     Defendants deny the allegations of Paragraph 46.

47.     Defendants deny the allegations of Paragraph 47.

48.     Defendants deny the allegations of Paragraph 48.

49.     Defendants deny as stated the allegations of Paragraph 49.

50.     Defendants admit the allegations of Paragraph 50.

51.     Defendants deny the allegations of Paragraph 51.

52.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 52.

53.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 53.

54.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 54.

55.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 55.

56.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the second sentence of allegations of Paragraph 56.

57.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 57.

58.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 58.

59.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 59.

60.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the second sentence of allegations of Paragraph 60.

61.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the second sentence of allegations of Paragraph 61.

62.     Defendants deny as stated the allegations of Paragraph 62.

63.     Defendants admit the allegations of the first sentence of Paragraph 63. Defendants deny the allegations of the second sentence of Paragraph 63.

64.     Defendants admit the allegations of Paragraph 64.

65.     Defendants deny as stated the allegations in the first sentence of allegations of Paragraph 65.  Defendants are without knowledge or information sufficient to form a belief as to the truth of the second sentence of allegations of Paragraph 65.

66.     Defendants deny the allegations of Paragraph 66.

67.     Defendants deny as stated the allegations of Paragraph 69.

### VI.  PLAINTIFF'S SECOND ARRIVAL AT ESPANOLA HOSPITAL AND MEDICAL CLEARANCE FOR JAIL

68.     Defendants deny the allegations of Paragraph 68.

69.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 69.

70.     The allegations of Paragraph 70 are not directed to these Defendants.  To the extent that it can be construed that the allegations of Paragraph 70 are directed to these Defendants, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 70.

71.     The allegations of Paragraph 71 are not directed to these Defendants.  To the extent that it can be construed that the allegations of Paragraph 71 are directed to these Defendants, Defendants are without knowledge or information sufficient to form a belief as to the first sentence of allegations of Paragraph 71.  Defendants admit the second sentence of allegations of Paragraph 71.

72.     Defendants admit the allegations of Paragraph 72.

73.     Defendants admit the allegations of Paragraph 73.

9

74.     Defendants are without knowledge of information sufficient to form a belief as to the truth of the allegations of Paragraph 74.

## VI.  PLAINTIFF'S DETENTION WITH RACADF

75.     Defendants deny as stated the first sentence of allegations of Paragraph 75. Defendants admit the second sentence of allegations of Paragraph 75.

76.     Defendants deny the allegations of Paragraph 76.

77.     Defendants are without knowledge of information sufficient to form a belief as to the truth of the allegations of Paragraph 77.

78.     Defendants admit the allegations of sentence one of Paragraph 78.  Defendants deny the allegations of sentence two of Paragraph 78.

79.     Defendants admit the allegations of Paragraph 79.

80.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 80.

81.     Defendants deny the allegations of Paragraph 81.

82.     Defendants deny the allegations of Paragraph 82.

83.     Defendants deny the allegations of Paragraph 83.

84.     Defendants deny the allegations of Paragraph 84.

85.     Defendants deny the allegations of Paragraph 85.

86.     Defendants deny the allegations of Paragraph 86.

87.     Defendants admit the allegations of Paragraph 87.

88.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the first and second sentences of allegations of Paragraph 88.  Defendants admit the third sentence of allegations of Paragraph 88.

89.     Defendants deny as stated the allegations of Paragraph 89.

90.     Defendants deny the allegations of Paragraph 90.

91.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the first sentence of allegations of Paragraph 91.  Defendants deny the second and third sentences of allegations of Paragraph 91.

92.     Defendants admit the allegations of Paragraph 92.

## VII.  CAUSES OF ACTION

### Count I:  42 U.S.C. § 1983 – Violation of Plaintiff's Constitutional Rights under the Fourth and Fourteenth Amendments – Excessive Force (Defendants Joseph Salazar and Greg Esparza)

93.     Defendants repeat and reallege each and every answer to the previous allegations as if set forth at length herein.

