FILED IN MY OFFICE
DISTRICT COURT CLERK
5/8/2014 9:47:46 AM
~~STEPHEN T. PACHECO~~

LC

## SUMMONS

| | |
|---|---|
| District Court: FIRST JUDICIAL County of Rio Arriba, New Mexico Court Address: P.O. Box 40 7 Mainstreet Tierra Amarilla, New Mexico 87575 Court Telephone No.: 575-588-0058 | Case Number: D-117-CV-2014-00159 Judge: Francis J. Mathew **ISSUED** |
| Plaintiff(s): RUSSELL MARTINEZ v. Defendant(s): JOSEPH SALAZAR, in his individual capacity, GREG ESPARZA, in his individual capacity, THE ESPANOLA DEPARTMENT OF PUBLIC SAFETY, LEO MONTOYA, THE CITY OF ESPANOLA, MARVIN ARMIJO, in his individual capacity, ANTHONY ARMIJO, in his individual capacity, JAMES CULIN, in his individual capacity, MANUEL VALDEZ, in his individual capacity, GUY JORDAN, in his individual capacity, THE BOARD OF COUNTY COMMISSIONERS OF RIO ARRIBA COUNTY, THE RIO ARRIBA COUNTY SHERIFF'S OFFICE, THOMAS RODELLA, in his individual and official capacities, LARRY DEYAPP, in his individual and official capacities, UNKNOWN NUMBER OF JOHN DOES, employees of the Rio Arriba County Adult Detention Facility, in their individual capacities, and FERNANDO BAYARDO, M.D. | Defendant Name:   **Fernando Bayardo, M.D.** Address: c/o        Presbyterian        Espanola Hospital, 1010 Spruce Street, Espanola, NM 87532 |

### TO THE ABOVE NAMED DEFENDANT(S): Take notice that

1.  A lawsuit has been filed against you. A copy of the lawsuit is attached. The Court issued this Summons.
2.  You must respond to this lawsuit in writing. You must file your written response with the Court no later than thirty (30) days from the date you are served with this Summons. (The date you are considered served with the Summons is determined by Rule 1-004 NMRA.) The Court's address is listed above.
3.  You must file (in person or by mail) your written response with the Court. When you file your response, you must give or mail a copy to the person who signed the lawsuit.
4.  If you do not respond in writing, the Court may enter judgment against you as requested in the lawsuit.
5.  You are entitled to a jury trial in most types of lawsuits. To ask for a jury trial, you must request one in writing and pay a jury fee.
6.  If you need an interpreter, you must ask for one in writing.

7.    You may wish to consult a lawyer. You may contact the State Bar of New Mexico for help finding a lawyer at www.nmbar.org; 1-800-876-6657; or 1-505-797-6066.

Dated at Rio Arriba County, New Mexico, this 8th day of May 2014



STEPHEN T. PACHECO
CLERK OF THE DISTRICT COURT

BY: _____
        Deputy

Deputy Attorney for Plaintiff or Plaintiff pro se
Name:              Todd A. Coberly
Address:           1322 Paseo de Peralta
                        Santa Fe, NM 87501
Telephone No.:   (505) 989-1029
Fax No.:            (505) 629-1560
Email Address:    tcoberly@cna-law.com

THIS SUMMONS IS ISSUED PURSUANT TO RULE 1-004 NMRA OF THE NEW MEXICO RULES OF CIVIL PROCEDURE FOR DISTRICT COURTS.

## RETURN[1]

STATE OF NEW MEXICO   )
                                      ) ss
COUNTY OF _____)

I, being duly sworn, on oath, state that I am over the age of eighteen (18) years and not a party to this lawsuit, and that I served this summons in _____ county on the ____ day of _____, 2014 by delivering a copy of this summons, with a copy of complaint attached, in the following manner:

**(check one box and fill in appropriate blanks)**

[ ]    to the defendant _____ *(used when defendant accepts a copy of summons and complaint or refuses to accept the summons and complaint)*

[ ]    to the defendant by [mail] [courier service] as provided by Rule 1-004 NMRA *(used when service is by mail or commercial courier service).*

After attempting to serve the summons and complaint on the defendant by personal service or by mail or commercial courier service, by delivering a copy of this summons, with a copy of complaint attached, in the following manner:
[ ]    to _____, a person over fifteen (15) years of age and residing at the usual place of abode of defendant, _____, *(used when the defendant is not presently at place of abode)* and by mailing by first class mail to the defendant at _____ _ *(insert defendant's last known mailing address)* a copy of the summons and complaint.

[ ]    to _____, the person apparently in charge at the actual place of business or employment of the defendant and by mailing by first class mail to the defendant at _____ *(insert defendant's business address)* and by mailing the summons and complaint by first class mail to the defendant at _____ *(insert defendant's last known mailing address).*

[ ]    to _____, an agent authorized to receive service of process for defendant
_____.

[ ]    to _____, [parent] [guardian] [custodian] [conservator] [guardian ad litem] of
defendant _____ *(used when defendant is a minor or an incompetent person).*

[ ]    to _____ *(name of person),*_____ *(title of
person authorized to receive service. Use this alternative when the defendant is a corporation or an
association subject to a suit under a common name, a land grant board of trustees, the State of New
Mexico or any political subdivision).*

Fees: _____

_____
Signature of person making service
_____
Title *(if any)*

Subscribed and sworn to before me this _____ day of May 2014

_____
Judge, notary or other officer authorized
to administer oaths

_____
Official title

## USE NOTE

    1.    Unless otherwise ordered by the court, this return is not to be filed with the court
prior to service of the summons and complaint on the defendant.

    2.    If service is made by the sheriff or a deputy sheriff of a New Mexico county, the
signature of the sheriff or deputy sheriff need not be notarized.

[Adopted effective August 1, 1988; as amended by Supreme Court Order No. 05-8300-001, effective
March 1, 2005; by Supreme Court Order No. 07-8300-016, effective August 1, 2007; as amended by
Supreme Court Order No. 12-8300-026, effective for all cases filed or pending on or after January 7,
2013; as amended by Supreme Court Order No. 13-8300-022, effective for all cases pending or filed
on or after December 31, 2013.]

FILED IN MY OFFICE
DISTRICT COURT CLERK
5/8/2014 9:48:29 AM
~~STEPHEN T. PACHECO~~

LC

## SUMMONS

| | |
|---|---|
| District Court: FIRST JUDICIAL County of Rio Arriba, New Mexico Court Address: P.O. Box 40 7 Mainstreet Tierra Amarilla, New Mexico 87575 Court Telephone No.: 575-588-0058 | Case Number: D-117-CV-2014-00159 Judge: Francis J. Mathew **ISSUED** |
| Plaintiff(s): RUSSELL MARTINEZ v. Defendant(s): JOSEPH SALAZAR, in his individual capacity, GREG ESPARZA, in his individual capacity, THE ESPANOLA DEPARTMENT OF PUBLIC SAFETY, LEO MONTOYA, THE CITY OF ESPANOLA, MARVIN ARMIJO, in his individual capacity, ANTHONY ARMIJO, in his individual capacity, JAMES CULIN, in his individual capacity, MANUEL VALDEZ, in his individual capacity, GUY JORDAN, in his individual capacity, THE BOARD OF COUNTY COMMISSIONERS OF RIO ARRIBA COUNTY, THE RIO ARRIBA COUNTY SHERIFF'S OFFICE, THOMAS RODELLA, in his individual and official capacities, LARRY DEYAPP, in his individual and official capacities, UNKNOWN NUMBER OF JOHN DOES, employees of the Rio Arriba County Adult Detention Facility, in their individual capacities, and FERNANDO BAYARDO, M.D. | Defendant Name: **The Espanola Department of Public Safety** Address: c/o City Clerk Tessa Jo Mascarenas, 405 N. Paseo de Onate, Espanola, NM 87532 |

### TO THE ABOVE NAMED DEFENDANT(S): Take notice that

1.  A lawsuit has been filed against you. A copy of the lawsuit is attached. The Court issued this Summons.
2.  You must respond to this lawsuit in writing. You must file your written response with the Court no later than thirty (30) days from the date you are served with this Summons. (The date you are considered served with the Summons is determined by Rule 1-004 NMRA.) The Court's address is listed above.
3.  You must file (in person or by mail) your written response with the Court. When you file your response, you must give or mail a copy to the person who signed the lawsuit.
4.  If you do not respond in writing, the Court may enter judgment against you as requested in the lawsuit.
5.  You are entitled to a jury trial in most types of lawsuits. To ask for a jury trial, you must request one in writing and pay a jury fee.
6.  If you need an interpreter, you must ask for one in writing.

7. You may wish to consult a lawyer. You may contact the State Bar of New Mexico for help finding a lawyer at www.nmbar.org; 1-800-876-6657; or 1-505-797-6066.

Dated at  Rio Arriba County, New Mexico, this 8th day of May 2014

STEPHEN T. PACHECO
CLERK OF THE DISTRICT COURT

BY: _____
  Deputy

Deputy Attorney for Plaintiff or Plaintiff pro se
Name:   Todd A. Coberly
Address:  1322 Paseo de Peralta
     Santa Fe, NM  87501
Telephone No.: (505) 989-1029
Fax No.:  (505) 629-1560
Email Address: tcoberly@cna-law.com

THIS SUMMONS IS ISSUED PURSUANT TO RULE 1-004 NMRA OF THE NEW MEXICO RULES OF CIVIL PROCEDURE FOR DISTRICT COURTS.

## RETURN[1]

STATE OF NEW MEXICO )
       ) ss
COUNTY OF _____)

I, being duly sworn, on oath, state that I am over the age of eighteen (18) years and not a party to this lawsuit, and that I served this summons in _____ county on the ____ day of _____, 2014 by delivering a copy of this summons, with a copy of complaint attached, in the following manner:

**(check one box and fill in appropriate blanks)**

[ ] to the defendant _____ *(used when defendant accepts a copy of summons and complaint or refuses to accept the summons and complaint)*

[ ] to the defendant by [mail] [courier service] as provided by Rule 1-004 NMRA *(used when service is by mail or commercial courier service).*

After attempting to serve the summons and complaint on the defendant by personal service or by mail or commercial courier service, by delivering a copy of this summons, with a copy of complaint attached, in the following manner:
[ ] to _____, a person over fifteen (15) years of age and residing at the usual place of abode of defendant, _____, *(used when the defendant is not presently at place of abode)* and by mailing by first class mail to the defendant at _____ _ *(insert defendant's last known mailing address)* a copy of the summons and complaint.

[ ] to _____, the person apparently in charge at the actual place of business or employment of the defendant and by mailing by first class mail to the defendant at _____ *(insert defendant's business address)* and by mailing the summons and

complaint by first class mail to the defendant at _____ *(insert defendant's last known mailing address)*.

[ ]   to _____, an agent authorized to receive service of process for defendant
_____.

[ ]   to _____, [parent] [guardian] [custodian] [conservator] [guardian ad litem] of defendant _____ *(used when defendant is a minor or an incompetent person)*.

[ ]   to _____ *(name of person)*,_____ *(title of person authorized to receive service. Use this alternative when the defendant is a corporation or an association subject to a suit under a common name, a land grant board of trustees, the State of New Mexico or any political subdivision)*.

Fees: _____

_____
Signature of person making service

_____
Title *(if any)*

Subscribed and sworn to before me this _____ day of May 2014

_____
Judge, notary or other officer authorized
to administer oaths

_____
Official title

## USE NOTE

    1.    Unless otherwise ordered by the court, this return is not to be filed with the court prior to service of the summons and complaint on the defendant.

    2.    If service is made by the sheriff or a deputy sheriff of a New Mexico county, the signature of the sheriff or deputy sheriff need not be notarized.

[Adopted effective August 1, 1988; as amended by Supreme Court Order No. 05-8300-001, effective March 1, 2005; by Supreme Court Order No. 07-8300-016, effective August 1, 2007; as amended by Supreme Court Order No. 12-8300-026, effective for all cases filed or pending on or after January 7, 2013; as amended by Supreme Court Order No. 13-8300-022, effective for all cases pending or filed on or after December 31, 2013.]

FILED IN MY OFFICE
DISTRICT COURT CLERK
5/8/2014 9:49:10 AM
~~STEPHEN T. PACHECO~~

LC

**SUMMONS**

| | |
|---|---|
| District Court: FIRST JUDICIAL County of Rio Arriba, New Mexico Court Address: P.O. Box 40 7 Mainstreet Tierra Amarilla, New Mexico 87575 Court Telephone No.: 575-588-0058 | Case Number: D-117-CV-2014-00159 Judge: Francis J. Mathew **ISSUED** |
| Plaintiff(s): RUSSELL MARTINEZ v. Defendant(s): JOSEPH SALAZAR, in his individual capacity, GREG ESPARZA, in his individual capacity, THE ESPANOLA DEPARTMENT OF PUBLIC SAFETY, LEO MONTOYA, THE CITY OF ESPANOLA, MARVIN ARMIJO, in his individual capacity, ANTHONY ARMIJO, in his individual capacity, JAMES CULIN, in his individual capacity, MANUEL VALDEZ, in his individual capacity, GUY JORDAN, in his individual capacity, THE BOARD OF COUNTY COMMISSIONERS OF RIO ARRIBA COUNTY, THE RIO ARRIBA COUNTY SHERIFF'S OFFICE, THOMAS RODELLA, in his individual and official capacities, LARRY DEYAPP, in his individual and official capacities, UNKNOWN NUMBER OF JOHN DOES, employees of the Rio Arriba County Adult Detention Facility, in their individual capacities, and FERNANDO BAYARDO, M.D. | Defendant Name:     **City of Espanola** Address:  c/o City Clerk Tessa Jo Mascarenas, 405 N. Paseo de Onate, Espanola, NM 87532 |

**TO THE ABOVE NAMED DEFENDANT(S):** Take notice that

1.  A lawsuit has been filed against you. A copy of the lawsuit is attached. The Court issued this Summons.
2.  You must respond to this lawsuit in writing. You must file your written response with the Court no later than thirty (30) days from the date you are served with this Summons. (The date you are considered served with the Summons is determined by Rule 1-004 NMRA.) The Court's address is listed above.
3.  You must file (in person or by mail) your written response with the Court. When you file your response, you must give or mail a copy to the person who signed the lawsuit.
4.  If you do not respond in writing, the Court may enter judgment against you as requested in the lawsuit.
5.  You are entitled to a jury trial in most types of lawsuits. To ask for a jury trial, you must request one in writing and pay a jury fee.
6.  If you need an interpreter, you must ask for one in writing.

