IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

RUSSELL MARTINEZ,

    Plaintiff,

vs.                                                                 No. 1:14-cv-00534 KG/WPL

JOSEPH SALAZAR, in his individual capacity,
GREG ESPARZA, in his individual capacity,
THE ESPANOLA DEPARTMENT OF PUBLIC
SAFETY, LEO MONTOYA, THE CITY OF
ESPANOLA, MARVIN ARMIJO, in his official
capacity, ANTHONY ARMIJO, in his official
capacity, JAMES CULIN, in his individual capacity,
MANUEL VALDEZ, in his individual capacity,
GUY JORDAN, in his individual capacity, THE
BOARD OF COUNTY COMMISSIONERS OF
RIO ARRIBA COUNTY, THE RIO ARRIBA
COUNTY SHERIFF'S OFFICE, THOMAS
RODELLA, in his individual and official capacities,
LARRY DEYAPP, in his individual and official
capacities, UNKNOWN NUMBER OF JOHN DOES,
employees of the Rio Arriba County Adult Detention
Facility, in their individual capacities, and FERNANDO
BAYARDO, M.D.,

    Defendants.

## **STIPULATED CONFIDENTIALITY ORDER**

       THIS MATTER having come before the Court upon the agreement of the parties to keep confidential certain records that may be produced through this litigation and which the producing party will regard as proprietary or otherwise confidential, and the Court being fully informed in the premises, FINDS the agreement of the parties is well taken and shall be entered as a Stipulated Confidentiality Order in this matter.

       IT IS HEREBY ORDERED that all documents, records and information designated by the producing party as confidential shall be kept strictly confidential from any disclosure which

is not necessary to the prosecution and/or defense of the claims in this lawsuit, meaning that these documents and the information contained in them will be protected from disclosure outside of this lawsuit.

IT IS FURTHER ORDERED THAT THIS Confidentiality Order shall apply to the parties in this matter, the attorneys involved in this matter, the law firms of the attorneys including their staff and any expert consultants or expert witnesses retained in this matter as follows:

1. All confidential documents, files and/or other tangible things, including recordings, produced for inspection and copying by any party may be disclosed only to the following:

   a. Each party and the parties' legal counsel, including secretaries, legal assistants and clerical and support personnel working with or under the supervision of counsel, to the extent such disclosure is reasonably necessary to render professional services related to this action;

   b. Contract or temporary personnel engaged by, or working under, the direct supervision of each party's counsel, to the extent such disclosure is reasonably necessary to render professional services in this action;

   c. Any expert witness retained by any party for purposes of testifying or assisting in the preparation for trial or hearing of any further proceedings in this action;

   d. Such additional persons agreed to in writing by these parties or otherwise ordered by a court of competent jurisdiction; and,

   e. Any person who may testify as a witness either at a deposition or court proceeding in this action for the purpose of assisting in the preparation or examination of the witness.

2. Each party must instruct any and all persons to be given access to these documents of this Confidentiality Order and provide them with a copy of it; those persons must

agree to be bound by the terms of this Order before they may be given access to the documents. This provision does not prohibit counsel from using any document at a deposition or at trial, but if used at a deposition, all persons present at the deposition, including the court reporter and/or videographer, shall be bound by the provisions of this Order.

3. A producing party shall designate Confidential Material, other than deposition transcripts, either by setting forth in a cover letter or written discovery responses with any Confidential Material produced that such material is Confidential Material, or alternatively, by placing a cover sheet on the front of Confidential Material produced, with the word "CONFIDENTIAL" typed, written or printed on such cover sheet or on each page of the documents produced. The identification of Confidential Material in either of these fashions shall mean that all materials or information produced with such cover letter or cover sheet shall be "Confidential Material" unless the producing party clearly indicates otherwise. This Order shall not prevent any party from redacting portions of certain documents based on matters of privacy or security; however the redaction may be challenged by way of motion practice to the Court.

4. With respect to documents, answers to interrogatories or requests for admission produced or to deposition transcripts delivered to any party to this action prior to the entry of this Order, any party shall have thirty (30) days from its entry to invoke the protection of this Order.

5. Any party wishing to challenge the "Confidential" designation assigned by the producing party with respect to any material shall give written notice of such objection to counsel for the party who so designated the material in question. The parties agree to attempt promptly to resolve any objections through agreement. Any objections to designation not resolved by agreement of counsel shall be presented for resolution to the Court within twenty

(20) days after a party is so notified, or such additional time as may be agreed upon or allowed by the Court. The party making the claim of confidentiality to which objection has been made shall move for a determination of whether the information is confidential. Failure to so move within the allotted period of time, including any extensions thereof, shall constitute a waiver of the claim of confidentiality. Any material which is the subject of the motion and which is attached thereto, and any portions of the motion and any supporting memorandum brief making reference to such material shall be filed under seal, as provided in paragraph 11 below and designated on the face of the motion with the words "Filed Under Seal Per Court Order." The burden rests upon the party seeking the designation "Confidential" to demonstrate its necessity. Determination of a party's claim of confidentiality shall be made in accordance with the standards of the Rules of Civil Procedure. The provisions of this Order respecting confidentiality shall apply to any information or documents which are the subject of such motions until the matter is finally determined by the Court.

