IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

RUSSELL MARTINEZ,

    Plaintiff,

vs.

                                          Case No. 14-cv-00534 KG/WPL

JOSEPH SALAZAR, et al.,

    Defendants.

**PLAINTIFF'S MOTION TO COMPEL ANSWERS TO INTERROGATORIES AND PRODUCTION OF DOCUMENTS, FOR ATTORNEY'S FEES, AND FOR SANCTIONS**

    Plaintiff Russell Martinez, by and through undersigned counsel and pursuant to Federal Rule of Civil Procedure 37(a)(3), Plaintiff respectfully moves the Court to enter an order compelling Defendants Joseph Salazar and Leo Montoya to answer certain interrogatories propounded nearly three months ago.  In addition, Plaintiff moves the Court pursuant to Federal Rule of Civil Procedure 37(a)(4) for an order requiring Defendants City of Espanola and Espanola Department of Public Safety (collectively "Espanola Defendants") to produce certain documents for inspection.  Finally, pursuant to Federal Rules of Civil Procedure 37(a)(5), (b)(2), and (d)(3), Plaintiff seeks an order requiring the above-named Defendants, and/or their attorneys, to pay Plaintiff's reasonable expenses incurred in making this motion, including attorney's fees, and for appropriate sanctions.  Pursuant to Federal Rule of Civil Procedure 37(a)(1), Plaintiff certifies that his counsel conferred in good faith with counsel for Defendants in an attempt to

obviate the need for this motion.[1] Defendants oppose this motion. As grounds for the relief requested, Plaintiff submits the following memorandum.

## BACKGROUND

I. **Plaintiff's Discovery Requests.**

On October 17, 2014, Plaintiff served numerous interrogatories and requests for production on Espanola Defendants. (*See* Doc. 29.) As pertinent here, Plaintiff asked Defendants Salazar and Montoya to answer numerous interrogatories pursuant to Federal Rule of Civil Procedure 33. A full set of the interrogatories—numbered 2 through 9—that Plaintiff served on Defendant Salazar are attached to this motion as Exhibit A, and a full set of the interrogatories—numbered 18 through 28—that Plaintiff served on Defendant Montoya are attached to this motion as Exhibit B.

Regarding the requests for production, Plaintiff requested pursuant to Federal Rule of Civil Procedure 34 that the Espanola Defendants produce, *inter alia*, "all documents evidencing any type of grievance, complaint, internal affairs investigation, or disciplinary action involving Defendants Joseph Salazar," (RFP No. 11), and "all documents evidencing the use of force by Defendants Joseph Salazar or Greg Esparza on any individual," (RFP No. 12). A copy of these requests for production is attached to this motion as Exhibit C. After Plaintiff agreed to a two-week extension, Defendants served their discovery responses on December 3, 2014.[2] (*See* Doc. 38.)

---

[1] As part of the good-faith attempt to resolve their disputes, the parties agreed that they would waive the deadline for filing any motion to compel until January 12, 2015.

[2] Defendant Salazar's purported answers are attached to this motion as Exhibit D. Defendant Montoya's purported answers are attached to this motion as Exhibit E. Finally, the

## II. Defendants' Responses to the Discovery Requests.

### A. Defendant Salazar's Purported Answers to Interrogatories 2 - 9.

Regarding Plaintiff's interrogatory number 2, which requested that Defendant Salazar provide a full and detailed description of his involvement in the underlying events at issue, (Ex. A at 3), Defendant Salazar purportedly answered this interrogatory by providing a two-page narrative of the events written in the third person. (Ex. D at 1-3.) Defendant Salazar purportedly answered interrogatories numbered 3 through 9 by providing the following statement for each interrogatory: "Defendant Joseph Salazar is no longer employed by Defendant Espanola Department of Public Safety. City Defendants have attempted to locate Defendant Joseph Salazar without success. City Defendants reserve the right to supplement their Answer to this Interrogatory once Defendant Joseph Salazar has been located." (*Id.* at 4-7.) Although Defendant Salazar's counsel, Mark A. Basham, electronically signed the purported answers, Defendant Salazar did not. (*Id.* at 7.)

