IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

RUSSELL MARTINEZ,

     Plaintiff,

                             USDC Case No. 14-CV-00534 KBM/WPL
v.                        District Court Case No. D-117-CV-2014-00159

JOSEPH SALAZAR, et al.,

     Defendants.

## ESPANOLA DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION TO COMPEL ANSWERS TO INTERROGATORIES AND PRODUCTION OF DOCUMENTS, FOR ATTORNEY'S FEES, AND FOR SANCTIONS

**COME NOW** Defendants Joseph Salazar, Greg Esparza, the Espanola Department of Public Safety, Leo Montoya and the City of Espanola (hereinafter collectively referred to as "Espanola Defendants"), by and through their undersigned counsel, and for their Response to Plaintiff's Motion to Compel Answers to Interrogatories and Production of Documents, for Attorney's Fees, and for Sanctions, state as follows:

<u>Answers to Plaintiff's First Set of Interrogatories to Defendant Joseph Salazar</u>

Plaintiff complained that the Espanola Defendants did not serve a signed Verification Statement with their Answers to Plaintiff's First Set of Interrogatories to Defendant Joseph Salazar and their Supplemental Answers to Plaintiff's First Set of Interrogatories to Defendant Joseph Salazar. [DOC 46, pp. 3-4] However, these Verification Statements were subsequently served on Plaintiff's counsel prior to the filing of the instant motion. As such, Plaintiff cannot insist on an order compelling the Espanola Defendants to provide Verification Statements which they have already produced. Plaintiff's Motion to Compel must be denied in this respect.

## Answers to Plaintiff's First Set of Interrogatories to Defendant Leo Montoya

Defendant Leo Montoya retired from the City of Espanola in April 2012. Defendant Montoya presently works out of town, and his availability is limited to evenings and weekends, which make him very difficult to reach. Turnover in police departments is not an unusual event. The Espanola Defendants will continue to reach Defendant Montoya in order to obtain the complained-of Verification Statement, but an award of attorney's fees and sanction is not appropriate under these circumstances. The Espanola Defendants request that the Court order a reasonable time period for compliance.

## Responses to Plaintiff's Request for Production No. 11

This Request for Production sought "all documents evidencing any type of grievance, complaint, internal affairs investigation, or disciplinary action involving Defendants Joseph Salazar or Greg Esparza." Per the agreement between the City of Espanola and the police union, verbal and written reprimands are subject to removal from an officer's personnel file within a stated timeframe. See, selected excerpts from the union contract, *attached hereto* as Exhibit A. Afterwards, these documents are not maintained by the department. Defendant Greg Esparza stated in his Answer to Plaintiff's Interrogatory No. 15 to Espanola Defendants that the verbal and written counseling he received have since been removed from his personnel file. See, Exhibit B. Following their removal from the personnel file, these documents were not preserved or maintained elsewhere. As for Defendant Joseph Salazar, his personnel file indicated reprimand documents he received when he worked as a detention officer before he was ever employed by the department as a police officer. Since no documents exist responsive to this Request for Production, the discovery motion must be denied.

<u>Responses to Plaintiff's Request for Production No. 12</u>

Plaintiff did not confer with opposing counsel in good faith in resolving this particular discovery dispute prior to the filing of the instant discovery motion. On December 16, 2014, Plaintiff's counsel sent a "good faith" letter. See, Exhibit C. Because the letter's deadline fell on during the holidays, the parties agreed to meet and confer after the New Year holiday. The meet and confer did not occur since the parties were unable to accommodate each other's schedules. See, Exhibit D. Rather than continue to discuss available times, Plaintiff's counsel simply filed a discovery motion. A meet and confer was needed for this particular Request for Production since Plaintiff sought "all documents evidencing the use of force by Defendants Joseph Salazar or Greg Esparza on any individual." The Espanola Defendants needed clarification of the term "use of force" since Plaintiff did not define this term. Without a definition, the Espanola Defendants are unable to independently determine what documents are being sought. Does Plaintiff want use of force documents involving only Tasers? Or does Plaintiff want use of force documents involving other kinds of use of force such as hand-control techniques, mace, batons, firearms, etc.? A meet and confer would have resolved the issue if Plaintiff's counsel had not acted so unilaterally. And Plaintiff's Motion to Compel failed to mention what type of use of force documents Plaintiff needs. Because no substantive argument has been advanced by Plaintiff, the discovery motion must be denied.

<u>Answers to Plaintiff's First Set of Interrogatories Nos. 2-8, 18-28</u>

Plaintiff's First Set of Interrogatories Nos. 2-8 were directed towards Defendant Joseph Salazar. Defendant Salazar's personnel file was produced in discovery. The personnel file contained Joseph Salazar's job application, which contained detailed information concerning Salazar's educational and work background. See, selected excerpts of Salazar's application,

*attached hereto* as Exhibit E. The personnel file also contained the training certificates Officer Salazar received. Finally, the Incident Report (with its detailed narration of events) was authored by Salazar himself. See, Exhibit F. Plaintiff's discovery motion fails to mention at all how these comprehensive documents are inadequate. Because no substantive argument has been advanced by Plaintiff, the discovery motion must be denied.

Leo Montoya retired from the City of Espanola in April 2012. Defendant Montoya presently works out of town, and his availability is limited to evenings and weekends, which make him very difficult to reach. Turnover in police departments is not an unusual event. The Espanola Defendants will continue to reach Defendant Montoya in order to obtain the Interrogatory Answers sought by Plaintiff, but an award of attorney's fees and sanction is not appropriate under these circumstances. The Espanola Defendants request that the Court order a reasonable time period for compliance.

**WHEREFORE,** the Espanola Defendants respectfully request that the Court deny Plaintiff's Motion to Compel Answers to Interrogatories and Production of Documents, for Attorney's Fees, and for Sanctions, and for such other and further relief that the Court deems is appropriate.

Respectfully submitted by:

Basham & Basham, P.C.

*Electronically filed 01/26/15*
*/s/ Mark A. Basham*
Mark A. Basham
2205 Miguel Chavez, Suite A
Santa Fe, New Mexico 87505
505-988-4575
Fax: 505-992-6170
mbasham@bbpcnm.com
Attorneys for Espanola Defendants

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 26th day of January, 2015, I filed the foregoing Espanola Defendants' Response to Plaintiff's Motion to Compel Answers to Interrogatories and Production of Documents, for Attorney's Fees, and for Sanctions, which caused counsel of record to be served by electronic means, as more fully reflected on the Notice of Electronic Filing:

Todd A. Coberly
Coberly Law Office
1322 Paseo de Peralta
Santa Fe, NM 87501
Attorneys for Plaintiff
tcoberly@cna-law.com

Robert W. Becker
Yenson, Allen & Wosick, P.C.
4908 Alameda Blvd., NW
Albuquerque, NM 87113-1376
Attorneys for County Defendants
rbecker@ylawfirm.com

Charles Purcell
Rodey, Dickason, Sloan, Akin & Robb, P.A.
P.O. Box 1888
Albuquerque, NM 87103-1888
Attorneys for Defendant Fernando Bayardo, M.D.
kpurcell@rodey.com

/s/ Mark A. Basham
Mark A. Basham

**EXHIBIT**

4

examination any adverse witnesses during any grievance process or appeal involving disciplinary action.

