IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

RUSSELL MARTINEZ,

    Plaintiff,

                                                                                   Case No. 14-cv-00534 KG/WPL

vs.

JOSEPH SALAZAR, et al.,

    Defendants.

**REPLY TO ESPANOLA DEFENDANTS' RESPONSE TO
PLAINTIFF'S MOTION TO COMPEL ANSWERS TO INTERROGATORIES AND
PRODUCTION OF DOCUMENTS, FOR ATTORNEY'S FEES, AND FOR SANCTIONS**

Plaintiff Russell Martinez, by and through undersigned counsel, submits the following reply to *Espanola Defendant's Response to Plaintiff's Motion to Compel Answers to Interrogatories and Production of Documents, for Attorney's Fees, and for Sanctions* ("Response" or "Resp."), (Doc. 50).

**INTRODUCTION**

On January 12, 2015, Plaintiff filed a *Motion to Compel Answers to Interrogatories and Production of Documents, for Attorney's Fees, and for Sanctions* ("Motion" or "Mot."), (Doc. 46). Plaintiff requested that the Court compel two of the individual Defendants, Joseph Salazar and Leo Montoya, to answer a total of 19 interrogatories. (*Id.* at 5-7.) In addition, Plaintiff requested that the Court compel the City of Espanola and the Espanola Department of Public Safety to produce certain documents for inspection. (*Id.* at 7.)

Defendants respond by asserting that Defendant Salazar has already provided answers sufficient to comply with Federal Rule of Civil Procedure 33. (*See* Resp. at 1, 3-4.) Regarding Defendant Montoya, Defendants implicitly concede that he has not answered any of the 11

interrogatories propounded to him, but simply request that they be given more time. (*See id.* at 2, 4.) Finally, Defendants assert that the Motion should be denied as it pertains to the RFPs because all documents have been produced, Plaintiff failed to confer with Defendants, or on grounds of vagueness and ambiguity. (*See id.* at 2-3.) For the reasons stated below, Defendants' arguments should be rejected.

**ARGUMENT**

**II.** **Defendant Salazar Has Not Answered Any of the Interrogatories.**

    **A.** **Defendant Salazar Has Never Answered Any Interrogatories Under Oath.**

Defendants assert that "Verification Statements [of Defendant Salazar] were . . . served on Plaintiff's counsel prior to the filing of the instant motion." (Resp. at 1.) This simply is not true. On October 17, 2014, Plaintiff served interrogatories on the Espanola Defendants and Defendants Salazar, Montoya, and Greg Esparza. (*See* Doc. 29.) When Defendants served their answers to these interrogatories on December 3, 2014, (*see* Doc. 38), counsel for Plaintiff noticed that ***none*** were signed and verified by a party. Accordingly, Plaintiff emailed counsel for Defendants to ask whether the signed verifications were going to be provided. On December 8, 2014, counsel for Defendants responded by stating, simply, "yes." (Email chain between M. Basham & T. Coberly (attached as Exhibit 1).)

Two weeks later, on December 22, 2014, counsel for Defendants finally forwarded signed verifications, but only from three individuals: Greg Esparza, Stephanie F. Martinez (apparently as an officer or agent of the City of Espanola), *see* Fed. R. Civ. P. 33(b)(1)(B), and Miguel F. Maez (apparently as an officer or agent of the Espanola Department of Public Safety), *see id.* (Email fr/ D. Wells to T. Coberly (attached as Exhibit 2).) Defendants did not provide, and ***never*** have provided, signed verifications from Joseph Salazar or Leo Montoya. Tellingly,

2

even though Defendants assert that Defendant Salazar has verified his answers under oath, (*see* Resp. at 1), they offer no support for this statement. As such, Defendant Salazar should be compelled to answer ***all*** interrogatories, including interrogatory number 2,[1] that Plaintiff propounded to him.

