COBERLY LAW OFFICE

1322 PASEO DE PERALTA • SANTA FE, NM 87501

Attorney at Law
Todd A. Coberly

505.989.1029 (T) • 505.629.1560 (F)
tcoberly@cna-law.com

January 11, 2014

**VIA EMAIL**

Joseph L. Romero
Basham & Basham, P.C.
2205 Miguel Chavez Rd., #A
Santa Fe, NM  87505
jromero@bbpcnm.com

Re: *Martinez v. Salazar, et al.*; No. 14-cv-00534 KG/WPL

Dear Joe,

I write in response to your letter dated December 11, 2014 regarding certain issues you have regarding Plaintiff's answers, responses, and objections to the discovery propounded by the Espanola Defendants.

I. **Interrogatory Numbers 9 & 20.**

Defendants asked Plaintiff to "describe any and all compensatory damages" and to "give an itemized account of all losses and expenses" he claims to have incurred.  As stated in Plaintiff's answers to interrogatory numbers 9 and 20, Plaintiff seeks compensatory damages for mental anguish, pain and suffering, and violations of his civil rights caused by Defendants.[1]  This describes Plaintiff's damages.  I'm not sure what else you want other than to clarify that, yes, Plaintiff seeks damages for "bodily injury" caused by Defendants.  Regarding the itemization of expenses, Plaintiff referred Defendants to RMARTINEZ_00212-00213, and stated that he would supplement his answers and production with invoices from Presbyterian Espanola Hospital.

II. **Interrogatory Numbers 10-16.**

Plaintiff answered these contention interrogatories to the best of his ability given the state of discovery in this matter.  As stated in Plaintiff's answers, no depositions have yet been taken.  Therefore, no testimony has been generated to which Plaintiff can refer.  Regarding the "facts" you are asking for, Plaintiff provided a detailed complaint alleging all relevant facts known to him at this time that he intends to prove at trial.  Plaintiff may engage an expert regarding use of force by police officers.  If he does, he will produce a report consistent with the Court's scheduling order.  Plaintiff referred you to the documentary discovery he has produced to date.  You object to "independently review[ing]" 215 pages of documents.  If it makes it easier for

---

[1]   Please note that Plaintiff stated in the preface to his responses that he was answering the interrogatories "in relation to the Espanola Defendants only."  Therefore, whenever the term "Defendants" was used in the answers (or in this letter), the term refers only to the City Defendants—not to the County Defendants or Dr. Bayardo.

**EXHIBIT 4**

January 11, 2015
RE:   *Martinez v. Salazar, et al.*
P a g e | 2

your review, please refer to Plaintiff's responses to Espanola Defendants' requests for production 1 through 7, which refer to specific documents related to Plaintiff's claims against Espanola Defendants.

### III.   Interrogatory Number 17.

I stand by this objection. Even assuming that whether Plaintiff was on drugs at the time of his arrest is a triable issue of fact, the interrogatory is inappropriate for the reasons stated.

### IV.   Interrogatory Numbers 22 & 23.

Regarding interrogatory number 22, I stand by the objection. Notwithstanding and subject to this objection, Plaintiff states that, to date, he has not retained an expert on issues relevant to Espanola Defendants. Regarding interrogatory number 23, I stand by this answer. Trial is several months away and Plaintiff has not identified what documents he intends to introduce at trial. As for what documents Plaintiff may introduce at trial (which is what the interrogatory requested), Plaintiff reserves the right to introduce any document produced by any party in discovery.

### V.   Requests for Production 1 through 7.

Plaintiff stands by the objections and responses as stated.

### VI.   Requests for Production 13, 16 & 20.

Plaintiff stands by these objections and responses as stated.

### VII.   Requests for Production 14 & 15.

Plaintiff responded to these requests for production by providing a privilege log detailing four investigative memos prepared by his investigator. You claim that that the log is insufficient in that you "cannot tell if any underlying documents and email communications were referred to during the creation of these memos." I am not entirely clear as to what that means, but upon further review of my file, I will be supplementing Plaintiff's responses with an additional privilege log.

### VIII.   Requests for Production 17 through 19.

Plaintiff stands by these objections and responses as stated. Notwithstanding and subject to these objections, Plaintiff states, that, to date, he has not retained an expert on issues relevant to Espanola Defendants.

I hope this letter addresses your concerns adequately. If you feel the need to file a motion to compel, you can note my opposition pursuant to D.N.M.Lr.-Civ. 7.1(a).

January 11, 2015
RE:  *Martinez v. Salazar, et al.*
P a g e | **3**

                                            Best regards,

                                            Todd A. Coberly


cc:     Mark Basham (via email)