**72.1**

| TITLE: | USE OF FORCE |
|---|---|
| CODIFIED: | 72.1 |
| EFFECTIVE: | 09/01/09 |
| PAGES: | 5 |
| ATTACHMENTS: | 1 |

## PURPOSE

The purpose of this policy is to provide officers with guidelines on the use of force both lethal and less-lethal. The following guideline is not meant, nor can it be expected to encompass all potential incidents in which force is used. This policy is a guide to actions that might be taken, by reasonable law enforcement personnel, in similar circumstances, with similar knowledge, and/or training at the time of the incident.

## DISCUSSION

The Espanola Police Department recognizes and respects the value and special integrity of each human life. In vesting police officers with the lawful authority to use force to protect the public welfare, a careful balancing of all human interests is required.

## POLICY

Officers shall use only the amount of force reasonably necessary to effect lawful objectives and stop those actions by any person(s) that if allowed to continue, constitute a clear and present danger to the lives and safety of themselves or others.

## PROCEDURE

### JUSTIFICATION FOR THE USE OF FORCE

**72.1.01** Officers shall utilize information provided by the **REACTIVE CONTROL MODEL** to determine the appropriate level of response in situations requiring the use of force.

A. Justification for the use of force must be based on what is reasonably known or perceived by the officer at the time.

B. Facts discovered after the event, no matter how compelling, cannot be used in later determining whether the use of force was justified.

### USE OF FORCE MODEL

**72.1.02** In an effort to provide direction and assistance in determining the appropriate response to incidents encountered by police officers in the performance of their duties, the following guide has been adopted from the use-of-force model, developed by and for the New Mexico Law Enforcement Academy:

A. Reactive Control Model (SEE ATTACHMENT A)

**72.1.03** The model is designed and intended to provide the officer with a readily available quick reference guide to determine appropriate responses to incidents of varying threat levels. The Reactive Control Model (RCM) is to be used by the officer(s) to determine the appropriate course of action when interacting with subjects in situations that may require the use of force.

### AUTHORIZATION FOR USE OF FORCE

**72.1.04** Section 30-2-6, NM Statutes Annotated, 1978 comp., as amended states that:

A. Police officers are authorized to use deadly force in order to protect the police officer or others from what is reasonably believed to be an immediate threat of death or serious physical injury.

B. When necessarily committed in re-taking felons when the officer has probable cause to believe that the escape will pose a significant threat to human life if not re-captured.

   1. Relevant factors in determining whether probable cause exists to believe that the fleeing felon will pose a significant threat to human life will include but are not limited to, the nature of the felony and whether the felon is believed to be armed.

2. For the purposes of this section, justifiable homicide is necessarily committed when an officer in performance of lawful duties has probable cause to believe that he/she or another is threatened with serious harm or deadly force while performing those lawful duties described in this section.

3. Before using deadly force, police officers shall, where feasible, identify themselves and state their intent.

4. Warning shots are prohibited.

C. Where deadly force is not reasonable officers should assess the incident in order to determine which less lethal force or weapon will be best to de-escalate the incident, allow the officer to prevail and bring it under control.

1. Police officers are authorized to use department approved less lethal force techniques and issued equipment for resolution of incidents, as follows.

   a. To protect themselves or another from physical harm;

   b. To restrain or subdue a resistant individual; or

   c. To bring an unlawful situation safely and effectively under control.

### SHOW OF FORCE

**PURPOSE**

**72.1.05   Convince the subject to de-escalate**

A. If the officer can demonstrate a tactical advantage, and/or the availability of equipment to subdue an individual, the desired outcome is:
   1. The subject will comply with the officer's requests, or de-escalate their action when it is demonstrated that the officer is trained and prepared to use force if necessary.

**72.1.06   Reduction in Reaction Time**

A. If an armed or unarmed assailant closes distance and moves from threatening to attacking, the officer must mentally "process" the attack information, draw their firearm or less-lethal option and use it in self-defense or defense of another.

B. If the force option is still in the holster or carrier, the officer may not have sufficient time to make the decision and act before the attack is completed.

C. When feasible, officers should warn of their intentions and that the use of force is imminent.

### REPORTING USES OF FORCE

**72.1.07   The Officer utilizing the force shall:**

A. Notify on duty supervisor

B. Complete Offense Incident Report

**72.1.08   On-Duty supervisor will:**

A. Investigate and submit a completed use-of-force incident report form.

   1. A use-of-force incident report form will be completed under the following circumstances:

      a. After any application of force, creating a direct physical impact by use of firearm, baton, pepper or chemical spray, M-26 Advanced Taser, or any other approved intermediate weapon.

      b. After any empty-handed application of force, where there is direct physical impact that causes visible injury or the complaint of injury, whether visible or not.

B. Collect and submit all evidence, as appropriate

C. Review and ensure that the offense incident report and all required paper work is completed as per department policy and procedure

D. Submit a copy of the investigation to the Office of the Chief of Police within 24 hours of being notified of all incidents of use of force by an officer.

**72.1.09** The Internal Affairs officer shall be contacted for the purpose of initiating an investigation in any of the following instances:

A. At the request of the Chief of Police, or his/her designee;

B. When a use of force results in death or serious injury;

C. When a complaint of excessive force is received and filed in accordance with departmental procedures for filing such matters.

### REPORTING SHOW OF FORCE

**72.1.09** A show of force will be documented and a use of force incident report will be submitted only when a firearm is directly pointed at an individual or a show of force incident that the on-duty supervisor deems necessary.

