IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

RUSSELL MARTINEZ,

      Plaintiff,

vs.                                  No. 1:14-cv-00534 KG/WPL

JOSEPH SALAZAR, in his individual capacity,
GREG ESPARZA, in his individual capacity,
THE ESPANOLA DEPARTMENT OF PUBLIC
SAFETY, LEO MONTOYA, and THE CITY OF
ESPANOLA,

      Defendants.

## ORDER

This matter comes before me on Russell Martinez's Motion to Compel Answers to Interrogatories and Production of Documents, for Attorney's Fees, and for Sanctions. (Doc. 46.) The Defendants collectively filed a response (Doc. 50), and Martinez filed a reply (Doc. 51). Martinez requests that I compel Salazar and Montoya to answer interrogatories pursuant to Federal Rules of Civil Procedure 33 and 37, compel the City of Espanola and the Espanola Department of Public Safety ("City Defendants") to produce documents pursuant to Rules 34 and 37, order the Defendants and/or their attorneys to pay Martinez's reasonable expenses and attorney's fees for this motion pursuant to Rule 37, and institute sanctions for discovery violations pursuant to Rule 37. As explained below, I grant Martinez's motion to compel and order the Defendants to show cause why they should not be required to pay Martinez's expenses and fees under Rule 37(a)(5)(A).

### DEFENDANT SALAZAR

Martinez propounded interrogatories to Salazar on October 17, 2014. (Doc. 29.) Martinez argues that Salazar's answers to Interrogatory Nos. 2 through 9 were deficient in two respects:

First, Salazar did not sign or verify his responses, and second, Salazar's responses were insufficient. Defense counsel subsequently supplied some verification statements for the interrogatory answers, but did not include a signed verification statement from Salazar. (*See* Doc. 46 Ex. 4; Doc. 51 Ex. 2.) Salazar's answer to Interrogatory No. 2 included a detailed narrative description of Salazar's involvement with the incident at issue. (Doc. 46 Ex. 4 at 1-3.) Defense counsel maintains that Salazar answered this interrogatory because Salazar wrote the Incident Report. (Doc. 50 at 4.) Salazar's answers to Interrogatory Nos. 3, 8, and 9 were identical and stated, "Defendant Joseph Salazar is no longer employed by Defendant Espanola Department of Public Safety. City Defendants have attempted to locate Defendant Joseph Salazar without success. City Defendants reserve the right to supplement their Answer to this Interrogatory once Defendant Joseph Salazar has been located." (Doc. 46 Ex. 4 at 4-7.) Salazar's answers to Interrogatory Nos. 4-7 were initially the same as Nos. 3, 8, and 9, but were each supplemented to state that

> City Defendants object to answering this Interrogatory since the Interrogatory seeks private and confidential information that is irrelevant to the issues in this suit. Without waiving said objection, see personnel file of Defendant Joseph Salazar, attached as City Def 000154-000253 to City Defendants' Supplemental Responses to Plaintiff's First Set of Requests of Production to Defendants City of Espanola and Espanola Department of Public Safety.

(Doc. 46 Ex. 7.)

Rule 33, governing interrogatories to parties, provides that "interrogatories must be answered (A) by the party to whom they are directed; or (B) if that party is a public or private corporation, a partnership, an association, or a governmental agency, by any officer or agent, who must furnish the information available to the party." FED. R. CIV. P. 33(b)(1). Additionally, "[e]ach interrogatory must, to the extent it is not objected to, be answered separately and fully in writing under oath." FED. R. CIV. P. 33(b)(3). If a party objects, they must state the grounds for

objecting with specificity, and the objecting attorney must sign any objections. FED. R. CIV. P. 33(b)(4-5). An incomplete or evasive answer is not considered an answer, but rather a failure to answer. *Villareal v. El Chile, Inc.*, 266 F.R.D. 207, 212 (N.D. Ill. 2010) (citing FED. R. CIV. P. 37(a)(4)). Failure to verify an answer to an interrogatory renders that answer incomplete. *Id.* The fact that a party to whom interrogatories are directed is not available does not mean that counsel may sign on behalf of that party. *McDougall v. Dunn*, 468 F.2d 468, 472 (4th Cir. 1972); *Cont'l Ins. Co. v. McGraw*, 110 F.R.D. 679, 682 (D. Colo. 1986).

