IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

**RUSSELL MARTINEZ,**

    Plaintiff,

                                  USDC Case No. 14-CV-00534 KG/WPL
v.                              District Court Case No. D-117-CV-2014-00159

**JOSEPH SALAZAR, et al.,**

    Defendants.

**DEFENDANTS' MOTION TO BIFURCATE AND MEMORANDUM**

**COME NOW** the Defendants Joseph Salazar, Greg Esparza, the Espanola Department of Public Safety, Leo Montoya and the City of Espanola (hereinafter collectively referred to as "Espanola Defendants"), by and through their attorneys of record Basham & Basham, P.C., and pursuant to Fed. R. Civ. Proc. 42(b), respectfully move this Court to bifurcate the proceedings for Plaintiff's claims against the Espanola Department of Public Safety, former Police Chief Leo Montoya and the City of Espanola, individually and in their official capacities. Concurrence from Plaintiff's counsel was sought, and he does not concur with this Motion.

**INTRODUCTION**

Plaintiff's Complaint for Damages Resulting From Civil Rights Violations, Intentional Torts, Negligence And Violations of Title II of the Americans With Disabilities Act ("Complaint") [DOC 1-1] seeks damages stemming from the May 11, 2012 arrest of Russell Martinez in Espanola, New Mexico. The Complaint alleges excessive force claims against Defendants Joseph Salazar and Greg Esparza. *Id.* at p. 16 – 17. The Complaint also alleges negligent hiring, training and supervision claims against Defendants Leo Montoya, Espanola Department of Public Safety and the City of Espanola. *Id.* at p. 17 – 18. For the reasons that follow, bifurcation is proper because Plaintiff's underlying constitutional tort claims against the

individual Defendants must be tried before the supervisory claims against the municipal Defendants.

## RELEVANT COMPLAINT ALLEGATIONS

1. "Defendant Espanola Department of Public Safety ('EDPS') is a department within Defendant City of Espanola that operates the EPD. At all times material to this Complaint, Defendant EDPS employed, and exercised immediate supervisory responsibilities over, Defendants Salazar, Esparza, and Montoya." [DOC 1-1, p. 2]

2. "Defendant Leo Montoya was, at all material times, the Director of Defendant EDPS, the immediate and ultimate supervisor of Defendants Salazar and Esparza, and acting under color of state law and within the scope of his duties." *Id.*

3. "Defendant City of Espanola is a municipal corporation organized and/or existing under the laws of the State of New Mexico. At all times material to this Complaint, Defendant City of Espanola employed Defendants Salazar, Esparza and Montoya." *Id.*

4. "Defendants Espanola Department of Public Safety and City of Espanola were the employers and/or supervisors of Defendants Salazar and Esparza and are liable for the acts and/or omissions of Defendants Salazar and Esparza under the doctrine of *respondeat superior*." *Id.* at p. 17.

5. "Defendant Montoya owed a duty to the general public, including Plaintiff, to act with reasonable care in hiring, training, and supervising EPD officers." *Id.* at p. 18.

6. "Defendant Montoya breached that duty by negligently hiring, training, and/or supervising Defendants Salazar and/or Esparza." *Id.*

7. "Defendant Montoya's negligence caused Plaintiff to be assaulted, battered, falsely imprisoned, and/or deprived of rights, privileges, or immunities secured by the Fourth and

Fourteenth Amendments to the U.S. Constitution and Article II, Section 10 of the N.M. Constitution." *Id.*

8. "Plaintiff suffered personal and bodily injury as a result of Defendant Montoya's acts and/or omissions." *Id.*

9. "Defendants Espanola Department of Public Safety and City of Espanola were the employers and/or supervisors of Defendant Montoya and are liable for the acts and/or omissions of Defendant Montoya under the doctrine of *respondeat superior*." *Id.*

## LEGAL STANDARD FOR FED. R. CIV. P. 42(b)

Federal Rule of Civil Procedure 42(b) permits trying issues and claims separately "[f]or convenience, to avoid prejudice, or to expedite and economize." Fed. R. Civ. P. 42(b). Bifurcation is appropriate when the "interests [in Rule 42(b)] favor separation of issues and the issues are clearly separable." *Angelo v. Armstrong World Indus., Inc.,* 11 F.3d 957, 964 (10th Cir. 1993). "Bifurcation is often in the interest of efficiency and judicial economy when the resolution of one claim may obviate the need to adjudicate one or more other claims." *Desmare v. New Mexico,* No. 07-199, 2007 WL 5231690, at *2 (D.N.M. Aug. 14, 2007)(citing *Mandeville v. Quinstar Corp.,* 109 F. App'x 191, 194 (10th Cir. 2004)). "We review a district court's decision to bifurcate a trial for abuse of discretion." *United States ex rel. Bahrani v. ConAgra, Inc.,* 624 F.3d 1275, 1283 (10th Cir. 2010).

