IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

RUSSELL MARTINEZ,

       Plaintiff,

v.                                                                                     CV 14-534 KG/WPL

JOSEPH SALAZAR, in his individual capacity,
GREG ESPARZA, in his individual capacity,
THE ESPANOLA DEPARTMENT OF PUBLIC
SAFETY, LEO MONTOYA, and THE CITY OF
ESPANOLA,

       Defendants.

**ORDER**

       This matter comes before me on the Defendants' response to my order to show cause (Doc. 69) why they should not be required to pay Martinez's fees and costs associated with the filing of his motion to compel. (Doc. 46.) The Defendants argue that their failures were in good faith and have been substantially rectified, and therefore, they should not be required to pay Martinez's reasonable fees and costs.

       Defendants were put on notice in my Order of April 28, 2015, that they would be required to pay Martinez's fees and costs associated with his motion to compel, pursuant to Federal Rule of Civil Procedure 37(a)(5)(A), unless they showed cause why such payment would be inappropriate. (*Id.*) Defendants responded that an order requiring them to pay Martinez's fees and costs would be inappropriate at this time because they did not act in bad faith or willfully fail to comply with basic discovery obligations and because their failure to disclose was harmless, justified, or both.

The Rule 37(a) standard is clear: when a motion to compel is granted, or disclosure or discovery is provided after the filing of a motion to compel, "the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees." FED. R. CIV. P. 37(a)(5)(A). The Court is required to award fees and costs unless: "(i) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action; (ii) the opposing party's nondisclosure, response, or objection was substantially justified; or (iii) other circumstances make an award of expenses unjust." *Id.*

In *Villa v. Dona Ana Cnty.*, 500 F. App'x 790 (10th Cir. 2012) (unpublished), the court upheld an award of attorney's fees and expenses under Rule 37(a)(5)(A) when the movant made two follow-up requests for complete responses and the district court determined that the proffered objections to discovery requests were without merit. *Id.* at 792. Similarly, in *Walker v. THI of New Mexico at Hobbs Ctr.*, 275 F.R.D. 332 (D.N.M. 2011), Judge Browning awarded two-thirds of the claimed attorney's fees under Rule 37(a)(5)(A) after granting most of the movant's requests and finding that approximately a third of the nonmovant's nondisclosures or responses were substantially justified. *Id.* at 338.

In this case, Martinez's motion was granted in full and complete responses ordered. In accordance with Rule 37(a)(5)(A), the Defendants had an opportunity to be heard in the form of a written response. Given that Martinez's motion was granted in full and the Defendants have had an opportunity to be heard, I must award expenses and attorney's fees incurred in making the motion unless one of the statutory exceptions applies.

Defendants cursorily suggest that Martinez filed his motion to compel before attempting in good faith to obtain the disclosure or discovery without court action. *See* FED. R. CIV. P. 37(a)(5)(A)(i). However, correspondence submitted in connection with the motion to compel belies this argument. Martinez attempted in good faith to obtain the discovery without Court action.

Defendants then argue that their nondisclosure was substantially justified. *See id.* at 37(a)(5)(A)(ii). Defendants separate out their arguments on this point with regard to Defendant Salazar, Defendant Montoya, and the Espanola Defendants. I address each in turn.

As to Salazar, Defendants argue that difficulties getting in touch with him and the fact that defense counsel had the wrong email address for Salazar make the lack of a verification statement substantially justified. Additionally, Defendants claim that Salazar's failure to disclose information related to his education and work history is harmless as it does not directly pertain to the incident in this case.

Defense counsel asserts that Salazar signed a Declaration prior to his deposition, which cured the defect. However, this production occurred after filing and qualifies as discovery provided after filing, which falls within the ambit of Rule 37(a)(5)(A) and makes an award of attorney's fees and other expenses appropriate. Additionally, Martinez noticed and paid for Salazar's deposition and requested that he sign the Declaration. (Doc. 72 at 2.) The fact that Martinez was able to fix the Defendants' mistake does not absolve the Defendants of their responsibilities. I am troubled by defense counsel's misleading implication that the Defendants rectified this defect when it was, in fact, Martinez who solved the problem. I find that Salazar and defense counsel, Mark Basham, are at fault for this failure. Martinez's reasonable expenses on this point are appropriate.

