IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

**RUSSELL MARTINEZ,**

    **Plaintiff,**

                                     USDC Case No. 14-CV-00534 KG/WPL
**v.**                               District Court Case No. D-117-CV-2014-00159

**JOSEPH SALAZAR, et al.,**

    **Defendants.**

### REPLY IN SUPPORT OF DEFENDANTS'
### MOTION TO BIFURCATE AND MEMORANDUM

    **COME NOW** the Defendants Joseph Salazar, Greg Esparza, the Espanola Department of Public Safety, Leo Montoya and the City of Espanola (hereinafter collectively referred to as "Espanola Defendants"), by and through their attorneys of record Basham & Basham, P.C., and pursuant to Fed. R. Civ. Proc. 42(b), and for their Reply in Support of Defendants' Motion to Bifurcate and Memorandum, state as follows:

    Plaintiff's Response in Opposition to Defendants' Motion to Bifurcate misunderstood how bifurcation is effectuated in police misconduct cases. Plaintiff stated:

> Finally, regarding issues of economics and expediency, Defendants fail to appreciate that a separate trial against Montoya for negligent hiring, training, and supervision of Salazar and Esparza would include the same facts asserted against Salazar and Esparza individually. Thus, a separate trial against Montoya would necessitate the same witnesses and would involve a re-litigation of the facts that already were determined against Salazar and Esparza. For these reasons, bifurcation would involve a colossal waste of the court's and the parties' resources.

[DOC 79, p. 4]

    Defendants never intended their bifurcation motion to have two different juries hear two separate trials on two different occasions. Defendants envision that the Court bifurcate the trial in this matter into two phases. Under this scenario, the jury would first hear and decide the

excessive force claims against the individual police officers; if a verdict in plaintiff's favor is returned, the jury would then hear and decide the municipal/supervisory claims.  If the jury returns a defense verdict, then those witnesses earmarked for the municipal liability claims need not be called.  No duplicative testimony will occur.  And the same jury will adjudicate all issues of fact.

In addition, Plaintiff's reliance on *Peters v. Risdal,* No. 12-4070 at *2 MWB (N.D. Iowa Nov. 27, 2013) was misplaced.  *Peters* is distinguishable from the case at bar.  In *Peters,* the motion did not seek to bifurcate excessive force claims from municipal and supervisory claims; rather, the Defendants in *Peters* sought to bifurcate the excessive force claims from a free speech retaliation claim.  *Id.*  The Court in *Peters* held that any potential confusion on the jury's part "can be resolved by appropriate instructions and verdict form questions."  *Id.*  Such is not the case here.  While Plaintiff has not asserted a *Monell* claim, his supervisory and municipal claims, nevertheless, have different proof requirements from excessive force claims.  Defendants' cited authorities—*Barr v. City of Albuquerque,* No. 12-CV-1109 at *4 GBW-RHS (D.N.M. Oct. 16, 2014), *Cordova,* No. 11-806 at *4 GBW/ACT (D.N.M. Feb. 22, 2013) and *Gutierrez v. Hackett,* No. 02-0582 at *27 (D.N.M. Sept. 18, 2003)—ordered bifurcation regardless of whether the claims were supervisory or *Monell*-like in nature.  These authorities are on-point and bear greater weight than Plaintiff's out of jurisdiction cases.

Contrary to Plaintiff's assertions, Defendants have not made a conclusory showing for bifurcation.  Plaintiff's own complaint allegations prove the derivative nature of the claims directed against Defendant Leo Montoya.  "Defendant Montoya owed a duty to the general public, including Plaintiff, to act with reasonable care in hiring, training, and supervising EPD officers."  [DOC 1-1, p. 18]  "Defendant Montoya breached that duty by negligently hiring,

