IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

RUSSELL MARTINEZ,

    Plaintiff,

v.    CV 14-534 KG/WPL

JOSEPH SALAZAR, in his individual capacity,
GREG ESPARZA, in his individual capacity,
THE ESPANOLA DEPARTMENT OF PUBLIC
SAFETY, LEO MONTOYA, and THE CITY OF
ESPANOLA,

    Defendants.

**ORDER**

This matter comes before me on the Declaration of Todd A. Coberly (Doc. 81) and the Defendants' Response to the Declaration of Todd A. Coberly (Doc. 84), on the issue of attorney's fees I ordered in my May 26, 2015, Order (Doc. 80). Martinez requests that I award him 20.3 attorney-hours of work, at $275.00 per hour, for Coberly's services and $1,570.94 in costs associated with bringing the motion to compel. (Doc. 46.) Including gross receipts tax, Martinez requests $7,610.51 in attorney's fees and costs under Federal Rule of Civil Procedure 37(a)(5)(A). The Defendants respond that Martinez should be awarded 17.4 attorney-hours of work, at $175.00 per hour, for Coberly's services and $76.44 for 5% of the deposition costs associated with bringing the motion to compel. The Defendants do not include gross receipts tax in their calculations, and suggest that Martinez is entitled to $3,121.44.

Rule 37(a)(5)(A) provides that, if a party's motion to compel is granted "the court must . . . require the party . . . whose conduct necessitated the motion, the party or attorney advising that

conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees." FED. R. CIV. P. 37; *see also Walker v. THI of N.M. at Hobbs Ctr.*, 275 F.R.D. 332, 338 (D.N.M. 2011. Determining the extent of reasonable expenses incurred is within the sound discretion of the Court. *Gonzales v. City of Albuquerque*, No. CIV 09-0520 JB/RLP, 2010 WL 553308, at *12 (Feb. 9, 2010) (unpublished) (citing *Gripe v. City of Enid*, 312 F.3d 1184, 1188 (10th Cir. 2002)).

The Tenth Circuit announced a lodestar method for calculating reasonable attorney's fees in *Robinson v. City of Edmond*, 160 F.3d 1275 (10th Cir. 1998). The *Robinson* court discussed awarding attorney's fees under 42 U.S.C. § 1988 for proceedings in vindication of civil rights. Section 1988 allows the court to award a prevailing party its reasonable attorney's fees for an action under 42 U.S.C. §§ 1981, 1982, 1983, 1985, and 1986, and several other federal civil rights statutes. Other courts have applied the *Robinson* calculation to an award of attorney's fees under Rule 37. *See, e.g.*, *Rogers v. Bank of America, N.A.*, Civil Action No. 13-1333-CM-TJJ, 2014 WL 6632944, at *2 (D. Kan. Nov. 21, 2014) (unpublished); *Arnold v. Wells Fargo Bank, N.A.*, Civil Action No. 09-cv-00897-PAB-BNB, 2010 WL 148270, at *1 (D. Colo. Jan. 11, 2010) (unpublished); *Bat v. A.G. Edwards & Sons, Inc.*, No. 04-CV-02225-REB-BNB, 2006 WL 446078, at *2 (D. Colo. Feb. 21, 2006) (unpublished).

Under *Robinson*, "[t]o determine the reasonableness of a fee request, a court must begin by calculating the so-called 'lodestar amount' of a fee, and a claimant is entitled to the presumption that this lodestar amount reflects a 'reasonable' fee. The lodestar calculation is the product of the number of attorney hours 'reasonably expended' and a 'reasonable hourly rate.'" 160 F.3d at 1281. The lodestar calculation has two components: 1) whether the hours claimed were necessary, and 2) whether the hourly rate charged "is the prevailing market rate in the

relevant community." *Guides, Ltd. v. Yarmouth Grp. Prop. Mgmt., Inc.*, 295 F.3d 1065, 1078 (10th Cir. 2002). The claimant is responsible for submitting evidence supporting the hours and rates claimed. *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). The court may reduce the award if the evidence provided is inadequate to justify the hours or rates claimed. *Id.*

