IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

RUSSELL MARTINEZ,

    Plaintiff,

vs.                                                                                                  Civ. No. 14-534 KG/WPL

JOSEPH SALAZAR, in his individual
capacity, GREG ESPARZA, in his
individual capacity, THE ESPANOLA
DEPARTMENT OF PUBLIC SAFETY,
LEO MONTOYA, and THE CITY OF
ESPANOLA,

    Defendants.

MEMORANDUM OPINION AND ORDER

    This matter comes before the Court upon Defendants' Motion to Bifurcate and Memorandum (Motion to Bifurcate), filed on April 29, 2015. (Doc. 70). Plaintiff filed a response on May 22, 2015, and Defendants filed a reply on June 4, 2015. (Docs. 79 and 82). Having reviewed the Motion to Bifurcate and the accompanying briefs, the Court grants the Motion to Bifurcate.

A. Background

    This is a police excessive force case. In Count I of the Complaint for Damages Resulting from Civil Rights Violations, Intentional Torts, Negligence, and Violations of Title II of the Americans with Disabilities Act (Complaint), Plaintiff brings 42 U.S.C. § 1983 excessive force claims against Espanola Police Department Officers Joseph Salazar and Greg Esparza. (Doc. 1-1) at 16. In Count II, Plaintiff brings New Mexico Tort Claims Act (NMTCA) claims against Salazar and Esparza for the intentional torts of assault, battery, false arrest, and violation of the United States and New Mexico constitutions. *Id.* at 17. In addition, Plaintiff brings *respondeat*

*superior* claims against the Espanola Department of Public Safety (EDPS) and the City of Espanola for the intentional torts allegedly committed by Salazar and Esparza. *Id.* In Count III, Plaintiff brings state negligence claims against Leo Montoya, the Director of the EDPS, for negligently hiring, training, and/or supervising Salazar and Esparza, and thereby causing Salazar and Esparza to commit the intentional torts listed in Count II. *Id.* at 17-18. Plaintiff also alleges that EDPS and the City of Espanola are liable for Montoya's negligent actions under *respondeat superior*. *Id.* at 18.

      Defendants move to bifurcate the trial into two phases. Defendants propose that the underlying liability of Salazar and Esparza, Counts I and II, be tried in the first phase. If the jury finds liability, Defendants propose that the jury try the Count III claims against Montoya, EDPS, and the City of Espanola in a second phase. Defendants contend that if the jury finds no liability in the first phase, then it would be unnecessary to try the Count III claims.[1]

*B. Discussion*

      Federal Rule of Civil Procedure 42(b) provides that a court may order separate trials "[f]or convenience, to avoid prejudice, or to expedite and economize." A trial court has broad discretion in determining whether to bifurcate a trial or discovery under Rule 42(b). *Easton v. City of Boulder*, 776 F.2d 1441, 1447 (10th Cir.1985). "Bifurcation is often in the interest of efficiency and judicial economy when the resolution of one claim may obviate the need to adjudicate one or more other claims." *Desmare v. New Mexico*, 2007 WL 5231690, at *2 (D.N.M.) (citing *Mandeville v. Quinstar Corp.*, 109 Fed. Appx. 191, 194 (10th Cir. 2004)).

---

[1] Plaintiff presumed, incorrectly, that Defendants seek separate trials on the liability claims and the Count III claims. Plaintiff's arguments opposing bifurcation, therefore, address the issue of two separate trials. Plaintiff did not seek leave to file a surreply to address Defendants' proposed two trial phases, so the Court assumes that Plaintiff's arguments also apply to the proposed two trial phases.

"Bifurcation is not an abuse of discretion if such interests favor separation of issues and the issues are clearly separable." *Angelo v. Armstrong World Industries, Inc.,* 11 F.3d 957, 964 (10th Cir. 1993). "Regardless of efficiency and separability, however, bifurcation is an abuse of discretion if it is unfair or prejudicial to a party." *Id.* at 964. Moreover, bifurcation should not be ordered routinely unless it is clearly necessary. *See Marshall v. Overhead Door Corp.*, 131 F.R.D. 94, 98 (E.D. Pa 1990). The party seeking bifurcation bears the burden of proving that bifurcation is proper "in light of the general principle that a single trial tends to lessen the delay, expense, and inconvenience." *Belisle v. BNSF Ry. Co.,* 697 F.Supp.2d 1233, 1250 (D. Kan. 2010).

*1. Convenience, Expediency, and Economy*

Defendants contend first that bifurcation will serve the interests of convenience, expediency, and economy, because the Count III claims are dependent on a finding of liability by Salazar and Esparza. Plaintiff alleges in Count III that Montoya's negligent hiring, training, and/or supervision of Salazar and Esparza caused Salazar and Esparza to commit various intentional torts against Plaintiff. If a jury finds that Salazar and Esparza did not commit the intentional torts, then Montoya's alleged actions could not have proximately caused any harm to Plaintiff. *Lopez v. Martinez*, 2014 WL 7187065, at ¶ 6 (N.M. Ct. App.) ("A negligence claim requires proof of duty, breach, proximate causation, and damages."). Without a showing that Montoya's actions proximately caused any harm to Plaintiff, the negligence claims against Montoya fail as well as the corresponding *respondeat superior* claims. Resolution of the intentional tort claims could, therefore, obviate the need to try the Count III claims.

Defendants also correctly contend that no duplicative testimony will occur with a bifurcation of the trial into phases, and that if the jury returns a defense verdict on the intentional

tort claims, there would be no need to call witnesses relevant to the Count III claims. Moreover, Defendants note that in bifurcating the trial into two phases "the same jury adjudicates all the issues of fact." (Doc. 82) at 2. Plaintiff asserts that bifurcation would require re-litigation of the facts. That assertion fails, however, when one considers that Defendants seek to bifurcate the trial into phases as opposed to holding separate trials. Any re-litigation of facts would be minimal or non-existent under the proposed bifurcation. In sum, the Court finds that convenience, expediency, and economy warrant bifurcating the trial into two phases.

### 2. *Prejudice to Defendants and Plaintiff*

Next, Defendants argue that bifurcation is necessary to avoid prejudice to Salazar and Esparza. Defendants explain that trying the Count III claims would require evidence of prior past wrongs by Salazar and Esparza to show what Montoya knew or should have known about appropriate hiring, training, and supervising practices. Defendants argue that admission of prior past wrongs would be irrelevant and highly prejudicial to trying the liability claims against Salazar and Esparza. The Court agrees that evidence of prior past wrongs could be admissible regarding the Count III claims and would be irrelevant and prejudicial to trying the liability claims. Bifurcation would avoid that potential prejudice to Defendants. Furthermore, the Court finds that a bifurcation of the trial into two phases will not prejudice Plaintiff. The Court concludes that Defendants have shown that bifurcation is appropriate under Rule 42(b). The Court will, therefore, grant the Motion to Bifurcate.

IT IS ORDERED that

1. Defendants' Motion to Bifurcate and Memorandum (Doc. 70) is granted;

2. the first phase of the trial will be limited to Counts I and II of the Complaint;

3. the second phase of the trial, if necessary, will follow immediately upon the completion of the first phase of the trial and will be limited to Count III of the Complaint; and

4. the same jury will adjudicate both phases of the trial.

_____
UNITED STATES DISTRICT JUDGE