IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

RUSSELL MARTINEZ,

    Plaintiff,

vs.   No. 1:14-cv-00534 KG/WPL

JOSEPH SALAZAR, in his individual capacity,
GREG ESPARZA, in his individual capacity,
THE ESPANOLA DEPARTMENT OF PUBLIC
SAFETY, LEO MONTOYA, and THE CITY OF
ESPANOLA,

    Defendants.

## ORDER

Russell Martinez filed his second motion to compel and for limited additional discovery. (Doc. 107.) The Espanola Defendants ("Defendants") collectively filed a response (Doc. 115), and Martinez filed a reply (Doc. 124). Martinez requested initially that I order the Defendants to produce electronic Taser data for the Taser carried by Joseph Salazar, Greg Esparza's Taser Use Reports, Taser User Logs for January through June 2012, and an internal affairs report pertaining to an alleged excessive force incident that occurred on June 15, 2015. The Defendants later produced the requested internal affairs report. (*See* Doc. 124 at 4.) Martinez also agreed that an order compelling production of the Taser User Logs was unwarranted. (*Id.*) As explained below, exclusive of the two items resolved between the parties, I grant-in-part and deny-in-part Martinez's motion to compel.

### ELECTRONIC TASER DATA

Martinez's Request for Production No. 20 stated: "For the Taser carried by Defendant Salazar on May 11, 2012, produce all electronic .x26 data files contained in the Taser." (Doc. 107 Ex. 2 at 3.) The Defendants responded that "[a] search for any records responsive to this

request was made and no records were found." (*Id.*) Martinez sent a preservation request to the Espanola Police Department ("Department") on August 6, 2012. (Doc. 107 Ex. 1.)

Martinez requests that I order the Defendants to produce the electronic Taser data for the Taser carried by Salazar, pursuant to Federal Rule of Civil Procedure 37(a)(3)(B)(iv), order an adverse inference instruction, and grant additional limited discovery to determine the steps taken to preserve Salazar's Taser data. Martinez notes that Salazar apparently completed very few Taser Use Reports, as required by the Department, and failed to record his Taser's serial number on those reports he did complete.

The Defendants respond that the Safety Officer is responsible for maintaining documents related to Taser issuance, that the Safety Officer during the relevant time period was Stacy Saiz, and that Saiz left the Department in 2011 under "acrimonious circumstances," during which "he took all records maintained by him." (Doc. 115 at 2.) Accordingly, the Defendants assert that they did not act in bad faith by not producing the records and that any once-extant records cannot be found.

Salazar's employee record at the Department shows that he was hired on February 18, 2012 (Doc. 124 Ex. 1)—at least two months after the latest possible date Safety Officer Saiz could have retired and absconded with records, according to the Defendants' timeline. I am not persuaded by the Defendants' contention that Safety Officer Saiz stole Salazar's Taser records when he retired in 2011. The Defendants affirmatively state in their response that Salazar's Taser is likely still being used in the field. (Doc. 115 at 2.) Therefore, the Defendants are ordered to conduct a search of all Tasers within their possession and all Taser data to which they have access in an effort to locate the Taser used by Salazar on May 11, 2012. The Defendants will provide a complete response to Request for Production No. 20 no later than February 9, 2016.

I reserve ruling on Martinez's request for an adverse inference and his request for additional discovery until after the Defendants have complied with this Order.

### TASER USE REPORTS

Martinez's Request for Production No. 15 stated: "Produce all Taser Use Reports completed by Defendant Greg Esparza."[1] (Doc. 107 Ex. 3 at 3.) The Defendants produced responsive documents.

Martinez requests that I order the Defendants to produce Taser Use Reports for all of Esparza's Taser deployments indicated by the electronic Taser data and grant additional limited discovery as to why any reports cannot be located. Martinez asserts that the Defendant's response to this request was "woefully deficient." (Doc. 107 at 6.) The Defendants produced eleven Taser Use Reports and four additional reports mentioning Tasers. However, Taser information downloaded from Esparza's Tasers shows that the Taser was deployed on significantly more occasions. (*See* Doc. 107 Ex. 5.) Martinez asserts that there are fifty distinct Taser uses for Esparza's Taser between May 2011 and April 2015 for which there are no Taser Use Reports.

