IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

RUSSELL MARTINEZ,

     Plaintiff,

v.                                                                                                  CV 14-534 KG/WPL

JOSEPH SALAZAR, in his individual capacity,
GREG ESPARZA, in his individual capacity,
THE ESPANOLA DEPARTMENT OF PUBLIC
SAFETY, LEO MONTOYA, and THE CITY OF
ESPANOLA,

     Defendants.

**ORDER**

This matter comes before me on the Defendants' response to my second order to show cause why they should not be required to pay Martinez's fees and costs associated with the filing of his second motion to compel. (Doc. 144.) Defendants were put on notice in my Order of January 20, 2016, that they would be required to pay Martinez's fees and costs associated with his motion to compel, pursuant to Federal Rule of Civil Procedure 37(a)(5)(A), unless they showed cause why such payment would be inappropriate. (Doc. 142.) Defendants responded that an order requiring them to pay Martinez's fees and costs would be inappropriate at this time because their failures were substantially justified.

The Rule 37(a) standard is clear: when a motion to compel is granted, or disclosure or discovery is provided after the filing of a motion to compel, "the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses

incurred in making the motion, including attorney's fees." FED. R. CIV. P. 37(a)(5)(A). The Court is required to award fees and costs unless: "(i) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action; (ii) the opposing party's nondisclosure, response, or objection was substantially justified; or (iii) other circumstances make an award of expenses unjust." *Id.*

In *Villa v. Dona Ana Cnty.*, 500 F. App'x 790 (10th Cir. 2012) (unpublished), the court upheld an award of attorney's fees and expenses under Rule 37(a)(5)(A) when the movant made two follow-up requests for complete responses and the district court determined that the proffered objections to discovery requests were without merit. *Id.* at 792. Similarly, in *Walker v. THI of New Mexico at Hobbs Ctr.*, 275 F.R.D. 332 (D.N.M. 2011), Judge Browning awarded two-thirds of the claimed attorney's fees under Rule 37(a)(5)(A) after granting most of the movant's requests and finding that approximately one third of the nonmovant's nondisclosures or responses were substantially justified. *Id.* at 338. Additionally, the Defendants were previously warned in this case that "any further failures to fully and timely respond to discovery requests may result in more severe sanctions . . . ." (Doc. 69 at 6.)

I granted-in-part and denied-in-part Martinez's second motion to compel. In accordance with Rule 37(a)(5)(A), the Defendants had an opportunity to be heard in the form of a written response. Given that Martinez's motion was granted-in-part and the Defendants have had an opportunity to be heard, I must award expenses and attorney's fees incurred in making the granted portions of the motion unless one of the statutory exceptions applies.

## ELECTRONIC TASER DATA

The Defendants argue that their nondisclosure of Joseph Salazar's electronic Taser data was substantially justified because they reviewed his personnel file and all Uniform Incident

2

Reports he prepared. (Doc. 144 at 2.) They also argue that the relief ultimately requested and ordered—that the Defendants download electronic data from all of their Tasers to determine which one may have been used during the incident with Martinez—was not specifically requested by Martinez until his reply to the motion to compel. The Defendants admit that their inability to locate Salazar's electronic Taser data is the result of poor recordkeeping.

What the Defendants failed to address, however, is that their argument in response to the motion to compel on this point was that former Safety Officer Stacy Saiz was responsible for the data, has left the Espanola Police Department, and departed under such acrimonious circumstances that he destroyed records, including Salazar's records. Saiz left the Espanola Department at least two months before Salazar was hired. (*Compare* Doc. 115 at 2 (Saiz quit in December 2011) *with* Doc. 124 Ex. 1 (Salazar was hired on February 18, 2012).) This argument was, at best, factually flawed, and at worst, an affirmative attempt to mislead this Court.

While previous courts have found that nondisclosure was substantially justified when the relevant party "attempted various approaches to obtain responsive documents," that is not the case here. *Walker*, 275 F.R.D. at 336. Here, the Defendants misrepresented a fact materially relevant to the issue. The Defendants produced no other reason for their shoddy recordkeeping. Under the circumstances, the Defendants' attempts at locating records were insufficiently thorough to render their failure substantially justified. The Defendants are required to pay Martinez's reasonable expenses and fees on this point.

### TASER USE REPORTS AND TASER USER LOGS

I denied Martinez's request for an order compelling production of Esparza's Taser Use Reports. Accordingly, the Defendants are not required to pay Martinez's fees or expenses related to this point.

Similarly, Martinez conceded that an order compelling production of the Taser User Logs was unwarranted. Therefore, the Defendants are not required to pay Martinez's fees or expenses related to this point.

### GROSSETETE REPORT

Finally, the Defendants argue that awarding fees for their failure to produce an internal affairs report pertaining to an alleged excessive force incident involving Victor Grossetete would be unjust under Rule 37(a)(5)(A)(iii). Specifically, the Defendants state that they objected to Martinez's request for the Grossetete report on the basis of confidentiality, but discovered after the motion was filed that a copy of the report had been disclosed to a press outlet pursuant to a public records request. The Defendants subsequently produced the report per the Stipulated Confidentiality Order, which was entered on December 11, 2014 (Doc. 40).

The Defendants present no argument as to why the report was not properly discoverable, subject to the Stipulated Confidentiality Order. While the time between the Defendants last production of requested documentation and the filing of the motion to compel was short—approximately one week—the parties agree that they had time to meet and confer before Martinez filed his motion. I do not agree that an award of Martinez's expenses and fees under Rule 37 would be unjust under these circumstances, nor do I find the Defendants' failure to timely disclose the report under the Stipulated Confidentiality Order substantially justified.

Martinez is entitled to reasonable fees and expenses related to this point.

### REASONABLE FEES AND EXPENSES

To the extent that Martinez's motion to compel was granted and/or the disclosure or discovery was served after the motion was filed, the Defendants have had an opportunity to be heard. I find that none of the statutory exceptions apply to the Defendants' failure to timely

disclose the Grossetete report or Salazar's electronic Taser data. I am required to award Martinez his reasonable expenses, including attorney's fees, associated with these aspects of the motion to compel. FED. R. CIV. P. 37(a)(5)(A). Accordingly, I grant-in-part and deny-in-part Martinez's request for fees and costs. Martinez is instructed to submit an affidavit regarding attorney's fees and other costs incurred in presenting this motion within ten days of the filing of this Order. The affidavit will note how much time and expense is allocated between each point. Defendants may respond to the request within five days of its filing, after which the Court will review and rule upon the request. Finally, the Defendants are cautioned for the final time that further failures to fully and timely respond to discovery requests or attempts to mislead this Court will result in more severe sanctions, up to and including a recommendation to the presiding judge that judgment be entered in Martinez's favor.

    IT IS SO ORDERED.

*William P. Lynch* (signature)
William P. Lynch
United States Magistrate Judge

A true copy of this order was served
on the date of entry--via mail or electronic
means--to counsel of record and any pro se
party as they are shown on the Court's docket.