IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

RUSSELL MARTINEZ,

    Plaintiff,

v.                                                                                           CV 14-534 KG/WPL

JOSEPH SALAZAR, in his individual capacity,
GREG ESPARZA, in his individual capacity,
THE ESPANOLA DEPARTMENT OF PUBLIC
SAFETY, LEO MONTOYA, and THE CITY OF
ESPANOLA,

    Defendants.

**ORDER**

      This matter comes before me on the second Declaration of Todd A. Coberly (Doc. 155) and the Defendants' Response to the Second Declaration of Todd A. Coberly (Doc. 157), on the issue of attorney's fees I ordered in my January 28, 2016, Order (Doc. 146). Martinez requests that I award him 1.00 attorney-hour of work, at $275.00 per hour, for Coberly's services, and 11.875 attorney-hours of work, at $225.00 per hour, for the services of Nat Chakeres, Coberly's associate, incurred by bringing the motion to compel. Including gross receipts tax, Martinez requests $3,191.84 in attorney's fees under Federal Rule of Civil Procedure 37(a)(5)(A). The Defendants respond that Martinez should be awarded 1.00 attorney-hour of work, at $200.00 per hour, for Coberly's services and 9.00 attorney-hours of work, at $150.00 per hour, for Chakeres's services associated with bringing the motion to compel. The Defendants suggest that Martinez is entitled to $1,550.00 in attorney's fees plus gross receipts tax.

Rule 37(a)(5)(A) provides that, if a party's motion to compel is granted "the court must . . . require the party . . . whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees." FED. R. CIV. P. 37; *see also Walker v. THI of N.M. at Hobbs Ctr.*, 275 F.R.D. 332, 338 (D.N.M. 2011). Determining the extent of reasonable expenses incurred is within the sound discretion of the Court. *Gonzales v. City of Albuquerque*, No. CIV 09-0520 JB/RLP, 2010 WL 553308, at *12 (Feb. 9, 2010) (unpublished) (citing *Gripe v. City of Enid*, 312 F.3d 1184, 1188 (10th Cir. 2002)).

The Tenth Circuit announced a lodestar method for calculating reasonable attorney's fees in *Robinson v. City of Edmond*, 160 F.3d 1275 (10th Cir. 1998). The *Robinson* court discussed awarding attorney's fees under 42 U.S.C. § 1988 for proceedings in vindication of civil rights. Section 1988 allows the court to award a prevailing party its reasonable attorney's fees for an action under 42 U.S.C. §§ 1981, 1982, 1983, 1985, and 1986, and several other federal civil rights statutes. Other courts have applied the *Robinson* calculation to an award of attorney's fees under Rule 37. *See, e.g.*, *Rogers v. Bank of America, N.A.*, Civil Action No. 13-1333-CM-TJJ, 2014 WL 6632944, at *2 (D. Kan. Nov. 21, 2014) (unpublished); *Arnold v. Wells Fargo Bank, N.A.*, Civil Action No. 09-cv-00897-PAB-BNB, 2010 WL 148270, at *1 (D. Colo. Jan. 11, 2010) (unpublished); *Bat v. A.G. Edwards & Sons, Inc.*, No. 04-CV-02225-REB-BNB, 2006 WL 446078, at *2 (D. Colo. Feb. 21, 2006) (unpublished).

Under *Robinson*, "[t]o determine the reasonableness of a fee request, a court must begin by calculating the so-called 'lodestar amount' of a fee, and a claimant is entitled to the presumption that this lodestar amount reflects a 'reasonable' fee. The lodestar calculation is the product of the number of attorney hours 'reasonably expended' and a 'reasonable hourly rate.'"

