IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

JACKIE MARTINEZ, Personal
Representative, on behalf of the Estate of
RUSSELL MARTINEZ,

    Plaintiff,

vs.                                                                  Civ. No. 14-534 KG/WPL

JOHN SALAZAR, in his individual capacity,
GREG ESPARZA, in his individual capacity,
THE ESPANOLA DEPARTMENT OF PUBLIC
SAFETY, LEO MONTOYA, and THE CITY OF
ESPANOLA,

    Defendants.

MEMORANDUM OPINION AND ORDER

This matter comes before the Court upon Plaintiff's Objections to Magistrate Judge's Order Awarding Attorneys' Fees (Doc. 160) (Objections), filed on February 29, 2016, and brought pursuant to Fed. R. Civ. P. 72(a). (Doc. 164). Defendants filed a response on March 11, 2016, and Plaintiff filed a reply on March 14, 2016. (Docs. 169 and 170). Having considered the Objections and accompanying briefs, the Court sustains the Objections and remands this matter to the Magistrate Judge for further consideration of the issue of prevailing market rates for the fees claimed by Plaintiff's attorneys.

*A. Background*

On January 28, 2016, the Magistrate Judge granted, in part, Plaintiff's request for attorneys' fees and costs associated with his second motion to compel. (Doc. 146). The Magistrate Judge required that Plaintiff submit an affidavit regarding attorneys' fees and costs, and allowed Defendant an opportunity to respond to the affidavit. *Id.* at 5.

On February 8, 2016, Plaintiff submitted a declaration by Attorney Todd Coberly regarding fees for himself and Attorney Nat Chakeres.  (Doc. 155).  Plaintiff requested that the Magistrate Judge award her fees based on 1.00 attorney-hour of work, at $275.00 per hour, for Coberly's services, and 11.875 attorney-hours of work, at $225.00 per hour, for Chakeres' services.  Plaintiff, therefore, requested at total of $3,191.84 in attorney's fees, including the gross receipts tax.  *Id.* at ¶ 22.  Plaintiff supported Coberly's declaration with the resumes of Coberly and Chakeres as well as with a declaration by Daniel Yohalem, a New Mexico attorney, who opined as to the prevailing market rates for attorneys like Coberly and Chakeres.  (Docs. 155-2, 155-3, and 155-4).  Defendants filed a response to the Coberly declaration on February 16, 2016.  (Doc. 157).  That response did not mention Yohalem's declaration nor did Defendants provide other evidence of the prevailing market rate other than to observe that the Court previously ruled in June 2015 that Coberly's rate was $200.00 per hour and that considering Chakeres' less extensive experience in civil rights litigation his hourly rate should be $150.00 per hour.  *Id.* at 2-3.

On February 17, 2016, the Magistrate Judge ordered that Defendants pay Plaintiff a total of $2,301.64 in attorneys' fees, including the gross receipts tax.  (Doc. 160).  The Magistrate Judge reached that amount by reducing Coberly's hourly rate to $225.00 per hour, reducing Chakeres' hourly rate to $200.00 per hour, and reducing Chakeres' attorney-hours of work to 9.50 hours.  The Magistrate Judge determined the hourly rates based on Coberly's declaration, the Defendants' response to Coberly's declaration, Chakeres' work history, and his "knowledge of the legal market in New Mexico."  *Id.* at 3 and 4.  The Magistrate Judge did not discuss Yohalem's declaration in making his determinations nor did he rely on his previous determination of Coberly's hourly rate.  *Id.* at 3.

Plaintiff now objects to the Magistrate Judge's hourly rate determinations for both Coberly and Chakeres.[1] Plaintiff argues that the Magistrate Judge erred by relying on his knowledge of the legal market when Plaintiff presented unrebutted evidence by Yohalem that the hourly rate for Coberly should be $275.00 per hour and that the hourly rate for Chakeres should be $225.00 per hour. Plaintiff, therefore, concludes that the total attorneys' fees award should be $2,613.04, which includes the gross receipts tax.

B. Discussion

   1. *Standard of Review*

Under Rule 72(a), when a magistrate judge enters an order on a non-dispositive motion, "[t]he district judge in the case must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law." The clearly erroneous standard "requires that the reviewing court affirm unless [the court] on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *Ocelot Oil Corp. v. Sparrow Industries*, 847 F.2d 1458, 1464 (10th Cir. 1988) (internal quotation marks omitted). Under the "contrary to law" standard, the district court conducts a plenary review of the magistrate judge's legal determinations, setting aside the magistrate judge's order if it applied an incorrect legal standard or misapplied applicable law. *See* 12 Charles Alan Wright, Arthur R. Miller, & Richard L. Marcus, *Federal Practice & Procedure* § 3069, at 350 (2d ed.1997); *Gunter v. Ridgewood Energy Corp.,* 32 F.Supp.2d 162, 164 (D.N.J. 1998) (magistrate judge's decision is contrary to law when "the magistrate judge has misinterpreted or misapplied applicable law.").

