IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

JACKIE MARTINEZ, Personal
Representative, on behalf of the Estate of
RUSSELL MARTINEZ,

      Plaintiff,

v.                                                                                      CV 14-534 KG/WPL

JOSEPH SALAZAR, in his individual capacity,
GREG ESPARZA, in his individual capacity,
THE ESPANOLA DEPARTMENT OF PUBLIC
SAFETY, LEO MONTOYA, and THE CITY OF
ESPANOLA,

      Defendants.

**ORDER AWARDING ATTORNEYS' FEES**

Judge Gonzales remanded to me the issue of the prevailing market rates for attorney's fees for Todd Coberly and Nathaniel Chakeres. (Doc. 184.) Judge Gonzales instructed me to reconsider this issue in light of Daniel Yohalem's declaration of the prevailing market rates. (*Id.*) The parties did not dispute my determination that Coberly reasonably expended 1.00 attorney-hours of time on the motion to compel and Chakeres reasonably expended 9.50 attorney-hours. Upon further consideration, I find that Coberly's reasonable hourly rate is $225.00 and Chakeres's reasonable hourly rate is $200.00, as further explained herein.

Martinez must provide evidence of the prevailing market rate for similar services by "lawyers of reasonably comparable skill, experience, and reputation" in the relevant community. *Lippoldt v. Cole*, 468 F.3d 1204, 1224-25 (10th Cir. 2006) (quoting *Blum v. Stinson*, 465 U.S. 886, 895 n.11 (1984)). Martinez relies on the Yohalem Declaration (Doc. 155-4) to support

Coberly's claimed rate of $275.00 per hour and Chakeres's claimed rate of $225.00 per hour. While Yohalem is an experienced attorney in this district, with over 42 years of experience as a practicing lawyer, his declaration is problematic in at least two ways. First, Yohalem's sole basis for stating that Coberly's claimed rate of $275.00 per hour is "reasonable" is based on his own knowledge and amorphous statements from other practitioners. (*Id.* at 4.) Yohalem never specifically addresses Coberly's qualifications or experience that justify his claimed hourly rate. Coberly has been in practice less than ten years. Coberly admitted in his declaration that his practice "is primarily focused" on defending individuals charged in criminal cases at trial and on appeal, not in civil rights litigation. (Doc. 155.) He admitted that he has never had a civil jury trial, and has participated in only three criminal jury trials. (*Id.*) Coberly does not assert that any judge has ever awarded him fees in a civil rights case, much less at a rate of $275 per hour. Given these facts, it is hard to imagine that Coberly is an expert in civil rights litigation, despite Yohalem's opinion. A court may lower the hourly rate requested by an attorney who is not a specialist in the type of litigation at issue. *See Case v. United Sch. Dist. No. 233, Johnson Cnty., Kan.*, 157 F.3d 1243, 1257 (10th Cir. 1998). Yohalem does not include any examples of practitioners similarly situated to Coberly, with less than ten years in practice, who do not specialize in civil rights litigation, and who have never had a civil jury trial, who charge and receive $275.00 per hour. Likewise with Yohalem's conclusion that Chakeres reasonably charges $225.00 per hour. Yohalem included no specific factual support for these contentions.

Second, Yohalem states that he was awarded fees at a rate of $375.00 per hour in 2015. (Doc. 155-4 at 2.) In contrast to Coberly and Chakeres, Yohalem specializes in civil rights litigation, and has extensive litigation experience in both state and federal court. (*Id.*) Yohalem also has 32 years more experience than Coberly and approximately 35 years more experience

than Chakeres. It is unclear how Yohalem's hourly rate justifies a determination that Coberly and Chakeres are entitled to their requested hourly rates.

I find that the Yohalem declaration is inadequate to support the claimed rates and reject it in part. Additionally, I take note of my previous, unchallenged Order setting Coberly's fees at $200.00 per hour in June 2015. (*See* Doc. 86.) I recognize that Coberly has garnered additional experience in the intervening months and has worked zealously on this case. Having rejected-in-part the Yohalem declaration, I am entitled to rely on my own knowledge of the legal market in New Mexico and other relevant factors to establish the prevailing market rate. *Case*, 157 F.3d at 1256-57; (Doc. 184 at 5).

Based on Coberly's declaration, the Yohalem declaration, the Defendants' response, and my knowledge of the legal market in New Mexico, I find that the prevailing market rate for an attorney such as Coberly, as a practitioner with approximately nine-and-a-half years of experience, who provided competent and zealous representation, is $225.00 per hour. Based on Coberly's declaration, the Yohalem declaration, Chakeres's work history, the Defendants' response, and my knowledge of the legal market in New Mexico, I find that the prevailing market rate for an attorney such as Chakeres, with six years of civil litigation experience, one year of circuit clerkship experience, and no experience in this area of law, who provided competent and zealous representation, is $200.00 per hour.

Accordingly, I find that Martinez is entitled to $2,125.00 in attorney's fees, and gross receipts tax on attorney's fees at a rate of 8.3125%, for $176.64. Martinez is entitled to $2,301.64, in total.

Within ten days of the filing of this Order, Defendants shall pay the sum of $2,301.64 to Martinez for attorney's fees and costs reasonably associated with those portions of the motion to compel that were successful.

IT IS SO ORDERED.

_____
William P. Lynch
United States Magistrate Judge

A true copy of this order was served
on the date of entry--via mail or electronic
means--to counsel of record and any pro se
party as they are shown on the Court's docket.