IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

JACKIE MARTINEZ, as Personal
Representative on behalf of the
Estate of Russell Martinez,

    Plaintiff,

vs.                                                                            Civ. No. 14-534 KG/WPL

JOSEPH SALAZAR, in his individual
capacity, GREG ESPARZA, in his
individual capacity, THE ESPANOLA
DEPARTMENT OF PUBLIC SAFETY,
LEO MONTOYA, and THE CITY OF
ESPANOLA,

    Defendants.

MEMORANDUM OPINION AND ORDER

        This matter comes before the Court upon Plaintiff's Motion to Strike New Arguments Raised in Defendants' Reply in Support of Defendants' First Motion to Exclude Roger Clark, or in the Alternative, Motion for Leave to File Surreply to Respond to New Arguments ("Motion"), filed on November 19, 2015. (Doc. 131). On December 3, 2015, Defendants filed their Response to Plaintiff's Motion to Strike New Arguments Raised in Defendants' Reply in Support of Defendants' First Motion to Exclude Roger Clark, or in the Alternative, Motion for Leave to File Surreply to Respond to New Arguments. (Doc. 138). Having reviewed the motion, the accompanying briefs, relevant law, and otherwise being fully advised, the Court GRANTS IN PART and DENIES IN PART Plaintiff's Motion.

        Plaintiff asks this Court to strike Defendants' Reply in Support of Defendants' First Motion in Limine to Exclude the Opinion Testimony of Plaintiff's Expert Roger A. Clark

("Reply"), on the grounds that the Reply raises new arguments and seeks to exclude statements from Mr. Clark's testimony that were not challenged in Defendants' First Motion in Limine to Exclude the Opinion Testimony of Plaintiff's Expert Roger A. Clark ("First Motion in Limine"). *See* (Docs. 110 & 128).  Specifically, Plaintiff argues that, in the Reply, Defendants rely on purportedly objectionable testimony in Mr. Clark's deposition to support their argument that Mr. Clark had made improper credibility determinations in his report.  This material was not referenced in the First Motion in Limine.  Alternatively, Plaintiff seeks leave to respond to the allegedly new arguments in a surreply filed with the Motion.

  Defendants oppose the Motion in its entirety.  First, Defendants argue that Plaintiff failed to obtain, in good faith, Defendants' concurrence to the Motion.  This alone, Defendants contend, is grounds to summarily deny the Motion.  Second, Defendants maintain that their Reply neither raises new arguments nor cites to new evidence and, as a result, Plaintiff's Motion should be denied.

  As an initial matter, Defendants are correct that a party's failure to first confer in good faith with opposing counsel is grounds for denial.  D.N.M.LR-Civ. 7.1.  However, while the Court may deny a motion under Local Rule 7.1(a), it is not required to do so.  *Id*.  Given that Plaintiff attempted to contact Defendants prior to filing the Motion and the fact that Defendants have not alleged any resulting prejudice, the Court will not summarily deny the Motion, and will consider the parties' substantive arguments.

  When a moving party raises new material in a reply, the Court has the option of either disregarding the new material or allowing the nonmoving party to file a surreply.  *See Doebele v. Sprint/United Management Co.*, 342 F.3d 1117, 1139 n.13 (10th Cir. 2003).  "Generally, the nonmoving party should be given an opportunity to respond to new material raised for the first

time in the movant's reply." *Green v. New Mexico*, 420 F.3d 1189, 1196 (10th Cir. 2005).  A party may file a surreply with leave of the Court.  D.N.M.LR-Civ 7.4(b).

     Here, Plaintiff asks for an opportunity to respond to purportedly objectionable testimony in Mr. Clark's deposition, including testimony regarding Mr. Martinez's use of drugs during his interactions with Defendants.  Defendants rely on this material to support their argument that Mr. Clark made improper credibility determinations in rendering his expert report, and that his testimony should be excluded.  In response, Defendants argue that the deposition excerpts cited in the Reply include testimony regarding Mr. Clark's conclusions which were challenged in their First Motion in Limine.  Thus, Defendants maintain, there is no "new material" to which Plaintiff needs to respond.

     While the cited deposition testimony surrounds Mr. Clark's conclusions challenged in the original Motion, the testimony is entirely new material which has not been previously used to support Defendants' arguments.  Indeed, Defendants cite to approximately fourteen different pages of deposition testimony which purportedly support their position that Mr. Clark makes improper credibility determinations in his report, including testimony regarding Mr. Martinez's use of drugs.  *See* (Doc. 128) at 1–2.  Because Plaintiff has not yet had an opportunity to respond to this evidence, the Court finds it appropriate for Plaintiff to do so in her surreply.

     In addition, the Court does not find that Plaintiff's proposed surreply will unnecessarily expand the scope of Defendants' First Motion in Limine.  Rather, the surreply responds to Defendants' characterization of Mr. Clark's deposition testimony and addresses the issue of Plaintiff's alleged use of drugs during the encounter, which the Court finds would be helpful in resolving Defendants' First Motion in Limine.  For these reasons, the Court will grant Plaintiff leave to file the surreply to respond to this material.

As a result, IT IS THEREFORE ORDERED that Plaintiff's Motion to Strike New Arguments Raised in Defendants' Reply in Support of Defendants' First Motion to Exclude Roger Clark, or in the Alternative, Motion for Leave to File Surreply to Respond to New Arguments, (Doc. 131), is GRANTED IN PART and DENIED IN PART.  Plaintiff is granted leave to file a surreply to Defendants' First Motion in Limine to Exclude the Opinion Testimony of Plaintiff's Expert Roger A. Clark.  (Doc. 110).

_____
UNITED STATES DISTRICT JUDGE