IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

JACKIE MARTINEZ, as Personal
Representative on behalf of the
Estate of Russell Martinez,

      Plaintiff,

vs.                                                            Civ. No. 14-534 KG/WPL

JOSEPH SALAZAR, in his individual
capacity, GREG ESPARZA, in his
individual capacity, THE ESPANOLA
DEPARTMENT OF PUBLIC SAFETY,
LEO MONTOYA, and THE CITY OF
ESPANOLA,

      Defendants.

MEMORANDUM OPINION AND ORDER

This matter comes before the Court upon Defendant Joseph Salazar, Greg Esparza, the Espanola Department of Public Safety, Leo Montoya, and the City of Espanola's ("Defendants'") Amended Motion to Dismiss the Amended Complaint ("Amended Motion"), filed on February 9, 2016. (Doc. 156). Plaintiff Jackie Martinez, as personal representative on behalf of the Estate of Russell Martinez ("Plaintiff"), filed a response on February 16, 2016, and Defendants filed a reply on March 1, 2016. (Docs. 158 and 165). Having reviewed the Amended Motion and the accompanying briefs, the Court DENIES the Amended Motion.

**I.     Background**

This is a police excessive force case arising from interactions between Russell Martinez ("Mr. Martinez"), a paraplegic, and Defendants Joseph Salazar and Greg Esparza on May 11, 2012. Mr. Martinez originally filed this case on May 5, 2014 in the First Judicial District Court,

County of Rio Arriba, New Mexico. (Doc. 1-1). Defendants later removed the case to this Court on June 6, 2014. (Doc. 1). Subsequently, Mr. Martinez filed his First Amended Complaint for Damages Resulting from Civil Rights Violations, Intentional Torts, Negligence, and Violations of Title II of the Americans with Disabilities Act ("Amended Complaint"), alleging that Espanola Police Department Officers Joseph Salazar and Greg Esparza pulled him from his car and tased him multiple times. (Doc. 88). In Count I of the Amended Complaint, Mr. Martinez brought 42 U.S.C. § 1983 excessive force claims against Salazar and Esparza. (Doc. 88) at 5. In Count II, Mr. Martinez brought New Mexico Tort Claims Act ("NMTCA") claims against Salazar and Esparza for the intentional torts of assault, battery, false arrest, and violation of the United States and New Mexico constitutions. *Id.* at 5–6. In addition, Mr. Martinez brought *respondeat superior* claims against the Espanola Department of Public Safety ("EDPS") and the City of Espanola for the intentional torts allegedly committed by Salazar and Esparza. *Id.* In Count III, Mr. Martinez brought state negligence claims against Joe Montoya, the Director of the EDPS, for negligently hiring, training, and/or supervising Salazar and Esparza, and thereby causing Salazar and Esparza to commit the intentional torts listed in Count II. *Id.* at 6–7. Mr. Martinez also alleged that EDPS and the City of Espanola are liable for Montoya's negligent actions under *respondeat superior*. *Id.* at 7. Finally, in Count IV, Mr. Martinez asserted claims under Title II of the Americans with Disabilities Act ("ADA") against the EDPS and the City of Espanola for failing to reasonably accommodate his disability in the course of questioning, interacting with, and detaining him. *Id*.

  Defendants then moved to partially dismiss the Amended Complaint for failure to state a claim in their Motion to Dismiss for Failure to State a Claim and Memorandum of Law in Support. (Doc. 93). On December 7, 2015, Plaintiff's Counsel filed a statement notifying the

Court and the parties that Mr. Martinez had passed away. (Doc. 139). The Court then substituted Jackie Martinez, as personal representative of Mr. Martinez's estate, as the plaintiff in this case. (Doc. 161). Defendants subsequently filed their Amended Motion, moving to dismiss the Amended Complaint in its entirety for failure to state a claim, on the grounds that Mr. Martinez had died and that his claims did not survive his death. (Doc. 156). Plaintiff strongly opposes the Amended Motion. (Doc. 158).

## II. Standard of Review

In reviewing a Rule 12(b)(6) motion asserting a failure to state a claim upon which relief can be granted, a Court must accept all well-pleaded allegations as true and must view them in a light most favorable to the plaintiff. *Zinermon v. Burch,* 494 U.S. 113, 118 (1990). Rule 12(b)(6) requires that a complaint set forth the grounds of a plaintiff's entitlement to relief through more than labels, conclusions and formulaic recitation of the elements of a cause of action. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). To survive a 12(b)(6) motion to dismiss, a complaint does not need to include detailed factual allegations, but "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Id.* In other words, dismissal of a complaint under Rule 12(b)(6) is proper only where it is obvious that the plaintiff failed to set forth "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570.

