IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

JACKIE MARTINEZ, as Personal
Representative on behalf of the
Estate of Russell Martinez,

    Plaintiff,

vs.                                                                                                                      Civ. No. 14-534 KG/WPL

JOSEPH SALAZAR, in his individual
capacity, GREG ESPARZA, in his
individual capacity, THE ESPANOLA
DEPARTMENT OF PUBLIC SAFETY,
LEO MONTOYA, and THE CITY OF
ESPANOLA,

    Defendants.

MEMORANDUM OPINION AND ORDER

        This matter comes before the Court upon Plaintiff Jackie Martinez's Motion for Attorney's Fees and Additional Sanctions Under 28 U.S.C. § 1927 and the Court's Inherent Authority ("Motion") (Doc. 163); Defendants' Response to the Motion for Attorney's Fees and Additional Sanctions Under 28 U.S.C. § 1927 and the Court's Inherent Authority (Doc. 173); and Plaintiff's Reply in Support of Motion for Attorney's Fees and Additional Sanctions Under 28 U.S.C. § 1927 and the Court's Inherent Authority. (Doc. 175). Having reviewed the Motion and the accompanying briefs, the Court DENIES the Motion.

**I.    Background**

        This is a police excessive force case arising from interactions between Russell Martinez ("Mr. Martinez"), a paraplegic, and Defendants Joseph Salazar and Greg Esparza on May 11, 2012. Mr. Martinez originally filed this case on May 5, 2014, in the First Judicial District Court,

County of Rio Arriba, New Mexico.  (Doc. 1-1).  Defendants later removed the case to this Court on June 6, 2014.  (Doc. 1).  Subsequently, Mr. Martinez filed his First Amended Complaint for Damages Resulting from Civil Rights Violations, Intentional Torts, Negligence, and Violations of Title II of the Americans with Disabilities Act ("Amended Complaint"), alleging that Espanola Police Department Officers Joseph Salazar and Greg Esparza pulled him from his car and tased him multiple times.  (Doc. 88).  In Count I of the Amended Complaint, Mr. Martinez brought 42 U.S.C. § 1983 excessive force claims against Salazar and Esparza.  (Doc. 88) at 5.  In Count II, Mr. Martinez brought New Mexico Tort Claims Act ("NMTCA") claims against Salazar and Esparza for the intentional torts of assault, battery, false arrest, and violation of the United States and New Mexico constitutions.  *Id.* at 5–6.  In addition, Mr. Martinez brought *respondeat superior* claims against the Espanola Department of Public Safety ("EDPS") and the City of Espanola for the intentional torts allegedly committed by Salazar and Esparza.  *Id.*  In Count III, Mr. Martinez brought state negligence claims against Joe Montoya, the Director of the EDPS, for negligently hiring, training, and/or supervising Salazar and Esparza, and thereby causing Salazar and Esparza to commit the intentional torts listed in Count II.  *Id.* at 6–7.  Mr. Martinez also alleged that EDPS and the City of Espanola are liable for Montoya's negligent actions under *respondeat superior*.  *Id.* at 7.  Finally, in Count IV, Mr. Martinez asserted claims under Title II of the Americans with Disabilities Act ("ADA") against the EDPS and the City of Espanola for failing to reasonably accommodate his disability in the course of questioning, interacting with, and detaining him.  *Id*.

On December 7, 2015, Plaintiff's Counsel filed a statement notifying the Court and the parties that Mr. Martinez had passed away.  (Doc. 139).  The Court then substituted Jackie Martinez, as personal representative of Mr. Martinez's estate, as the plaintiff in this case.  (Doc.

161). Defendants subsequently filed a Motion to Dismiss the Amended Complaint, moving to dismiss the Amended Complaint in its entirety for failure to state a claim, on the grounds that Mr. Martinez had died and that his claims did not survive his death. (Doc. 145). In response to the Motion to Dismiss the Amended Complaint, Plaintiff served Defendants with a Motion for Sanctions Pursuant to Fed. R. Civ. P. 11(b)(2), on the basis that Defendants' position was foreclosed by New Mexico statutes and caselaw, Defendants had relied on inapposite caselaw, and had failed to cite controlling law contrary to their position. (Doc. 151). Defendants then withdrew their Motion to Dismiss the Amended Complaint, and filed an Amended Motion to Dismiss the Amended Complaint ("Amended Motion to Dismiss"). (Docs. 154 & 156). Subsequently, Plaintiff filed her Motion, asking this Court to award attorney's fees and other sanctions against Defendants, for Defendants' repeated efforts to advance a meritless position. (Doc. 163). Defendants oppose the Motion in its entirety. (Doc. 173).

