IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

JACKIE MARTINEZ, as Personal
Representative on behalf of the
Estate of Russell Martinez,

    Plaintiff,

vs.                                                                                               Civ. No. 14-534 KG/WPL

JOSEPH SALAZAR, in his individual
capacity, GREG ESPARZA, in his
individual capacity, THE ESPANOLA
DEPARTMENT OF PUBLIC SAFETY,
LEO MONTOYA, and THE CITY OF
ESPANOLA,

    Defendants.

## MEMORANDUM OPINION AND ORDER

This matter comes before the Court upon Plaintiff's Motion to Reconsider Order Granting In Part and Denying In Part Defendant's Motion to Dismiss ADA Title II Wrongful Arrest Claim ("Motion to Reconsider"), filed on December 12, 2016. (Doc. 210). Defendants have not responded to the Motion to Reconsider, and the deadline for doing so has passed.[1] *See* (Doc. 214).

In the Motion to Reconsider, Plaintiff asks this Court to reconsider its holding that Plaintiff failed to state a claim under the Americans with Disabilities Act ("ADA's") "wrongful arrest" theory. (Doc. 210) at 1; (Doc. 208) at 7. Having reviewed the Motion to Reconsider,

---

[1] Under this Court's Local Rules, "[t]he failure of a party to file and serve a response in opposition to a motion within the time prescribed for doing so constitutes consent to grant the motion." D.N.M.LR-Civ. 7.1(b).

the accompanying briefs, and relevant law, the Court GRANTS Plaintiff's Motion to Reconsider.

I. **Standard of Review**

Pursuant to Federal Rule of Civil Procedure 54(b), courts may alter or amend an interlocutory order at any time before the filing of the final judgment. Generally, "the standard for reviewing a Rule 54(b) motion for reconsideration is the same as the standard for reviewing a Rule 59(e) motion to alter or amend a judgment." *Public Service Co. of New Mexico v. Approximately 15.49 Acres of Land in McKinley County, New Mexico*, No. 15 CV 501 JAP/CG, 2016 WL 877951, at *2 (D.N.M. Mar. 2, 2016) (unpublished) (internal citations omitted). "Hence, the Court can grant [a motion to reconsider if the movant] shows: (1) there has been an intervening change in the controlling law; (2) there is new evidence previously unavailable; or (3) the Court needs to correct clear error or prevent manifest injustice." *Id*. (citing *Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000)). "A district court has considerable discretion in ruling on a motion to reconsider." *Nationwide Mut. Ins. Co. v. C.R. Gurule, Inc.*, No. CV 15-0199 JB/KBM, 2016 WL 164332, at *8 (D.N.M. Jan. 4, 2016) (unpublished) (citing *Phelps v. Hamilton*, 122 F.3d 1309, 1324 (10th Cir. 1997)).

II. **Background**[2]

This is a police excessive force case arising from interactions between Russell Martinez ("Mr. Martinez") and Defendant Espanola Police Officers Joseph Salazar and Greg Esparza. Plaintiff's First Amended Complaint for Damages Resulting from Civil Rights Violations, Intentional Torts, Negligence, and Violations of Title II of the Americans with Disabilities Act ("Amended Complaint") alleges that Defendants Salazar and Esparza beat and Tased Mr.

---

[2] The Court includes only the facts and procedural history pertinent to the Motion to Reconsider.

Martinez, a paraplegic, after asking him to exit his vehicle during an investigation. (Doc. 88). Specifically, in Count IV, Plaintiff asserts claims under Title II of the ADA against the Espanola Department of Public Safety ("EDPS") and the City of Espanola for Defendant Salazar and Esparza's failure to reasonably accommodate Mr. Martinez's disability in the course of questioning, interacting with, and detaining him. *Id*. at 7. Defendants moved to dismiss Plaintiff's claim pursuant to the ADA under a "wrongful arrest" theory on the grounds that the Amended Complaint did not adequately allege that Defendants wrongfully arrested Mr. Martinez because they misperceived the effects of his disability as criminal activity. (Doc. 93) ("Motion to Dismiss") at 4–6.