94.     The allegations of Paragraph 94 allege a conclusion of law to which no response is required.  To the extent the allegations of Paragraph 94 can be construed to allege facts, Defendants admit the allegations of Paragraph 94.

95.     The allegations of Paragraph 95 are not directed to these Defendants.  To the extent that it can be construed that the allegations of Paragraph 95 are directed to these Defendants, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 95.

11

96.     The allegations of Paragraph 96 are not directed to these Defendants.  To the extent that it can be construed that the allegations of Paragraph 96 are directed to these Defendants, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 96.

97.     The allegations of Paragraph 97 are not directed to these Defendants.  To the extent that it can be construed that the allegations of Paragraph 97 are directed to these Defendants, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 97.

98.     The allegations of Paragraph 98 are not directed to these Defendants.  To the extent that it can be construed that the allegations of Paragraph 98 are directed to these Defendants, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 98.

**Count II:  Injury Resulting from Assault, Battery, False Arrest
and Deprivation of Rights, Privileges or Immunities Secured \
By the Constitution and Laws of the United States and New Mexico**

99.     Defendants repeat and reallege each and every answer to the previous allegations as if set forth at length herein.

100.     The allegations of Paragraph 100 allege conclusions of law to which no response is required and they are not directed to these Defendants.  To the extent that it can be construed that the allegations of Paragraph 100 allege facts and are directed to these Defendants, Defendants admit the allegations of Paragraph 100.

101.    The allegations of Paragraph 101 are not directed to these Defendants.  To the extent that it can be construed that the allegations of Paragraph 101 are directed to these Defendants, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 101.

102.    The allegations of Paragraph 102 are not directed to these Defendants.  To the extent that it can be construed that the allegations of Paragraph 102 are directed to these Defendants, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 102.

103.    The allegations of Paragraph 103 are not directed to these Defendants.  To the extent that it can be construed that the allegations of Paragraph 103 are directed to these Defendants, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 103.

104.    The allegations of Paragraph 104 are not directed to these Defendants.  To the extent that it can be construed that the allegations of Paragraph 104 are directed to these Defendants, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 104.

### Count III:  Negligent Hiring, Training and/or Supervising (Defendants Joe Montoya, Espanola Department of Public Safety and City of Espanola)

105.    Defendants repeat and reallege each and every answer to the previous allegations as if set forth at length herein.

106.    The allegations of Paragraph 106 allege conclusions of law, not facts, and are not directed to these Defendants.  To the extent that it can be construed that the allegations of

Paragraph 106 allege facts and are directed to these Defendants, Defendants admit the allegations of Paragraph 106.

107.    The allegations of Paragraph 107 allege a conclusion of law, not facts, and are not directed to these Defendants.  To the extent that it can be construed that the allegations of Paragraph 107 allege facts and are directed to these Defendants, Defendants admit the allegations of Paragraph 107.

108.    The allegations of Paragraph 108 are not directed to these Defendants.  To the extent that it can be construed that the allegations of Paragraph 108 are directed to these Defendants, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 108.

109.    The allegations of Paragraph 109 are not directed to these Defendants.  To the extent that it can be construed that the allegations of Paragraph 109 are directed to these Defendants, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 109.

110.    The allegations of Paragraph 110 are not directed to these Defendants.  To the extent that it can be construed that the allegations of Paragraph 110 are directed to these Defendants, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 110.

111.    The allegations of Paragraph 111 are not directed to these Defendants.  To the extent that it can be construed that the allegations of Paragraph 111 are directed to these

Defendants, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 111.

**Count IV:  42 U.S.C.§ 1983 – Violation of Plaintiff's Constitutional Rights Under the Fourth and/or Fourteenth Amendments – Objectively Unreasonable or Deliberate Indifference to Conditions of Confinement (Defendants Marvin Armijo, Anthony Armijo, James Culin, Manuel Valdez, Guy Jordan, Unknown Number of John Does and Fernando Bayardo, M.D.)**

112.    Defendants repeat and reallege each and every answer to the previous allegations as if set forth at length herein.