7.    You may wish to consult a lawyer. You may contact the State Bar of New Mexico for help finding a lawyer at www.nmbar.org; 1-800-876-6657; or 1-505-797-6066.

Dated at  Rio Arriba County, New Mexico, this 8th day of May 2014

STEPHEN T. PACHECO
CLERK OF THE DISTRICT COURT

BY: _____
            Deputy

Deputy Attorney for Plaintiff or Plaintiff pro se
Name:              Todd A. Coberly
Address:           1322 Paseo de Peralta
                        Santa Fe, NM  87501
Telephone No.:  (505) 989-1029
Fax No.:           (505) 629-1560
Email Address:  tcoberly@cna-law.com

THIS SUMMONS IS ISSUED PURSUANT TO RULE 1-004 NMRA OF THE NEW MEXICO RULES OF CIVIL PROCEDURE FOR DISTRICT COURTS.

## RETURN[1]

STATE OF NEW MEXICO    )
                                        ) ss
COUNTY OF _____)

I, being duly sworn, on oath, state that I am over the age of eighteen (18) years and not a party to this lawsuit, and that I served this summons in _____ county on the ____ day of _____, 2014 by delivering a copy of this summons, with a copy of complaint attached, in the following manner:

**(check one box and fill in appropriate blanks)**

[ ]    to the defendant _____ *(used when defendant accepts a copy of summons and complaint or refuses to accept the summons and complaint)*

[ ]    to the defendant by [mail] [courier service] as provided by Rule 1-004 NMRA *(used when service is by mail or commercial courier service).*

After attempting to serve the summons and complaint on the defendant by personal service or by mail or commercial courier service, by delivering a copy of this summons, with a copy of complaint attached, in the following manner:
[ ]    to _____, a person over fifteen (15) years of age and residing at the usual place of abode of defendant, _____, *(used when the defendant is not presently at place of abode)* and by mailing by first class mail to the defendant at _____ _ *(insert defendant's last known mailing address)* a copy of the summons and complaint.

[ ]    to _____, the person apparently in charge at the actual place of business or employment of the defendant and by mailing by first class mail to the defendant at _____ *(insert defendant's business address)* and by mailing the summons and

complaint by first class mail to the defendant at _____ *(insert defendant's last known mailing address)*.

[ ]      to _____, an agent authorized to receive service of process for defendant _____.

[ ]      to _____, [parent] [guardian] [custodian] [conservator] [guardian ad litem] of defendant _____ *(used when defendant is a minor or an incompetent person)*.

[ ]      to _____ *(name of person)*, _____ *(title of person authorized to receive service. Use this alternative when the defendant is a corporation or an association subject to a suit under a common name, a land grant board of trustees, the State of New Mexico or any political subdivision)*.

Fees: _____

_____
Signature of person making service
_____
Title *(if any)*

Subscribed and sworn to before me this _____ day of May 2014

_____
Judge, notary or other officer authorized
to administer oaths

_____
Official title

## USE NOTE

    1.      Unless otherwise ordered by the court, this return is not to be filed with the court prior to service of the summons and complaint on the defendant.
    2.      If service is made by the sheriff or a deputy sheriff of a New Mexico county, the signature of the sheriff or deputy sheriff need not be notarized.
[Adopted effective August 1, 1988; as amended by Supreme Court Order No. 05-8300-001, effective March 1, 2005; by Supreme Court Order No. 07-8300-016, effective August 1, 2007; as amended by Supreme Court Order No. 12-8300-026, effective for all cases filed or pending on or after January 7, 2013; as amended by Supreme Court Order No. 13-8300-022, effective for all cases pending or filed on or after December 31, 2013.]

FILED IN MY OFFICE
DISTRICT COURT CLERK
5/8/2014 9:49:49 AM
STEPHEN T. PACHECO
LC

**SUMMONS**

| District Court: FIRST JUDICIAL<br>County of Rio Arriba, New Mexico<br>Court Address: P.O. Box 40<br>7 Mainstreet<br>Tierra Amarilla, New Mexico 87575<br>Court Telephone No.: 575-588-0058 | Case Number: D-117-CV-2014-00159<br><br>Judge: Francis J. Mathew   **ISSUED** |
|---|---|
| Plaintiff(s): RUSSELL MARTINEZ<br>v.<br>Defendant(s): JOSEPH SALAZAR, in his individual capacity, GREG ESPARZA, in his individual capacity, THE ESPANOLA DEPARTMENT OF PUBLIC SAFETY, LEO MONTOYA, THE CITY OF ESPANOLA, MARVIN ARMIJO, in his individual capacity, ANTHONY ARMIJO, in his individual capacity, JAMES CULIN, in his individual capacity, MANUEL VALDEZ, in his individual capacity, GUY JORDAN, in his individual capacity, THE BOARD OF COUNTY COMMISSIONERS OF RIO ARRIBA COUNTY, THE RIO ARRIBA COUNTY SHERIFF'S OFFICE, THOMAS RODELLA, in his individual and official capacities, LARRY DEYAPP, in his individual and official capacities, UNKNOWN NUMBER OF JOHN DOES, employees of the Rio Arriba County Adult Detention Facility, in their individual capacities, and FERNANDO BAYARDO, M.D. | Defendant<br>Name:   **Board of County Commissioners of Rio Arriba County**<br><br>Address: c/o County Clerk Moises Morales Jr., Tierra Amarilla Court House, 7 Main Street, Tierra Amarilla, NM 87575 |

**TO THE ABOVE NAMED DEFENDANT(S):** Take notice that

1.   A lawsuit has been filed against you. A copy of the lawsuit is attached. The Court issued this Summons.
2.   You must respond to this lawsuit in writing. You must file your written response with the Court no later than thirty (30) days from the date you are served with this Summons. (The date you are considered served with the Summons is determined by Rule 1-004 NMRA.) The Court's address is listed above.
3.   You must file (in person or by mail) your written response with the Court. When you file your response, you must give or mail a copy to the person who signed the lawsuit.
4.   If you do not respond in writing, the Court may enter judgment against you as requested in the lawsuit.
5.   You are entitled to a jury trial in most types of lawsuits. To ask for a jury trial, you must request one in writing and pay a jury fee.
6.   If you need an interpreter, you must ask for one in writing.

7.      You may wish to consult a lawyer. You may contact the State Bar of New Mexico for help finding a lawyer at www.nmbar.org; 1-800-876-6657; or 1-505-797-6066.

Dated at  Rio Arriba County, New Mexico, this 8th day of May 2014



STEPHEN T. PACHECO
CLERK OF THE DISTRICT COURT

BY: _____
        Deputy

Deputy Attorney for Plaintiff or Plaintiff pro se
Name:              Todd A. Coberly
Address:           1322 Paseo de Peralta
                       Santa Fe, NM  87501
Telephone No.:  (505) 989-1029
Fax No.:           (505) 629-1560
Email Address:  tcoberly@cna-law.com

THIS SUMMONS IS ISSUED PURSUANT TO RULE 1-004 NMRA OF THE NEW MEXICO RULES OF CIVIL PROCEDURE FOR DISTRICT COURTS.

## RETURN[1]

STATE OF NEW MEXICO   )
                                      ) ss
COUNTY OF _____)

I, being duly sworn, on oath, state that I am over the age of eighteen (18) years and not a party to this lawsuit, and that I served this summons in _____ county on the ____ day of _____, 2014 by delivering a copy of this summons, with a copy of complaint attached, in the following manner:

**(check one box and fill in appropriate blanks)**

[ ]      to the defendant _____ *(used when defendant accepts a copy of summons and complaint or refuses to accept the summons and complaint)*

[ ]      to the defendant by [mail] [courier service] as provided by Rule 1-004 NMRA *(used when service is by mail or commercial courier service).*

After attempting to serve the summons and complaint on the defendant by personal service or by mail or commercial courier service, by delivering a copy of this summons, with a copy of complaint attached, in the following manner:
[ ]      to _____, a person over fifteen (15) years of age and residing at the usual place of abode of defendant, _____, *(used when the defendant is not presently at place of abode)* and by mailing by first class mail to the defendant at _____ _ *(insert defendant's last known mailing address)* a copy of the summons and complaint.

[ ]      to _____, the person apparently in charge at the actual place of business or employment of the defendant and by mailing by first class mail to the defendant at _____ *(insert defendant's business address)* and by mailing the summons and

complaint by first class mail to the defendant at _____ *(insert defendant's last known mailing address).*

[ ]   to _____, an agent authorized to receive service of process for defendant _____.

[ ]   to _____, [parent] [guardian] [custodian] [conservator] [guardian ad litem] of defendant _____ *(used when defendant is a minor or an incompetent person).*

[ ]   to _____ *(name of person),*_____ *(title of person authorized to receive service. Use this alternative when the defendant is a corporation or an association subject to a suit under a common name, a land grant board of trustees, the State of New Mexico or any political subdivision).*

Fees: _____

_____
Signature of person making service

_____
Title *(if any)*

Subscribed and sworn to before me this _____ day of May 2014

_____
Judge, notary or other officer authorized
to administer oaths

_____
Official title

## USE NOTE

1.     Unless otherwise ordered by the court, this return is not to be filed with the court prior to service of the summons and complaint on the defendant.

2.     If service is made by the sheriff or a deputy sheriff of a New Mexico county, the signature of the sheriff or deputy sheriff need not be notarized.

[Adopted effective August 1, 1988; as amended by Supreme Court Order No. 05-8300-001, effective March 1, 2005; by Supreme Court Order No. 07-8300-016, effective August 1, 2007; as amended by Supreme Court Order No. 12-8300-026, effective for all cases filed or pending on or after January 7, 2013; as amended by Supreme Court Order No. 13-8300-022, effective for all cases pending or filed on or after December 31, 2013.]

FILED IN MY OFFICE
DISTRICT COURT CLERK
5/8/2014 9:50:28 AM
~~STEPHEN T. PACHECO~~

LC

## SUMMONS

| | |
|---|---|
| District Court: FIRST JUDICIAL County of Rio Arriba, New Mexico Court Address: P.O. Box 40 7 Mainstreet Tierra Amarilla, New Mexico 87575 Court Telephone No.: 575-588-0058 | Case Number: D-117-CV-2014-00159 Judge: Francis J. Mathew **ISSUED** |
| Plaintiff(s): RUSSELL MARTINEZ v. Defendant(s): JOSEPH SALAZAR, in his individual capacity, GREG ESPARZA, in his individual capacity, THE ESPANOLA DEPARTMENT OF PUBLIC SAFETY, LEO MONTOYA, THE CITY OF ESPANOLA, MARVIN ARMIJO, in his individual capacity, ANTHONY ARMIJO, in his individual capacity, JAMES CULIN, in his individual capacity, MANUEL VALDEZ, in his individual capacity, GUY JORDAN, in his individual capacity, THE BOARD OF COUNTY COMMISSIONERS OF RIO ARRIBA COUNTY, THE RIO ARRIBA COUNTY SHERIFF'S OFFICE, THOMAS RODELLA, in his individual and official capacities, LARRY DEYAPP, in his individual and official capacities, UNKNOWN NUMBER OF JOHN DOES, employees of the Rio Arriba County Adult Detention Facility, in their individual capacities, and FERNANDO BAYARDO, M.D. | Defendant Name:   **Anthony Armijo** Address: c/o Rio Arriba County Sheriff's Office,  1122  Industrial  Park  Road, Espanola, NM 87532 |

**TO THE ABOVE NAMED DEFENDANT(S):** Take notice that

1.   A lawsuit has been filed against you. A copy of the lawsuit is attached. The Court issued this Summons.

2.   You must respond to this lawsuit in writing. You must file your written response with the Court no later than thirty (30) days from the date you are served with this Summons. (The date you are considered served with the Summons is determined by Rule 1-004 NMRA.) The Court's address is listed above.

3.   You must file (in person or by mail) your written response with the Court. When you file your response, you must give or mail a copy to the person who signed the lawsuit.

4.   If you do not respond in writing, the Court may enter judgment against you as requested in the lawsuit.

5.   You are entitled to a jury trial in most types of lawsuits. To ask for a jury trial, you must request one in writing and pay a jury fee.

6.   If you need an interpreter, you must ask for one in writing.

7.     You may wish to consult a lawyer. You may contact the State Bar of New Mexico for help finding a lawyer at www.nmbar.org; 1-800-876-6657; or 1-505-797-6066.

Dated at Rio Arriba County, New Mexico, this 8th day of May 2014

STEPHEN T. PACHECO
CLERK OF THE DISTRICT COURT

BY: _____
          Deputy

Deputy Attorney for Plaintiff or Plaintiff pro se
Name:                Todd A. Coberly
Address:             1322 Paseo de Peralta
                     Santa Fe, NM 87501
Telephone No.:       (505) 989-1029
Fax No.:             (505) 629-1560
Email Address:       tcoberly@cna-law.com

THIS SUMMONS IS ISSUED PURSUANT TO RULE 1-004 NMRA OF THE NEW MEXICO RULES OF CIVIL PROCEDURE FOR DISTRICT COURTS.