6. All documents or items designated as confidential shall remain in the possession of the counsel of record to whom such material is produced, and they shall not permit any such materials to leave their possession except that copies of such materials may be made for the use of those assisting counsel to whom disclosure may be made under paragraph 1 above, and copies may be submitted to the court under seal as necessary. Within sixty (60) days after such time as this action is concluded, whether a final adjudication on the merits from which there remains no right of appeal, or by other means, and subject to further order of the Court or written stipulation of the parties, any party producing confidential material may require the party to whom such material was produced either to destroy, and so certify, or to return all documents and copies

containing confidential materials in the possession or control of that party or counsel (including but not limited to copies in the possession or control of any expert or employee) to the party who produced them, with the exception of any document containing an attorney's work product which shall continue to be subject to the provisions of this Order. The return or destruction of all such documents not otherwise excepted shall be completed within sixty (60) days after the entry of a final judgment or final order. With respect to deposition transcripts or other transcript of testimony which contain confidential information, the transcript shall remain the property of the party purchasing it, but the confidential information contained therein shall continue to remain subject to the provisions of this Order.

7. The original of any material, as opposed to any copies thereof, designated as confidential which has been produced by any party in this litigation shall not be destroyed except pursuant to a plan therefore to be prepared by the parties and approved by the Court upon termination of the litigation.

8. Nothing in this Order shall preclude any party from applying to the Court for additional or different protective provisions in respect to specific material if the need should arise during this litigation. The Court shall retain jurisdiction over the parties and over any person executing an undertaking to be bound by the terms of this Order, until the confidential material either is returned or is destroyed pursuant to the terms of this Order.

9. This Order governs the treatment of all confidential information of the parties up to the time of trial of this action. Nothing contained in this Order shall be construed to prejudice any party's right to use at trial or any hearing before the Court in this litigation any confidential material, provided that reasonable notice of the intended use of such material (e.g., a pretrial

order) shall be given to opposing counsel. The opposing party may apply to the Court for further protection of the confidentiality of such material.

10. No confidential materials shall be filed in the public record of this action. All material so designated in accordance with the terms of this Confidentiality Order that is filed with the court, and any pleadings, motions, or other papers filed with the Court disclosing any such material, shall be filed under seal, as provided for when filing electronically, until further Order of the Court. Where possible, only confidential portions of filings with the court shall be filed under seal.

11. Any of the parties may modify any of the provisions of this Order by written agreement between or among themselves so long as any such agreement among less than all of the parties does not affect the rights, duties and obligations of any other party.

IT IS SO STIPULATED AND ORDERED.

*William P. Lynch*
WILLIAM P. LYNCH
UNITED STATES MAGISTRATE JUDGE

Submitted by:

YENSON, ALLEN & WOSICK, P.C.


By: */s/ Robert W. Becker*
　　 Robert W. Becker
　　 *Attorneys for Defendants Marvin Armijo,*
　　 *Anthony Armijo, James Culin, Manuel Valdez,*
　　 *Guy Jordan, the Board of County Commissioners*
　　 *for Rio Arriba County, The Rio Arriba County*
　　 *Sheriff's Office, Thomas Rodella and*
　　 *Lawrence DeYapp*
　　 4908 Alameda Blvd., NW
　　 Albuquerque, NM  87113-1376
　　 (505) 266-3995
　　 rbecker@ylawfirm.com

Approved by:

COBERLY LAW FIRM


By: */s/ Todd A. Coberly*
　　 Todd A. Coberly
　　 1332 Paseo de Peralta
　　 Santa Fe, NM  87501-4325
　　 tcoberly@cna-law.com
　　 *Attorneys for Plaintiff Russell Martinez*

BASHAM & BASHAM, P.C.


By: */s/ Mark A. Basham*
　　 Mark A. Basham
　　 2205 Miguel Chavez Road, #A
　　 Santa Fe, NM  87505-1111
　　 (505) 988-4575
　　 mbasham@bbpcnm.com
　　 *Attorneys for Defendants Joseph*
　　 *Salazar, Greg Esparza, the Espanola*
　　 *Department of Public Safety, Leo*
　　 *Montoya and the City of Espanola*

RODEY, DICKASON, SLOAN, AKIN & ROBB, PA


By: */s/ Charles K. Purcell*
 Charles K. Purcell
 Post Office Box 1888
 Albuquerque, NM 87103-1888
 (505) 768-7395
 kpurcell@rodey.com
 *Attorneys for Defendant Fernando Bayardo, M.D.*