On December 5, 2014, counsel for Defendant Salazar served purported supplemental answers to Plaintiff's interrogatories numbered 4 through 7.[3] (Doc. 39.) After objecting on grounds that each of the interrogatories sought "private and confidential information that is irrelevant to the issues in this suit," Defendant Salazar's counsel, without waiving the objections, referred Plaintiff to Defendant Salazar's personnel file that had been produced on the same day by way of a supplemental production of documents. (*See* Ex. G at 2-4.) Defendant Salazar did

---

Espanola Defendants' responses to requests for production numbers 11 and 12 are attached to this motion as Exhibit F.

[3] Defendant Salazar's purported supplemental answers are attached to this motion as Exhibit G.

not sign the supplemental answers under oath, although Defendant Salazar's counsel provided an electronic signature. (*Id.* at 4.)

  **B.**  **Defendant Montoya's Purported Answers to Interrogatories 18 - 28.**

Regarding interrogatory number 18, which asked Defendant Montoya to provide a full and detailed description of his educational history, (Ex. B at 3), Defendant Montoya purportedly answered by providing:

> Defendant Leo Montoya objects to this Interrogatory on the basis that it is not likely to lead to the discovery of admissible evidence. Without waiving said objection, Defendant Montoya affirmatively states that he retired from the City of Espanola in April 2012 and that the complained-of incident occurred following his retirement.

(Ex. E at 1.) Regarding interrogatories numbered 19 through 28 that Plaintiff propounded to Defendant Montoya, Defendant Montoya purportedly responded to each by stating: "See, Defendant Leo Montoya's Answer to Plaintiff's Interrogatory No. 18." (*Id.* at 2-5.) Like the purported answers to Defendant Salazar's interrogatories, Defendant Montoya did not sign the answers under oath, although Defendant Montoya's counsel, Mark A. Basham, electronically signed the document. (*Id.* at 5.)

  **C.**  **Espanola Defendants' Responses to Requests for Production 11 and 12.**

Plaintiff's RFP number 11 sought "all documents evidencing any type of grievance, complaint, internal affairs investigation, or disciplinary action involving Defendants Joseph Salazar or Greg Esparza." (Ex. F.) Espanola Defendants responded to this RFP by stating: "not applicable." (*Id.*) Plaintiff's RFP number 12 sought "all documents evidencing the use of force by Defendants Joseph Salazar or Greg Esparza on any individual." (*Id.*) Espanola Defendants responded to this RFP by referring Plaintiff solely to reports documenting the use of force

underlying Plaintiff's claims against the Defendants that Defendants Salazar and Esparza applied to Plaintiff on May 12, 2012. (*See id.*)

**ARGUMENT**

I. **Defendants Salazar and Montoya Should Be Compelled to Answer Interrogatories Numbered 2-8 and 18-28.**

As relevant here, Federal Rule of Civil Procedure 33 provides that interrogatories "***must*** be answered . . . ***by the party*** to whom they are directed." Fed. R. Civ. P. 33(b)(1)(A) (emphases added.) In addition, "[e]ach interrogatory ***must***, to the extent it is not objected to, be answered separately and fully in writing ***under oath***." Fed. R. Civ. P. 33(b)(3) (emphases added). It is hornbook law that a party's "unsigned and unverified responses do not qualify as answers to interrogatories." *Bardwell v. K&R Delivery, Inc.*, 1987 WL 28261, at *1 (N.D. Ill. Dec. 14, 1987) (citing cases); *see also, e.g.*, *In re Asbestos Prods. Liability Litigation (No. VI)*, 2012 WL 5839023, at *12 (E.D. Pa. Nov. 16, 2012) ("[I]nterrogatory responses that have not been verified by [a party] . . . must be struck.").