E. Personnel files:

1. No document containing comments adverse to a peace officer shall be entered into his personnel file unless the officer has read and signed the document. When an officer refuses to sign a document containing comments adverse to him, the document may be entered into an officer's personnel file if:

   a. The officer's refusal to sign is noted on the document by the chief administrator of the officer's employer; and

   b. The notation regarding the officer's refusal to sign the document is witnessed by a third party.

2. A peace officer may file a written response to any document containing adverse comments entered into his personnel file and the response shall be filed with the officer's employer within thirty days after the document was entered into the officer's personnel file. A peace officer's written response shall be attached to the document.

3. An employee's only official file shall be located in and maintained by the Human Resources Department.

F. Constitutional rights; notification:

When any peace officer is under administrative investigation and a determination is made to commence a criminal investigation, he shall be immediately notified of the investigation and shall be afforded all the protections set forth in the bill of rights of the United States and New Mexico constitutions.

G. Forced disclosure of financial status prohibited:

A peace officer shall not be required by his police department employer to disclose information regarding his financial status, unless all other reasonable investigative means have been exhausted or except as otherwise required by law.

H. Political activity:

A peace officer shall not be prohibited by his police department employer from engaging in any political activity when the officer is off duty, except as otherwise required by law.

I. Exercise of rights:

A peace officer shall not be subjected to any retaliation by his employer due to the officer's lawful exercise of his rights under the Peace Officer's Employer-Employee Relations Act and this agreement.

## Article 28                    Disciplinary Action

A. In the event that an investigation results in the implementation of disciplinary action, if the investigated employee so requests, the Union may designate a representative to participate in all stages of the proceedings. The employee shall be provided with copies of the written charges and discipline decision.

B. At attempt will be made to notify an employee in a disciplinary action in everyday language. The language need be only specific enough to notify the employee of the alleged misconduct.

C. Verbal Reprimands and Written Reprimands are considered corrective action and are not considered disciplinary action. Corrective action is not subject to appeal and is subject for removal after six (6) months. Disciplinary actions shall include only the following and are subject for removal as follows:

    a. Suspension one (1) year
    b. Demotion two (2) years
    c. Dismissal (permanent)

D. An employee shall be progressively disciplined if appropriate, however, the City may determine at which stage of progression the discipline shall be imposed on a case-by-case basis depending on the seriousness of the infraction.

E. Prior to the implementation of any disciplinary action on a bargaining unit employee, the employee will be afforded an opportunity to respond to the charges in a pre-disciplinary hearing before the Chief or his designee.

F. An employee who is disciplined and feels that the disciplinary action is unjust may appeal the action through the grievance and appeal procedures as set forth in this agreement.

## Article 29          Grievance, Appeal Procedures, and Arbitration

A. A grievance is defined as any written dispute that may arise between the parties, including disciplinary actions resulting in written reprimands through dismissal or a violation of this agreement.

B. The employee may file a written grievance within five (5) business days of the date the employee knew or should have known of the issue that generated the grievance. Failure to do so will result in the grievance being null and void. An automatic appeal to the next grievance level will be guaranteed the employee in the City does not respond within the time limits.

C. Grievance steps:

    a. Step 1 – The employee shall file a written grievance within five (5) business days of the date the employee knew or should have known of the issue that generated the grievance. Such written grievance shall be filed with the Chief of Police or his designated representative and a copy provided to the personnel director. The Chief of Police or his designee shall schedule a meeting with the grievant and his/her representative, if the employee has chosen to be represented, in an attempt to resolve the grievance. Within seven (7) business days of the Chief's meeting the Chief or his designee will render a written decision. If the employee (grievant) is not satisfied with the

**EXHIBIT**

_B_

RUSSELL MARTINEZ,

        Plaintiff,

                                 USDC Case No. 14-CV-00534 KG/WPL

v.                             District Court Case No. D-117-CV-2014-00159

JOSEPH SALAZAR, et al.,

        Defendants.

## ANSWERS TO PLAINTIFF'S FIRST SET OF INTERROGATORIES TO DEFENDANT GREG ESPARZA

**COMES NOW** Defendant Greg Esparza, by and through his attorneys Basham &

Basham, P.C. (Mark A. Basham) and for his Answers to Plaintiff's First Set of Interrogatories to

Defendant Greg Esparza, states as follows:

## INTERROGATORIES

*Plf.'s Interrogatory No. 10 to Espanola Defs.*: Provide a full and detailed description of your

involvement and interactions with Plaintiff and Plaintiff's wife, Jackie Martinez, on May 11,

2012. Include in your answer all events that occurred at the Espanola Sonic, all events that

occurred at Presbyterian Espanola Hospital, the specific identities of any person who was present

at either location, and any statements made by any person.

**ANSWER:**

       On Friday May 11 at approximately 1430 hours I responded to a call for assistance by

Officer Joseph Salazar at the Fairview Sonic Located in Espanola. As I arrived on scene I

observed Officer Salazar attempting to restrain a male subject on the south side of the building in

the parking lot. The male subject was later identified as Russell Martinez. I observed Mr.

***Plf.'s Interrogatory No. 15 to Espanola Defs.***: Please provide a full and detailed description of any disciplinary action that has been taken, or any grievance or complaint that has been lodged, against you in your capacity as a law enforcement officer, whether you were employed by the City of Espanola or elsewhere.

**ANSWER:**

Approximately 9/2010 I received a verbal counseling for not attending a Grand Jury Hearing.

Approximately 11/2012 I received a written counseling when a senior office accused me of excessive force when I assisted an officer in training that was struggling to take a subject into custody. I only assisted when I observed the training officer making no attempt to assist the officer in training.

Both of these actions have been dropped from my personal file.