### B. Defendant Salazar's Purported Answers Are Wholly Inadequate.

Leaving aside the fact that Defendant Salazar has utterly failed to comply with Federal Rules of Civil Procedure 33(b)(1)(a) and (b)(3) even though he has had over three months to do so, Defendant Salazar's "answers," provided solely by Defendant Salazar's counsel, to the remaining interrogatories numbered 3-9 are wholly insufficient. As noted in the Motion, Defendant Salazar has failed to provide any type of answer to interrogatories 3, 8, and 9. (*See* Mot. at 6; *see also* Doc. 47 at 6.) As for interrogatories numbered 4 through 7, Defendants provide no substantive response. Instead, they simply state that the Motion "fails to mention at all how the[] comprehensive documents [maintained by a party other than Defendant Salazar] are inadequate." (Resp. at 4.)

As an initial matter, Defendants fail to respond to Plaintiff's argument that a party may not answer an interrogatory by referring to another party's business records and, even if he

---

[1] Defendants do not respond to Plaintiff's assertion that, given Defendant Salazar's inability to answer interrogatories numbered 3 through 9 due to his counsel's inability to locate him, Defendant Salazar's purported "answer" to interrogatory number 2 could only have come about with no direct input from Defendant Salazar. (*See* Mot. at 5-6 & n.4.) Instead, Defendants simply assert that the "comprehensive" incident report purportedly authored by Defendant Salazar should suffice as an answer pursuant to Rule 33(b). (*See* Resp. at 4.) Indeed, comparing Defendant Salazar's unsworn "answer" to interrogatory number 2 written in the third person to the incident report purportedly authored by Defendant Salazar reveals that the former is a simple rewording of the latter. (*Compare* Mot. Ex. D at 1-3, *with* Resp. Ex. F at 3.) Such comparison only strengthens the strong inference that Defendant Salazar, himself, was not at all involved in answering interrogatory number 2. Regardless, in order to comply with Rule 33(b), each interrogatory must be answered "by the party" and "fully in writing under oath." This simply was not done for interrogatory number 2.

3

could, the purported supplemental answers failed to satisfy the specificity required by Rule 33(d). (*See* Mot. at 6; *see also* Mot. Ex. G at 2-4 (directing Plaintiff to 100 pages of documents).) Regardless, the select documents attached to Defendants' Response show precisely why, as Plaintiff stated in his Motion, "Espanola Defendants' business records cannot provide nearly all of the information asked." (Mot. at 6.)

Regarding interrogatory number 4, Plaintiff asked Defendant Salazar to "provide a ***full and detailed*** description of your educational history beginning with high school. Include in your answer . . . the years of attendance for each school, whether you graduated, and your grade point average." (Mot. Ex. A at 5 (emphasis added).) Defendants apparently argue that page 11 of Defendant Salazar's "Personal Integrity Questionnaire" fully answers this interrogatory. (*See* Resp. Ex. E at 3.) It does not. The document simply provides that Defendant Salazar attended Mesa Vista Middle School from 2002 through 2004, and that he has either a high school diploma or a GED. It does not say whether he attended any high school at all, whether he graduated high school, or what his grade point average was.

Similarly, page 7 of Defendant Salazar's "Personal Integrity Questionnaire," (Resp. Ex. E at 2), does not provide nearly all of the information sought in interrogatory number 5, (*see* Mot. Ex. A at 6). For example, the document referred to by Defendants does not provide the pay Defendant Salazar received in his prior employment, it does not provide any information pertaining to his employment with Defendant Espanola Department of Public Safety (including the specific reason why he resigned or was terminated) and it does not provide any information pertaining to any employment that Defendant Salazar has had since his resignation or termination from Espanola Defendants.

Likewise, even assuming the 100 documents referred to in Defendant Salazar's purported supplemental answer to interrogatory number 6 included "the training certificates Officer Salazar received," (Resp. at 4.), this would be insufficient. Plaintiff asked Defendant Salazar to provide "a list, by name, of all [law-enforcement related] classes or courses that you have completed, the date you completed the class or course, the length of the class or courts, who acted as the instructor for the class or course, and whether you have any certificates showing completion of any such class or course." (Mot. Ex. A at 7.) Simply producing certain certificates, without providing all of the remainder of the information, is not a "full and detailed description" of Defendant Salazar's training as requested by Plaintiff.