**72.1.10** The Officer displaying the force shall:

A. Notify on duty supervisor

B. Complete Offense Incident Report

C. Collect and submit all evidence

**72.1.11** On-Duty supervisor will:

A. Investigate and submit a completed use-of-force incident report form.

B. Review and ensure that the offense incident report and all required paper work is completed as per department policy and procedure

C. Submit a copy of the investigation to the Office of the Chief of Police within 24 hours of being notified of all incidents of use of force by an officer.

**72.1.12** The Internal Affairs officer shall be contacted for the purpose of initiating an investigation in any of the following instances:

A. At the request of the Chief of Police, or his/her designee;

B. When a complaint of excessive force is received and filed in accordance with departmental procedures for filing such matters.

### MEDICAL TREATMENT REQUIRED

**72.1.13** Weapons

A. Any application of force, creating a direct physical impact, by use of a firearm, baton, pepper or chemical spray, M-26 Advanced Taser, shall require the officer to have the subject examined by a qualified physician.

1. The examination shall occur as soon as safely possible after the application of force, and prior to incarceration or any other action.

**72.1.14** Hand-to-hand Combat

A. Any application of force, where there is direct physical impact, that causes visible injury or the complaint of injury, whether visible or not, shall require the officer to have the subject examined by a qualified physician.

1. The examination shall occur as soon as safely possible after the application of force, and prior to incarceration or any other action.

**72.1.15** Documentation of Medical Treatment

A. The subject will be asked to sign a release of medical information waiver in order for the officer to obtain copies of the physician's assessment of injuries. If the subject agrees, copies of the assessment will be obtained and attached to the officer's report.

B. In the event the subject refuses treatment, the subject will be asked to sign a treatment waiver.

1. If the subject agrees to sign the waiver, a copy of that waiver will be included in the officer's report.

2. If the subject refuses to sign the waiver, the officer will note in the offense/incident report the refusal to sign and the identification of the attending physician or nurse witnessing the refusal to sign.

3. The officer will obtain a medical release from the attending physician prior to transporting the subject to the detention center A copy of the medical release shall be provided to the detention center and one retained for the offense incident report.

C. In the event that visible injuries are inflicted, the on-duty supervisor shall ensure that the injuries are photographed, with the consent of the subject.

1. If the subject refuses to allow photographs, this will be documented in the offense/incident report to include the

CITY DEF 000003

identification of any witnesses to the refusal.

## DEPARTMENTAL RESPONSE

### 72.1.16 Deadly Force Incident

A. When a police officer's use of force causes death or serious bodily harm, the officer shall be placed on routine administrative leave until all internal investigative requirements as outlined in the Internal Affairs policy have been met and the officer has been determined to be ready to return to duty by a qualified mental health professional.

B. The department shall conduct an administrative investigation and comply with the policy of the District Attorney's Officer for any independent criminal investigation that may result.

C. The department will provide all department employees the opportunity to attend a critical incident debriefing conducted by trained staff and follow up treatment or counseling.

### 72.1.17 Administrative Review of Critical Incidents

A. The Chief of Police shall appoint a committee to review all use of force incidents. The committee shall be comprised of the following individuals:

- The Internal Affairs Officer;
- The Accreditation Manager;
- One District Commander;
- The Training and Recruiting Commander;
- One line officer.

B. All reported use-of-force cases will be reviewed by the use of force review committee to determine the following:
 1. Was the use of force appropriate/reasonable under the circumstances known at the time;
 2. Were Department rules, policy or procedures adhered to;
 3. Was the relevant policy clearly understandable and effective to cover the situation;
 4. Is current department training adequate.

C. All findings shall be reported to the Chief of Police and to the appropriate unit for resolution.
 1. All findings and recommendations by the committee shall also be provided to the involved officer and his/her immediate supervisor.

D. The committee is a review committee and shall be allowed to review all available information including, but not limited to:
- Offense/Incident Report and all supplements;
- Use of Force form;
- Radio tapes;
- Written or taped statements by any involved person;
- Any evidence submitted;
- Interview of any involved employee, if necessary to assure appropriate recommendations/findings.

E. All use-of-force complaints shall be retained in accordance with New Mexico State archive records retention schedules.

F. A quarterly, and an annual summary of all reviewed incidents will be compiled by the Internal Affairs Officer and provided to the Chief of Police for review. The annual summary will also be made a part of the department's annual report, published in March of each year. The department's training unit will be included and involved in the review process.

NOTICE:

This directive is for departmental use only and does not apply in any criminal or civil proceeding. The department standard should not be construed as a creation of a higher legal standard of safety or care in an evidentiary sense with respect to third party claims. Violations of this directive may result in departmental administrative sanctions.

## DEFINITIONS

72.1

**Deadly Force-** Any use of force that is likely to cause death or serious bodily harm. The discharge of a firearm, intentionally or unintentionally, is always considered the use of deadly force.

**Non-Deadly Force-** Any use of force other than that which is defined as deadly force.

**Reasonable Belief-** The facts or circumstances the officer knows, or should know, are such as to cause an ordinary and prudent person to act or think in a similar way under similar circumstances.

**SERIOUS BODILY HARM** - Includes injuries that can be described as:

- LARGE GAPING WOUNDS- (loss of large amounts of blood and creates potential for organs to protrude from the body);

MAJOR INTERNAL ORGAN DAMAGE- could impair the organ's life sustaining function

- (brain, heart, lungs, liver, kidneys, and the arterial system);

- MAJOR BONE BREAKAGE- can cause internal bleeding, nerve damage, and render a person unconscious (forearm, upper arm, thigh, lower leg, ribs, scull, and spinal column).

**WEAPONS** - Weapons that frequently cause serious bodily harm include firearms, cutting/stabbing/hacking instruments (edged or pointed weapons), and blunt trauma instruments (clubs, bats, pipes).

---

DRAFTED (rgb) 07/09

5