Rule 33 is clear that interrogatories must be answered and signed by the party to whom they are directed. *See Cabales v. United States*, 51 F.R.D. 498, 499 (S.D.N.Y. 1970). In his response to the instant motion, defense counsel claims that Verification Statements were subsequently provided, including that for Salazar. (Doc. 50 at 1.) However, defense counsel did not attach Salazar's verification to the response. Plaintiff's counsel agrees that some verification statements were later provided, but contends that Salazar's was not among them. Additionally, defense counsel's repeated statement that Salazar has not been located to answer interrogatories suggests that Salazar did not, in fact, answer the interrogatories. On this basis, Salazar's answers to Interrogatory Nos. 3, 8, and 9 are incomplete. Salazar has fourteen days from the date of entry of this Order to provide complete answers, including verification.

As to Interrogatory Answer No. 2, defense counsel's statement that Salazar has been unreachable runs counter to the proposition that Salazar himself responded to Interrogatory No. 2. It seems disingenuous, at best, for defense counsel to insist that Salazar actually answered this interrogatory.[1] Furthermore, "when the attorney answers the interrogatory, and not the client, the attorney has effectively become the witness." *Trueman v. New York State Canal Corp.*, Civ. No.

---

[1] Plaintiff's counsel suggests that sanctions under Rule 26(g)(3) may be appropriate. However, counsel does not genuinely argue this point, and any appropriate sanctions are sufficiently handled by the remainder of this Order.

1:09-CV-049 (LEK/RFT), 2010 WL 681341, at *5 (N.D.N.Y. Feb. 24, 2010) (unpublished) (citing MOORE'S FEDERAL PRACTICE § 33.104(1)). Therefore, I strike Interrogatory Answer No. 2 and will allow Salazar fourteen days from the date of entry of this Order to provide a complete answer, including verification. *See In re Asbestos Products Liab. Litig. (No. VI)*, Civil Action No. MDL 875, 2012 WL 5839023, at *12 (E.D. Pa. Nov. 16, 2012) (unpublished) (striking as unverified those interrogatory answers provided by counsel).

Martinez argues that Salazar's answers to Interrogatory Nos. 4-7 are deficient, despite the supplemental answers provided by defense counsel. In the "Supplemental Answer to Plaintiff's First Set of Interrogatories to Defendant Joseph Salazar," the City of Espanola and the Espanola Department of Public Safety object to the interrogatories, but refer to Salazar's personnel file. (Doc. 46 Ex. 7.) Martinez argues that the City Defendants' reference to Salazar's personnel file is an inappropriate reference to business records and, regardless, remains insufficient.

Rule 33(d) allows an answering party to refer to their own business records when the answer may be derived or ascertained from those records and "the burden of deriving or ascertaining the answer will be substantially the same for either party." FED. R. CIV. P. 33(d). Such an answer is "inappropriate where the interrogatory calls for 'the exercise of particular knowledge and judgment on the part of the responding party.'" *Ayers v. Cont'l Cas. Co.*, 240 F.R.D. 216, 226 (N.D.W.Va. 2007) (quoting *United Oil Co. v. Parts Assocs., Inc.*, 227 F.R.D. 404, 419 (D. Md. 2005)). However, the answering party must identify which documents are responsive with sufficient detail to allow the interrogating party to quickly identify those documents. *Id.* "If the pertinent documents do not contain all the [relevant] information[, the answering party] must provide substantive responses." *Id.* (citing FED. R. CIV. P. 33(d); *Martin v. Easton Publ'g Co.*, 85 F.R.D. 312, 315 (E.D. Pa. 1980)).

Here, the City Defendants provided Salazar's personnel file and attached the allegedly responsive documents to their response to the motion to compel. (Doc. 50.)

Interrogatory No. 4 asked for "a full and detailed description of [Salazar's] educational history beginning with high school." (Doc. 46 Ex. 1 at 5.) The documents attached by City Defendants include Salazar's job application, in which he listed the middle school he attended and that he holds either a high school diploma or a GED. (Doc. 50 Ex. E at 3.) This does not specifically answer the interrogatory, and therefore Salazar's answer to Interrogatory No. 4 is incomplete.