## ANALYSIS

### Convenience, expediency & economy

"Courts in this district frequently bifurcate trials when the outcome of the first trial could obviate the need for a second trial." *Cordova v. City of Albuquerque,* No. 11-806, at *8 (D.N.M.

Feb. 22, 2013). "This is especially true in § 1983 cases in which a plaintiff brings claims against both individual defendants and a municipality." *Id.*

> [N]either Monell [] nor any other of our cases authorizes the award of damages against a municipal corporation based on the actions of one of its officers when in fact the jury has concluded that the officer inflicted no constitutional harm. If a person has suffered no constitutional injury at the hands of the individual police officer, the fact that the departmental regulations might have authorized the use of constitutionally excessive force is quite beside the point.

*City of Los Angeles v. Heller,* 475 U.S. 796, 799 (1986).

"In *Monell v. New York City Dep't of Social Services,* … , the Supreme Court held that a municipality cannot be held liable under section 1983 for the actions of its employees under the theory of respondeat superior." *Estate of Smith v. Silvas,* 414 F.Supp.2d 1015, 1018 (D. Colo. 2006)(internal citation omitted). In order to maintain the distinction between direct and vicarious liability, a "direct causal connection" must exist between "the municipal conduct and the constitutional deprivation". *D.T. v. Indep. Sch. Dist. No. 16 of Pawnee County, Okla.,* 894 F.2d 1176, 1188 (10th Cir. 1990).

Our District has typically granted bifurcation motions in police misconduct cases similar to the case at bar. *See, Barr v. City of Albuquerque,* No. 12-CV-1109 at *4 GBW-RHS (D.N.M. Oct. 16, 2014)(bifurcation granted where first part of trial addressed battery and excessive force claims and second part addressed negligent supervision claim.) *See also, Cordova,* No. 11-806 at *4 GBW/ACT (D.N.M. Feb. 22, 2013)(bifurcation allowed where claims against individual defendants were to be tried before municipal/supervisory claims.) *See finally, Gutierrez v. Hackett,* No. 02-0582 at *27 (D.N.M. Sept. 18, 2003)(police dog excessive force claim bifurcated from city police dog policies claim.)

The policies promoting judicial economy and efficiency will be served if this case were bifurcated. Plaintiff's municipal and supervisory cannot be proven independently of the

individual claims.  Rather the jury must find the individual Defendants liable for excessive force ***before*** the same trier of fact can make any liability determinations of the municipal defendants for supervisory claims.  Should this matter be tried as a single unit, the parties will have to expend time and money, and the Court will have to marshal its own limited resources, in order to prepare for a trial that may become suddenly truncated if the jury finds in favor the individual Defendants on the excessive force claims.  Bifurcation at this stage of the proceedings will avoid this possible result.  As a result, the Espanola Defendants' Motion to Bifurcate must be granted.

## Prejudice

Evidence of other incidents of police misconduct used to show policy or practice is highly prejudicial when determining individual officers' liability.  *Foster v. Bernalillo County Bd. of Comm'rs,* No. 10-1075, at *5 (D.N.M. Feb. 10, 2012).

Here, the jury must determine whether Defendants Joseph Salazar and Greg Esparza are individually liable for the underlying constitutional tort.  Evidence of past wrongs by other police officers in the same department is irrelevant and highly prejudicial to these individual claims.  Without any bifurcation, the same jury will hear evidence of prior instances of police misconduct in support of Plaintiff's municipal and supervisory claims against the remaining Defendants.  Because the excessive force claims against the individual Defendants have different proof requirements than the municipal supervisory claims, prejudice and jury confusion will exist if all claims are tried as a single unit.  Therefore bifurcation is appropriate in this action.

## CONCLUSION

In sum, bifurcation of the individual excessive force claims from the municipal supervisory claims is appropriate based on the furtherance of judicial efficiency  and the potential for prejudice.

**WHEREFORE**, Defendants Joseph Salazar, Greg Esparza, the Espanola Department of Public Safety, Leo Montoya and the City of Espanola respectfully request that the Court grant their Motion to Bifurcate And Memorandum, and for such other and further relief as the Court deems just.

Respectfully submitted by:

Basham & Basham, P.C.

*/s/ Mark A. Basham*
Mark A. Basham
Joseph L. Romero
2205 Miguel Chavez, Suite A
Santa Fe, New Mexico 87505
505-988-4575
Fax: 505-992-6170
mbasham@bbpcnm.com
*Attorneys for Espanola Defendants*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on the 29th day of April, 2015, I filed the foregoing Defendants' Motion to Bifurcate and Memorandum, which caused counsel of record to be served by electronic means, as more fully reflected on the Notice of Electronic Filing:

Todd A. Coberly
Coberly Law Office
1322 Paseo de Peralta
Santa Fe, NM  87501
*Attorneys for Plaintiff*
tcoberly@cna-law.com

*/s/ Mark A. Basham*
Mark A. Basham
Joseph L. Romero