Defense counsel further argues that Salazar's failure to disclose his education and work history was not willful or in bad faith. Bad faith or willfulness are not required for an award of expenses under Rule 37(a)(5)(A). *See Underdog Trucking, L.L.C. v. Verizon Servs. Corp.*, 273 F.R.D. 372, 377 (S.D.N.Y. 2011). In this case, defense counsel admits to being unable to get in touch with his client, yet failed to alert opposing counsel or the Court of this difficulty. Defendants' self-serving argument that the interrogatory answers do not "directly pertain to the excessive force incident at issue in this litigation" is irrelevant. Defendants cannot know what arguments Martinez intends to make or how he will prove those arguments through the course of this litigation. The Rules do not contemplate an exception to discovery obligations based on counsel's unilateral determination that relevant information does not "directly pertain" to the issues in the case. I find that Salazar and Basham are at fault for failing to answer the interrogatories propounded to Salazar. Martinez's reasonable expenses on this point are appropriate.

As to Montoya, the Defendants argue that the Court failed to take account that Montoya served supplemental interrogatory answers on Martinez. First, the Defendants did not alert the Court to this action. More importantly, however, Rule 37(a)(5)(A) is clear: reasonable expenses are appropriate when the motion to compel is granted or when the disclosures or discovery sought is supplied after the motion has been filed. In this case, Defendants' argument suggests that both bases for an award of reasonable expenses are valid.

The Defendants assert difficulties contacting Montoya as an excuse for their failure to communicate with opposing counsel or with the Court. As with Salazar, Martinez noticed and paid for Montoya's deposition and procured his Declaration. (Doc. 72 at 2.) I find that Montoya and Salazar are at fault for failing to provide a signed verification statement and failing to timely

4

serve supplemental interrogatory answers, which necessitated Martinez's motion to compel. Martinez's reasonable expenses on this point are appropriate.

The Espanola Defendants admit that no vagueness objection was timely lodged as to the interrogatories propounded to them, but then argue that the alleged vagueness hampered their ability to fully respond to the interrogatories. The Espanola Defendants also argue that difficulties contacting Salazar and Montoya rendered them unable to communicate with opposing counsel or the Court. Finally, the Espanola Defendants contend that further exposition of the term "use of force," handled after Martinez's motion to compel was filed, shows that they acted in good faith. All of these circumstances, according to the Espanola Defendants, render their failure to disclose substantially justified.

I disagree. The Espanola Defendants could have contacted Martinez to explain their difficulty contacting Salazar and Montoya at any point during the several months between when the discovery requests were served and when Martinez filed his motion to compel and explained the situation. They failed to do so, and this failure does not constitute substantial justification. I find that the Espanola Defendants and Basham are at fault for failing to comply with their discovery obligations. Martinez's reasonable expenses on this point are appropriate.

Finally, there are no other circumstances which would excuse Defendants' failures to comply with their discovery obligations.

Because Martinez's motion to compel was granted and/or the disclosure or discovery was served after the motion was filed, the Defendants have had an opportunity to be heard, and none of the exceptions apply, I am required to award Martinez his reasonable expenses, including attorney's fees, associated with the motion to compel. FED. R. CIV. P. 37(a)(5)(A). Accordingly, I grant Martinez's request for fees and costs. Martinez is instructed to submit an affidavit

regarding attorney's fees and other costs incurred in presenting this motion within ten days of the filing of this Order. Defendants may respond to the request within five days of its filing, after which the Court will review and rule upon the request. Defendants are cautioned that any further failures to fully and timely respond to discovery requests may result in more severe sanctions, including a recommendation to the presiding judge that judgment be entered in favor of Martinez.

    IT IS SO ORDERED.

                                                                                           _____
                                                                                           William P. Lynch
                                                                                           United States Magistrate Judge

A true copy of this order was served
on the date of entry--via mail or electronic
means--to counsel of record and any pro se
party as they are shown on the Court's docket.