training, and/or supervising Defendants Salazar and/or Esparza." *Id.* "Defendant Montoya's negligence caused Plaintiff to be assaulted, battered, falsely imprisoned, and/or deprived of rights, privileges, or immunities secured by the Fourth and Fourteenth Amendments to the U.S. Constitution and Article II, Section 10 of the N.M. Constitution." *Id.* Before a jury can even consider Defendant Montoya's negligence, the same jury must first determine whether Plaintiff was in fact "assaulted, battered, falsely imprisoned, and/or deprived of rights, privileges, or immunities secured by the Fourth and Fourteenth Amendments to the U.S. Constitution and Article II, Section 10 of the N.M. Constitution." However, no jury deliberations on Defendant Montoya's alleged negligence will be necessary if a defense verdict is reached on the underlying claims against the individual police officers. As such, bifurcation is appropriate under the facts and circumstances of this case.

Finally, Plaintiff's Response stated: "…Defendants fail to explain *how* evidence of other incidents of police misconduct would be admissible in a trial against *any* defendant in this matter." [DOC 79, p. 3] This contention is flawed in two respects.

First, the Complaint alleged negligent hiring, training and supervision claims against Defendants Leo Montoya, Espanola Department of Public Safety and the City of Espanola. [DOC 1-1, p. 17 – 18] To prevail at trial, Plaintiff must prove by a preponderance of the evidence that Defendant Montoya acted below the applicable standard of care when he hired, trained and supervised Defendants Salazar and Esparza. Prior instances of police misconduct by these particular police officers are probative to what Defendant Montoya knew or should have known with respect to sound hiring, training and supervising practices. While Plaintiff may discount the value for such evidence, bifurcation is needed to avoid prejudice and jury confusion,

which will surely occur if evidence of past wrongs is considered at the same time as the underlying claims.

Second, Plaintiff's Complaint sought to impose liability for constitutional violations onto Defendants Espanola Department of Public Safety and City of Espanola. Count III of Plaintiff's Complaint is specific to Defendants Joe Montoya, Espanola Department of Safety and the City of Espanola. *Id.* at p. 17. The Complaint averred: "Defendant Montoya's negligence caused Plaintiff to be assaulted, battered, falsely imprisoned, *and/or deprived of rights, privileges, or immunities secured by the Fourth and Fourteenth Amendments to the U.S. Constitution and Article II, Section 10 of the N.M. Constitution.*" *Id.* at p. 18 (emphasis added). Obviously, some kind of direct claim has been made against Defendants Espanola Department of Public Safety and City of Espanola. Why include them in a count for Negligent Hiring, Training and/or Supervision? If a discrete claim does exist against these municipal defendants, then prior instances of police misconduct would be relevant in proving such a claim. As such, bifurcation is needed to avoid any prejudice that would occur if jurors hear prior police misconduct at the same time they are deciding individual officer liability.

**WHEREFORE**, Defendants Joseph Salazar, Greg Esparza, the Espanola Department of Public Safety, Leo Montoya and the City of Espanola respectfully request that the Court grant their Motion to Bifurcate and Memorandum, and for such other and further relief as the Court deems just.

        Respectfully submitted by:

        Basham & Basham, P.C.

        ***/s/ Mark A. Basham***
        Mark A. Basham
        Joseph L. Romero
        2205 Miguel Chavez, Suite A
        Santa Fe, New Mexico 87505
        505-988-4575
        Fax: 505-992-6170
        mbasham@bbpcnm.com
        *Attorneys for Espanola Defendants*

## **CERTIFICATE OF SERVICE**

    I HEREBY CERTIFY that on the 4th day of June, 2015, I filed the foregoing Reply in Support of Defendants' Motion to Bifurcate and Memorandum, which caused counsel of record to be served by electronic means, as more fully reflected on the Notice of Electronic Filing:

Todd A. Coberly
Coberly & Martinez, LLLP
1322 Paseo de Peralta
Santa Fe, NM  87501
*Attorneys for Plaintiff*
tcoberly@coberlymartinez.com

        ***/s/ Mark A. Basham***
        Mark A. Basham
        Joseph L. Romero