Coberly declared that he expended 20.3 hours in relation to the motion to compel. (*See* Doc. 81 Ex. A.) The Defendants contend that Coberly reasonably expended 17.4 hours in relation to the motion. (Doc. 84 at 3.) The point of contention centers on Coberly's claimed time for preparing for the deposition of Defendant Montoya and deposing Defendants Salazar and Montoya. (*See* Doc. 84.) Coberly claimed 3.5 hours total for preparing for and deposing Salazar and Montoya. (Doc. 81 Ex. A.) The Defendants contend that Coberly reasonably expended 0.6 hours "directly pertaining to the discovery motion practice." (Doc. 84 at 3.)

In support of their argument that I reduce the number of hours claimed by 2.9 hours, the Defendants state that the deposition testimony for Salazar and Montoya consisted primarily of the facts underlying the case. (*Id.*) I agree that the depositions covered matters that did not pertain to the discovery motion, and will award Coberly 25% of the 2.9 hours he claims, for a total of 0.8 hours for the depositions.

I find that Coberly reasonably expended 18.2 attorney-hours of work related to the motion to compel, and Martinez is entitled to that amount.

The second issue under the lodestar method is whether the hourly rate charged is the prevailing market rate in the community. Coberly declared that he charges $275.00 per hour. (Doc. 81 Ex. A.) As the Defendants correctly point out, Coberly did not include in his declaration a statement of his education or professional information or any information regarding the prevailing market rate for similarly situated attorneys. The Defendants contend that the

prevailing hourly rate for an attorney such as Coberly, with approximately eight years of legal experience, is $175.00. (Doc. 84 at 3.) Based on Coberly's declaration, the Defendants' additional information, and my knowledge of the legal market in New Mexico, I find that the prevailing market rate for an attorney such as Coberly, with eight years of experience and who provided competent and zealous representation, is $200.00 per hour.

Accordingly, I find that Martinez is entitled to attorney's fees for 18.2 hours of work at $200.00 per hour, for a total of $3,640.00 in attorney's fees. Martinez is also entitled to gross receipts tax on this amount at 8.1875% for $298.03.

With regard to other costs, Coberly declared that Martinez incurred costs of $1,106.38 for Salazar's deposition and $464.56 for Montoya's deposition, including sales tax at 8.1875%, as evidenced by an invoice from Cumbre Court Reporting, Inc. (Doc. 81 Ex. B.) Coberly's affidavit requests a total of $1,570.94 in costs, including sales tax. The Defendants contend that the invoice shows only $1,528.85. (Doc. 84 at 3.) The Defendants failed to account for sales tax when calculating the costs invoiced for the depositions.

Defendants further contend that the total costs for deposing Salazar and Montoya were not reasonable expenses associated with the motion to compel, and suggest that I award 5% of these fees. I agree with the Defendants that the total costs for deposing Salazar and Montoya cannot reasonably be attributed to the motion to compel. However, I disagree that 5% of these fees would be an appropriate award. Given the extent of discovery failures on behalf of the Defendants in this case, I find that Martinez reasonably expended 25% of the stated deposition costs in association with the motion to compel. Therefore, I reduce the request from $1,570.94 to $392.74.

I find that Martinez is entitled to attorney's fees in the amount of $3,640.00, gross receipts tax on attorney's fees in the amount of $298.03, and other costs in the amount of $392.74 in association with the motion to compel, for a total of $4,330.77.

Within twenty-one days of the filing of this Order, Defendants shall pay the sum of $4,330.77 to Martinez for his attorney's fees and costs reasonably associated with the motion to compel.

IT IS SO ORDERED.

_William P. Lynch_
William P. Lynch
United States Magistrate Judge

A true copy of this order was served
on the date of entry--via mail or electronic
means--to counsel of record and any pro se
party as they are shown on the Court's docket.