The Defendants assert that they conducted an "exhaustive computer search" for responsive records and "affirmatively state that there are no other documents responsive to this request." (Doc. 115 at 4.) The Defendants further state that Tasers are tested periodically to ensure that they are working properly. Therefore, according to the Defendants, not all Taser uses are related to use-of-force incidents and would not have necessitated Taser Use Reports to be completed.

---

[1] In his motion, Martinez asserts that he requested all Taser Use Reports completed by Salazar and Esparza. (Doc. 107 at 5.) However, Martinez's submitted documentation only reflects a request for the Taser Use Reports completed by Esparza. Accordingly, I only address Esparza's Taser Use Reports.

Federal Rule of Civil Procedure 11(b) states that when an attorney or unrepresented party presents information to the Court, that person certifies "that to the best of [their] knowledge, information, and belief, formed after an inquiry reasonable under the circumstances: . . . (3) the factual contentions have evidentiary support . . . ; and (4) the denials of factual contentions are warranted on the evidence . . . ." Here, the Defendants and their attorney have certified and advocated that they conducted a thorough search and that no other responsive documents exist. Particularly in light of the serious nature of Rule 11 obligations, I have no reason to believe that the Defendants are misleading Martinez or the Court. While it is clear that the Department failed to comply with its own record-keeping and record-producing policies, Martinez failed to present evidence suggesting that the Defendants' have withheld responsive documents. Martinez's request for an order compelling production of Esparza's Taser Use Reports is denied.

As to Martinez's request for additional discovery on the discrepancy between the Taser data and Esparza's Taser Use Reports, I note that Martinez requested—and I granted—a sixty-day extension of discovery and all pretrial deadlines on July 7, 2015. (Docs. 91 and 92.) Furthermore, Esparza has already been deposed. (*See* Doc. 124 at 3 (requesting "another deposition" of Esparza).) No later than February 2, 2016, Martinez may propound up to five additional interrogatories and up to two additional requests for production related to this issue. The Defendants will respond to the additional discovery requests by February 23, 2016.

### SANCTIONS

Martinez requests expenses, including attorney's fees, as appropriate under Rule 37(a)(5)(A). Rule 37(a)(5)(A) states that, when a motion to compel has been filed and granted, or the requested discovery is provided after the motion was filed, "the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion,

the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees." Such an order would be inappropriate if the movant failed to attempt to obtain disclosure without court action, the nondisclosure was substantially justified, or other circumstances exist making an award unjust.

I have granted-in-part and denied-in-part Martinez's motion to compel. The parties agree that Martinez attempted to obtain disclosure and attempted to confer in good faith with defense counsel before filing this motion to compel. The Defendants contend that their failure to comply was substantially justified and that other circumstances make an award of expenses unjust. The Defendants are hereby ORDERED TO SHOW CAUSE, in writing, why they should not be required to pay Martinez's reasonable expenses, including attorney's fees, for the portions of the motion to compel that I have granted or for which responsive documents were provided after the motion was filed. The Defendants will submit their explanation no later than January 27, 2016, at 5:00 p.m. The Defendants shall submit their explanation by fax at (505) 348-2305.

## CONCLUSION

The Defendants will provide a complete response to Request for Production No. 20 no later than February 9, 2016. Martinez may conduct limited additional discovery on the discrepancy between the Taser data and Esparza's Taser Use Reports. Additional discovery requests must be propounded no later than February 2, 2016, with responses due by February 23, 2016. The Defendants will show cause by 5:00 p.m. on January 27, 2016, why they should not be required to pay Martinez's expenses and fees in making this motion to compel under Rule 37(a)(5)(A).

IT IS SO ORDERED.

_____
WILLIAM P. LYNCH
UNITED STATES MAGISTRATE JUDGE