2

160 F.3d at 1281. The lodestar calculation has two components: 1) whether the hours claimed were necessary, and 2) whether the hourly rate charged "is the prevailing market rate in the relevant community." *Guides, Ltd. v. Yarmouth Grp. Prop. Mgmt., Inc.*, 295 F.3d 1065, 1078 (10th Cir. 2002). The claimant is responsible for submitting evidence supporting the hours and rates claimed. *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). The court may reduce the award if the evidence provided is inadequate to justify the hours or rates claimed. *Id.*

Coberly declared that he expended 2.2 hours in relation to the motion to compel, but reduced that amount to 1.00 hour based on being granted partial relief. (*See* Doc. 155 Ex. 1.) The Defendants agree that Coberly reasonably expended 1.00 hour in relation to the motion. (Doc. 157 at 2.) The point of contention centers on whether the hourly rate charged is the prevailing market rate in the community. Coberly declared that he charges $275.00 per hour. (Doc. 155.) The Defendants contend that this Court previously determined Coberly's reasonable hourly rate as $200.00 per hour, and that I should maintain that determination. (Doc. 157.) Unlike Coberly's first Declaration (Doc. 81 Ex. A), Coberly included a statement of his educational background and work experience, notably that Coberly graduated from law school in 2006 and has been the principal of his firm since 2010. (Doc. 155.) Based on Coberly's declaration, the Defendants' response, and my knowledge of the legal market in New Mexico, I find that the prevailing market rate for an attorney such as Coberly, with approximately nine-and-a-half years of experience and who provided competent and zealous representation, is $225.00 per hour.

Accordingly, I find that Martinez is entitled to attorney's fees for 1.00 hours of work at $225.00 per hour for Coberly's work on the motion to compel. Martinez is also entitled to gross receipts tax on this amount at 8.3125% for $18.70.

3

Coberly also declared Chakeres expended 27.2 hours in relation to the motion to compel, but reduced that amount to 11.875 hours based on being granted partial relief. (*See* Doc. 155 Ex. 1.) The Defendants contend that Chakeres reasonably 9.00 hours in relation to the motion. (Doc. 157 at 3-4.) According to Coberly, Chakeres graduated from law school in 2008 and spent approximately six years work for the Environmental Enforcement Section of the Department of Justice, after clerking for Tenth Circuit Judge Michael Murphy. (Doc. 155 at 3.) The point of contention centers on "generalized entries" and Chakeres's relative lack of inexperience in civil rights litigation. (*Id.*) The Defendants do not argue that Chakeres spent an unreasonable amount of time on any particular assignment. (*Id.*) However, given the nature of the motion to compel and the fact that Martinez was only partially successful, I agree with the Defendants that 11.875 hours is an unreasonable amount of time for Chakeres to have spent. Chakeres reasonably spent 80% of his claimed time on the motion to compel. Accordingly, I find that Chakeres reasonably expended 9.50 attorney-hours of work related to the motion to compel.

The second issue under the lodestar method is whether the hourly rate charged is the prevailing market rate in the community. Coberly declared that Chakeres charges $225.00 per hour. (Doc. 155.) As stated above, Coberly included a statement of Chakeres's educational background and employment history. The Defendants contend that Chakeres is practicing in an entirely new area of law—civil rights—and that the prevailing hourly rate for an attorney such as Chakeres, with approximately five months of experience in civil rights litigation, is $150.00. (Doc. 157 at 3-4.) Based on Coberly's declaration, Chakeres's work history, the Defendant's response, and my knowledge of the legal market in New Mexico, I find that the prevailing market rate for an attorney such as Chakeres, with six years of civil litigation experience and one

year of Tenth Circuit clerkship experience, and who provided competent and zealous representation, is $200.00 per hour.

Accordingly, I find that Martinez is entitled to attorney's fees for 9.50 hours of work at $200.00 per hour, for a total of $1,900.00 in attorney's fees for Chakeres's work on the motion to compel. Martinez is also entitled to gross receipts tax on this amount at 8.3125% for $157.94.

I find that Martinez is entitled to attorney's fees in the total amount of $2,125.00 and gross receipts tax on attorney's fees in the amount of $176.64, for a total of $2,301.64.

Within twenty-one days of the filing of this Order, Defendants shall pay the sum of $2,301.64 to Martinez for his attorney's fees and costs reasonably associated with those portions of the motion to compel on which he succeeded.

IT IS SO ORDERED.

_____
William P. Lynch
United States Magistrate Judge

A true copy of this order was served
on the date of entry--via mail or electronic
means--to counsel of record and any pro se
party as they are shown on the Court's docket.