---

[1] Plaintiff does not object to the Magistrate Judge's determination of reasonable attorney-work hours.

*2. The Magistrate Judge's Hourly Rate Determinations*

To determine the reasonableness of a fee request, the court calculates the so-called "lodestar amount," which presumptively reflects a "reasonable" fee. *See Pennsylvania v. Delaware Valley Citizens' Council for Clean Air,* 478 U.S. 546, 563–65 (1986); *Cooper v. Utah,* 894 F.2d 1169, 1171 (10th Cir.1990). The lodestar calculation is the product of the number of attorney hours "reasonably expended" and a "reasonable hourly rate." *See Hensley v. Eckerhart,* 461 U.S. 424, 433 (1983); *Phelps v. Hamilton,* 120 F.3d 1126, 1131 (10th Cir.1997). The court exercises its discretion in setting a reasonable hourly rate. *Carter v. Sedgwick County,* 36 F.3d 952, 956 (10th Cir.1994).

Hourly rates must reflect the "prevailing market rates in the relevant community." *Blum v. Stenson,* 465 U.S. 886, 895 (1984). A court abuses its discretion to set market rates when it ignores market rate evidence such as affidavits submitted by the parties. *Case v. Unified Sch. Dist. No. 233, Johnson Cnty., Kan.,* 157 F.3d 1243, 1256 (10th Cir.1998). Moreover, some circuit courts have held that if the evidence of the market rate is uncontested, the lower court abuses its discretion if it adjusts the requested market rate downward. *Washington v. Philadelphia Cty. Court of Common Pleas*, 89 F.3d 1031, 1036 (3d Cir. 1996) (quoting *Griffiths v. Cigna Corp.*, 77 F.3d 462 (3d Cir. 1995)); *Baulch v. Johns*, 70 F.3d 813, 818 n.8 (5th Cir. 1995); *Bankston v. State of Ill.*, 60 F.3d 1249, 1256 (7th Cir. 1995). In the Tenth Circuit, only if the district court does not have adequate evidence of prevailing market rates for attorney's fees, may it, "in its discretion, use other relevant factors, including its own knowledge, to establish the rate." *Case*, 157 F.3d at 1257. *See also United Phosphorus, Ltd. v. Midland Fumigant, Inc.*, 205 F.3d 1219, 1234 (10th Cir. 2000) (court abuses discretion when "decision makes no reference to the evidence presented by either party on prevailing market rate" and rate decision based solely on court's "own familiarity with the relevant rates in this community.").

In this case, the Magistrate Judge did not mention Yohalem's determination of the prevailing market rates for Coberly and Chakeres' fees.  Defendants also did not mention or discuss the Yohalem declaration in their response to Coberly's declaration nor did Defendants produce any affidavits or other evidence to contest the Yohalem declaration.  Instead, Defendants (1) referred to a previous market rate determination by the Magistrate Judge to establish Coberly's rate, a determination which the Magistrate Judge subsequently did not rely on, and (2) simply opined without any evidentiary support that Chakeres' hourly rate should be reduced to $150.00 per hour because of his lack of civil rights litigation experience.

Although the Magistrate Judge had before him a declaration which Defendants did not directly contest and which set forth evidence of prevailing market rates, he did not discuss it to determine whether to accept it or reject it as inadequate.  Only if the Magistrate Judge found the Yohalem declaration inadequate could he have relied on his own knowledge and other relevant factors to establish the prevailing market rate.  For these reasons, the Court sustains Plaintiff's Objections, sets aside the portion of the Magistrate Judge's decision establishing the prevailing market rates for Coberly and Chakeres' fees, and remands the issue of prevailing market rates to the Magistrate Judge so he can consider the Yohalem declaration.  *See, e.g., Combe v. Cinemark USA, Inc*, 2009 WL 3584883, at *1 (D. Utah) (having sustained objections under Rule 72(a), district court remanded issue to Magistrate Judge for determination under proper standard).

IT IS ORDERED that

1.  Plaintiff's Objections to Magistrate Judge's Order Awarding Attorneys' Fees (Doc. 160), (Doc. 164), are sustained;

2.  the portion of the Magistrate Judge's Order (Doc. 160) establishing the prevailing market rates for Coberly and Chakeres' fees is set aside; and

    3.  the issue of the prevailing market rates for Coberly and Chakeres' fees is remanded to the Magistrate Judge for his reconsideration in light of the Yohalem declaration.

_____
UNITED STATES DISTRICT JUDGE