## III. Discussion

Defendants argue that the Amended Complaint should be dismissed entirely on the basis that Plaintiff's claims do not survive Mr. Martinez's death. In support of this argument, Defendants explain that New Mexico law governs the survival of Plaintiff's Section 1983, NMTCA, and ADA claims. Under New Mexico law, Defendants maintain that personal injury

claims based on a defendant's intentional conduct abate at the time of the plaintiff's death. Because Plaintiff's claims in this case are necessarily predicated on intentional conduct, Defendants argue that they are analogous to intentional tort causes of action, and therefore do not survive.

Plaintiff responds that, in New Mexico, it is well-settled that pending actions, i.e. those actions filed before the death of a party, generally survive the death of the plaintiff. Plaintiff points out that all the cases Defendants cite in support of their argument are cases in which the complaint was filed *after* the plaintiff had died, whereas here, Mr. Martinez filed this case over a year before his death. Plaintiff maintains that, based on a plain reading of the statute governing the survival of *pending* actions where a party has died, it is clear that Plaintiff's claims do not abate.

    A. *Relevant Law Regarding the Survival of Claims in New Mexico*

"The question of the survival of an action grounded in federal law is governed by federal common law when, as here, there is no expression of contrary intent." *Slade for Estate of Slade v. U.S. Postal Service*, 952 F.2d 357, 360 (10th Cir. 1991) (citing *Smith v. Department of Human Servs.*, 876 F.2d 832, 834 (10th Cir. 1989)). "[I]f federal law does not provide a rule of decision in a civil rights case, federal law will incorporate the appropriate state law, unless that law is 'inconsistent with the Constitution and laws of the United States.'" *Id.* (citing *Bennett v. Tucker*, 827 F.2d 63, 67 (7th Cir. 1987)). Here, there is no dispute that the survival of Plaintiff's federal claims under both Section 1983 and the ADA, as well as his state law claims under the NMTCA, are governed by New Mexico law. *See Robertson v. Wegmann*, 436 U.S. 584, 589–90 (1978) (holding that federal courts examine state law to determine if Section 1983 claim survives death); *Medina v. Pacheco*, 161 F.3d 18, *4 (10th Cir. 1998) (holding that survival of Section 1983

4

actions after plaintiff's death is governed by state law); *Nordwall v. PHC-Las Cruces, Inc.*, 960 F. Supp. 2d 1200, 1237 (D.N.M. 2013) (noting that Tenth Circuit would look to New Mexico law to determine whether plaintiff's ADA claim survived plaintiff's death); *Fitzgerald v. City of Albuquerque et al.*, Civ. No. 12-196 JP/LFG, at *4 (D.N.M. Dec. 3, 2012) (looking to New Mexico survival statutes to determine whether plaintiff's ADA claims survived his death).

The New Mexico statutes governing the question of survivorship provide, in relevant part:

> In addition to the causes of action which survive at common law, causes of action for mesne profits, or for an injury to real or personal estate, or for any deceit or fraud, shall also survive, and the action may be brought, notwithstanding the death of the person entitled or liable to the same. The cause of action for wrongful death and the cause of action for personal injuries, shall survive the death of the party responsible therefor.

NMSA 1978, § 37-2-1 (Cum. Supp. 1999). In addition,

> No action pending in any court shall abate by the death of either, or both, the parties thereto, except an action for libel, slander, malicious prosecution, assault or assault and battery, for a nuisance or against a justice of the peace [magistrate] for misconduct in office, which shall abate by the death of the defendant.

*Id*. at 37-2-4. The Court will now address the survival of Plaintiff's claims under these statutes.

### B. *Whether Plaintiff's Section 1983, NMTCA, and ADA Claims Survive his Death*

Mr. Martinez originally filed this case on May 5, 2014, and Defendants later removed the case to this Court on June 6, 2014. (Docs. 1 and 1-1). On December 7, 2015, Plaintiff's Counsel filed a statement notifying the Court and the parties that Mr. Martinez had passed away. (Doc. 139). Because this case was filed before Mr. Martinez's death, NMSA 1978, § 37-2-4, rather than Section 37-2-1, applies. *See Padilla v. Estate of Griego*, 1992-NMCA-021, 113 N.M. 660, 663, 830 P.2d 1348, 1351 ("Section 37-2-4 applies only when death occurs while an action is pending; it describes which pending actions abate when one of the parties dies.").