 This Court has since denied Defendants' Amended Motion to Dismiss, on the grounds that, under New Mexico state law, Plaintiff's claims on the basis of Defendants' intentional conduct survives Mr. Martinez's death. (Doc. 206). The Court will now consider whether it should award Plaintiff sanctions against Defendants for filing the Amended Motion to Dismiss, despite Plaintiff's assertions that their arguments were frivolous.

 **II.** **Standard of Review**

  A. <u>Sanctions Under 28 U.S.C. § 1927</u>

 28 U.S.C. § 1927 states that an attorney "who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." In the Tenth Circuit, "[t]his is an 'extreme standard,' and fees should be awarded 'only in instances

evidencing a serious and standard disregard for the orderly process of justice.'" *Baca v. Berry*, 806 F.3d 1262, 1268 (10th Cir. 2015) (quoting *AeroTech, Inc. v. Estes*, 110 F.3d 1523, 1528 (10th Cir. 1997) (internal quotation marks omitted)). Under that standard, Section 1927 sanctions are appropriate "when an attorney is cavalier or bent on misleading the court; intentionally acts without a plausible basis; [or] when the entire course of the proceedings was unwarranted." *Danielson-Holland v. Standley & Associates,* LLC, 512 F. App'x 850, 853 (10th Cir. 2013) (quoting *Dominion Video Satellite, Inc. v. Echostar Satellite L.L.C.*, 430 F.3d 1269, 1278 (10th Cir. 2005)). Accordingly, "courts must 'strictly construe[]'" Section 1927 to prevent "dampen[ing] the legitimate zeal of an attorney in representing his client." *Baca*, 806 F.3d at 1268 (quoting *Braley v. Campbell*, 832 F.2d 1504, 1512 (10th Cir. 1987)). In deciding whether to award Section 1927 attorney's fees and costs, courts must consider whether the conduct when "viewed objectively, manifests either intentional or reckless disregard of the attorney's duties to the court…." *Id.* (quoting *Hamilton v. Boise Cascade Express*, 519 F.3d 1197, 1202 (10th Cir. 2008) (internal quotation marks omitted)).

  B. <u>Sanctions Under the Court's Inherent Authority</u>

"It has long been understood that '[c]ertain implied powers must necessarily result to our Courts of justice from the nature of their institution,' powers 'which cannot be dispensed with in a Court, because they are necessary to the exercise of all others.'" *Chambers v. NASCO, Inc.*, 501 U.S. 32, 43 (1991) (citing *United States v. Hudson*, 7 Cranch 32, 34 (1812); *Roadway Express, Inc. v. Piper,* 447 U.S. 752, 764 (1980)). "Because of their very potency, inherent powers must be exercised with restraint and discretion." *Id.* at 44 (citing *Roadway Express*, 447 U.S. at 764). Within this discretion is the "ability to fashion an appropriate sanction for conduct

which abuses the judicial process." *Id*. at 44–45.  Such sanctions may range from an outright dismissal of the lawsuit to an assessment of attorney's fees.  *Id*. at 45 (internal citations omitted).

The Tenth Circuit has articulated a number of factors that may inform the district court's discretion in determining whether dismissal is an appropriate sanction:

> (1) the degree of actual prejudice to the defendant; (2) the amount of interference with the judicial process; (3) the culpability of the litigant; (4) whether the court warned the party in advance that dismissal of the action would be a likely sanction for noncompliance; and (5) the efficacy of lesser sanctions.

*Chavez v. City of Albuquerque*, 402 F.3d 1039, 1044 (10th Cir. 2005) (citing *Ehrenhaus v. Reynolds,* 965 F.2d 916, 921 (10th Cir. 1992)).

As for alternative sanctions, the Court may also "assess attorney's fees when a party has 'acted in bad faith, vexatiously, wantonly, or for oppressive reasons.'" *Chambers*, 501 U.S. at 45–46 (citing *Alyeska Pipeline Service Co. v. Wilderness Society,* 421 U.S. 240, 258–59 (1975)). In this regard, if a court finds "that fraud has been practiced upon it, or that the very temple of justice has been defiled," it may assess attorney's fees against the responsible party, [ ] as it may when a party "shows bad faith by delaying or disrupting the litigation or by hampering enforcement of a court order."  *Id*. at 46 (citing *Universal Oil Products Co. v. Root Refining Co.,* 328 U.S. 575, 580 (1946); *Hutto v. Finney,* 437 U.S. 678, 689, n. 14 (1978)).

### III.  Discussion

Plaintiff argues that Defendants' assertion of frivolous arguments and attempts to mislead the Court in their Amended Motion to Dismiss, despite Plaintiff's warnings, constitutes intentionally unreasonable and vexatious behavior.  Accordingly, Plaintiff contends that sanctions pursuant to both 28 U.S.C. § 1927 and the Court's inherent authority.  Plaintiff asks for

an award of reasonable attorney's fees incurred in addressing the arguments advanced in the Amended Motion to Dismiss, and any further sanctions the Court deems necessary.