The Court agreed, and held that Plaintiff failed to state a claim for relief under the ADA under a "wrongful arrest" theory. (Doc. 208) ("Order") at 6–8. The Court explained that, in order to state an ADA claim for a "wrongful arrest," the Amended Complaint must have plausibly alleged that Defendants Salazar and Esparza wrongfully arrested Mr. Martinez because they misperceived the effects of his disability, or his paraplegia, as criminal activity. *Gohier v. Enright*, 186 F.3d 1216, 1220 (citing *Lewis v. Truitt*, 960 F. Supp. 175, 176–77 (S.D. Ind. 1997); *Jackson v. Inhabitants of the Town of Sanford*, No. 94–12–P–H, 1994 WL 589617, at *1 (D. Me. Sept. 23, 1994)). This required Plaintiff to show that: (1) Mr. Martinez was disabled; (2) Defendants Salazar and Esparza knew or should have known that he was disabled; and (3) Defendants Salazar and Esparza arrested Mr. Martinez because of legal conduct related to his disability. *Id*. (internal citations omitted); *See e.g. Lewis*, 960 F. Supp. at 178; *Everson v. Leis*, 412 F. App'x 771, 780 (6th Cir. 2011). Because the Amended Complaint did not specifically allege, and Plaintiff did not argue, that Mr. Martinez was arrested for purposes of the "wrongful arrest" theory under the ADA, the Court dismissed that claim.

**III.     Discussion**

In the Motion to Reconsider, Plaintiff argues that the Court misapprehended the facts related to the claim, and that it should reconsider its ruling.  Plaintiff first contends that Defendants have admitted that Mr. Martinez was arrested.  *See* (Doc. 23) Espanola Defendants' Contentions, Joint Status Report and Discovery Plan, at 7 ("Finally, Mr. Martinez was successfully apprehended.  Russell Martinez was arrested for Battery Upon a Peace Officer.").  Second, Plaintiff argues that the facts in the Amended Complaint sufficiently allege that Mr. Martinez was "arrested" for purposes of the ADA "wrongful arrest" theory.

While Plaintiff did not make these arguments in the underlying briefing on the Motion to Dismiss, the Court finds Plaintiff's arguments to be well-taken.  In the context of ADA claims, the Tenth Circuit has "broadly use[d] the term 'arrest' to include several different scenarios: arrests; investigations potentially involving an arrest[ ]; and violent confrontations not technically involving an arrest . . . ."  *Gohier v. Enright*, 186 F.3d 1216, 1220 n.2 (10th Cir. 1999).[3]  In addition, in the context of Fourth Amendment claims, the Tenth Circuit has explained that "'an unreasonable level of force transforms a *Terry* detention into an arrest requiring probable cause,'" and that a defendant police officer's actions in throwing down a plaintiff constitute an arrest.  *Morris v. Noe*, 672 F.3d 1185, 1192 (10th Cir. 2012) (citing *United States v. Shareef,* 100 F.3d 1491, 1507 (10th Cir. 1996)).

Here, based on the allegations in the Amended Complaint, it is plausible that Defendant Salazar misperceived Mr. Martinez's inability to exit his vehicle—resulting from his disability— as unlawful conduct.  It is also plausible that this conduct ultimately prompted Defendants Salazar and Esparza to assault and, therefore, arrest Mr. Martinez.  Indeed, the Amended

---

[3] Defendants had an opportunity to respond to this argument in a response to the Motion to Reconsider.  They did not.

Complaint asserts that Defendant Salazar represented in a police report that Mr. Martinez committed the offense of Battery Upon a Police Officer. As a result, the Court now finds that the Amended Complaint states a claim under the ADA's "wrongful arrest" theory, and that its previous ruling should be amended accordingly.

### IV.     Conclusion

For the foregoing reasons, IT IS THEREFORE ORDERED that Plaintiff's Motion to Reconsider Order Granting In Part and Denying In Part Defendant's Motion to Dismiss ADA Title II Wrongful Arrest Claim, (Doc. 210), is GRANTED and that Plaintiff's ADA claim proceed under the "wrongful arrest" theory.

_____
UNITED STATES DISTRICT JUDGE