113.    The allegations of Paragraph 113 allege a conclusion of law, not facts, to which no response is required.  To the extent that it can be construed that the allegations of 113 allege facts, Defendants deny the allegations of Paragraph 113.

114.    The allegations of Paragraph 114 allege a conclusion of law, not facts, to which no response is required.  To the extent that it can be construed that the allegations of 114 allege facts, Defendants deny the allegations of Paragraph 114.

115.    Defendants deny the allegations of Paragraph 115.

116.    Defendants admit the first sentence of Paragraph 116.  Defendants deny the second sentence of allegations of Paragraph 116.

117.    Defendants deny the allegations of Paragraph 117.

118.    Defendants deny the allegations of Paragraph 118.

**Count V:  42 U.S.C. § 1983 – Violation of Plaintiff's Constitutional
Rights Under the Fourth and/or Fourteenth Amendments –
Objectively Unreasonable or Deliberately Indifferent Denial of
Medical Care (Defendants Marvin Armijo, Anthony Armijo,
James Culin, Manuel Valdez, Guy Jordon, Unknown Number
of John Does and Fernando Bayardo, M.D.)**

119.    Defendants repeat and reallege each and every answer to the previous allegations
as if set forth at length herein.

120.    The allegations of Paragraph 120 allege a conclusion of law, not facts, to which
no response is required.  To the extent that it can be construed that the allegations of Paragraph
120 allege facts, Defendants deny the allegations of Paragraph 120.

121.    The allegations of Paragraph 121 allege a conclusion of law, not facts, to which
no response is required.  To the extent that it can be construed that the allegations of Paragraph
121 allege facts, Defendants deny the allegations of Paragraph 121.

122.    Defendants deny the allegations of Paragraph 122.

123.    Defendants admit the first sentence of allegations of Paragraph 123.  Defendants
deny the second sentence of allegations of Paragraph 123.

124.    Defendants deny the allegations of Paragraph 124.

125.    Defendants deny the allegations of Paragraph 125.

**Count VI:  Conspiracy to Violate Plaintiff's
Constitutional Rights Under the Fourth and/or Fourteenth
Amendments – Conditions Of Confinement and/or Denial
of Medical Care (Defendants Marvin Armijo, Anthony
Armijo, James Culin and Fernando Bayardo, M.D.)**

126.    Defendants repeat and reallege each and every answer to the previous allegations
as if set forth at length herein.

16

127.    The allegations of Paragraph 127 allege a conclusion of law, not facts, to which no response is required.  To the extent that it can be construed that the allegations of Paragraph 127 allege facts, Defendants deny the allegations of Paragraph 127.

128.    The allegations of Paragraph 128 allege a conclusion of law, not facts, to which no response is required.  To the extent that it can be construed that the allegations of Paragraph 128 allege facts, Defendants deny the allegations of Paragraph 128.

129.    Defendants admit the first sentence of allegations of Paragraph 129.  Defendants deny the second sentence of allegations of Paragraph 129.

130.    Defendants deny the allegations of Paragraph 130.

131.    Defendants deny the allegations of Paragraph 131.

132.    Defendants deny the allegations of Paragraph 132.

133.    Defendants deny the allegations of Paragraph 133.

**Count VII:  42 U.S.C. § 1983 – Violation of Plaintiff's
Constitutional Rights Under the Fourth and/or Fourteenth
Amendments – Conditions Of Confinement and/or Denial
of Medical Care (Supervisory and Municipal Liability)
(Lawrence DeYapp, Thomas Rodella and Rio Arriba County)**

134.    Defendants repeat and reallege each and every answer to the previous allegations as if set forth at length herein.