## RETURN[1]

STATE OF NEW MEXICO    )
                       ) ss
COUNTY OF _____ )

I, being duly sworn, on oath, state that I am over the age of eighteen (18) years and not a party to this lawsuit, and that I served this summons in _____ county on the _____ day of _____, 2014 by delivering a copy of this summons, with a copy of complaint attached, in the following manner:

**(check one box and fill in appropriate blanks)**

[ ]   to the defendant _____ *(used when defendant accepts a copy of summons and complaint or refuses to accept the summons and complaint)*

[ ]   to the defendant by [mail] [courier service] as provided by Rule 1-004 NMRA *(used when service is by mail or commercial courier service).*

After attempting to serve the summons and complaint on the defendant by personal service or by mail or commercial courier service, by delivering a copy of this summons, with a copy of complaint attached, in the following manner:
[ ]   to _____, a person over fifteen (15) years of age and residing at the usual place of abode of defendant, _____, *(used when the defendant is not presently at place of abode)* and by mailing by first class mail to the defendant at _____ *(insert defendant's last known mailing address)* a copy of the summons and complaint.

[ ]   to _____, the person apparently in charge at the actual place of business or employment of the defendant and by mailing by first class mail to the defendant at _____ *(insert defendant's business address)* and by mailing the summons and

complaint by first class mail to the defendant at _____ *(insert defendant's last known mailing address)*.

[ ]   to _____, an agent authorized to receive service of process for defendant _____.

[ ]   to _____, [parent] [guardian] [custodian] [conservator] [guardian ad litem] of defendant _____ *(used when defendant is a minor or an incompetent person)*.

[ ]   to _____ *(name of person),*_____ *(title of person authorized to receive service. Use this alternative when the defendant is a corporation or an association subject to a suit under a common name, a land grant board of trustees, the State of New Mexico or any political subdivision)*.

Fees: _____

_____
Signature of person making service

_____
Title *(if any)*

Subscribed and sworn to before me this _____ day of May 2014

_____
Judge, notary or other officer authorized
to administer oaths

_____
Official title

## USE NOTE

1.     Unless otherwise ordered by the court, this return is not to be filed with the court prior to service of the summons and complaint on the defendant.

2.     If service is made by the sheriff or a deputy sheriff of a New Mexico county, the signature of the sheriff or deputy sheriff need not be notarized.

[Adopted effective August 1, 1988; as amended by Supreme Court Order No. 05-8300-001, effective March 1, 2005; by Supreme Court Order No. 07-8300-016, effective August 1, 2007; as amended by Supreme Court Order No. 12-8300-026, effective for all cases filed or pending on or after January 7, 2013; as amended by Supreme Court Order No. 13-8300-022, effective for all cases pending or filed on or after December 31, 2013.]

FILED IN MY OFFICE
DISTRICT COURT CLERK
6/6/2014 2:11:21 PM
STEPHEN T. PACHECO
Jessica Garcia

STATE OF NEW MEXICO
COUNTY OF RIO ARRIBA
FIRST JUDICIAL DISTRICT COURT

RUSSELL MARTINEZ,

       Plaintiff,

vs.                                    No. D-117-CV-2014-00159

JOSEPH SALAZAR, in his individual capacity,
GREG ESPARZA, in his individual capacity,
THE ESPANOLA DEPARTMENT OF PUBLIC
SAFETY, LEO MONTOYA, THE CITY OF
ESPANOLA, MARVIN ARMIJO, in his official
capacity, ANTHONY ARMIJO, in his official
capacity, JAMES CULIN, in his individual capacity,
MANUEL VALDEZ, in his individual capacity,
GUY JORDAN, in his individual capacity, THE
BOARD OF COUNTY COMMISSIONERS OF
RIO ARRIBA COUNTY, THE RIO ARRIBA
COUNTY SHERIFF'S OFFICE, THOMAS
RODELLA, in his individual and official capacities,
LARRY DEYAPP, in his individual and official
capacities, UKNOWN NUMBER OF JOHN DOES,
employees of the Rio Arriba County Adult Detention
Facility, in their individual capacities, and FERNANDO
BAYARDO, M.D.,

       Defendants.

## NOTICE OF FILING PETITION FOR REMOVAL

TO:    The Honorable Judges of the First Judicial District
       County of Rio Arriba, State of New Mexico

Defendants, by and through their undersigned attorneys, hereby give notice to the First

Judicial District, County of Rio Arriba, State of New Mexico that a Notice of Removal of the

above-entitled action has been filed in the United States District Court for the District of New

Mexico.   An endorsed copy of the Notice of Removal is attached hereto.

1

Respectfully submitted,

BASHAM & BASHAM, P.C.


By:___*/s/ Mark A. Basham*_____
       Mark A. Basham
       *Attorneys for Defendants Joseph*
       *Salazar, Greg Esparza, the Espanola*
       *Department of Public Safety, Leo*
       *Montoya and the City of Espanola*
       2205 Miguel Chavez Road, #A
       Santa Fe, NM   87505-1111
       (505) 988-4575
       mbasham@bbpcnm.com

YENSON, ALLEN & WOSICK, P.C.


By:___*/s/ Robert W. Becker*_____
       Robert W. Becker
       *Attorneys for Defendants Marvin Armijo,*
       *Anthony Armijo, James Culin, Manuel*
       *Valdez, Guy Jordan, the Board of County*
       *Commissioners for Rio Arriba County,*
       *Thomas Rodella and Lawrence DeYapp*
       4908 Alameda Blvd., NW
       Albuquerque, NM   87113-1376
       (505) 266-3995
       rbecker@ylawfirm.com

2

I HEREBY CERTIFY that on the 6th day of
June, 2014, I filed the foregoing
electronically through the 1st Judicial District
Odyssey Filing System, which caused the
following parties or counsel to be served
by electronic means:

Todd A. Coberly
Coberly & Attrep, LLLP
1332 Paseo de Peralta
Santa Fe, NM   87501-4325
tcoberly@cna-law.com
***Attorneys for Plaintiff Russell Martinez***


 */s/ Robert W. Becker*
ROBERT W. BECKER

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

RUSSELL MARTINEZ,

        Plaintiff,

vs.                                   No.

JOSEPH SALAZAR, in his individual capacity,
GREG ESPARZA, in his individual capacity,
THE ESPANOLA DEPARTMENT OF PUBLIC
SAFETY, LEO MONTOYA, THE CITY OF
ESPANOLA, MARVIN ARMIJO, in his official
capacity, ANTHONY ARMIJO, in his official
capacity, JAMES CULIN, in his individual capacity,
MANUEL VALDEZ, in his individual capacity,
GUY JORDAN, in his individual capacity, THE
BOARD OF COUNTY COMMISSIONERS OF
RIO ARRIBA COUNTY, THE RIO ARRIBA
COUNTY SHERIFF'S OFFICE, THOMAS
RODELLA, in his individual and official capacities,
LARRY DEYAPP, in his individual and official
capacities, UKNOWN NUMBER OF JOHN DOES,
employees of the Rio Arriba County Adult Detention
Facility, in their individual capacities, and FERNANDO
BAYARDO, M.D.,

        Defendants.

## NOTICE OF REMOVAL

    Pursuant to 28 U.S.C. § 1441(b) and 1446(a) and (b), Defendants Joseph Salazar, Greg

Esparza, the Espanola Department of Public Safety, Leo Montoya and the City of Espanola, by and

through their undersigned counsel, Basham & Basham, P.C. (Mark A. Basham, appearing); and

Defendants Marvin Armijo, Anthony Armijo, James Culin, Manuel Valdez, Guy Jordan, the

Board of County Commissioners of Rio Arriba County, the Rio Arriba County Sheriff's Office,

Thomas Rodella and Lawrence DeYapp, by and through their counsel of record, Yenson, Allen &

Wosick, P.C. (Robert W. Becker, appearing), give Notice of Removal to this Court of the civil

action filed in the First Judicial District Court for the State of New Mexico, County of Rio Arriba, Cause No. D-117-CV-2014-00159, by Russell Martinez, Plaintiff, and as grounds therefore state:

1.   On May 5, 2014, Plaintiff filed a Complaint for Damages Resulting from Civil Rights Violations, Intentional Torts, Negligence and Violations of Title II of the Americans with Disabilities Act with the First Judicial District Court.   A copy of the Complaint is attached hereto as Exhibit A.

2.   Defendant Rio Arriba County Board of County Commissioners was served by mail on May 8, 2014.   See letter attached as Exhibit B.   Defendant City of Espanola was served by mail on May 9, 2014.   Counsel for Defendants Joseph Salazar, Greg Esparza, the Espanola Department of Public Safety and Leo Montoya acknowledged service of the Summons and Complaint on June 6, 2014.   See Acknowledgment of Service attached as Exhibit C.   Counsel for Defendants Marvin Armijo, Anthony Armijo, James Culin, Manuel Valdez, Guy Jordan, the Rio Arriba County Sheriff's Office, Thomas Rodella and Lawrence DeYapp acknowledged service of the Summons and Complaint on June 6, 2014.   See Acknowledgment of Service attached as Exhibit D.   Defendant Fernando Bayardo, M.D. has not been served as of this date.

3.   This Notice of Removal is timely as it was filed within thirty (30) days of proper service of the Complaint on May 8, 2014 and June 6, 2014, respectively, on the first and last served Defendants.

4.   All served Defendants, by and through their undersigned counsel, consent to the removal of this action.

5.   Pursuant to 28 U.S.C. § 1446(d), copies of the Notice of Removal will be promptly given to all adverse parties and a copy of the Notice of Removal will be filed with the Clerk of the

2

First Judicial District Court, County of Rio Arriba, State of New Mexico.

      6.     The claims stated against Defendants that are subject to the original jurisdiction of

this Court pursuant to 28 U.S.C. 1331 and 1343(a)(3) and (4) are as follows:

          a.     Count I of Plaintiff's Complaint, alleging excessive force under the Fourth and Fourteenth Amendments to the U.S. Constitution.   Exhibit A, p. 16, ¶¶'s 93-98.

          b.     Count IV of Plaintiff's Complaint, alleging deliberate indifference to conditions of confinement in violation of the Fourth and Fourteenth Amendments to the U.S. Constitution, Exhibit A, pp. 18-19, ¶¶'s 112-118.

          c.     Count V of Plaintiff's Complaint, alleging deliberately indifferent denial of medical care in violation of the Fourth and Fourteenth Amendments to the U.S. Constitution.   Exhibit A, pp. 19-20, ¶¶'s119-125.

          d.     Count VI of Plaintiff's Complaint, alleging a conspiracy to violate Plaintiff's constitutional rights under the Fourth and Fourteenth Amendments to the U.S. Constitution.   Exhibit A, pp. 20-21, ¶¶'s 126-133.

          e.     Count VII of Plaintiff's Complaint, alleging a supervisory and municipal liability claim pursuant to 42 U.S.C. § 1983 for violation of Plaintiff's Fourth and Fourteenth Amendment rights.   Exhibit A, pp. 21-23, ¶¶'s 134-148.

          f.     Count VIII of Plaintiff's Complaint, alleging a denial of a prompt probable cause determination in violation of Plaintiff's rights under the Fourth and Fourteenth Amendments to the U.S. Constitution.   Exhibit A, p. 23, ¶¶'s 149-154.

          g.     Count IX of Plaintiff's Complaint, alleging a supervisory and municipal liability claim pursuant to 42 U.S.C. § 1983 for violation of Plaintiff's Fourth and Fourteenth Amendment rights.   Exhibit A, pp. 23-24, ¶¶'s 155-165.

          h.     Count X of Plaintiff's Complaint, alleging a violation of Title II of the Americans with Disabilities Act.   Exhibit A, pp. 24-25, ¶¶'s 166-171.

      7.     Federal questions thus appear on the face of Plaintiff's Complaint.   The Court also

has supplemental jurisdiction over Plaintiff's state law claims in Counts II-III, XI-XIII pursuant to

28 U.S.C. § 1367, as these claims are so related to the federal question claims which this Court has

original jurisdiction over that they form part of the same case or controversy under Article III of

the U.S. Constitution.  See Exhibit A, Count II, p. 17, ¶¶'s 94-104; Count III, pp. 17-18,

¶¶'s105-111; Count XI, pp. 25-26, ¶¶'s 172-176; Count XII, pp. 26-27, ¶¶'s 177-182 and Count

XIII, pp. 27-28, ¶¶'s 183-191.

      8.     Pursuant to Rule 81.1(a) of the Local Rules of the United States District Court for

the District of New Mexico, Defendants will file a Notice of Filing of State Court Record and

certified copies of the pleadings filed in the First District Court for the State of New Mexico,

County of Rio Arriba, Cause No. D-117-CV-2014-00159, within thirty (30) days of filing this

Notice of Removal. A Civil Cover Sheet is attached as Exhibit E.

BASHAM & BASHAM, P.C.

By:   */s/ Mark A. Basham*
        Mark A. Basham
        *Attorneys for Defendants Joseph*
        *Salazar, Greg Esparza, the Espanola*
        *Department of Public Safety, Leo*
        *Montoya and the City of Espanola*
        2205 Miguel Chavez Road, #A
        Santa Fe, NM  87505-1111
        (505) 988-4575
        mbasham@bbpcnm.com

4

YENSON, ALLEN & WOSICK, P.C.