Even had Defendants Salazar and Montoya signed and verified their answers to the 18 interrogatories in question, they still would be insufficient. Counsel for Defendant Salazar repeatedly stated in Defendant Salazar's initial set of purported answers served on December 3, 2014, that Defendant Salazar could not answer interrogatories numbered 3 through 8 because Defendant Salazar could not be located due to the fact he no longer was employed with the Espanola Defendants. (Ex. D at 4-7.) Yet, somehow, Defendant Salazar was able to provide an extensive self-serving answer to interrogatory number 2 drafted in the third person. (*Id.* at 1-3.) The only reasonable explanation is that the purported answer to interrogatory number 2 was drafted and submitted to Plaintiff by counsel for Defendant Salazar without input from

Defendant Salazar.[4] Moreover, Defendant Salazar's purported supplemental answers to interrogatories numbered 4 through 7 would be deficient. The interrogatories specifically asked Defendant Salazar for, *inter alia*, the following:

- "a full and detailed description of [his] educational history beginning with high school" (Interrogatory number 4)

- "a full and detailed description of [his] work history" (Interrogatory number 5)

- "a full and detailed description of the training [he has] received as, or to become, a law enforcement officer" (Interrogatory number 6)

- "a full and detailed description of any disciplinary action that has been taken, or any grievance or complaint that has been lodged against [him] in [his] capacity as a law enforcement officer, whether [he was] employed by the City of Espanola or elsewhere" (Interrogatory number 7)

(Ex. A at 4-8.) Counsel for Defendant Salazar referring Plaintiff to Defendant Salazar's personnel file maintained by the Espanola Defendants is insufficient. Even if Federal Rule of Civil Procedure 33(d) allowed Defendant Salazar to refer to "business records" maintained by another party, the answers do not satisfy the specificity required by the rule. *See, e.g.*, *Government Benefits Analysts, Inc. v. Gradient Ins. Brokerage, Inc.*, 2012 WL 3292850, at *14 (D. Kan. Aug. 13, 2012). Moreover, Espanola Defendants' business records cannot provide nearly all of the information asked. Finally, Defendant Salazar has not provided any answers to interrogatories numbered 3 and 8. (*See* Exs. D, G.)

Regarding Defendant Montoya, Plaintiff has sued Defendant Montoya for negligently hiring, training, and supervising Defendants Salazar and Esparza. That Defendant Montoya retired approximately one month prior to the incident in question does not give Defendant Montoya carte blanche to refuse to answer all interrogatories propounded to him. While the

---

[4] If this is indeed the case, sanctions pursuant to Federal Rule of Civil Procedure 26(g)(3) would be required.

purported fact of Defendant Montoya's retirement might be relevant to the supervision prong of Plaintiff's claim, it does nothing to diminish the hiring or training prongs of the claim.

**II.      Espanola Defendants Should Be Compelled to Produce All Documents Responsive to Requests for Production 11 and 12.**

In responding to interrogatory number 15 propounded to Defendant Esparza, (attached as Exhibit H), Defendant Esparza refers to two reprimands that he received as an Espanola Police Officer. Espanola Defendants, however, claim that there are no documents responsive to RFP number 11, which seeks all documents pertaining to Defendant Esparza's disciplinary actions. (Ex. F.) Likewise, in response to interrogatory number 15, Defendant Esparza admitted to being involved in at least one other incident involving the use of force. (Ex. H.) Espanola Defendants, however, produced no documentation pertaining to Defendants Salazar or Esparza's use of force other than documentation pertaining to the incident underlying Plaintiff's complaint. (Ex. F.) Given these inconsistencies, the Court should compel the Espanola Defendants to produce documents evidencing the incidents referenced above and to verify, under oath, that no other responsive documents exist.

**CONCLUSION**

Wherefore, for the foregoing reasons, Plaintiff respectfully requests that the Court compel Defendants Salazar and Montoya to answer interrogatories numbered 2 through 8 and 18 through 28 fully and completely, and compel the Espanola Defendants to produce all documents responsive to RFP numbers 11 and 12. Plaintiff requests expenses, including reasonable attorney's fees, and sanctions as the Court deems sufficient pursuant to Federal Rule of Civil Procedure 37(d)(3). *See, e.g., Tom v. S.B., Inc.*, 280 F.R.D. 603 (D.N.M. 2012).

Respectfully submitted,

COBERLY LAW OFFICE

/s/ *Todd A. Coberly*
Todd A. Coberly
1322 Paseo de Peralta
Santa Fe, NM 87501
(505) 989-1029
tcoberly@cna-law.com

## **CERTIFICATE OF SERVICE**

  I hereby certify that on this 12'th day of January, 2015, I filed the foregoing pleading using the CM/ECF system, which will electronically send notification of such filing to all counsel of record.

               */s/ Todd A. Coberly*
               Todd A. Coberly