EXHIBIT

C

# COBERLY LAW OFFICE

1322 PASEO DE PERALTA • SANTA FE, NM 87501

Attorney at Law
Todd A. Coberly

505.989.1029 (T) • 505.629.1560 (F)
tcoberly@cna-law.com

December 16, 2014

**VIA EMAIL**

Mark A. Basham
Basham & Basham, P.C.
2205 Miguel Chavez Road, #A
Santa Fe, NM 87505-1111
(505) 988-4575
mbasham@bbpcnm.com

Re: <i>Martinez v. Salazar, et al.</i>; No. 14-cv-00534 KG/WPL

Dear Mark,

I write in regards to certain deficiencies within Espanola Defendants': **(1)** Responses to Plaintiff's First Set of Requests for Production to Defendants City of Espanola and Espanola Department of Public Safety; **(2)** Answers to Plaintiff's First Set of Interrogatories to Defendants City of Espanola and Espanola Department of Public Safety; **(3)** Answers to Plaintiff's First Set of Interrogatories to Defendant Joseph Salazar; **(4)** Answers to Plaintiff's First Set of Interrogatories to Defendant Greg Esparza; **(5)** Answers to Plaintiff's First Set of Interrogatories to Defendant Leo Montoya; **(6)** Supplemental Responses to Plaintiff's First Set of Requests for Production to Defendants City of Espanola and Espanola Department of Public Safety; and **(7)** Supplemental Answers to Plaintiff's First Set of Interrogatories to Defendant Joseph Salazar.

## I.   Defendants' Answers to the Interrogatories Do Not Comply With Fed. R. Civ. P. 33.

Federal Rule of Civil Procedure 33 provides that "[e]ach interrogatory *must*, to the extent it is not objected to, be answered separately and fully in writing *under oath*." Fed. R. Civ. P. 33(b)(3) (emphases added). It is hornbook law that a party's "unsigned and unverified responses do not qualify as answers to interrogatories." *Bardwell v. K&R Delivery, Inc.*, 1987 WL 28261, at *1 (N.D. Ill. Dec. 14, 1987) (citing cases); *see also, e.g.*, *In re Asbestos Prods. Liability Litigation (No. VI)*, 2012 WL 5839023, at *12 (E.D. Pa. Nov. 16, 2012) ("[I]nterrogatory responses that have not been verified by [party], regardless of the source of knowledge, must be struck.").

All of Espanola Defendants' answers to interrogatory numbers 1-28 are unsigned and unverified. Please rectify this deficiency immediately.

## II.   Defendant Salazar Has Failed to Answer Any of the Interrogatories.

Defendant Joseph Salazar failed to answer any of the interrogatories propounded to him, i.e., interrogatory numbers 2-9. Initially, you responded on Mr. Salazar's behalf claiming that

December 16, 2014
RE:  *Martinez v. Salazar, et al.*
P a g e | 2

Mr. Salazar could not be located. In supplementing these "answers," you referred Plaintiff to certain documents. Neither set of responses comply with Federal Rule of Civil Procedure 33. As an initial matter, interrogatories "***must*** be answered . . . ***by the party*** to whom they are directed." Fed. R. Civ. P. 33(b)(1) (emphases added). Counsel's statements, or explanations as to why a party cannot answer, are insufficient.[1] Second, in supplementing Defendant Salazar's answers, you referred me to Defendant Salazar's personnel file. Although a fraction of the information I requested from Defendant Salazar in interrogatory numbers 4-7 can be ascertained from his personnel file, the supplemental answers are insufficient because the documents do not come close to providing all requested information. *See* Fed. R. Civ. P. 33(d). Moreover, the supplemental answers are deficient because Defendant Salazar failed to sign or verify them.

Please have Defendant Salazar answer interrogatory numbers 2-9 in compliance with Fed. R. Civ. P. 33.

**III.    Defendant Montoya's Answers Are Wholly Deficient.**

Plaintiff propounded eleven interrogatories (interrogatory numbers 18-28) to Defendant Leo Montoya. Defendant Montoya refused to answer any of these interrogatories on the grounds that "the complained-of incident occurred (approximately one month) following his retirement." Plaintiff asserts a claim against Defendant Montoya for negligent hiring, training, and/or supervision. The mere fact that Defendant Montoya may have retired shortly before Defendants Salazar and Esparza used excessive force on Plaintiff might possibly negate a claim that Defendant Montoya negligently supervised those defendants, but it does nothing to alter the fact that Defendant Montoya could be liable for negligently hiring or training those defendants. Should you believe that Defendant Montoya should not be a part of this lawsuit simply because he retired shortly before the "complained-of incident," the proper course is to file a motion to dismiss—not refuse to answer interrogatories.

Please have Defendant Montoya answer interrogatory numbers 18-28 in compliance with Fed. R. Civ. P. 33.

**IV.    Defendants' Response to RFP No. 11 Needs to Be Supplemented.**

In RFP number 11, Plaintiff requested "all documents evidencing any type of grievance, complaint, internal affairs investigation, or disciplinary action involving Defendants Joseph Salazar or Greg Esparza." Defendants responded by saying that this RFP was "not applicable."

---

[1]    In this regard, I am troubled by Defendant Salazar's purported answer to interrogatory number 2. Given the claimed inability to locate Defendant Salazar, I fail to understand how Defendant Salazar could provide me a "full and detailed description of [his] involvement with Plaintiff and Plaintiff's wife, Jackie Martinez, on May 11, 2012." It appears to me that the "answer" to interrogatory number 2 is simply a version of the events drafted by counsel and not a firsthand account from Defendant Salazar as required by Rule 33. Regardless, this "answer" is deficient because it is not signed or verified by Defendant Salazar.

December 16, 2014
RE: *Martinez v. Salazar, et al.*
P a g e | 3

In his (purported) answer to interrogatory number 15, however, Defendant Esparza refers to two reprimands he received as an Espanola Police Officer. Defendant Esparza claims that these "actions have been dropped from [his] personal file."

Regardless of whether the actions against Defendant Esparza were "dropped" from his personnel file, I request production of this documentation. If Defendants claim that every single piece of documentation pertaining to these incidents has been destroyed, please comply with instruction number 8, which provides: "If any document responsive to these requests existed at one time, but no longer exists, identify the document, state why it no longer exists, and describe the circumstances of its loss, destruction or other disposition."

## V.    Defendants' Response to RFP No. 12 Needs to Be Supplemented.

In RFP number 12, Plaintiff requested "all documents evidencing the use of force by Defendants Joseph Salazar or Greg Esparza on any individual." Defendants responded by producing only the use of force report underlying the incident that forms the basis of this action. Yet, as discussed above, Defendant Esparza has admitted to being involved in at least one other use of force incident (in November 2012). Please confirm that it is Espanola Defendants' position that there is absolutely no other documentation evidencing Defendants Salazar or Esparza's use of force on any other individual. If that is not the case, please supplement Defendants' production of documents.

Pursuant to D.N.M.Lr.-Civ. 26.6, I have until December 29, 2014 to file a motion to compel. Accordingly, please respond to this letter and rectify all noted deficiencies by December 26, 2014.