Finally, in interrogatory number 7, Plaintiff asked Defendant Salazar to "provide a full and detailed description of any disciplinary action that has been taken, or any grievance or complaint that has been lodged against you in your capacity as a law enforcement officer, whether you were employed by the City of Espanola or elsewhere." (Mot. Ex. A at 8.) Even assuming the 100 pages of documents provided by Espanola Defendants may shed some light on those topics as they pertain to Defendant Salazar's employment with Defendant Espanola Department of Public Safety, they would say nothing on those topics as they pertain to Defendant Salazar's employment with the Tesuque Tribal Police Department. (*See* Resp. Ex. E at 2.)

In short, leaving aside the fact that Defendant Salazar has not answered any of the interrogatories propounded to him by Plaintiff fully and under oath, counsel for Defendant Salazar's referral to 100 documents contained within Defendant Salazar's personnel file maintained by the Espanola Defendants, hardly suffices as full and complete answers to interrogatories number 4 through 7. For these reasons, and for the reasons provided *supra* Part

I.A, the Court should compel Defendant Salazar to provide, under oath, full and complete written answers to interrogatories 2 through 9 immediately.

### III. Defendant Montoya Has Not Answered Any of the Interrogatories.

Defendants do not dispute the fact that Defendant Montoya has not at all complied with Rule 33(b) in answering interrogatories numbered 18-28. (*See* Resp. at 2, 4.) Instead, Defendants request a "reasonable time" for Defendant Montoya to fulfill his discovery obligations. (*See id.*) Defendant Montoya has had over three months to answer the interrogatories but he has never done so. This amount of time is more than reasonable, and the Court should compel Defendant Montoya to provide, under oath, full and complete written answers to interrogatories 18 through 28 immediately.

### IV. Plaintiff Withdraws His Request Pertaining to Request for Production Number 11.

In his Motion, Plaintiff sought all documents pertaining to the reprimands Defendant Esparza received while employed with Espanola Defendants. (Mot. at 7.) The request was based on the fact that, in answering interrogatory number 15, Defendant Esparza admitted to receiving two reprimands (one verbal and one written). (*See* Mot. Ex. H). In his December 16, 2014 "good faith" letter to defense counsel, Plaintiff asked for an explanation as to why any documentation pertaining to the reprimands were not produced notwithstanding the fact that the reprimands were purportedly "dropped" from Defendant Esparza's file. (*See* Resp. Ex. C at 2-3). Plaintiff received no answer and, accordingly, included this request in the Motion.

In their Response, Defendants now state that, subsequent to Defendant Esparza's reprimands being "dropped" from his personnel file, "these documents were not preserved or maintained elsewhere." (Resp. at 2.) Based on defense counsel's representations, Plaintiff

6

withdraws his request for the Court to compel documents responsive to request for production number 11.[2]

## V. Defendants Should Be Compelled to Produce Documents Responsive to Request for Production Number 12.

As described in his Motion, Plaintiff requested all documents evidencing Defendants Salazar and Esparza's "use of force" on any individual. (Mot. at 4; *see also* Mot. Ex. F.) Defendants first assert that "Plaintiff did not confer with opposing counsel in good faith in resolving this particular discovery dispute prior to the filing of the instant discovery motion." (Resp. at 3.) In addition, they apparently assert that they have yet to comply fully with RFP number 12 because the term "use of force" is vague or ambiguous. (*See id.*)

Defendants' argument regarding Plaintiff failing to confer sufficiently is without merit. Plaintiff sent counsel for Defendants a "good faith" letter on December 16, 2014, which raised the issue pertaining to RFP number 12. (Resp. Ex. C at 3.) Given that the deadline for filing a motion to compel pursuant to D.N.M.LR-Civ. 26.6 was on December 29, 2014, Plaintiff requested a response from Defendants no later than December 26, 2014. (*Id.*) On December 23, 2014, counsel for Plaintiff called counsel for Defendants to discuss the parties' respective "good faith" letters.[3] At counsel for Defendants' suggestion, the parties "agreed to extend the deadline for filing motions to compel discovery to January [12, 2015]." (Email fr/ J. Romero to T. Coberly (attached as Exhibit 3).) On January 11, 2015, Plaintiff responded to Defendant's "good faith" letter. (Letter fr/ T. Coberly to J. Romero (attached as Exhibit 4).) Between December 23,

---

[2] Defendants are apparently under the mistaken belief that Plaintiff sought to compel documents pertaining to Defendant Salazar that were responsive to RFP number 11. (*See* Resp. at 2.) Defendants are mistaken. Plaintiff's argument on the issue of request for production number 11 related only to documents pertaining to Defendant Esparza. (*See* Mot. at 7.)