Interrogatory No. 5 requested "a full and detailed description of [Salazar's] work history," including pay received and job duties. (Doc. 46 Ex. 1 at 6.) The City Defendants attached documentation from Salazar's "Personal Integrity Questionnaire" that did not include Salazar's pay information, information relating to certain prior jobs and why he left those jobs, or information relating to jobs Salazar has held since leaving the City. (*See* Doc. 50 Ex. E at 2.) This does not specifically answer the interrogatory. Salazar's answer to Interrogatory No. 5 is incomplete.

Interrogatory No. 6 requested "a full and detailed description of the training [Salazar] received as, or to become, a law enforcement officer." (Doc. 46 Ex. 1 at 7.) The City Defendants assert that they included Salazar's training certificates in his personnel file. (Doc. 50.) However, the interrogatory requested a full and detailed description of the training, as well as a list of the classes or courses completed and other information. (Doc. 46 Ex. 1 at 7.) Assuming that Salazar's personnel file included all of his certificates of training, the personnel file still does not fully respond to the interrogatory. Salazar's answer to Interrogatory No. 6 is incomplete.

Interrogatory No. 7 requested "a full and detailed description of any disciplinary action that has been taken, or any grievance or complaint that has been lodged against [Salazar] in [his] capacity as a law enforcement officer, whether [he was] employed by the City of Espanola or elsewhere." (Doc. 46 Ex. 1 at 8.) Positing without deciding that Salazar's personnel file contains all of the requisite information relating to his employment with the City of Espanola, Salazar has prior employment with the Tesuque Tribal Police Department, and these records would not be in his Espanola personnel file. Therefore, Salazar's answer to Interrogatory No. 7 is incomplete.

As to Interrogatory Nos. 4-7, Salazar will supplement his answers within fourteen days from the date of entry of this Order to provide complete answers, including verification.

### DEFENDANT MONTOYA

Martinez propounded interrogatories to Montoya on October 17, 2014. (Doc. 29.) Martinez argues that Montoya's answers to Interrogatory Nos. 18 through 28 were deficient in two respects: First, Montoya did not sign or verify his responses, and second, Montoya's responses were insufficient. Defense counsel subsequently supplied verification statements for the interrogatory answers, but did not include a signed verification statement from Montoya. (*See* Doc. 46 Ex. 4; Doc. 51 Ex. 2.)

Montoya answered Interrogatory No. 18 by stating that

Defendant Leo Montoya objects to this Interrogatory on the basis that it is not likely to lead to the discovery of admissible evidence. Without waiving said objection, Defendant Montoya affirmatively states that he retired from the City of Espanola in April 2012 and that the complaint-of incident occurred following his retirement.

(Doc. 46 Ex. 5 at 1.) Montoya answered Interrogatory Nos. 19-28 by stating "See, Defendant Leo Montoya's answer to Plaintiff's Interrogatory No. 18." (*Id.* at 2-5.) Martinez agrees that the fact of Montoya's retirement approximately one month before the incident in this case may go to

the issue of supervision, but does not undermine his claim against Montoya for negligent hiring or training. (Doc. 46 at 7.) Additionally, Montoya does not appear to dispute that he failed to answer the interrogatories. In response to the motion to compel, defense counsel stated that "[t]he Espanola Defendants will continue to reach Defendant Montoya in order to obtain the Interrogatory Answers sought by [Martinez], but an award of attorney's fees and sanction is not appropriate under these circumstances." (Doc. 50 at 4.) Counsel went on to request a "reasonable time" to answer the interrogatories. (*Id.*)

Because the parties agree that Montoya must answer Interrogatory Nos. 18-28, I hereby order Montoya to provide complete answers to these interrogatories within fourteen days from the date of entry of this Order to provide complete answers, including verification.

## CITY DEFENDANTS

Martinez originally requested that I compel the City Defendants to produce documents responsive to Requests for Production ("RFP") 11 and 12, but withdrew his request as to RFP 11 after reading the response to the motion to compel. (Doc. 51 at 6-7.) RFP 12 requested "all documents evidencing the use of force by Defendants Joseph Salazar or Greg Esparza on any individual." (Doc. 46 Ex. 3.) The response to the RFP referred Plaintiff's counsel to a Uniform Incident Report, Incident Narrative 12-05-129, but did not include any additional information or objections. (Doc. 46 Ex 6.)