A plain reading of Section 37-2-4 suggests that most pending actions in any court will survive the death of either party, except for those specifically enumerated actions in the statute. Because none of Plaintiff's claims expressly abate by the statute, it follows that Plaintiff's pending claims under Section 1983, the NMTCA, and the ADA survive Mr. Martinez's death. Indeed, judges in this District have consistently held as such. *See Littell v. Allstate Insurance Company et al.*, No. CIV 03-493 MCA/RHS, at *6–8 (D.N.M. July 30, 2003) (holding that by explicit language of Section 37-2-4, plaintiff's intentional discrimination and tort claims did not abate when defendant died); *Luce v. Curry Cty. Bd. Of Cty. Comm'rs et al.*, No. CIV 05-1076 MV/LAM, at *4–5 (D.N.M. Apr. 19, 2006) (finding that "clearly," under New Mexico law, Section 1983 action did not abate by plaintiff's death, since action was already pending at that time); *Thorton v. America Online/Time Warner, Inc.*, No. CIV 02-330 LH/ACT, at *4–5 (D.N.M. Oct. 28, 2014) (concluding that, under Section 37-2-4, plaintiff's Title VII action survives his death).

Nevertheless, Defendants maintain that Plaintiff's claims cannot survive Mr. Martinez's death because they would not survive at common law. In support of their argument, Defendants point to a line of cases which hold that intentional torts, which did not survive at common law, do not survive the death of a plaintiff in New Mexico. *See Oliveros v. Mitchell*, 449 F.3d 1091, 1095 (10th Cir. 2006); *Nordwall*, 960 F. Supp. 2d at 1243–45; *Medina v. Pacheco*, 161 F.3d 18, at *5 (10th Cir. 1998); *Rodgers v. Ferguson*, 1976-NMCA-098, 89 N.M. 688, 692–94, 556 P.2d 844, 848–50; *Gruschus v. Curtis Pub. Co.*, 342 F.2d 775, 776 (10th Cir. 1965). Because Plaintiff's claims are premised upon Defendants' intentional conduct, Defendants argue that these claims similarly abated at Mr. Martinez's death.

6

However, these cases are distinguishable from the facts at bar. In each of these cases, the party had died before the lawsuit was filed, whereas here, Mr. Martinez died after the commencement of this lawsuit. In fact, some of these cases acknowledge that, had the plaintiff filed suit before his death, his claims would have survived. *See Oliveros*, 499 F.3d at 1095 n.1; *Rodgers*, 89 N.M. at 692. Again, because Mr. Martinez died while this action was pending, Section 37-2-4, rather than Section 37-2-1, applies. *See Padilla*, 113 N.M. at 663. While Section 37-2-1 limits the survival of cases to only those which survive at common law, and others specifically stated in the statute, Section 37-2-4 does not contain the same limitation. Indeed, Section 37-2-4 states that "[n]o pending action shall abate by the death of either, or both, the parties thereto . . . ." NMSA 1978, § 37-2-4.

Defendants urge that the question remains whether Section 37-2-4 applies to claims of intentional conduct, which do not survive at common law, and thereby to Plaintiff's claims. Defendants insist that, in reading Sections 37-2-1 and 37-2-4 together, this Court cannot allow intentional torts that would not survive at common law to survive a plaintiff's death simply because the action is pending. This argument is unavailing for several reasons.

As an initial matter, the cases cited by Defendants address the survival of claims at common law because the plain language of Section 37-2-1 provides that "[i]n addition to the causes of action which survive at common law," several named causes of action survive a party's death. NMSA 1978, § 37-2-1. In comparison, Section 37-2-4 provides that "[n]o action pending in any court shall abate by the death of [the plaintiff] . . . ." *Id*. at § 37-2-4. Thus, an analysis of pending claims which survive under Section 37-2-4 would not require such a discussion.

Second, the Supreme Court of New Mexico has expressly addressed in *Frampton v. Santa Fe Nw. Ry. Co.* whether the common law survival rule should be read into Section 37-2-4.