In response, Defendants maintain that their positions have not been frivolous, and that they have in no way attempted to mislead or misinform the Court. Defendants assert that, even if the Court does not agree with their position, they appropriately presented legal theories supported by, and not foreclosed, by relevant caselaw.

In the Amended Motion to Dismiss, Defendants argued that, under New Mexico law, personal injury claims based on a defendant's intentional conduct abate at the time of the plaintiff's death. Because Plaintiff's claims in this case are necessarily predicated on intentional conduct, Defendants maintained that they are analogous to intentional tort causes of action, and therefore do not survive. Plaintiff responded that, in New Mexico, it is well-settled that pending actions, i.e. those actions filed before the death of a party, generally survive the death of the plaintiff, based on a plain reading of the statute. Plaintiff based this argument on the governing statute, which reads:

> No action pending in any court shall abate by the death of either, or both, the parties thereto, except an action for libel, slander, malicious prosecution, assault or assault and battery, for a nuisance or against a justice of the peace [magistrate] for misconduct in office, which shall abate by the death of the defendant.

NMSA 1978, § 37-2-4 (Cum. Supp. 1999).

Defendants urged that the question remained whether Section 37-2-4 applies to claims of *intentional conduct*, which do not survive at common law, and thereby to Plaintiff's claims. Defendants insisted that, in reading Section 37-2-4 together with the rest of the statutory sections and considering that courts construe statutory language in favor of existing common law, this Court could not allow intentional torts which would not survive at common law to survive a plaintiff's death simply because the action is pending.

Ultimately, the Court held that a plain reading of Section 37-2-4 suggests that most pending actions in any court will survive the death of either party, except for those specifically enumerated actions in the statute. The Court found that this statute, as supported by New Mexico and federal caselaw, established that pending actions based on intentional acts do not abate upon a plaintiff's death. Accordingly, the Court denied Defendants' Amended Motion to Dismiss.

While the Court was not persuaded by Defendants' argument, it will not go so far as to say it was frivolous. The Court finds that Defendants were entitled to make a good-faith argument to extend the common law rule that claims based on intentional conduct do not survive a plaintiff's death, and that the rule should apply to Section 37-2-4. The Court does not agree with Plaintiff's characterization that this argument completly frivolous or baseless. In fact, there seemed to be very few cases which squarely answered this specific question. Indeed, the Court relied upon the statute itself, an unpublished case from the New Mexico Court of Appeals, non-binding federal caselaw interpreting New Mexico law, and a Supreme Court of New Mexico case from 1930 in order to come to its decision.

In addition, the Court does not find Defendants' presentation of their argument and supporting caselaw to be misleading or abusive of the judicial process. In their briefs, Defendants cited the relevant statute, NMSA 1978, § 37-2-4, and acknowledged contrary authority. Defendants were also clear that the cases they had cited in support of their argument were cases in which a party had died prior to filing suit, and thus were governed by a separate section of the relevant statute.[1] The Court understood that Defendants' argument was to extend

---

[1] That statute reads: "[I]n addition to the causes of action which survive at common law, causes of action for mesne profits, or for an injury to real or personal estate, or for any deceit or fraud, shall also survive, and the action may be brought, notwithstanding the death of the person

the reasoning regarding the survival of intentional torts in the cited cases to the case at bar. The Court absolutely disagrees with Defendants' reasoning, but was not mislead by the authority supporting their proposition.

Because Defendants' arguments advanced in the Amended Motion to Dismiss were not frivolous, Defense counsel's conduct was neither unreasonable nor vexatious. Thus, viewing the circumstances of this case objectively, the Court cannot find that Defendants' counsel intentionally or recklessly disregarded their duty to the Court, or otherwise abused the judicial process, by filing the Amended Motion to Dismiss. The conduct exhibited by Defendants' counsel simply does not rise to the extreme level required by Section 1927, or for the Court to impose sanctions under its inherent authority. The Court, therefore, denies Plaintiff's request for an award of attorneys' fees and costs.

### IV. Conclusion

In light of the foregoing, IT IS THEREFORE ORDERED that Plaintiff's Motion for Attorney's Fees and Additional Sanctions Under 28 U.S.C. § 1927, (Doc. 163), is DENIED.

_____
UNITED STATES DISTRICT JUDGE

---

entitled or liable to the same. The cause of action for wrongful death and the cause of action for personal injuries, shall survive the death of the party responsible therefor." NMSA 1978, § 37-2-1.