135.    The allegations of Paragraph 135 allege a conclusion of law, not facts, to which no response is required.  To the extent that it can be construed that the allegations of Paragraph 135 allege facts, Defendants deny the allegations of Paragraph 135.

136.     The allegations of Paragraph 136 allege a conclusion of law, not facts, to which no response is required.  To the extent that it can be construed that the allegations of Paragraph 136 allege facts, Defendants deny the allegations of Paragraph 136.

137.     The allegations of Paragraph 137 allege a conclusion of law, not facts, to which no response is required.  To the extent that it can be construed that the allegations of Paragraph 137 allege facts, Defendants deny the allegations of Paragraph 137.

138.     The allegations of Paragraph 138 allege a conclusion of law, not facts, to which no response is required.  To the extent that it can be construed that the allegations of Paragraph 138 allege facts, Defendants deny the allegations of Paragraph 138.

139.     The allegations of Paragraph 139 allege a conclusion of law, not facts, to which no response is required.  To the extent that it can be construed that the allegations of Paragraph 139 allege facts, Defendants deny as stated the allegations of Paragraph 139.

140.     Defendants deny the allegations of Paragraph 140.

141.     Defendants deny the allegations of Paragraph 141.

142.     Defendants deny the allegations of Paragraph 142.

143.     Defendants deny the allegations of Paragraph 143.

144.     Defendants deny the allegations of Paragraph 144.

145.     Defendants deny the allegations of Paragraph 145.

146.     Defendants admit the allegations of Paragraph 146.

147.     Defendants deny the allegations of Paragraph 147.

148.     Defendants deny the allegations of Paragraph 148.

**Count VII: 42 U.S.C. § 1983 – Violation of Plaintiff's
Constitutional Rights Under the Fourth and/or Fourteenth
Amendments – Denial Of Prompt Probable Cause Determination
(Defendants Marvin Armijo and Anthony Armijo)**

149.    Defendants repeat and reallege each and every answer to the previous allegations as if set forth at length herein.

150.    The allegations of Paragraph 150 allege a conclusion of law, not facts, to which no response is required.  To the extent that it can be construed that the allegations of Paragraph 150 allege facts, Defendants deny as stated the allegations of Paragraph 150.

151.    Defendants deny the allegations of Paragraph 151.

152.    Defendants admit the allegations of Paragraph 152.

153.    Defendants deny the allegations of Paragraph 153.

154.    Defendants deny the allegations of Paragraph 154.

**Count  IX:  42 U.S.C. § 1983 – Violation of Plaintiff's
Constitutional Rights Under the Fourth and Fourteenth
Amendments – Denial Of Prompt Probable Cause
Determination (Supervisory and Municipal Liability)
(Thomas Rodella and Rio Arriba County)**

155.    Defendants repeat and reallege each and every answer to the previous allegations as if set forth at length herein.

156.    The allegations of Paragraph 156 allege a conclusion of law, not facts, to which no response is required.   To the extent that it can construed that the allegations of Paragraph 156 allege facts, Defendants deny as stated the allegations of Paragraph 156.

157.    The allegations of Paragraph 157 allege a conclusion of law, not facts, to which no response is required.   To the extent that it can construed that the allegations of Paragraph 157 allege facts, Defendants deny as stated the allegations of Paragraph 157.

158.    The allegations of Paragraph 158 allege a conclusion of law, not facts, to which no response is required.   To the extent that it can construed that the allegations of Paragraph 158 allege facts, Defendants deny as stated the allegations of Paragraph 158.

159.    The allegations of Paragraph 159 allege a conclusion of law, not facts, to which no response is required.  To the extent that it can be construed that the allegations of Paragraph 159 allege facts, Defendants deny the allegations of Paragraph 159.