By:___ */s/ Robert W. Becker* _____
        Robert W. Becker
        *Attorneys for Defendants Marvin Armijo,*
        *Anthony Armijo, James Culin, Manuel Valdez,*
        *Guy Jordan, the Board of County Commissioners*
        *for Rio Arriba County, Thomas Rodella and*
        *Lawrence DeYapp*
        4908 Alameda Blvd., NW
        Albuquerque, NM   87113-1376
        (505) 266-3995
        rbecker@ylawfirm.com

I HEREBY CERTIFY that on the 6th day of
June, 2014, I filed the foregoing
electronically through the CM/ECF System
and by email to the following parties:

Todd A. Coberly
Coberly & Attrep, LLLP
1332 Paseo de Peralta
Santa Fe, NM   87501-4325
tcoberly@cna-law.com
*Attorneys for Plaintiff Russell Martinez*

 */s/ Robert W. Becker* _____
ROBERT W. BECKER

FILED IN MY OFFICE
DISTRICT COURT CLERK
5/5/2014 1:29:59 PM
STEPHEN T. PACHECO

jam

STATE OF NEW MEXICO
COUNTY OF RIO ARRIBA
FIRST JUDICIAL DISTRICT COURT

RUSSELL MARTINEZ,

     Plaintiff,

vs.                                                                No. D-117-CV-2014-00159

JOSEPH SALAZAR, in his individual capacity, GREG
ESPARZA, in his individual capacity, THE ESPANOLA
DEPARTMENT OF PUBLIC SAFETY, LEO
MONTOYA, THE CITY OF ESPANOLA, MARVIN
ARMIJO, in his individual capacity, ANTHONY ARMIJO,
in his individual capacity, JAMES CULIN, in his
individual capacity, MANUEL VALDEZ, in his individual
capacity, GUY JORDAN, in his individual capacity, THE
BOARD OF COUNTY COMMISSIONERS OF RIO
ARRIBA COUNTY, THE RIO ARRIBA COUNTY
SHERIFF'S OFFICE, THOMAS RODELLA, in his
individual and official capacities, LARRY DEYAPP, in his
individual and official capacities, UNKNOWN NUMBER
OF JOHN DOES, employees of the Rio Arriba County
Adult Detention Facility, in their individual capacities, and
FERNANDO BAYARDO, M.D.

     Defendants.

## COMPLAINT FOR DAMAGES RESULTING FROM
## CIVIL RIGHTS VIOLATIONS, INTENTIONAL TORTS, NEGLIGENCE,
## AND VIOLATIONS OF TITLE II OF THE AMERICANS WITH DISABILITIES ACT

Plaintiff Russell Martinez, by and through his attorneys, Coberly & Attrep, LLLP, hereby

brings this Complaint arising from incidents that occurred on May 11 to 15, 2012, and states as

follows:

### JURISDICTION AND VENUE

1.     With respect to Plaintiff's state law claims, jurisdiction and venue are proper

pursuant to NMSA 1978, § 41-4-18.



EXHIBIT
A

2.      This Court has original and concurrent jurisdiction over Plaintiff's federal claims pursuant to Article VI, Section 13 of the New Mexico Constitution.

## PARTIES

3.      Plaintiff is an individual who resides in Rio Arriba County, New Mexico. Plaintiff resided in Rio Arriba County at the time of the events described herein.

4.      Defendant Joseph Salazar was, at all material times, a police officer with the Espanola Police Department ("EPD") acting under color of state law and within the scope of his duties.  For purposes of his federal law claims, Plaintiff sues Defendant Salazar in his individual capacity.

5.      Defendant Greg Esparza was, at all material times, a police officer with the EPD acting under color of state law and within the scope of his duties.  For purposes of his federal law claims, Plaintiff sues Defendant Esparza in his individual capacity.

6.      Defendant Espanola Department of Public Safety ("EDPS") is a department within Defendant City of Espanola that operates the EPD.  At all times material to this Complaint, Defendant EDPS employed, and exercised immediate supervisory responsibilities over, Defendants Salazar, Esparza, and Montoya.

7.      Defendant Leo Montoya was, at all material times, the Director of Defendant EDPS, the immediate and ultimate supervisor of Defendants Salazar and Esparza, and acting under color of state law and within the scope of his duties.

8.      Defendant City of Espanola is a municipal corporation organized and/or existing under the laws of the State of New Mexico.  At all times material to this Complaint, Defendant City of Espanola employed Defendants Salazar, Esparza and Montoya.

9.      Defendant Marvin Armijo was, at all material times, a sergeant with Defendant Rio Arriba County Sheriff's Office ("RACSO") acting under color of state law and within the scope of his duties.  For purposes of his federal law claims, Plaintiff sues Defendant Marvin Armijo in his individual capacity.

10.     Defendant Anthony Armijo was, at all material times, a deputy with Defendant RACSO acting under color of state law and within the scope of his duties.  For purposes of his federal law claims, Plaintiff sues Defendant Anthony Armijo in his individual capacity.

11.     Defendant James Culin was, at all material times, a correctional officer employed at the Rio Arriba County Adult Detention Facility ("RACADF") acting under color of state law and within the scope of his duties.  For purposes of his federal law claims, Plaintiff sues Defendant Culin in his individual capacity.

12.     Defendant Manuel Valdez was, at all material times, a correctional officer employed at the RACADF acting under color of state law and within the scope of his duties.  For purposes of his federal law claims, Plaintiff sues Defendant Valdez in his individual capacity.

13.     Defendant Guy Jordan was, at all material times, a correctional officer employed at the RACADF acting under color of state law and within the scope of his duties.  For purposes of his federal law claims, Plaintiff sues Defendant Jordan in his individual capacity.

14.     Defendant Board of County Commissioners of Rio Arriba County ("Rio Arriba County") is a municipal corporation organized and/or existing under the laws of the State of New Mexico and a "public entity" as defined by Title II of the Americans with Disabilities Act ("ADA").  At all times material to this Complaint, Rio Arriba County exercised supervisory authority over, and was the employer of, Defendants Marvin Armijo, Anthony Armijo, and Rodella.  Additionally, at all material times, Defendant Rio Arriba County operated the

3

RACADF, and exercised supervisory authority over, and was the employer of, Defendants Culin, Valdez, Jordan, DeYapp and Does, employees of the RACADF. Defendant Rio Arriba County had ultimate policymaking authority over the RACADF and Defendant Rio Arriba County Sheriff's Office ("RACSO").

15.     Defendant Rio Arriba County Sheriff's Office is a department within Defendant Rio Arriba County. At all times material to this Complaint, Defendant RACSO employed, and exercised immediate supervisory responsibilities over, Defendants Marvin Armijo, Anthony Armijo, and Rodella.

16.     Defendant Thomas Rodella was, at all material times, the sheriff of Defendant Rio Arriba County, the immediate and ultimate supervisor of Defendants Marvin Armijo and Anthony Armijo, and acting under color of state law and within the scope of his duties. Defendant Rodella was the final decision maker for, and had final policymaking authority over, the RACSO. Defendant Rodella was responsible for the screening, hiring, training, monitoring, supervision, and disciplining of all subordinate employees of the RACSO. For purposes of his federal law claims, Plaintiff sues Defendant Rodella in his individual and official capacities.

17.     Defendant Larry DeYapp was, at all material times, the Director of the RACADF, the immediate and ultimate supervisor of Defendants Culin, Valdez, Jordan, and Does, employees of the RACADF, and acting under color of state law and within the scope of his duties. Defendant DeYapp was the final decision maker for, and had final policymaking authority over, the RACADF. Defendant DeYapp was responsible for the screening, hiring, training, monitoring, supervision, and disciplining of all subordinate employees of the RACADF. For purposes of his federal law claims, Plaintiff sues Defendant DeYapp in his individual and official capacities.

4

18.   Defendants John Does were, at all material times, employees of the RACADF and acting under the color of state law and within the scope of their duties. For purposes of his federal law claims, Plaintiff sues Defendants Does in their individual capacities.

19.   Defendant Fernando Bayardo, M.D., is an emergency medical physician employed by the Presbyterian Espanola Hospital ("Espanola Hospital") in Espanola, New Mexico.

FACTUAL ALLEGATIONS

<u>Background on Plaintiff's Medical Condition and Disability</u>

20.   Plaintiff suffered gunshot wounds in 2006, rendering him paraplegic and requiring the amputation of his lower left leg. Plaintiff has no feeling in his lower body, is immobile, and unable to use a toilet. Plaintiff urinates through a suprapubic catheter and defecates into a diaper.

21.   Due to his paraplegia and resultant immobility, Plaintiff developed a decubitus ulcer on his right buttock prior to May 11, 2012. Decubitus ulcers are open sores in the skin that sometimes occur in wheelchair-bound individuals. Generally, they are caused by pressure resulting from prolonged sitting or lying in one position, which causes the skin and muscle tissue to deteriorate.

22.   A person with a decubitus ulcer on the buttock must spend minimal time in a seated position, and should lie down and be turned frequently to avoid placing undue pressure on any one location. If a decubitus ulcer does not receive proper treatment, it quickly can become infected, placing the individual at risk for systemic infection and presenting a threat of septic shock. An untreated infected decubitus ulcer can lead to death within a matter of days.

5

23.     In addition to two to three routine cleanings per day, Plaintiff's ulcer was required to be cleansed every time he defecated.

24.     Cleaning a decubitus ulcer requires the wearing of sterile gloves, the use of a wound cleanser, and the application of two antibiotic ointments and a sterile alcohol pad affixed with gauze and medical tape.

25.     Plaintiff's ulcer was stabilized prior to the events giving rise to this lawsuit.

### Espanola Police Department Officers Use Excessive Force on Plaintiff

26.     On May 11, 2012, Plaintiff and his wife, Jackie Martinez, drove to the Sonic Restaurant located at 1207 Riverside Drive in Espanola, New Mexico. Mrs. Martinez was driving.

27.     While in their vehicle, Plaintiff and Mrs. Martinez began to argue. Mrs. Martinez took the car keys, exited the vehicle, and asked bystanders to call the police.

28.     Defendant Salazar was dispatched to the Sonic Restaurant. Before Defendant Salazar arrived at the Sonic, Plaintiff slid over to the driver's seat.

29.     Mrs. Martinez told Defendant Salazar that she and Plaintiff had been arguing in their vehicle. Mrs. Martinez told Defendant Salazar that Plaintiff was paraplegic, immobile, and unable to drive. Mrs. Martinez never told Defendant Salazar that Plaintiff had physically harmed her.

30.     After questioning Mrs. Martinez, Defendant Salazar approached Plaintiff. Plaintiff's wheelchair was plainly visible in the back seat of the vehicle.

31.     Defendant Salazar opened the driver side door where Plaintiff was seated and told Plaintiff to exit his vehicle. Plaintiff told Defendant Salazar that he could not get out of the vehicle because he was immobile and shut the door.

6

32.     Defendant Salazar again opened the door, forcibly removed Plaintiff from his vehicle, threw Plaintiff on the ground, punched Plaintiff's face, and placed the weight of his body on Plaintiff's back. These actions caused Plaintiff excruciating pain and made it extremely difficult for him to breathe.

33.     Notwithstanding the fact that Plaintiff was lying on the ground and physically incapable of fleeing due to his complete inability to move his lower body, Defendant Salazar drive stunned Plaintiff with a Taser.

34.     A Taser is a weapon that sends up to 50,000 volts of electricity through a person's body causing temporary paralysis and excruciating pain.

35.     Plaintiff struggled on the ground in an attempt to remove himself from Defendant Salazar.

36.     During the struggle, Defendant Esparza arrived on scene and, notwithstanding the fact that Plaintiff was completely incapable of fleeing, shot Plaintiff in the chest with a Taser from an approximate distance of three feet. Defendant Esparza caused at least two cycles of high-voltage electricity to circulate through Plaintiff's body for numerous seconds each time.

37.     Defendants Salazar and Esparza's actions caused Plaintiff excruciating pain and various bruises and lacerations.

38.     Espanola Valley EMS transported Plaintiff to Espanola Hospital.

39.     Although Defendant Salazar claimed in a police report that Plaintiff committed the offense of Battery Upon a Peace Officer, neither Defendant Salazar nor Defendant Esparza ever brought charges against Plaintiff.

7

### Plaintiff's Discharge from Espanola Hospital and Subsequent Arrest by RACSO Officers

40.     Soon after Plaintiff's arrival, Espanola Hospital learned that the Santa Fe County Adult Correctional Facility ("SFCACF"), which Espanola Hospital knew has a medical unit, could not care for Plaintiff if transferred there.

41.     Due to Plaintiff's chronic medical conditions and disability, Espanola Hospital refused to medically clear Plaintiff for jail.  Espanola Hospital discharged Plaintiff to home.

42.     Upon arrival at his residence, Plaintiff and Mrs. Martinez began to argue about the events that had occurred earlier that day.  Shortly after 8:00 p.m., Plaintiff called 911 and requested assistance in removing Mrs. Martinez from his home.

43.     Defendants Marvin Armijo and Anthony Armijo were dispatched to Plaintiff's residence and arrived at approximately 8:45 p.m.

44.     Plaintiff had become upset because of the amount of time it had taken for RACSO deputies to arrive.  Plaintiff requested that Defendants Marvin Armijo and Anthony Armijo leave his residence.

45.     Mrs. Martinez told Defendants Marvin Armijo and Anthony Armijo that no domestic abuse had occurred between her and Plaintiff.  Mrs. Martinez, however, informed Defendants Marvin Armijo and Anthony Armijo about Plaintiff's encounter with the EPD earlier that day, and that Plaintiff could not go to the SFCADF because of his chronic medical conditions and disability.

46.     Defendant Marvin Armijo told Plaintiff that he was going to have to leave his house for the night, causing Plaintiff to become verbally upset.