Best regards,

Todd A. Coberly

cc:    Joseph Romero (via email)

**EXHIBIT**

D

| | |
|---|---|
| **From:** | Todd A. Coberly <tcoberly@cna-law.com> |
| **Sent:** | Monday, January 12, 2015 12:17 PM |
| **To:** | Joseph L. Romero |
| **Subject:** | Re: Martinez v. Salazar et al. |

I will try you this afternoon.

Sent from my iPhone

On Jan 12, 2015, at 10:42 AM, "Joseph L. Romero" <jromero@bbpcnm.com> wrote:

> I was under the impression that we would be speaking with each other following the holidays.  I would like to talk before you file any discovery motion.  Are you free on Wed.?  I am free all day.  Please let me know.
>
> Joseph L. Romero, Esq.
> **BASHAM & BASHAM, P.C.**
> 505-988-4575
> 505-992-6170 fax
>
> ---
>
> **From:** Todd A. Coberly [mailto:tcoberly@cna-law.com]
> **Sent:** Sunday, January 11, 2015 11:39 PM
> **To:** 'Joseph L. Romero'
> **Cc:** 'Mark Basham'
> **Subject:** Martinez v. Salazar et al.
>
> Joe,
>
> Please see the attached letter addressing your December 11, 2014 letter to me.  In addition, I have yet to receive a response to my December 16, 2014 letter addressing certain deficiencies in Espanola Defendants' responses to Plaintiffs first set of discovery.  I am prepared to file a motion to compel on the issues raised in that letter.  Please confirm that you oppose that motion.
>
> Regards,
> Todd
>
> Todd A. Coberly
> COBERLY LAW OFFICE
> 1322 Paseo de Peralta
> Santa Fe, NM 87501
> (505) 989-1029
> tcoberly@cna-law.com

This message (and any file transmitted with it) is intended for the use of the individual or entity to which it is addressed and may contain information that is privileged, confidential and/or exempt from disclosure under applicable law.  If you have received this message in error, please notify us immediately by email (admin@cna-law.com) or telephone (call us collect at (505) 989-1029) and delete this message and any file transmitted with it.  If you have received this message in error, you should not disseminate, distribute or copy this message.

No virus found in this message.
Checked by AVG - www.avg.com
Version: 2014.0.4800 / Virus Database: 4257/8917 - Release Date: 01/12/15

No virus found in this message.
Checked by AVG - www.avg.com
Version: 2014.0.4800 / Virus Database: 4257/8917 - Release Date: 01/12/15



**EXHIBIT**

tabbies

# CITY OF ESPAÑOLA

## PERSONAL HISTORY STATEMENT
## APPLICATION FOR POSITION OF:
POLICE CADET _____ LATERAL OFFICER _X_
DETENTION OFFICER_____

_____-███████     01 / 17 / 12
SOCIAL SECURITY NUMBER          DATE

## GENERAL INSTRUCTIONS:

This "Personal History Statement" is an important document in the selection process. If this form is not completed properly and legibly, your application cannot be processed.

Use only black ink.

Hand print and/or type an answer to every question. If the question does not apply to you, so indicate with "N/A." If space available is insufficient, use a separate sheet of paper and number each answer with the correct number of the question. Completeness is important.

Do not misstate or omit material facts. Your statements are subject to verification, and any attempt to deceive or falsify information, or to omit pertinent information, will be cause for your elimination from the selection process.

1. _SALAZAR_ _____ _JOSEPH_ _A._
   Legal Name    (Last)         (First)          (Middle)

2. _JoJo_
   By what other name(s) have you been known (maiden, alias, and nicknames)?

3. ████ ████ ████ ████████, _N.M_ ████████
   Residence Address (Number, Street, Apt.#, City, State, Zip Code, Phone Number) w/area code

4. ████████████, ████████ _N.M._
   Mailing Address (if different than above)

5. ████████████ ████████, ████████, _New Mexico_
   Date of Birth          Place of Birth (City, County, State)

6. Are you a U.S. Citizen by birth or a naturalized citizen? _U.S. Citizen by birth_

## EMPLOYMENT

19. List below; PRESENT TO PAST, each and every place where you were employed.
OMIT NONE including part-time employment. List complete addresses and zip
codes. List any periods of unemployment in proper sequence.

**A.**

01/11 – present       Tesuque Tribal Police Department    (505) 988-9119

Month and Year       Employer Name       Employer Phone

From: To:

Patrolman     RT. 42  Box 360-T  Santa Fe  N.M. 87532     Reason for Work closer to home and continue getting PERA

Position Held     Employer's Address (Street, City, State & Zip Code)     Leaving

Patrolling pueblo, traffic safety, responding to calls     Cpt. Raymond Coriz

Brief Description of Duties     Immediate Supervisor

01/11     present     work close to home and continue getting PERA

Unemployed From:     To:     Reason

**B.**

01/09 –       City of Española       (505) 753-6024

Month and Year       Employer Name       Employer Phone

From: To:

Detention Officer     405 N. Paseo De Oñate     To further law enforcement career.

Position Held     Employer's Address (Street, City, State & Zip Code)     Reason for Leaving

Supervision of inmates, transport     Ted Garcia

Brief Description of Duties     Immediate Supervisor

Unemployed From:     To:     Reason

**C.**  05/06 – 10/06

Dairy Queen       Dairy Queen       (505) 753-5887

Month and Year       Employer Name       Employer Phone

From: To:

Cook     1702 N. Riverside Dr.     was a sophomore in high school and wanted to concentrate more in academics.

Position Held     Employer's Address (Street, City, State & Zip Code)     Reason for Leaving

Prepared food, cleaned and washed dishes, floors, assisted customers     Marcy Martinez

Brief Description of Duties     Immediate Supervisor

**GENERAL**

37. What college degree or professional license(s) do you possess? _None_

38. Do you have a high school diploma or a GED? _Yes_

39. List below the middle school(s), college(s), trade or business school(s) you have attended. Do not list military school(s)

Start with middle school first.

| Name of School | Location | Attendance Dates From Mo/Yr To Mo/Yr |
|---|---|---|
| Mesa Vista Middle School | Ojo Caliente, N.M. | 08/02 – 08/04 |

40. If you were (or are now) a member of any social, labor, or fraternal organizations, list them below.

| Date | Organization | Type of Organization | Address |
|---|---|---|---|
| N/A | | | |

41. Have you ever had garnishments or assignments made on your wages, or received a letter of indebtedness? Yes ____ No _X_ If yes, explain

42. List ALL financial liabilities (contract, charge accounts, etc.) involving you and if married, your spouse.

| To Whom Owed | Phone | Address | Date | Orig. Amt. | Balance | Monthly Payment |
|---|---|---|---|---|---|---|
| N/A | | | | | | |