[3] Defendants sent Plaintiff a "good faith" letter on December 11, 2014.

7

2014 and January 12, 2015, the agreed upon self-imposed deadline, counsel for Plaintiff never heard from Defendants regarding the issues Plaintiff raised in his December 16, 2014 letter. Plaintiff complied with Rule 37, which does not require the parties to confer ad nauseam.[4]

Defendants' new claim that the term "use of force" is vague and that, accordingly, they "are unable to independently determine what documents are being sought," (Resp. at 12), is equally without merit. In responding to RFP number 12, Defendants failed to object on the grounds that that the request was vague or ambiguous. (*See* Mot. Ex. F.) As such, this objection is waived. *See, e.g.*, *Cotracom Commodity Trading Co. v. Seaboard Corp.*, 189 F.R.D. 655, 662 (D. Kan. 1999) ("When ruling upon a motion to compel, the court . . . deems objections not initially raised as waived.").

Moreover, even if Defendants could belatedly raise this objection, the objection is frivolous and cannot stand. "A party responding to discovery requests should exercise reason and common sense to attribute ordinary definitions to terms and phrases utilized . . . ." *McCoo v. Denny's Inc.*, 192 F.R.D. 675, 694 (D. Kan. 2000). "Use of force" is a term easily understood by those in the law-enforcement community. Indeed, as revealed by documents provided in response to a different request for production, Espanola Defendants have an entire set of policies pertaining specifically to "Use of Force." (CITY DEF 000001-000005 (attached as Exhibit 5).) A subsection of these policies pertain specifically to the documentation of officers' "use of force." The relevant policies state in full:

### REPORTING USES OF FORCE

---

[4] Rule 37 provides that, in filing a motion to compel, the movant must certify that he "has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action." Fed. R. Civ. P. 37(a)(1).

**72.1.07**   The Officer Utilizing the force shall:

**A.** Notify on duty supervisor

**B.** Complete Offense Incident Report

**72.1.08**   On-Duty supervisor will:

**A.** Investigate and submit a completed use-of-force incident report form

   **1.** A use-of-force incident report form will be completed under the following circumstances:

      **a.** After any application of force, creating a direct physical impact by use of firearm, baton, pepper or chemical spray, M-26 Advanced Taser, or any other approved intermediate weapon.

      **b.** After any empty-handed application of force, where there is direct physical impact that causes visible injury or the complaint of injury, whether visible or not.

(*Id.* at 2.) For Defendants to now claim that they have yet to respond in full to RFP number 12 because the term "use of force" is vague or ambiguous is absurd. Accordingly, because Defendants' arguments pertaining to why they should not be compelled to produce all documents responsive to RFP number 12 are without any merit, the Court should order their immediate production.

## CONCLUSION

Wherefore, for the foregoing reasons and those provided in the Motion, Plaintiff respectfully requests that the Court compel Defendants Salazar and Montoya to answer interrogatories numbered 2 through 9 and 18 through 28 fully and completely, and compel the Espanola Defendants to produce all documents responsive to RFP number 12. Plaintiff requests expenses, including reasonable attorney's fees, and sanctions as the Court deems sufficient pursuant to Federal Rule of Civil Procedure 37(d)(3).

Respectfully submitted,

COBERLY LAW OFFICE

/s/ *Todd A. Coberly*
Todd A. Coberly
1322 Paseo de Peralta
Santa Fe, NM 87501
(505) 989-1029
tcoberly@cna-law.com

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 27'th day of January, 2015, I filed the foregoing pleading using the CM/ECF system, which will electronically send notification of such filing to all counsel of record.

*/s/ Todd A. Coberly*
Todd A. Coberly