The City Defendants claim that Martinez did not confer in good faith to resolve this dispute before filing the motion to compel. Additionally, the City Defendants argue that they need clarification of the term "use of force" in order to appropriately respond to the motion. Martinez attached an email chain between counsel about finding a time to talk through this issue, but they were apparently unable to accommodate one another's schedule. (*See* Doc. 51 Exs. 3-4.)

Furthermore, Martinez contends that the City Defendants failed to object to RFP 12 as vague or ambiguous, and have therefore waived that objection. Even so, Martinez argues that "use of force" is a common and easily understood term in the law-enforcement community and that the City Defendants have a set of policies on "use of force."

Rule 37 requires that a movant confer or attempt to confer in good faith with opposing counsel before filing a motion to compel. Fed. R. Civ. P. 37(a)(1). Plaintiff's counsel could certainly have tried harder to confer with defense counsel, but the email chain evinces a good faith attempt to confer with defense counsel before filing the motion to compel. Therefore, I find that the City Defendants' argument on that point is without merit.

The City Defendants' second argument against being compelled to produce documents responsive to RFP 12 is that the term "use of force" is vague or ambiguous. I agree with Martinez that this argument is essentially an objection to RFP 12 on those grounds. The City Defendants did not object to RFP 12 on the basis of vagueness or ambiguity when they responded to the RFP, and that objection is therefore waived. *See Cotracom Commodity Trading Co. v. Seaboard Corp.*, 189 F.R.D. 655, 662 (D. Kan. 1999) (noting that courts generally consider waived those objections that were not initially raised); *Krewson v. City of Quincy*, 120 F.R.D. 6, 7 (D. Ma. 1988) (finding that objections based on vagueness are waived based on a failure to object). Because the objection is waived by the City Defendants' failure to timely object, the City Defendants have no argument against producing documents responsive to RFP 12. The City Defendants will follow their policies, including those attached as Exhibit 5 to Martinez's reply, in determining what qualifies as "use of force." The City Defendants will provide all documents responsive to RFP 12 within fourteen days from the date of entry of this Order to provide complete answers.

**SANCTIONS**

Martinez requests expenses, including attorney's fees and sanctions as appropriate under Rule 37(d)(3). The Defendants contend that expenses, fees, and sanctions are not required in this instance and request a reasonable time to comply. Rule 37(d) applies to instances where a party fails "to [a]ttend [i]ts [o]wn [d]eposition, [s]erve [a]nswers to [i]nterrogatories, or [r]espond to a [r]equest for [i]nspection." That does not appear to be the case here: the Defendants answered and responded, but did so in an insufficient manner. Rule 37(d) does not apply.

However, Rule 37(a)(5)(A) states that, when a motion to compel has been filed and granted, or the requested discovery is provided after the motion was filed, "the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees." Such an order would be inappropriate if the movant failed to attempt to obtain disclosure without court action, the nondisclosure was substantially justified, or other circumstances exist making an award unjust.

I have granted Martinez's motion to compel in all respects and find that Martinez did attempt to obtain disclosure and attempted to confer in good faith with defense counsel before filing this motion to compel. Therefore, the Defendants are hereby ORDERED TO SHOW CAUSE, in writing, why they should not be required to pay Martinez's reasonable expenses, including attorney's fees. The Defendants will submit their explanation no later than May 5, 2015, at 5:00 p.m. The Defendants shall submit their explanation by fax at (575) 528-1665.

**CONCLUSION**

The Defendants will fully and completely answer interrogatories 2-9 and 18-28, under oath, and produce all documents responsive to RFP 12 within fourteen days from the date of

entry of this Order. Additionally, the Defendants will show cause by May 5, 2015, at 5:00 p.m., why they should not be required to pay Martinez's expenses and fees in making this motion to compel under Rule 37(a)(5)(A).

      IT IS SO ORDERED.

_____
WILLIAM P. LYNCH
UNITED STATES MAGISTRATE JUDGE