7

1930-NMSC-036, 34 N.M. 660, 287 P. 694.  The *Frampton* Court construed New Mexico's survival statutes to mean that an action pending at the time of a plaintiff's death does not abate.[1] *Id*. at 696.   In doing so, the Court acknowledged that, practically, this meant that some pending actions would survive a plaintiff's death under Section 37-2-4, even where the cause of action itself may not have survived pursuant to Section 37-2-1.  *Id*. at 695–96.  The Court found this construction to be reasonable, explaining,

> It would seem to be consistent with common sense to permit a living man to exercise the most unlimited choice as to what causes of action he would enter suit upon and thereby transmit to his representative, if he should die, pending litigation, while denying to the representative the right (and perhaps the duty) to start action upon any cause except those specifically enumerated in the statute.

*Id*. at 696.  Accordingly, the Court held that "the death of a plaintiff pendente lite has no effect upon the cause of action nor the proceedings to enforce it, except to require a representative or the heirs to be substituted . . . ."  *Id*.

Defendants argue that *Frampton* is irrelevant to the issues presented here because, there, the deceased plaintiff's underlying claims were based on negligence, not intentional acts.  Thus, Defendants contend, the discussion in *Frampton* is not helpful in determining whether a pending action for intentional acts would survive the plaintiff's death, as is the case here.  While Defendants are correct that *Frampton* dealt directly with negligence claims, the decision explicitly addresses the possibility that the Court's construction of the statute would allow pending actions which would not survive at common law to survive the plaintiff's death.  Indeed, the *Frampton* Court referred to an action for alienation of affections, which would not survive the death of the plaintiff at common law or by the terms of Section 37-2-1, as an example of a pending action that would nevertheless survive a plaintiff's death.  *Id*. at 695–696.  As stated

---

[1] In that case, the Court interpreted the identically-worded predecessors to Sections 37-2-1 and 37-2-4.  *Id*. at 695.

above, while the *Frampton* Court acknowledged the "difficult[y] attending the construction of [the] statute," it found this construction of the statute to be reasonable and consistent with common sense. *Id.*

Further, and more recently, the New Mexico Court of Appeals and the Tenth Circuit have noted that pending federal actions which are analogous to intentional tort claims would survive a plaintiff's death in New Mexico. The New Mexico Court of Appeals has acknowledged *Frampton*, and specifically explained that even intentional torts, which would not survive a party's death under the common law, and therefore would not survive under Section 37-2-1, are protected from abatement by Section 37-2-4. *Pooler ex rel. Pooler v. City of Albuquerque*, No. 34,063, 2015 WL 4874939, at *2 (N.M. Ct. App. July 16, 2015). In addition, the Tenth Circuit has explained that, had a plaintiff filed his Section 1983 claims before he died, his claims would survive by virtue of New Mexico's survival statutes. *Oliveros v. Mitchell*, 449 F.3d 1091, 1095 n.1 (10th Cir. 2006). Defendants contend that *Pooler* is an unpublished case, and that the cited reasoning from *Oliveros* is dicta, meaning that neither proposition is precedential. However, while neither case is not necessarily binding on the Court, the Court finds their reasoning persuasive, nonetheless. Moreover, Defendants have presented no authority, binding or otherwise, which would require a different result.

Finally, and again, the general practice in this District has been to read Section 37-2-4 to mean what it says. Specifically all pending actions, except for those enumerated in the statute, survive a party's death, even where those causes of action are premised upon intentional conduct and that might not have survived if the plaintiff had died before filing suit. *See Littell*, No. CIV 03-493 MCA/RHS, at *6–8; *Luce*, No. CIV 05-1076 MV/LAM, at *4–5; *Thorton*, No. CIV 02-330 LH/ACT, at *4–5. Indeed, this reading "furthers the goals of [Section] 1983 to provide

9

compensation to victims of illegal violations of their constitutional rights and to deter unconstitutional conduct by the tortfeasor." *Luce*, No. CIV 05-1076 MV/LAM, at *5.

Thus, while the New Mexico Supreme Court has not recently held as such, this Court finds that a plain reading of the relevant statute, as supported by New Mexico and federal caselaw, establishes that pending actions based on intentional acts do not abate upon a plaintiff's death. Therefore, for the reasons stated above, the Court finds that Plaintiff's claims under Section 1983, the NMTCA, and the ADA survive Mr. Martinez's death, pursuant to NMSA 1978, § 37-2-4.

## IV. Conclusion

In light of the foregoing, IT IS THEREFORE ORDERED that Defendants' Amended Motion to Dismiss the Amended Complaint, (Doc. 156), is DENIED.

_____
UNITED STATES DISTRICT JUDGE