160.    Defendants deny the allegations of Paragraph 160.

161.    Defendants deny the allegations of Paragraph 161.

162.    Defendants deny the allegations of Paragraph 162.

163.    Defendants admit the allegations of Paragraph 163.

164.    Defendants deny the allegations of Paragraph 164.

165.    Defendants deny the allegations of Paragraph 165.

### Count X:  Title II of the Americans with Disabilities Act  (Rio Arriba County)

166.    Defendants repeat and reallege each and every answer to the previous allegations as if set forth at length herein.

167.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 167.

168.    Defendants deny as stated the allegations of Paragraph 168.

169.     Defendants deny the allegations of Paragraph 169.

170.     Defendants deny the allegations of Paragraph 170.

171.     Defendants deny the allegations of Paragraph 171.

**Count XI:  Negligent Operation or Maintenance of a
Building (Rio Arriba County, Lawrence DeYapp,
James Culin, Manuel Valdez, Guy Jordon and John Does)**

172.     Defendants repeat and reallege each and every answer to the previous allegations
as if set forth at length herein.

173.     The allegations of 173 allege a conclusion of law, not facts, to which no response
is required.  To the extent that it can be construed that the allegations of Paragraph 173 allege
facts, Defendants deny as stated the allegations of Paragraph 173.

174.     Defendants deny the allegations of Paragraph 174.

175.     Defendants deny the allegations of Paragraph 175.

176.     The allegations of Paragraph 176 allege a conclusion of law, not facts, to which
no response is required.  To the extent that it can be construed that the allegations of Paragraph
176 allege facts, Defendants deny as stated the allegations of Paragraph 176.

**Count XII:  Injury Resulting from False Arrest, False
Imprisonment and Deprivation of Rights, Privileges or
Immunities Secured By the Constitution and Laws of the
United States and New Mexico (Defendants Marvin Armijo,
Anthony Armijo, James Culin, Manuel Valdez, Guy Jordon,
John Does, Rio Arriba County Sheriff's Office and Rio Arriba County)**

177.     Defendants repeat and reallege each and every answer to the previous allegations
as if set forth at length herein.

21

178.    The allegations of Paragraph 178 allege a conclusion of law, not facts, to which no response is required.  To the extent that it can be construed that the allegations of Paragraph 178 allege facts, Defendants admit the allegations of Paragraph 178.

179.    Defendants admit the allegations of Paragraph 179.

180.    Defendants deny the allegations of Paragraph 180.

181.    Defendants deny the allegations of Paragraph 181.

182.    The allegations of Paragraph 182 allege a conclusion of law, not facts, to which no response is required.  To the extent that it can be construed that the allegations of Paragraph 182 allege facts, Defendants deny as stated the allegations of Paragraph 182.

**Count XIII:  Negligent Hiring, Training and/or
Supervision (Defendants Thomas Rodella, Lawrence DeYapp,
Rio Arriba County Sheriff's Office and Rio Arriba County)**

183.    Defendants repeat and reallege each and every answer to the previous allegations as if set forth at length herein.

184.    The allegations of Paragraph 184 allege a conclusion of law, not facts, to which no response is required.  To the extent that it can be construed that the allegations of Paragraph 184 allege facts, Defendants deny as stated the allegations of Paragraph 184.

185.    The allegations of Paragraph 185 allege a conclusion of law, not facts, to which no response is required.  To the extent that it can be construed that the allegations of Paragraph 185 allege facts, Defendants deny as stated the allegations of Paragraph 185.

186.    Defendants deny the allegations of Paragraph 186.

187.     The allegations of Paragraph 187 allege a conclusion of law, not facts, to which no response is required.  To the extent that it can be construed that the allegations of Paragraph 187 allege facts, Defendants admit the allegations of Paragraph 187.

188.     Defendants deny the allegations of Paragraph 188.

189.     Defendants deny the allegations of Paragraph 189.

190.     Defendants deny the allegations of Paragraph 190.

191.     Defendants deny as stated the allegations of Paragraph 191.

## AFFIRMATIVE DEFENSES

**First Affirmative Defense**:  Defendants Marvin Armijo, Anthony Armijo, James Culin, Manuel Valdez, Guy Jordan, Thomas Rodella and Lawrence DeYapp are entitled to qualified immunity from suit as to all federal claims asserted against them.