47.     Defendants Marvin Armijo and Anthony Armijo had no lawful basis to demand that Plaintiff leave his residence.

8

48.     Defendant Anthony Armijo grabbed Plaintiff in order "to secure him for detention purposes." Plaintiff disconnected one of his wheelchair arm rests, gestured with it, and told Defendants Marvin Armijo and Anthony Armijo to leave him alone. Defendants Marvin Armijo and/or Anthony Armijo threw Plaintiff out of his wheelchair, causing Plaintiff to fall to the ground and experience pain.

49.     After throwing Plaintiff out of his wheelchair, Defendant Marvin Armijo contacted the regional dispatch center and requested that an ambulance be sent to Plaintiff's residence.

50.     Defendant Marvin Armijo also requested that dispatch contact the RACADF to determine whether it would accept Plaintiff for detention.

51.     Defendants Marvin Armijo and Anthony Armijo knew that, unlike the SFCACF, the RACADF did not have a medical unit or the capability of caring for paraplegic individuals.

52.     Dispatch telephoned the RACADF and spoke with Defendant Culin, the supervisor in charge of the RACADF at that time. Dispatch told Defendant Culin that RACSO deputies were "out with a paraplegic man" and wanted to know if the RACADF would accept him for detention. Defendant Culin told dispatch that the RACADF would accept Plaintiff "as long as he passes a medical clearance."

53.     Dispatch then informed Defendant Marvin Armijo that he "just need[ed] a medical clearance" in order for the RACADF to accept Plaintiff for detention. Because he did not "want to make a trip all the way for nothing," Defendant Marvin Armijo asked dispatch to confirm that the RACADF knew that Plaintiff was paralyzed from the waist down. Dispatch responded by telling Defendant Marvin Armijo that the RACADF already knew that Plaintiff was paraplegic and all that was required was a medical clearance.

9

54.     Defendant Anthony Armijo then contacted dispatch and asked it to make sure that the RACADF knew that Plaintiff was paraplegic with "no feeling in his legs" and that he had an "inner catheter."

55.     Dispatch again called the RACADF to confirm its willingness to accept Plaintiff notwithstanding his complicated medical conditions and disability. Defendant Culin responded by telling dispatch: "I mean I don't really have the medical attention that he'd probably need here, and I know that [the SFCACF] won't accept him because of the medical either." Defendant Culin knew that, unlike the RACADF, the SFCACF had a full medical unit.

56.     Defendant Culin continued by stating: "I mean, so if you guys are going to arrest him I have no choice pretty much, you know what I mean?" Dispatch confirmed with Defendant Culin that the RACADF did "not really have a medical thing," but that the RACADF "would have no choice but to take [Plaintiff]" if he were arrested. Defendant Culin responded by stating: "Yeah, and I would need a medical clearance for him like I said earlier."

57.     Dispatch then mentioned something to Defendant Culin about Plaintiff's catheter, to which Defendant Culin responded: "Yeah, I don't have the medical here to take care of [Plaintiff]."

58.     Defendant Culin then asked what Plaintiff was being charged with. Dispatch stated that it did not know, but that Defendants Marvin Armijo and Anthony Armijo wanted to know if the RACADF would house Plaintiff before arresting him.

59.     Defendant Culin then stated: "Yeah, like I said, I do not have the medical, but if they do arrest him I have no choice, and I require a medical clearance."

60.     Dispatch then called Defendant Anthony Armijo, informing him that Defendant Culin stated that the RACADF did not have the medical facilities to take care of Plaintiff, but

10

that it had "no choice but to take him" if the RACSO deputies arrested Plaintiff and obtained a medical clearance.

61.     Defendant Anthony Armijo responded by stating: "Of course, of course and we already talked to [Espanola Hospital] and they are going to medically clear him right away because he was already there with that incident that happened in Espanola."

62.     Defendants Marvin Armijo and Anthony Armijo caused paramedics to transport Plaintiff to Espanola Hospital in order for Plaintiff to be medically cleared for booking at the RACADF.

63.     RACADF policies, promulgated by Defendant Rio Arriba County, provide that, before an individual with an "obvious medical condition" is booked, a medical release from a reputable medical provider must first be obtained, after which "a determination shall then be made as to whether the individual will be accepted." The RACADF policies do not provide any guidance as to what factors are to be used in determining whether to accept an individual with an "obvious medical condition."

64.     RACADF policies provide that individuals "requiring special needs shall be accommodated as best as possible within the existing facility boundaries. Medical staff shall be consulted with to determine the best accommodations for special needs inmates." RACADF policies also provide that attorneys for detainees with "special needs" "shall also be consulted to see if any other housing arrangements or legal requirements can be made."

65.     Defendant Rio Arriba County does not employee any medical staff at the RACADF. Plaintiff, like the vast majority of detainees presented for booking at the RACADF, did not have an attorney during the time he was detained at the RACADF.

66.     Upon information and belief, the RACADF has a custom promulgated and enforced by Defendant DeYapp of accepting into its facility individuals who have physical disabilities, special needs, and/or chronic, non-emergent medical conditions regardless of whether the RACADF can properly house and/or care for that individual so long as the individual has been medically cleared by a medical provider.

67.     Defendant RACSO has no policies or procedures governing arrestees with physical disabilities, special needs, and/or chronic, non-emergent medical needs, nor any policies or procedures governing the securing of medical clearances for jail

### Plaintiff's Second Arrival at Espanola Hospital and Medical Clearance for Jail

68.     Upon information and belief, Defendant Marvin Armijo and/or Defendant Anthony Armijo called Defendant Bayardo about Plaintiff prior to Plaintiff being transported to Espanola Hospital.  During this conversation, Defendant Bayardo agreed to "medically clear" Plaintiff in order for him to be detained at the RACADF.

69.     Upon Plaintiff's arrival at Espanola Hospital, a nurse, whose identity is presently unknown to Plaintiff, completed a brief medical intake.  He/she noted that Plaintiff was at the hospital for the purpose of receiving a medical clearance for jail.  Plaintiff then saw Defendant Bayardo.

70.     Defendant Bayardo knew of Plaintiff's prior visit to Espanola Hospital and that, notwithstanding the fact that the SFCACF had a medical unit, the SFCACF could not care for Plaintiff due to his chronic medical conditions and disability.  In addition, Defendant Bayardo knew that, unlike the SFCACF, the RACADF did not have a medical unit.

71.     Following a cursory patient assessment, Defendant Bayardo medically cleared Plaintiff for detention with the RACADF. Plaintiff's discharge instructions provided to him by Defendant Bayardo state: "OK to go to jail."

72.     Plaintiff's discharge orders additionally instruct that the dressing on Plaintiff's ulcer should be changed two to three times per day, that Plaintiff's ulcer should be washed carefully each time it gets soiled, that the ulcer area should be kept clean and dry, and that Plaintiff should change positions often.

73.     Upon Plaintiff's discharge from Espanola Hospital, these instructions were provided to a RACSO deputy.

74.     From intake to discharge, Plaintiff spent approximately five minutes at Espanola Hospital.

### Plaintiff's Detention with the RACADF

75.     Following Plaintiff's discharge from Espanola Hospital, Defendant Marvin Armijo and/or Anthony Armijo caused a RACSO deputy to transport Plaintiff to the RACADF where Plaintiff was booked by Defendants Valdez and Jordan on two felony charges of Aggravated Assault upon a Peace Officer and two misdemeanor charges of Resisting an Officer. Plaintiff's booking report states that Plaintiff was denied bond.

76.     Defendants Marvin Armijo and/or Anthony Armijo had no lawful basis to cause Plaintiff's detention at the RACADF.

77.     The RACSO deputy who transported Plaintiff to the RACADF provided Plaintiff's hospital discharge instructions to Defendants Valdez and Jordan.

78.     RACADF's policies provide that all medical "treatment shall be done in accordance to a physician's instructions," but that the RACADF will have on-site medical

services available only "whenever possible." RACADF policies set forth no procedures for staff
to follow to obtain competent medical care when staff is not qualified or is otherwise unable to
provide the instructed treatment.

79.    While detained with the RACADF, Plaintiff was placed in protective custody and
remained in his cell alone for at least 23 hours per day.

80.    Plaintiff's cell at the RACADF was roughly six feet by eight feet and had no
windows. Although the cell had a toilet, Plaintiff was unable to use it due to his paraplegia.

81.    Every time Plaintiff defecated into his diaper while in the custody of the
RACADF, he promptly notified correctional officers whose names are currently unknown to
Plaintiff. Despite this, Plaintiff was forced to sit in his own feces for up to eight hours while he
waited for somebody to assist in changing his diaper. Even when a RACADF officer finally
changed his diaper, Plaintiff was not cleaned properly and smeared feces was left on Plaintiff's
body.

82.    Plaintiff requested assistance from RACADF officers in caring for his decubitus
ulcer. In the time that he was detained at the RACADF, however, Plaintiff received no treatment
from a medical professional. Although a female nurse came to Plaintiff's cell on or around May
14, 2012, she told Plaintiff that she could not care for Plaintiff's decubitus ulcer because she was
female.

83.    Besides being forced to sit in his own feces for hours due to his paraplegia,
Plaintiff was unable to otherwise care for his decubitus ulcer. Roughly once per day, a non-
medically trained correctional officer would attempt to clean Plaintiff's ulcer with a simple wet
paper towel.

14

84.     During his detention at the RACADF, Plaintiff spent numerous hours lying in bed or sitting in his wheelchair in one position without being turned or moved.

85.     During his detention at the RACADF, Plaintiff did not take a shower. No shower was accessible to Plaintiff at the RACADF and RACADF staff did not otherwise assist Plaintiff in bathing.

86.     Periodically, RACADF staff, whose names are currently unknown to Plaintiff, would empty Plaintiff's catheter bag into a bucket and flush the urine down the toilet. After emptying the bucket, however, RACADF staff would leave it in Plaintiff's cell without cleaning it, leading to a persistent odor of urine. Occasionally, RACADF staff would clean the bucket with bleach and ammonia, causing toxic fumes with an overwhelming odor that made it extremely difficult for Plaintiff to breathe.

87.     On Monday, May 14, 2012, a criminal complaint was filed in Rio Arriba County Magistrate Court charging Plaintiff with two misdemeanor charges of simple Assault upon a Peace Officer and two misdemeanor charges of Resisting an Officer.

88.     On Tuesday, May 15, 2012, Mrs. Martinez went to the Rio Arriba County Magistrate Court because she was worried about Plaintiff. Mrs. Martinez spoke with Magistrate Judge Alex Naranjo, who ordered that Plaintiff be released to the custody of Mrs. Martinez. Plaintiff was released from the RACADF's custody on May 15, 2012 shortly before 2:00 p.m.

89.     Until Judge Naranjo released Plaintiff to the custody of Mrs. Martinez approximately 84 hours after being booked at the RACADF, no judicial determination had been made as to whether probable cause existed for Plaintiff's misdemeanor arrest.

90.     Defendant RACSO has no policies or procedures pertaining to ensuring that those arrested by the RACSO without a warrant receive a prompt probable cause determination.

91.     Mrs. Martinez immediately attended to Plaintiff's needs.  Plaintiff reeked of feces and Mrs. Martinez discovered dried feces on Plaintiff's buttocks, back, and within Plaintiff's decubitus ulcer.  Plaintiff's decubitus ulcer had deteriorated significantly and Plaintiff had a severe rash from being forced to sit in his feces for long periods of time.

92.     On June 21, 2012, the misdemeanor charges against Plaintiff were dismissed with prejudice.

## CAUSES OF ACTION

### Count I: 42 U.S.C. § 1983 — Violation of Plaintiff's Constitutional Rights Under the Fourth and Fourteenth Amendments — Excessive Force
#### (*Defendants Joseph Salazar and Greg Esparza*)

93.     Plaintiff incorporates by reference the preceding paragraphs as though they were stated fully herein.

94.     Plaintiff had a clearly established right under the Fourth Amendment, made applicable to state and local governments by the Fourteenth Amendment, to be free from unreasonable seizures.

95.     Defendants Salazar and Esparza's acts and/or omissions, individually or in the aggregate, caused Plaintiff to be deprived of that right.

96.     Defendants Salazar and Esparza acted under color of state law.

97.     Defendants Salazar and/or Esparza acted maliciously or in callous disregard of Plaintiff's rights.

98.     Plaintiff suffered actual damages.

16

**Count II: Injury Resulting from Assault, Battery, False Arrest and Deprivation of Rights, Privileges, or Immunities Secured by the Constitution and Laws of the United States and New Mexico**
*(Defendants Joseph Salazar, Greg Esparza, Espanola Department of Public Safety, and City of Espanola)*

99.     Plaintiff incorporates by reference the preceding paragraphs as though they were stated fully herein.

100.    Defendants Salazar and Esparza are law enforcement officers within the meaning of the New Mexico Tort Claims Act, NMSA 1978 § 41-4-1 *et seq.*

101.    Defendants Salazar and Esparza were acting within the scope of their duties.

102.    Defendants Salazar and Esparza's acts and/or omissions, individually or in the aggregate, resulted in Plaintiff being assaulted, battered, falsely arrested, and/or deprived of rights, privileges, or immunities secured by the Fourth and Fourteenth Amendments to the U.S. Constitution and Article II, Section 10 of the N.M. Constitution.

103.    Plaintiff suffered personal and bodily injury as a result of Defendants Salazar and Esparza's acts and/or omissions.

104.    Defendants Espanola Department of Public Safety and City of Espanola were the employers and/or supervisors of Defendants Salazar and Esparza and are liable for the acts and/or omissions of Defendants Salazar and Esparza under the doctrine of *respondeat superior*.