EXHIBIT

F

| OCCURRENCE DATE(S) | | | DATE REPORTED | **UNIFORM INCIDENT REPORT** | ORI NO. NM0210100 | INCIDENT NO. 12-05-129 | PAGE 1 | OF 1 |
|---|---|---|---|---|---|---|---|---|
| ON | OR | BETWEEN | | | | | | |

| MM/DD/YY | MM/DD/YY | MM/DD/YY | AGENCY / COUNTY | DISTRICT NO. | OPTIONAL USE (CASE NO., ETC.) | BURGLARY/FORCE Y/F | HATE-BIAS MOT. CODE |
|---|---|---|---|---|---|---|---|
| 05/11/2012 | 05/11/2012 | 05/11/2012 | ESPANOLA POLICE | C1 | | | |

| TIME 14:27 | DAY OF WEEK Fri | TIME 14:29 | DAY OF WEEK Fri | TIME 14:29 | DAY OF WEEK Fri | ADDRESS/LOCATION OF INCIDENT 1207 N RIVERSIDE DR | CITY ESPANOLA | ZIP 87532 |
|---|---|---|---|---|---|---|---|---|

## OFFENSE

| ICOL O/R E.FP. | OFFENSE / INCIDENT | STATUTE OR ORDINANCE | FEL MISD. | ATTM PTD | LTED | UCR OFFENSE CODE | CRIMINAL ACTIVITY CODE | LOCAT CODE | WEAPON CODE UP TO 3 PER OFFENSE | OFFENDER(S) SUSPECTED OF USING |
|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | ALCOH. DRUG COMP. UNK. |
| 1 | BATTERY UPON PEACE OFFICER | 30-22-24 | | X | | 53F | | 21 | 40 | X |
| 2 | | | | | | | | | | |
| 3 | | | | | | | | | | |

## SUBJECTS (VICTIMS / SUSPECTS / PERSONS / BUSINESSES)

PERSON CODES: V-VICTIM C-CITED S-SUSPECT A-ARRESTED G-PARENT/GUARDIAN W-WITNESS I-INTERVIEWED R-REPORTING PERSON D-DECEASED M-MISSING PERSON/RUNAWAY
TYPE CODES: I-INDIVIDUAL F-FINANCIAL INST. R-RELIGIOUS P-POLICE O-OTHER S-SOCIETY/PUB B-BUSINESS O-GOVERNMENT L-SEVERE LACERATION
INJURY CODES: B-APPARENT BROKEN BONE M-APPARENT MINOR INJURY I-POSSIBLE INTERNAL INJURY O-OTHER MAJOR INJURY L-SEVERE LACERATION M-APPARENT MINOR INJURY U-UNCONSCIOUSNESS N-NONE T-LOSS OF TEETH

| PERSON CODE S | TYPE CODE I | INJURY CODE | 1-NAME (LAST, FIRST, MIDDLE) MARTINEZ,RUSSEL | SOCIAL SECURITY NO. | DOB 10/11/1962 | AGE (RANGE) 49 | SEX M | RACE: WHT X BLK ASIA IND UNK |
|---|---|---|---|---|---|---|---|---|
| STREET ADDRESS PO BOX 4984 | | APT. NO. | RES. PHONE | HEIGHT 5'04" | WEIGHT 115 | HAIR BRO | EYES BRO | ETHNIC HISP NON X UNK | AGG. ASSAULT JUST/HOM CODE |
| CITY ESPANOLA | STATE NM | ZIP 87533 | BUS. PHONE | VICTIM OF OFF. NO. | VICT. OF SUSP. NO. | REL. | VICT. OF SUSP. NO. | REL. | VICT. OF SUSP. NO. | REL. |
| OCCUPATION | EMPLOYER / SCHOOL | | EMPLOYER / SCHOOL ADDRESS | | GANG AFFILIATION | | | |
| ALIAS / NICKNAME | | MARKS, SCARS, TATTOOS | | | ARMED WITH (SEE CODES) | | TYPE OF ARREST: ON VIEW CITED CUST. |
| DRIVER'S LICENSE NO. | D.L. STATE | ARREST / CITATION NO. | F.B.I. NO. | S.I.D. NO. | NIC NO. | RES. STATUS: RES NON X |

| PERSON CODE V | TYPE CODE I | INJURY CODE | 2-NAME (LAST, FIRST, MIDDLE) SALAZAR,JOSEPH | SOCIAL SECURITY NO. | DOB | AGE (RANGE) 22 | SEX M | RACE: WHT X BLK ASIA IND UNK |
|---|---|---|---|---|---|---|---|---|
| STREET ADDRESS | | APT. NO. | RES. PHONE | HEIGHT 5'08" | WEIGHT 185 | HAIR B | EYES B | ETHNIC HISP X NON UNK | AGG. ASSAULT JUST/HOM CODE |
| CITY | STATE NM | ZIP | BUS. PHONE | VICTIM OF OFF. NO. | VICT. OF SUSP. NO. | REL. | VICT. OF SUSP. NO. | REL. | VICT. OF SUSP. NO. | REL. |
| OCCUPATION CORRECTIONAL OFFICER | EMPLOYER / SCHOOL ESPANOLA DETENTION CENTER | | EMPLOYER / SCHOOL ADDRESS | | GANG AFFILIATION | | | |
| ALIAS / NICKNAME | | MARKS, SCARS, TATTOOS | | | ARMED WITH (SEE CODES) | | TYPE OF ARREST: ON VIEW CITED CUST. |
| DRIVER'S LICENSE NO. 504555500 | D.L. STATE NM | ARREST / CITATION NO. | F.B.I. NO. | S.I.D. NO. | NIC NO. | RES. STATUS: REB NON X |

| PERSON CODE | TYPE CODE | INJURY CODE | 3-NAME (LAST, FIRST, MIDDLE) | SOCIAL SECURITY NO. | DOB 00/00/0000 | AGE (RANGE) | SEX | RACE: WHT BLK ASIA IND UNK X |
|---|---|---|---|---|---|---|---|---|
| STREET ADDRESS | | APT. NO. | RES. PHONE | HEIGHT '0' | WEIGHT | HAIR | EYES | ETHNIC HISP NON UNK | AGG. ASSAULT JUST/HOM CODE |
| CITY | STATE | ZIP | BUS. PHONE | VICTIM OF OFF. NO. | VICT. OF SUSP. NO. | REL. | VICT. OF SUSP. NO. | REL. | VICT. OF SUSP. NO. | REL. |
| OCCUPATION | EMPLOYER / SCHOOL | | EMPLOYER / SCHOOL ADDRESS | | GANG AFFILIATION | | | |
| ALIAS / NICKNAME | | MARKS, SCARS, TATTOOS | | | ARMED WITH (SEE CODES) | | TYPE OF ARREST: ON VIEW CITED CUST. |
| DRIVER'S LICENSE NO. | D.L. STATE | ARREST / CITATION NO. | F.B.I. NO. | S.I.D. NO. | NIC NO. | RES. STATUS: RES NON |