**Second Affirmative Defense**:  Defendants Marvin Armijo, Anthony Armijo, James Culin, Manuel Valdez, Guy Jordan, Thomas Rodella and Lawrence DeYapp are entitled to qualified immunity or the defense of good faith as to any state tort claims asserted against them, as left open by the New Mexico Supreme Court in Romero v. Sanchez, 119 N.M. 690 (1995).

**Third Affirmative Defense**:  Plaintiff's Fourteenth Amendment claim against Defendants Marvin Armijo and Anthony Armijo fails to state a claim.

**Fourth Affirmative Defense**:  Plaintiff's Fourteenth Amendment claim against Defendants James Culin, Manuel Valdez and Guy Jordan fails to state a claim.

**Fifth Affirmative Defense**:  Plaintiff's 42 U.S.C. §1983 conspiracy claim fails to state a claim.

23

**Sixth Affirmative Defense**:  Plaintiff's claims under the Fourth Amendment against Defendants James Culin, Manuel Valdez, Guy Jordan and Lawrence DeYapp with respect to Plaintiff's pretrial detainment fail to state claims.

**Seventh Affirmative Defense**:  Plaintiff's supervisory and/or municipal liability claims against Defendants Thomas Rodella, Lawrence DeYapp and Rio Arriba County fail to state claims pursuant to Bell Atlantic Corp. v. Twombley,  550 U.S. 544 (2007).

**Eighth Affirmative Defense**:  Plaintiff's Fourth and Fourteenth Amendment claims against Defendants Marvin Armijo, Anthony Armijo, Thomas Rodella and Rio Arriba County relating to a prompt probable cause determination fail to state claims.

**Ninth Affirmative Defense**:  Should Plaintiff recover a judgment against any of these Defendants as to any state tort claim, said judgment should be reduced or apportioned by the comparative negligence of Elaine Archuleta, deceased, or the comparative negligence of third parties over whom these Defendants exercised no authority or control.

Defendants reserve the right to assert additional affirmative defenses based upon what subsequent discovery may reveal.

### JURY DEMAND

Defendants demand a jury on all issues so triable.

WHEREFORE County Defendants demand judgment dismissing all claims asserted against them and for the taxation of those costs as allowed by law.

Respectfully submitted,

YENSON, ALLEN & WOSICK, P.C.

By:___/s/ Robert W. Becker_____
        Robert W. Becker
        *Attorneys for Defendants Marvin Armijo,*
        *Anthony Armijo, James Culin, Manuel Valdez,*
        *Guy Jordan, the Board of County Commissioners*
        *for Rio Arriba County, Thomas Rodella and*
        *Lawrence DeYapp*
        4908 Alameda Blvd., NW
        Albuquerque, NM  87113-1376
        (505) 266-3995
        rbecker@ylawfirm.com

I HEREBY CERTIFY that on the 13th
day of June, 2014, I filed the foregoing
electronically through the CM/ECF System,
which caused the following parties or counsel
to be served by electronic means:

Todd A. Coberly
Coberly & Attrep, LLLP
1332 Paseo de Peralta
Santa Fe, NM  87501-4325
tcoberly@cna-law.com
*Attorneys for Plaintiff Russell Martinez*

Mark A. Basham
BASHAM & BASHAM, P.C.
2205 Miguel Chavez Road, #A
Santa Fe, NM  87505-1111
(505) 988-4575
mbasham@bbpcnm.com
*Attorneys for Defendants Joseph*
*Salazar, Greg Esparza, the Espanola*
*Department of Public Safety, Leo*
*Montoya and the City of Espanola*

 */s/ Robert W. Becker*_____
ROBERT W. BECKER