**Count III:  Negligent Hiring, Training, and/or Supervision**
*(Defendants Joe Montoya, Espanola Department of Public Safety, and City of Espanola)*

105.    Plaintiff incorporates by reference the preceding paragraphs as though they were stated fully herein.

106.    Defendant Montoya is a law enforcement officer within the meaning of the New Mexico Tort Claims Act, NMSA 1978 § 41-4-1 *et seq.*

17

107.   Defendant Montoya owed a duty to the general public, including Plaintiff, to act with reasonable care in hiring, training, and supervising EPD officers.

108.   Defendant Montoya breached that duty by negligently hiring, training, and/or supervising Defendants Salazar and/or Esparza.

109.   Defendant Montoya's negligence caused Plaintiff to be assaulted, battered, falsely imprisoned, and/or deprived of rights, privileges, or immunities secured by the Fourth and Fourteenth Amendments to the U.S. Constitution and Article II, Section 10 of the N.M. Constitution.

110.   Plaintiff suffered personal and bodily injury as a result of Defendant Montoya's acts and/or omissions.

111.   Defendants Espanola Department of Public Safety and City of Espanola were the employers and/or supervisors of Defendant Montoya and are liable for the acts and/or omissions of Defendant Montoya under the doctrine of *respondeat superior*.

### Count IV: 42 U.S.C. § 1983 — Violation of Plaintiff's Constitutional Rights Under the Fourth and/or Fourteenth Amendments — Objectively Unreasonable or Deliberate Indifference to Conditions of Confinement
*(Defendants Marvin Armijo, Anthony Armijo, James Culin, Manuel Valdez, Guy Jordan, unknown number of John Does, and Fernando Bayardo, M.D.)*

112.   Plaintiff incorporates by reference the preceding paragraphs as though they were stated fully herein.

113.   Plaintiff had a clearly established right under the Fourth Amendment, made applicable to state and local governments by the Fourteenth Amendment, not to be detained in objectively unreasonable conditions of confinement.

114.   Alternatively, Plaintiff had a clearly established right under the Fourteenth Amendment, not to be detained in inhumane conditions of confinement.

18

115.   Defendants Marvin Armijo, Anthony Armijo, Culin, Valdez, Jordan, Does, and Bayardo's acts and/or omissions, individually or in the aggregate, caused Plaintiff to be deprived of that right.

116.   Defendants Marvin Armijo, Anthony Armijo, Culin, Valdez, Jordan, and Does acted under color of state law.  Defendant Bayardo acted under of state law for purposes of this claim because he acted in concert with state officials in depriving Plaintiff of his constitutional rights.

117.   Defendants Marvin Armijo, Anthony Armijo, Culin, Valdez, Jordan, Does, and/or Bayardo acted maliciously or in callous disregard of Plaintiff's rights.

118.   Plaintiff suffered actual damages.

**Count V:  42 U.S.C. § 1983 — Violation of Plaintiff's Constitutional Rights Under the Fourth and/or Fourteenth Amendments — Objectively Unreasonable or Deliberately Indifferent Denial of Medical Care**
*(Defendants Marvin Armijo, Anthony Armijo, James Culin, Manuel Valdez, Guy Jordan, unknown number of John Does, and Fernando Bayardo, M.D.)*

119.   Plaintiff incorporates by reference the preceding paragraphs as though they were stated fully herein.

120.   Plaintiff had a clearly established right under the Fourth Amendment, made applicable to state and local governments by the Fourteenth Amendment, to be provided objectively reasonable medical care.

121.   Alternatively, Plaintiff had a clearly established right under the Fourteenth Amendment, not to be deprived of essential medical attention.

122.   Defendants Marvin Armijo, Anthony Armijo, Culin, Valdez, Jordan, Does, and Bayardo's acts and/or omissions, individually or in the aggregate, caused Plaintiff to be deprived of that right.

19

123.    Defendants Marvin Armijo, Anthony Armijo, Culin, Valdez, Jordan, and Does acted under color of state law. Defendant Bayardo acted under of state law for purposes of this claim because he acted in concert with state officials in depriving Plaintiff of his constitutional rights.

124.    Defendants Marvin Armijo, Anthony Armijo, Culin, Valdez, Jordan, Does, and/or Bayardo acted maliciously or in callous disregard of Plaintiff's rights.

125.    Plaintiff suffered actual damages.

**Count VI:  42 U.S.C. § 1983 — Conspiracy to Violate Plaintiff's Constitutional Rights Under the Fourth and/or Fourteenth Amendments — Conditions of Confinement and/or Denial of Medical Care**
*(Defendants Marvin Armijo, Anthony Armijo, James Culin, and Fernando Bayardo, M.D.)*

126.    Plaintiff incorporates by reference the preceding paragraphs as though they were stated fully herein.

127.    Plaintiff had a clearly established right under the Fourth Amendment, made applicable to state and local governments by the Fourteenth Amendment, not to be detained in objectively unreasonable conditions of confinement and to be provided objectively reasonable medical care.

128.    Alternatively, Plaintiff had a clearly established right under the Fourteenth Amendment, not to be detained in inhumane conditions of confinement or deprived of essential medical attention.

129.    Defendants Marvin Armijo, Anthony Armijo, and Culin acted under color of state law. Defendant Bayardo acted under of state law for purposes of this claim because he acted in concert with state officials in depriving Plaintiff of his constitutional rights.

130.    Defendants Marvin Armijo, Anthony Armijo, Culin, and Bayardo conspired to deprive Plaintiff of his constitutionally protected rights under color of state law and Defendants

20

Marvin Armijo, Anthony Armijo, Culin, and Bayardo's acts and/or omissions, individually or in the aggregate, caused Plaintiff to be deprived of that right.

131.     Defendants Marvin Armijo, Anthony Armijo, Culin, and/or Bayardo are liable for each other's acts performed in the course of the conspiracy.

132.     Defendants Marvin Armijo, Anthony Armijo, Culin, and/or Bayardo acted maliciously or in callous disregard of Plaintiff's rights.

133.     Plaintiff suffered actual damages.

**Count VII: 42 U.S.C. § 1983 — Violation of Plaintiff's Constitutional Rights Under the Fourth and/or Fourteenth Amendments — Conditions of Confinement and/or Denial of Medical Care (Supervisory and Municipal Liability)**
*(Larry DeYapp in his individual and official capacities, Thomas Rodella in his individual and official capacities, and Rio Arriba County)*

134.     Plaintiff incorporates by reference the preceding paragraphs as though they were stated fully herein.

135.     Plaintiff had a clearly established right under the Fourth Amendment, made applicable to state and local governments by the Fourteenth Amendment, not to be detained in objectively unreasonable conditions of confinement and to be provided objectively reasonable medical care.

136.     Alternatively, Plaintiff had a clearly established right under the Fourteenth Amendment, not to be detained in inhumane conditions of confinement or deprived of essential medical attention.

137.     New Mexico law charged Defendants DeYapp and Rodella with promulgating and implementing policies to ensure the personal hygiene and safety of all those detained at the RACADF.

21

138.   New Mexico law charged Defendant Rodella with promulgating and implementing policies in effecting the arrest and detention of individuals believed to have committed a crime within Rio Arriba County.

139.   Defendants DeYapp and Rodella had a duty to adequately train their subordinates in the arrest and/or detention of individuals with serious medical needs or disabilities.

140.   Defendant Rio Arriba County had ultimate policymaking authority over Defendants DeYapp and the RACADF, and Rodella and the RACSO.

141.   Defendants DeYapp and Rio Arriba County promulgated, implemented, or maintained a policy or custom of accepting into the RACADF all individuals medically cleared by a health care provider regardless of the RACADF's ability to provide medical care to, or ensure the personal hygiene of, those individuals.

142.   Defendant DeYapp failed to train and/or supervise his subordinates in accepting into the RACADF individuals with disabilities and/or chronic medical conditions.

143.   Defendants Rodella and Rio Arriba County failed to promulgate, implement, or maintain any policy that would ensure that arrestees with disabilities and/or chronic medical conditions would not be denied their constitutional rights while being detained pretrial.

144.   Defendant Rodella otherwise failed to train and/or supervise his subordinates in ensuring that arrestees with disabilities and/or chronic medical conditions would not be denied their constitutional rights while being detained pretrial.

145.   Defendants DeYapp, Rodella, and Rio Arriba County's acts and/or omissions, individually or in the aggregate, caused Plaintiff to be deprived of his Fourth and/or Fourteenth Amendment rights.

146.   Defendants DeYapp and Rodella acted under color of state law.

147.   Defendants DeYapp and/or Rodella acted maliciously or in callous disregard of Plaintiff's rights.

148.   Plaintiff suffered actual damages.

**Count VIII: 42 U.S.C. § 1983 — Violation of Plaintiff's Constitutional Rights Under the Fourth and Fourteenth Amendments — Denial of Prompt Probable Cause Determination**
*(Defendants Marvin Armijo and Anthony Armijo)*

149.   Plaintiff incorporates by reference the preceding paragraphs as though they were stated fully herein.

150.   Plaintiff had a clearly established right under the Fourth Amendment, made applicable to state and local governments by the Fourteenth Amendment, to a prompt probable cause determination.

151.   Defendants Marvin Armijo and Anthony Armijo's acts and/or omissions, individually or in the aggregate, caused Plaintiff to be deprived of that right.

152.   Defendants Marvin Armijo and Anthony Armijo acted under color of state law.

153.   Defendants Marvin Armijo and/or Anthony Armijo acted maliciously or in callous disregard of Plaintiff's rights.

154.   Plaintiff suffered actual damages.

**Count IX: 42 U.S.C. § 1983 — Violation of Plaintiff's Constitutional Rights Under the Fourth and Fourteenth Amendments — Denial of Prompt Probable Cause Determination**
**(Supervisory and Municipal Liability)**
*(Defendant Thomas Rodella in his individual and official capacities and Rio Arriba County)*

155.   Plaintiff incorporates by reference the preceding paragraphs as though they were stated fully herein.

156.   Plaintiff had a clearly established right under the Fourth Amendment, made applicable to state and local governments by the Fourteenth Amendment, to a prompt probable cause determination.

157.   New Mexico law charged Defendant Rodella with ensuring that those arrested by the RACSO received a prompt probable cause determination.

158.   Defendant Rodella had a duty to adequately train his subordinates in ensuring that those arrested by the RACSO received a prompt probable cause determination.

159.   Defendant Rio Arriba County had ultimate policymaking authority over Defendant Rodella and the RACSO.

160.   Defendants Rodella and Rio Arriba County failed to promulgate, implement, or maintain any policy of ensuring that those arrested by the RACSO received a prompt probable cause determination.

161.   Defendant Rodella otherwise failed to train and/or supervise his subordinates in ensuring that those arrested by the RACSO received a prompt probable cause determination.

162.   Defendants Rodella and Rio Arriba County's acts and/or omissions, individually or in the aggregate, caused Plaintiff to be deprived of his Fourth and/or Fourteenth Amendment rights.

163.   Defendant Rodella acted under color of state law.

164.   Defendant Rodella acted maliciously or in callous disregard of Plaintiff's rights.

165.   Plaintiff suffered actual damages.

### Count X:  Title II of the Americans with Disabilities Act
### (Defendant Rio Arriba County)

166.   Plaintiff incorporates by reference the preceding paragraphs as though they were stated fully herein.

167.   Plaintiff has a disability, namely paraplegia, a physical impairment that substantially limits the major life activities of caring for himself, walking and working, among others.

24

168.   While detained at the RACADF, Plaintiff was qualified to receive the benefit of fresh air, basic hygiene services, including but not limited to regular access to a toilet and shower, and access to medical care to treat his decubitus ulcer.

169.   While detained at the RACADF, Plaintiff was denied the benefits of fresh air, basic hygiene services, including but not limited to regular access to a toilet and shower, and access to medical care to treat his decubitus ulcer.

170.   This denial of benefits was because of Plaintiff's disability.

171.   Plaintiff suffered damages.

### Count XI:  Negligent Operation or Maintenance of a Building
*(Defendants Rio Arriba County, Larry DeYapp, James Culin, Manuel Valdez, Guy Jordan and unknown number of John Does)*

172.   Plaintiff incorporates by reference the preceding paragraphs as though they were stated fully herein.

173.   Defendants DeYapp, Culin, Valdez, Jordan, and Does have a duty to exercise reasonable care for inmate health and safety in the maintenance and operation of the RACADF, and in promulgating and implementing policies and procedures necessary to care for and protect the people who are detained at the RACADF.

174.   While acting within the scope of their duties, Defendants DeYapp, Culin, Valdez, Jordan, and Does' acts and/or omissions, individually or in the aggregate, breached their duty to Plaintiff.

175.   Defendants DeYapp, Culin, Valdez, Jordan, and Does' breach of their duty caused Plaintiff bodily injury.

176.   Defendant Rio Arriba County was the employer and/or supervisor of Defendants

DeYapp, Culin, Valdez, Jordan, and Does and is liable for the acts and/or omissions of

Defendants DeYapp, Culin, Valdez, Jordan, and Does under the doctrine of *respondeat superior*.

### Count XII:  Injury Resulting from False Arrest, False Imprisonment and Deprivation of Rights, Privileges, or Immunities Secured by the Constitution and Laws of the United States and New Mexico

*(Defendants Marvin Armijo, Anthony Armijo, James Culin, Manuel Valdez, Guy Jordan, unknown number of John Does, Rio Arriba County Sheriff's Office, and Rio Arriba County)*

177.   Plaintiff incorporates by reference the preceding paragraphs as though they were

stated fully herein.