## VEHICLE

VEH. STATUS CODE: 1-STOLEN 4-REC. (STOLEN OTHER JURIS.) 7-DAMAGED/VANDALIZED 2-BURNED 8-SEIZED 3-REC. (STOLEN LOCALLY) 6-ABANDONED 9-VICTIM'S VEHICLE
VEH. TYPE CODE: 01-AIRPLANE 24-OTHER MOTOR VEHICLES 39-WATERCRAFT 43-ATV 02-AUTOMOBILE 29-MOTOR HOMES 41-MOTORCYCLE 44-TRAILER 05-BUS 27-TRUCK (PICK-UP) 42-SNOWMOBILE

| YEAR | MAKE | MODEL | BODY STYLE | LICENSE NO. | LIC YEAR | LIC. ST. | TOP COLOR | BTM. COLOR | VALUE / DAMAGE EST. 0.00 |
|---|---|---|---|---|---|---|---|---|---|
| REGISTERED OWNER'S NAME (OR SAME AS SUBJECT NO.) | | VIN | | DISTINGUISHING FEATURES / VISIBLE DAMAGE | | | | |
| ADDRESS | | TOW TO / BY | | CAN VEH REL. YES NO | NIC NO. | | | |
| AGENCY OPTIONAL USE | | | | | | | | |

| PROPERTY STATUS | 1 - STOLEN<br>2 - STOLEN & RECOVERED<br>3 - RECOVERED (STOLEN THIS JURIS.) | 4 - RECOVERED (STOLEN OTHER JURIS.)<br>5 - EVIDENCE<br>6 - LOST | 7 - FOUND<br>8 - COUNTERFEIT/FORGED<br>9 - DAMAGED/DESTROYED/VANDALIZED | | 10 - BURNED<br>11 - SEIZED<br>12 - USED IN CRIME | 13 - SAFEKEEPING<br>14 - UNKNOWN<br>15 - EMBEZZLED |
|---|---|---|---|---|---|---|

| PROPERTY TYPE | 00-ALCOHOL<br>04-BICYCLES<br>06-CLOTHES/FURS<br>07-COMPUTER HARDWARE/SOFTWARE<br>08-CONSUMABLE GOODS<br>08-CREDIT/DEBIT CARDS<br>10-DRUGS/NARCOTICS<br>11-DRUG/NARCOTIC EQUIPMENT | 13-FARM EQUIPMENT<br>13-FIREARMS<br>14-GAMBLING EQUIPMENT<br>16-HEAVY CONSTRUCTION/INDUSTRIAL EQUIP.<br>18-HOUSEHOLD GOODS<br>17-JEWELRY/PRECIOUS METALS<br>19-LIVESTOCK<br>19-MERCHANDISE | 20-MONEY<br>21-NEGOTIABLE INSTRUMENTS<br>22-NON-NEGOTIABLE INSTRUMENTS<br>23-OFFICE EQUIPMENT<br>25-PURSES/HANDBAGS/WALLETS<br>26-RADIOS/TV's/VCR's<br>27-RECORDINGS-AUDIO/VISUAL<br>28-STRUCTURES-SINGLE OCCUPANCY | 30-STRUCTURES-OTHER DWELLINGS<br>31-STRUCTURES-OTHER COMM./BUSINESS<br>32-STRUCTURES-INDUSTRIAL/MANUF.<br>33-STRUCTURES-PUBLIC/COMMUNITY<br>34-STRUCTURES-STORAGE<br>35-STRUCTURES-OTHER<br>36-TOOLS<br>38-VEHICLE PARTS/ACCESSORIES | 40-SKIING EQUIPMENT<br>77-OTHER<br>88-PENDING INVENTORY<br>99-SPECIAL CATEGORY | |

| DRUG TYPE | A-CRACK<br>B-COCAINE<br>C-HASHISH | D-HEROIN<br>E-MARIJUANA<br>F-MORPHINE | G-OPIUM<br>H-OTHER NARCOTICS<br>I-LSD | J-PCP<br>K-OTHER HALLUCINOGENS<br>L-AMPH./METHAM. | M-OTHER STIMULANTS<br>N-BARBITURATES<br>O-OTHER DEPRESSANTS | P-OTHER DRUGS<br>U-UNKNOWN<br>X-OVER 3 TYPES |
|---|---|---|---|---|---|---|

| FIELD UNIT OF MEASURE | GM-GRAM | KG-KILOGRAM | OZ-OUNCE | LB-POUND | GL-GALLON | NP-NO. PLANTS | LT-LITER | FO-FLUID OUNCE | DU-DOSAGE UNITS | ML-MILLILITER |
|---|---|---|---|---|---|---|---|---|---|---|

**PROPERTY**

| 1-PROPERTY STATUS | PROPERTY TYPE | TYPE OF ITEM | MAKE / BRAND | MODEL | CALIBER | VALUE (EXCEPT DRUGS) |
|---|---|---|---|---|---|---|
| SUSPECTED DRUG TYPE | QUANTITY/ UNIT OF MS. | DESCRIPTION (COLOR, SIZE, FEATURES, ETC.) | | SERIAL / OAN | | NIC NO. |
| 2-PROPERTY STATUS | PROPERTY TYPE | TYPE OF ITEM | MAKE / BRAND | MODEL | CALIBER | VALUE (EXCEPT DRUGS) |
| SUSPECTED DRUG TYPE | QUANTITY/ UNIT OF MS. | DESCRIPTION (COLOR, SIZE, FEATURES, ETC.) | | SERIAL / OAN | | NIC NO. |
| 3-PROPERTY STATUS | PROPERTY TYPE | TYPE OF ITEM | MAKE / BRAND | MODEL | CALIBER | VALUE (EXCEPT DRUGS) |
| SUSPECTED DRUG TYPE | QUANTITY/ UNIT OF MS. | DESCRIPTION (COLOR, SIZE, FEATURES, ETC.) | | SERIAL / OAN | | NIC NO. |
| 4-PROPERTY STATUS | PROPERTY TYPE | TYPE OF ITEM | MAKE / BRAND | MODEL | CALIBER | VALUE (EXCEPT DRUGS) |
| SUSPECTED DRUG TYPE | QUANTITY/ UNIT OF MS. | DESCRIPTION (COLOR, SIZE, FEATURES, ETC.) | | SERIAL / OAN | | NIC NO. |

| M.O. EVENT CODES: (AGENCY OPTIONAL USE) | TOTAL VALUE STOLEN<br>$ | TOTAL VALUE REC.<br>$ | KOL.OF SUPP |
|---|---|---|---|