178.   Defendants Marvin Armijo, Anthony Armijo, Culin, Valdez, Jordan, and Does are

law enforcement officers within the meaning of the New Mexico Tort Claims Act, NMSA 1978

§ 41-4-1 *et seq.*

179.   Defendants Marvin Armijo, Anthony Armijo, Culin, Valdez, Jordan, and Does

were acting within the scope of their duties.

180.   Defendants Marvin Armijo, Anthony Armijo, Culin, Valdez, Jordan, and Does'

acts and/or omissions, individually or in the aggregate, resulted in Plaintiff being falsely arrested,

falsely imprisoned and/or deprived or rights, privileges, or immunities secured by the Fourth and

Fourteenth Amendments to the U.S. Constitution and Article II, Sections 10, 13 and 18 of the

N.M. Constitution.

181.   Plaintiff suffered personal and bodily injury as a result of Defendants Marvin

Armijo, Anthony Armijo, Culin, Valdez, Jordan, and Does' acts and/or omissions.

182.   Defendants Rio Arriba County Sheriff's Office and Rio Arriba County were the

employers and/or supervisors of Defendants Marvin Armijo, Anthony Armijo, Culin, Valdez,

Jordan, and Does and are liable for the acts and/or omissions of Defendants Marvin Armijo, Anthony Armijo, Culin, Valdez, Jordan, and Does under the doctrine of *respondeat superior.*

## Count XIII: Negligent Hiring, Training, and/or Supervision
### (Defendants Rodella, DeYapp, Rio Arriba County Sheriff's Office, and Rio Arriba County)

183.    Plaintiff incorporates by reference the preceding paragraphs as though they were stated fully herein.

184.    Defendants Rodella and DeYapp are law enforcement officers within the meaning of the New Mexico Tort Claims Act, NMSA 1978 § 41-4-1 *et seq.*

185.    Defendant Rodella owed a duty to the general public, including Plaintiff, to act with reasonable care in hiring, training, and supervising those who worked for the RACSO.

186.    Defendant Rodella breached that duty by negligently hiring, training, and/or supervising Defendants Marvin Armijo and Anthony Armijo.

187.    Defendant DeYapp owed a duty to the general public, including Plaintiff, to act with reasonable care in hiring, training, and supervising those who worked for at the RACADF.

188.    Defendant DeYapp breached that duty by negligently hiring, training, and/or supervising Defendants Culin, Valdez, Jordan, and Does.

189.    Defendants Rodella and/or DeYapp's negligence caused Plaintiff to be falsely arrested, falsely imprisoned and/or deprived or rights, privileges, or immunities secured by the Fourth and Fourteenth Amendments to the U.S. Constitution and Article II, Sections 10, 13 and 18 of the N.M. Constitution.

190.    Plaintiff suffered personal and bodily injury as a result of Defendants Rodella and DeYapp's acts and/or omissions.

27

191.    Defendants Rio Arriba County Sheriff's Office and/or Rio Arriba County were the employers and/or supervisors of Defendants Rodella and DeYapp and are liable for the acts and/or omissions of Defendants Rodella and DeYapp under the doctrine of *respondeat superior*.

## PRAYER FOR RELIEF

WHEREFORE Plaintiff prays for judgment against Defendants as follows:

A.     an award for all damages proximately caused by Defendants' civil rights violations, intentional torts, negligence, and violations of the ADA;

B.     an award for all other sums as shall be determined to fully and fairly compensate Plaintiff for all general, special and consequential damages incurred, or to be incurred, by Plaintiff as the direct and proximate result of the acts and omissions of the Defendants;

C.     punitive damages against the individually named Defendants as allowed by law;

D.     an award of costs and attorney's fees as allowed by law;

E.     pre- and post-judgment interest as allowed by law; and

F.     an award for such other and further relief as the Court may deem necessary and appropriate under the circumstances.

Respectfully submitted,

COBERLY & ATTREP, LLLP
*Attorneys for Russell Martinez*

/s/ Todd A. Coberly
TODD A. COBERLY
1322 Paseo de Peralta
Santa Fe, NM 87501
(505) 989-1029

28

# COBERLY & ATTREP, LLLP

1322 PASEO DE PERALTA • SANTA FE, NM 87501

**Attorneys at Law**
Todd A. Coberly
Jennifer L. Attrep

505.989.1029 (T) • 505.629.1360 (F)
tcoberly@cna-law.com
jattrep@cna-law.com

May 8, 2014

**VIA CERTIFIED MAIL**

Board of Commissioners of Rio Arriba County
c/o County Clerk Moises Morales Jr.
Tierra Amarilla Court House
7 Main Street
Tierra Amarilla, NM  87575



> RE:  *Russell Martinez v. Joseph Salazar, et al.*, D-117-CV-2014-00159

Dear Defendant,

The Board of Commissioners of Rio Arriba County is being served with a lawsuit and subsequent filings in the above-referenced matter.  By way of service, please find enclosed:

1. Summons dated May 8, 2014;
2. Complaint dated May 5, 2014;
3. Notice of Excusal dated May 7, 2014; and
4. Notice of Judge Assignment dated May 7, 2014.

If you have any questions or concerns, please contact me at (505) 989-1029 or tcoberly@cna-law.com.  If you are represented by an attorney in this matter, please have your attorney contact me as soon as possible.

Regards,

Todd A. Coberly

*Enclosures:*  as stated

[TAC/tld]

**EXHIBIT**

B

STATE OF NEW MEXICO
COUNTY OF RIO ARRIBA
FIRST JUDICIAL DISTRICT COURT

RUSSELL MARTINEZ,

       Plaintiff,

vs.                                                                No. D-117-CV-2014-00159

JOSEPH SALAZAR, in his individual capacity,
GREG ESPARZA, in his individual capacity,
THE ESPANOLA DEPARTMENT OF PUBLIC
SAFETY, LEO MONTOYA, THE CITY OF
ESPANOLA, MARVIN ARMIJO, in his official
capacity, ANTHONY ARMIJO, in his official
capacity, JAMES CULIN, in his individual capacity,
MANUEL VALDEZ, in his individual capacity,
GUY JORDAN, in his individual capacity, THE
BOARD OF COUNTY COMMISSIONERS OF
RIO ARRIBA COUNTY, THE RIO ARRIBA
COUNTY SHERIFF'S OFFICE, THOMAS
RODELLA, in his individual and official capacities,
LARRY DEYAPP, in his individual and official
capacities, UKNOWN NUMBER OF JOHN DOES,
employees of the Rio Arriba County Adult Detention
Facility, in their individual capacities, and FERNANDO
BAYARDO, M.D.,

       Defendants.

## ACKNOWLEDGMENT OF SERVICE

    I hereby acknowledge service of the Complaint on behalf of Defendants Joseph Salazar,

Greg Esparza, the Espanola Department of Public Safety and Leo Montoya this 6th day of June,

2014.



Respectfully submitted,

BASHAM & BASHAM, P.C.

By:___*/s/ Mark A. Basham*_____
          Mark A. Basham
          *Attorneys for Defendants Joseph*
          *Salazar, Greg Esparza, the Espanola*
          *Department of Public Safety, Leo*
          *Montoya and the City of Espanola*
          2205 Miguel Chavez Road, #A
          Santa Fe, NM  87505-1111
          (505) 988-4575
          mbasham@bbpcnm.com

**I HEREBY CERTIFY** that on the 6th day
of June, 2014 I filed the foregoing electronically
through the 1st Judicial District Odyssey Filing
System, which caused the following parties
or counsel to be served by electronic means:

Todd A. Coberly
Coberly & Attrep, LLLP
1332 Paseo de Peralta
Santa Fe, NM  87501-4325
tcoberly@cna-law.com
*Attorneys for Plaintiff Russell Martinez*

*/s/ Mark A. Basham*_____
Mark A. Basham

STATE OF NEW MEXICO
COUNTY OF RIO ARRIBA
FIRST JUDICIAL DISTRICT COURT

RUSSELL MARTINEZ,

       Plaintiff,

vs.                                                                          No. D-117-CV-2014-00159

JOSEPH SALAZAR, in his individual capacity,
GREG ESPARZA, in his individual capacity,
THE ESPANOLA DEPARTMENT OF PUBLIC
SAFETY, LEO MONTOYA, THE CITY OF
ESPANOLA, MARVIN ARMIJO, in his official
capacity, ANTHONY ARMIJO, in his official
capacity, JAMES CULIN, in his individual capacity,
MANUEL VALDEZ, in his individual capacity,
GUY JORDAN, in his individual capacity, THE
BOARD OF COUNTY COMMISSIONERS OF
RIO ARRIBA COUNTY, THE RIO ARRIBA
COUNTY SHERIFF'S OFFICE, THOMAS
RODELLA, in his individual and official capacities,
LARRY DEYAPP, in his individual and official
capacities, UKNOWN NUMBER OF JOHN DOES,
employees of the Rio Arriba County Adult Detention
Facility, in their individual capacities, and FERNANDO
BAYARDO, M.D.,

       Defendants.

## ACKNOWLEDGMENT OF SERVICE

    I hereby acknowledge service of the Complaint on behalf of Defendants Marvin Armijo,

Anthony Armijo, James Culin, Manuel Valdez, Guy Jordan, the Rio Arriba County Sheriff's

Office, Thomas Rodella and Lawrence DeYapp this 6th day of June, 2014.



EXHIBIT

D

Respectfully submitted,

YENSON, ALLEN & WOSICK, P.C.

By:___ */s/ Robert W. Becker*_____
Robert W. Becker
*Attorneys for Defendants Marvin Armijo,*
*Anthony Armijo, James Culin, Manuel*
*Valdez, Guy Jordan, the Board of County*
*Commissioners for Rio Arriba County,*
*Thomas Rodella and Lawrence DeYapp*
4908 Alameda Blvd., NW
Albuquerque, NM  87113-1376
(505) 266-3995
rbecker@ylawfirm.com

**I HEREBY CERTIFY** that on the 6th day
of June, 2014 I filed the foregoing electronically
through the 1st Judicial District Odyssey Filing
System, which caused the following parties
or counsel to be served by electronic means:

Todd A. Coberly
Coberly & Attrep, LLLP
1332 Paseo de Peralta
Santa Fe, NM  87501-4325
tcoberly@cna-law.com
*Attorneys for Plaintiff Russell Martinez*

*/s/ Robert W. Becker*_____
Robert W. Becker

JS 44  (Rev 12/12)  CIVIL COVER SHEET
Case 1:14-cv-0053...cv-...  Filed 06/06/14   Page 1 of 2

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.  (SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)

## I. (a) PLAINTIFFS

Russell Martinez

**DEFENDANTS:** Joseph Salazar, Greg Esparza, Espanola Dept. of Public Safety, Leo Montoya, City of Espanola, Marvin Armijo, Anthony Armijo, James Culin, Manuel Valdez, Guy Jordan, Board of County Commissioners of Rio Arriba County, Rio Arriba County Sheriff's Office, Thomas Rodella, Fernando Bayardo

**(b)** County of Residence of First Listed Plaintiff  Rio Arriba
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant  Rio Arriba
(IN U.S. PLAINTIFF CASES ONLY)
NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF
THE TRACT OF LAND INVOLVED.

**(c)** Attorneys (Firm Name, Address, and Telephone Number)
Todd Coberly
1332 Paseo de Peralta
Santa Fe, NM 87501-4325
(505) 989-1029

Attorneys (If Known)
Robert W. Becker
4908 Alameda Blvd., NW
Abq. NM  87113-1376
(505) 266-3995