**NARRATIVE**

**CERT. / STATUS**

| "I WILL PROSECUTE/TESTIFY SHOULD THE OFFENDER BE ARRESTED." | YES | NO | "I UNDERSTAND IT IS A CRIMINAL OFFENSE TO FILE A FALSE REPORT TO POLICE." | COMPLAINANT / VICTIM CERTIFICATION SIGNATURE | X | | | DATE / / |
|---|---|---|---|---|---|---|---|---|

| REPORTING OFFICER<br>SALAZAR,JOSEPH JR | I.D. NO.<br>630 | DATE<br>05/11/2012 | DETECTIVE / FOLLOW-UP OFFICER / REFERRED TO | | I.D. NO. | DATE<br>00/00/0000 |
|---|---|---|---|---|---|---|
| ASSISTING OFFICER | I.D. NO. | DATE | PROCESSED BY | DATE | DATA ENTRY PERSON<br>SALAZAR,JOSEPH | |

| APPROVING OFFICER<br>TALACHE,MICHELLE | I.D. NO.<br>886 | DATE<br>05/23/2012 | STATUS | | | CASE CLEAR | | NON CLEAR | | EXCEPT CODE | A-DEATH OF OFFENDER<br>B-PROSECUTION DECLINED<br>C-EXTRADITION DENIED | D-VICTIM REF. TO COOPERATE<br>E-JUVENILE, NO CUSTODY<br>H-NOT APPLICABLE |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | ACT | INA. | CLOSE | UNF. | YES | NO | ARREST | EXC. | | |
| | | | | | X | | X | | X | | | |

| AGENCY OPTIONAL USE (DISTRIBUTION, OTHER OFFICERS, ETC.) | CASES CLEARED BY THIS ARREST<br>CASE NO. | CASE NO. | CASE NO. | REV. 2/93 |
|---|---|---|---|---|

2 of 10

# Incident Narrative
## 12-05-129

On Friday May 11th, 2012 at approximately 1427 I Officer Joseph Salazar was in route to assist Officer Robert Vigil when dispatch advised me there were already units on scene and re routed me to 1207 North Riverside Drive Fairview Sonic in reference to a woman running and yelling for someone to call police.

Upon arrival I made contact with Carhop Sonic Employee Hermenojildo Quintana, he pointed me in the direction of the woman who advised him to call. I observed a woman in a black shirt hiding behind one of the ordering menu's. I then approached the woman identified as Jackie Martinez and spoke with her. She advised me that she and her husband Russell Martinez drove up to sonic to get a slushi when he became very angry and intimidating and fighting with Mrs. Martinez. During the fight, Mr. Martinez attempted to leave the sonic parking lot in the vehicle. Mrs. Martinez then grabbed the key from the ignition as she did so; Mr. Martinez grabbed her by the arm and stopped her from exiting the vehicle. After struggling to get free, Mrs. Martinez exited the vehicle and began yelling for someone to call police. Mrs. Martinez then pointed the vehicle out to me in which Mr. Martinez was in.

At this time, I proceeded to the vehicle in attempt to speak with Mr. Martinez. Upon approaching the vehicle, I observed a brown paper bag over Mr. Martinez's right hand. I then opened the driver's side door when he was located and asked Mr. Martinez to step out of the vehicle so we could speak about the situation. He then yelled at me saying "Fuck You" and shut the door almost smashing my fingers. I then attempted to open the door again and it was locked so I knocked on the window of the vehicle. Mr. Martinez then opened the driver's side door again and yelled at me, but I was unable to understand what he said. I then held the door open slightly and asked him one more time to step out of the vehicle in which at this time Mr. Martinez pushed the door open hitting me and striking me with a closed fist on the left side of my head.

At this time, I attempted to grab Mr. Martinez by the arm to pull him out of the vehicle when he lunged with his right hand and grabbed the butt of my sidearm. I then called dispatch via handheld radio to send me another unit. When I broke free of his grasp on my sidearm, he attempted to strike me with a punch again this time not connecting. I then pulled Mr. Martinez out of the vehicle and onto the ground in attempt to apprehend him. While doing so, he kept attempting to reach my firearm. I this time I drive stunned Mr. Martinez and gave him commands to put his hands behind his back. The drive stun had no effect on him. At this time a passer-by attempted to assist me by holding Mr. Martinez's arms down when Mr. Martinez bit him. Officer Greg Esparza then arrived on scene and tazed Mr. Martinez in which at this time I was able to apprehend him and place him into cuffs.

Paramedics were called to the scene and took the prongs out of Mr. Martinez. They also transported him to the emergency room via ambulance to get a medical clearance. At this time, I went to the Emergency Room to wait for Mr. Martinez to get cleared from the hospital. While waiting there, he kept making statements to the nurses and doctors that I beat him up and he was going to have my job because he knows the Sheriff.

Attached to this report will are statements made by Mrs. Martinez, Mr. Quintana, the sonic employee who called, and Mr. Mario Lovato who assisted me.

Attach to case # 12-05-129

12-05-129
23 12 194



## CITY OF ESPAÑOLA
## DEPARTMENT OF
## PUBLIC SAFETY
### Mayor Alice A. Lucero

Leo R. Montoya
Chief of Public Safety

1316 Calle Adelante
Suite C
Española, NM 87532
Phone: 505-747-6002
Fax: 505-747-6059

This is a voluntary statement given to Officer/Detective **Joseph Salazar**.
A full salaried, fully commissioned Officer of the Española Police Department. This statement
was given by **Hermenojildo Jr. Quintana** on (date) **5/11/2012**
at **1500** hours.

Q. Do you wish to write this statement, or would you like for me to?
A.

Q. What is your full name?
A. Hermenojildo Jr. Quintana

Q. What is your Social Security Number?
A.

Q. How old are you?
A. 25

Q. What is your Date of Birth?
A. 9/27/86

Q. What is your address?
A. 150 calle celestino

Q. What is your telephone number?
A (505) 901-3738

Q. If you are a Juvenile, what is your father's name?
A. No not a Juvenile

Q. If you are a Juvenile, what is your mother's name?
A.

Q. Do you read, write, speak and understand English?
A. yes

Q. What is your occupation?
A. scenic manager

Q. Do you understand what a voluntary statement is?
A. yes

Q. Do you wish to give me a voluntary statement?
A. yes

Q. In your own words, could you tell me everything that you know, pertaining to this incident?
A. yes

**SEE REVERSE**

4 of 10

I had called the police to come to the sconic cause a women was crying out for help. When the officer got here she had spoke to him about what was going on. then the officer had went to speak to a man in a green grand am the man refused to get out of the car so the office asked the man again at that moment I saw the man attacked the officer, when I had came back out the sccond time I saw the man striking the officer about three or more time when the other units came to help the officer 1 of the officers had to taze the man.