Mark Basham
2205 Miguel Chavez Rd. #A
Santa Fe, NM  87505-1111
(505) 988-4575

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ˙ 1  U.S. Government Plaintiff
- X 3  Federal Question (U.S. Government Not a Party)
- ˙ 2  U.S. Government Defendant
- ˙ 4  Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff
(For Diversity Cases Only)                      and One Box for Defendant)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ˙ 1 | ˙ 1 | Incorporated or Principal Place of Business In This State | ˙ 4 | ˙ 4 |
| Citizen of Another State | ˙ 2 | ˙ 2 | Incorporated and Principal Place of Business In Another State | ˙ 5 | ˙ 5 |
| Citizen or Subject of a Foreign Country | ˙ 3 | ˙ 3 | Foreign Nation | ˙ 6 | ˙ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ˙ 110 Insurance<br>˙ 120 Marine<br>˙ 130 Miller Act<br>˙ 140 Negotiable Instrument<br>˙ 150 Recovery of Overpayment & Enforcement of Judgment<br>˙ 151 Medicare Act<br>˙ 152 Recovery of Defaulted Student Loans (Excludes Veterans)<br>˙ 153 Recovery of Overpayment of Veteran's Benefits<br>˙ 160 Stockholders' Suits<br>˙ 190 Other Contract<br>˙ 195 Contract Product Liability<br>˙ 196 Franchise | **PERSONAL INJURY**<br>˙ 310 Airplane<br>˙ 315 Airplane Product Liability<br>˙ 320 Assault, Libel & Slander<br>˙ 330 Federal Employers' Liability<br>˙ 340 Marine<br>˙ 345 Marine Product Liability<br>˙ 350 Motor Vehicle<br>˙ 355 Motor Vehicle Product Liability<br>˙ 360 Other Personal Injury<br>˙ 362 Personal Injury - Medical Malpractice | **PERSONAL INJURY**<br>˙ 365 Personal Injury - Product Liability<br>˙ 367 Health Care/ Pharmaceutical Personal Injury Product Liability<br>˙ 368 Asbestos Personal Injury Product Liability<br>**PERSONAL PROPERTY**<br>˙ 370 Other Fraud<br>˙ 371 Truth in Lending<br>˙ 380 Other Personal Property Damage<br>˙ 385 Property Damage Product Liability | ˙ 625 Drug Related Seizure of Property 21 USC 881<br>˙ 690 Other<br><br>**LABOR**<br>˙ 710 Fair Labor Standards Act<br>˙ 720 Labor/Management Relations<br>˙ 740 Railway Labor Act<br>˙ 751 Family and Medical Leave Act<br>˙ 790 Other Labor Litigation<br>˙ 791 Employee Retirement Income Security Act | ˙ 422 Appeal 28 USC 158<br>˙ 423 Withdrawal 28 USC 157<br><br>**PROPERTY RIGHTS**<br>˙ 820 Copyrights<br>˙ 830 Patent<br>˙ 840 Trademark<br><br>**SOCIAL SECURITY**<br>˙ 861 HIA (1395ff)<br>˙ 862 Black Lung (923)<br>˙ 863 DIWC/DIWW (405(g))<br>˙ 864 SSID Title XVI<br>˙ 865 RSI (405(g)) | ˙ 375 False Claims Act<br>˙ 400 State Reapportionment<br>˙ 410 Antitrust<br>˙ 430 Banks and Banking<br>˙ 450 Commerce<br>˙ 460 Deportation<br>˙ 470 Racketeer Influenced and Corrupt Organizations<br>˙ 480 Consumer Credit<br>˙ 490 Cable/Sat TV<br>˙ 850 Securities/Commodities/ Exchange<br>˙ 890 Other Statutory Actions<br>˙ 891 Agricultural Acts<br>˙ 893 Environmental Matters<br>˙ 895 Freedom of Information Act<br>˙ 896 Arbitration<br>˙ 899 Administrative Procedure Act/Review or Appeal of Agency Decision<br>˙ 950 Constitutionality of State Statutes |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | **IMMIGRATION** | **FEDERAL TAX SUITS** | |
| ˙ 210 Land Condemnation<br>˙ 220 Foreclosure<br>˙ 230 Rent Lease & Ejectment<br>˙ 240 Torts to Land<br>˙ 245 Tort Product Liability<br>˙ 290 All Other Real Property | ˙ 440 Other Civil Rights<br>˙ 441 Voting<br>˙ 442 Employment<br>˙ 443 Housing/ Accommodations<br>× 445 Amer. w/Disabilities - Employment<br>× 446 Amer. w/Disabilities - Other<br>˙ 448 Education | **Habeas Corpus:**<br>˙ 463 Alien Detainee<br>˙ 510 Motions to Vacate Sentence<br>˙ 530 General<br>˙ 535 Death Penalty<br>**Other:**<br>˙ 540 Mandamus & Other<br>˙ 550 Civil Rights<br>˙ 555 Prison Condition<br>˙ 560 Civil Detainee - Conditions of Confinement | ˙ 462 Naturalization Application<br>˙ 465 Other Immigration Actions | ˙ 870 Taxes (U.S. Plaintiff or Defendant)<br>˙ 871 IRS—Third Party 26 USC 7609 | |

## V. ORIGIN (Place an "X" in One Box Only)

- ˙ 1  Original Proceeding
- × 2  Removed from State Court
- ˙ 3  Remanded from Appellate Court
- ˙ 4  Reinstated or Reopened
- ˙ 5  Transferred from Another District (specify)
- ˙ 6  Multidistrict Litigation

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
Removal under 28 U.S.C. Section 1331, 1441 and 1446.

Brief description of cause: Fourth and Fourteenth Amendment Claims - excessive force, deliberate indifference to serious medical need

## VII. REQUESTED IN COMPLAINT:

˙ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F R Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND:   ˙ Yes   × No

## VIII. RELATED CASE(S) IF ANY

(See instructions):
JUDGE                                      DOCKET NUMBER

DATE                          SIGNATURE OF ATTORNEY OF RECORD
Mark Basham, Electronically Filed, Robert W. Becker, Electronically Filed and                Electro...

FOR OFFICE USE ONLY   RECEIPT #          AMOUNT          APPLYING IFP          JUDGE

**EXHIBIT**
E

## INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

### Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

I.(a)   **Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

(b)   **County of Residence.** For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

(c)   **Attorneys.** Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

II.   **Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.Cv.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.
United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.
United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.
Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.
Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; **NOTE: federal question actions take precedence over diversity cases.**)

III.   **Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

IV.   **Nature of Suit.** Place an "X" in the appropriate box. If the nature of suit cannot be determined, be sure the cause of action, in Section VI below, is sufficient to enable the deputy clerk or the statistical clerk(s) in the Administrative Office to determine the nature of suit. If the cause fits more than one nature of suit, select the most definitive.

V.   **Origin.** Place an "X" in one of the six boxes.
Original Proceedings. (1) Cases which originate in the United States district courts.
Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441. When the petition for removal is granted, check this box.
Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.
Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.
Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.
Multidistrict Litigation. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407. When this box is checked, do not check (5) above.

VI.   **Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.** Example: U.S. Civil Statute: 47 USC 553 Brief Description: Unauthorized reception of cable service

VII.   **Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.
Demand. In this space enter the actual dollar amount being demanded or indicate other demand, such as a preliminary injunction.
Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

VIII.   **Related Cases.** This section of the JS 44 is used to reference related pending cases, if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.** Date and sign the civil cover sheet.

FILED IN MY OFFICE
DISTRICT COURT CLERK
6/9/2014 12:48:04 PM
STEPHEN T. PACHECO
Rachel Vannoy

STATE OF NEW MEXICO
COUNTY OF RIO ARRIBA
FIRST JUDICIAL DISTRICT COURT

RUSSELL MARTINEZ,

       Plaintiff,

v.                               Case No. D-117-CV-2014-00159

JOSEPH SALAZAR, et al.,

       Defendants.

## ANSWER TO COMPLAINT FOR DAMAGES RESULTING FROM CIVIL RIGHTS VIOLATIONS, INTENTIONAL TORTS, NEGLIGENCE, AND VIOLATIONS OF TITLE II OF THE AMERICAN WITH DISABILITIES ACT

**COME NOW** Defendants Joseph Salazar, Greg Esparza, the Espanola Department of Public Safety, Leo Montoya and the City of Espanola (hereinafter collectively referred to as "Espanola Defendants") by and through their attorneys Basham & Basham, P.C. (Mark A. Basham appearing) and answer Plaintiff's Complaint for Damages Resulting from Civil Rights Violations, Intentional Torts, Negligence, and Violations of Title II of the American with Disabilities Act (hereinafter "Complaint") as follows:

1. Espanola Defendants admit the allegations contained in Paragraphs 1 – 8 of the Complaint.

2. Espanola Defendants state that with respect to the allegations contained in Paragraphs 9 – 19 of the Complaint that they are directed to other parties requiring no response by the Espanola Defendants.

3. Espanola Defendants are without sufficient information as to the allegations contained in Paragraphs 20 – 25 of the Complaint and, therefore, deny them.

4. Espanola Defendants admit the allegations contained in in Paragraphs 26 – 28 of the Complaint.

5. Espanola Defendants admit the allegations in the first sentence of Paragraph 29 of the Complaint but deny the allegations contained in the second sentence of that same Paragraph.

6. Espanola Defendants admit the allegations in the first sentence of Paragraph 30 of the Complaint but deny the allegations contained in the second sentence of that same Paragraph.

7. Espanola Defendants deny the allegations contained in Paragraphs 31 – 35 of the Complaint.

8. Espanola Defendants are without sufficient information as to the allegations contained in Paragraphs 36 and 37 and, therefore, deny them.

9. Espanola Defendants admit the allegations contained in Paragraphs 38 and 39 of the Complaint.

10. Espanola Defendants are without sufficient information as to the allegations contained in Paragraphs 40 – 46 of the Complaint.

11. Espanola Defendants deny the allegations contained in Paragraph 47 of the Complaint.

12. Espanola Defendants are without sufficient information as to the allegations contained in Paragraphs 48 – 75 of the Complaint.

13. Espanola Defendants deny the allegation contained in Paragraph 76 of the Complaint.

14. Espanola Defendants are without sufficient information as to the allegations contained in Paragraphs 77 – 92 of the Complaint.

15. With respect to Paragraph 93 of the Complaint, the Espanola Defendants incorporate by reference their answers to the preceding paragraphs as though they were fully stated herein.

16. Espanola Defendants state that the allegations contained in Paragraph 94 of the Complaint is a legal conclusion requiring no response.

17. Espanola Defendants deny the allegation contained in Paragraph 95 of the Complaint.

18. Espanola Defendants admit the allegation contained in Paragraph 96 of the Complaint.

2

19. Espanola Defendants deny the allegations contained in Paragraphs 97 and 98 of the Complaint.

20. With respect to Paragraph 99 of the Complaint, the Espanola Defendants incorporate by reference their answers to the preceding paragraphs as though they were fully stated herein.

21. Espanola Defendants admit the allegations contained in Paragraphs 100 and 101 of the Complaint.

22. Espanola Defendants deny the allegations contained in Paragraphs 102 and 103 of the Complaint.

23. Espanola Defendants state that the allegations contained in Paragraph 104 of the Complaint is a legal conclusion requiring no response.

24. With respect to Paragraph 105 of the Complaint, the Espanola Defendants incorporate by reference their answers to the preceding paragraphs as though they were fully stated herein.

25. Espanola Defendants admit the allegations contained in Paragraph 106 of the Complaint.

26. Espanola Defendants state that the allegation contained in Paragraph 107 of the Complaint is a legal conclusion requiring no response.

27. Espanola Defendants deny the allegations contained in Paragraphs 108 – 110 of the Complaint.

28. Espanola Defendants state that the allegation contained in Paragraph 111 of the Complaint is a legal conclusion requiring no response.

29. With respect to Paragraph 112 of the Complaint, the Espanola Defendants incorporate by reference their answers to the preceding paragraphs as though they were fully stated herein.

30. Espanola Defendants state that with respect to the allegations contained in Paragraphs 113 – 191 that they are directed to other parties requiring no response by the Espanola Defendants.

3

31. Espanola Defendants deny Plaintiff's Prayer for Relief.

32. Any facts not specifically admitted herein by the Espanola Defendants are denied.

## AFFIRMATIVE DEFENSES

1.      The Complaint fails to state a claim upon which relief can be granted.

2.      Espanola Defendants breached no duty owed to Plaintiff.

3.      Espanola Defendants activities were lawful, in good faith and in the exercise of governmental functions.

4.      At all times relevant hereto, the Espanola Defendants actions were reasonable, proper and constitutional.

5.      If Plaintiff suffered any injury and damages, such were unavoidable and not caused by Espanola Defendants.

6.      Any detriment or damages allegedly suffered by the Plaintiff was due to and caused by Plaintiff's own acts and conduct.

7.      If Plaintiff suffered any detriment, such was not caused by the Espanola Defendants.

8.      Plaintiff failed to take reasonable action to avoid, mitigate or prevent the alleged injury or damage.

9.      The Espanola Defendant law enforcement officers were, at all times relevant hereto, duly qualified, appointed and acting law enforcement officers and at all times relevant hereto were engaged in the performance of their regularly scheduled duties as law enforcement officers.

10.     The Espanola Defendant law enforcement officers are not liable for their acts or omissions while exercising due care in the execution or enforcement of the law.

11.     Plaintiff has failed to comply with the provisions of the New Mexico Tort Claims Act, which bars recovery.

4

12.     Espanola Defendants are entitled to qualified immunity

13.     The Espanola Defendant law enforcement officers are not liable for any injury resulting from their acts or omissions where the acts or omissions were the result of the exercise of discretion vested in them as law enforcement officers.

14.     The actions of the Espanola Defendant law enforcement officers were lawful and proper.

15.     Plaintiff knew or should have known that he was being arrested by law enforcement officers and had the duty to refrain from resisting such arrest.

16.     The force, if any, used on Plaintiff was reasonable and necessary under the circumstances.

17.     Plaintiff has failed to allege, nor can she prove, participation in ratification of or acquiescence by the governmental City Defendant Espanola in the actions of the Defendant law enforcement officers.  As such, Plaintiff has failed to state a claim for relief pursuant to 42 U.S.C. §1983.

18.     The doctrine of respondeat superior is not an adequate basis for liability of the governmental entity City Defendant Espanola under 42 U.S.C. §1983.

19.     Plaintiffs have failed to allege, and cannot prove, an "affirmative link" between the alleged incidents of misconduct by the Espanola Defendant law enforcement officers and an express or implied directive or operating procedure of the City of Espanola or law enforcement.

20.     Pursuant to N.M.S.A. §41-4-19(D) of the New Mexico Tort Claims Act, these Defendants are not liable for exemplary or punitive damages.

21.     The individual Espanola Defendants are entitled to qualified immunity.

22.     Espanola Defendants reserve the right to add additional affirmative defenses as discovery takes place.

**WHEREFORE**, the Espanola Defendants respectfully request that the Court dismiss Plaintiff's claims with prejudice, award them their costs and attorneys' fees in the defense of this matter, and for such other and further relief that the Court deems is appropriate.

Respectfully submitted by:

Basham & Basham, P.C.

*Electronically filed 06/09/14*
*/s/ Mark A. Basham*
Mark A. Basham
2205 Miguel Chavez, Suite A
Santa Fe, New Mexico 87505
505-988-4575
Fax: 505-992-6170
mbasham@bbpcnm.com
Attorneys for Espanola Defendants

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 9th day of June, 2014, I filed the foregoing Espanola Defendants' Answer to Plaintiff's Complaint electronically through the Odyssey File and Service System, which caused counsel of record to be served by electronic means:

Todd A. Coberly
Cobberly & Attrep, LLLP
1322 Paseo de Peralta
Santa Fe, NM 87501
Attorneys for Plaintiff
tcoberly@cna-law.com

*/s/ Mark A. Basham*
Mark A. Basham

6