**CITY OF ESPAÑOLA**
**DEPARTMENT OF**
**PUBLIC SAFETY**
Mayor Alice A. Lucero

Leo R. Montoya
Chief of Public Safety

1316 Calle Adelante
Suite C
Española, NM 87532
Phone: 505-747-6002
Fax: 505-747-6059

This is a voluntary statement given to Officer/Detective _Joseph Salazar_

A full salaried, fully commissioned Officer of the Española Police Department. This statement
was given by _MARic Lovato_ on (date) _5-11-12_
at _2:45 p.m._ hours.

Q. Do you wish to write this statement, or would you like for me to?
A. I will

Q. What is your full name?
A. Mario a. Lovato

Q. What is your Social Security Number?
A. 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

Q. How old are you?
A. 32

Q. What is your Date of Birth?
A. 6-12-79

Q. What is your address?
A. P.O. box 1457
Espanola, N.M. 87532

Q. What is your telephone number?
A. 929-3980

Q. If you are a Juvenile, what is your father's name?
A. N/A

Q. If you are a Juvenile, what is your mother's name?
A. N/A

Q. Do you read, write, speak and understand English?
A. Yes

Q. What is your occupation?
A. Home Health Care

Q. Do you understand what a voluntary statement is?
A. No

Q. Do you wish to give me a voluntary statement?
A. Yes

Q. In your own words, could you tell me everything that you know, pertaining to this incident?
A. See Reverse

**SEE REVERSE**

# Incident Narrative
## 12-05-129

### NARRATIVE

at about 2:40 p.m. I drove into Sonic
in fairview to get something to eat and
noticed a e.p.d. officer having a scuffle
with a man who looked like he was high
on something. I then got out of my
vehicle to help the officer, the man fighting
w/ the officer was yelling he had HIV/AIDS and
tried to bite me on the arm and leg. I told
the officer im gonna restrain his head and arms
so I held his head down w/my knee. And
continued to hold his arms w/ my hand to keep
him from hitting the officer. I was advised
by EMt's to go to e.r. as soon as possible to
get my blood tested for any types of diseases he
might of had.

Mario Lovato     5-11-12     Theresa Benavidez
**Signature**     **Date**     **Witness**

*12-05-129*



# SUPERVISORY TASER USE REPORT

Date/Time: **5/11/12**     TASER Officer's Name: **Greg Esparza**

E-mail: _____ Department: **Espanola PD**

Dept Address: **1316 C. Calle Adelante**    Phone: **505-747-6000**

On Scene Supervisor: **Cpl. M. Maes**   Officer(s) Involved: **Off. Joseph Salazar**

TASER® Model (check one): **X** TASER X26 \_\_\_ ADVANCED TASER M26

If an ADVANCED TASER M26 Was Used, What Battery Type: \_\_\_ Alkaline \_\_\_ NiMH Rechargeable

TASER Cartridge Type(s):   \_\_\_ 21-ft Standard \_\_\_ 21-ft XP **X** 25-ft Standard \_\_\_ 25-ft XP
                 \_\_\_ 35-ft XP \_\_\_ 15-ft

TASER Serial #: **X00 627661**   Medical Facility: _____ Doctor: _____

Nature of the Call or Incident: **Domestic Dispute** Charges: **Battery on a PO** Booked: **(Y)** N

Type of Subject: **✓** Human \_\_\_ Animal

Location of Incident: ( ) Indoor (✓) Outdoor ( ) Jail ( ) Hospital

Type of Force Used (Check all that apply):    (X)Physical ( )Baton ( )Impact Munition
                                     ( )Chemical ( ) Firearm

Nature of the Injuries and Medical Treatment Required: **Laceration to forehead**

Admitted to Hospital for Injuries: Y / N **Unknown**    Admitted to Hospital for Psychiatric: Y / N

Medical Exam **(Y)** N    Suspect Under the Influence: Alcohol / **(Drugs)** (specify): **Heroin**

Was an officer/law enforcement employee Injured other than by TASER? Y **(N)**

Incident Type (circle appropriate response(s) below):

Civil Disturbance    Suicidal    Suicide by Cop   **(Violent Suspect)**   Barricaded    Warrant    Other

Age: **49**   Sex: **Male**   Height: **504**   Race: **Hisp**   Weight: **115**

Was a TASER CAM in use? Y **(N)**

TASER use (circle one): **(Success)** Failure      Suspect wearing heaving or loose clothes: Y **(N)**

Number of cartridges fired: **1**      Number of cycles applied: **2**

Usage (check one): ( ) Arc Display Only   ( ) Laser Display Only   (X) TASER Application

**TASER:** Is this a dart probe contact: (Y) N

Is this a drive stun contact: (Y) N

Approximate target distance at the time of the dart launch: _____4_____ feet

Distance between the two probes: ___12___ inches

Need for an additional shot? Y (N)

Did dart contacts penetrate the subject's skin? (Y) / N

Probes removed on scene: (Y) N

Did TASER application cause injury: Y /(N) If yes, was the subject treated for the injury: Y / N

DESCRIPTION OF INJURY: _Laceration to forehead sustained during scuffle prior_ _to Taser application._

## APPLICATION AREAS
### (Place "X's" where probes hit suspect AND "O's" where stunned)



**SYNOPSIS:**

Need for additional applications? (Y) N   Did the device respond satisfactorily? (Y) N

If the TASER deployment was unsuccessful was a DRIVE STUN followup used? (Y) N

Describe the subject's demeanor after the device was used or displayed?
_Belligerant, Combative, irate_

# Incident Narrative
# 12-05-129

Chemical Spray: Y /Ⓝ       Baton or Blunt Instrument: Y /Ⓝ

Authorized control holds: Y /Ⓝ       If yes, what types: _____

Describe other means attempted to control the subject: _physical restraint_____

Photographs Taken:Ⓨ/ N       Report Completed by:
_____       Off. Greg Esparza_____

## *ADDITIONAL INFORMATION*

_____
_____
_____
_____
_____

1. Save this file to your hard drive and for your department archives.
2. Submit this report to the national TASER technology incident database.
3. Results of uses are reviewed by TASER Int'l to adjust training issues and concerns as well.
4. Email this copy to Andrew@TASER.com. If you cannot email, please fax a copy of this report to:
   (480) 991-0791 Attn: Andrew Hinz (Ph: 800-978-2737 ext. 2048).