IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

JACKIE MARTINEZ, Personal
Representative, on behalf of the Estate of
RUSSELL MARTINEZ,

    Plaintiff,

vs.

                                                                                Case No. 14-cv-00534 KG/WPL

JOSEPH SALAZAR, et al.,

    Defendants.

## MOTION IN LIMINE TO ADMIT TASER USE DATA

Plaintiff Jackie Martinez, by and through undersigned counsel, respectfully moves the Court to allow Plaintiff to use, as evidence, data of Taser usage from Defendant Greg Esparza's Taser. This evidence is relevant, and also qualifies as a business record under Fed. R. Evid. 803(6). Therefore, it is admissible. Defendants oppose this Motion.

### BACKGROUND

In discovery, Defendants produced data from two Tasers that have been used by Defendant Greg Esparza during his time with the Espanola Police Department. (*See* Doc. 172 at 7.) That data showed, *inter alia*, that Defendant Esparza used a Taser four times, delivering a five-second burst of electricity each time, on the afternoon of May 11, 2012. (*Id.*) Previously, Defendant Esparza had testified that he had used a Taser twice against Russell Martinez on that date. (*Id.*)

Francisco Galvan, the records custodian for the Espanola Police Department, testified in his deposition about the manner in which data is recorded on the Tasers. Mr. Galvan explained that each time an officer presses the Taser's trigger, that event is recorded in the Taser's internal

memory. (Exhibit 1, Deposition of F. Galvan, 41:13–42:6; 43:16–19; 44:16–44:11.) Mr. Galvan downloaded the data from Defendant Esparza's Taser using a USB link, and the document that was produced was a PDF printout of that data. (*Id.* at 41:13–42:6.)

## ARGUMENT

**I.     As This Court Has Already Found, This Objective Taser Data is Relevant.**

Plaintiff seeks to prove that Defendant Esparza's Taser use was excessive and unreasonable. The number of times Defendant Esparza used the Taser against Russell Martinez is clearly relevant to whether the use of force was excessive. *See Perea v. Baca*, 817 F.3d 1198 1203–04 (10th Cir. 2016) (finding disputed fact as to excessive force because officers repeatedly tased arrestee, even after he was subdued). In addition, Defendant Esparza's testimony is likely to differ significantly from Plaintiff's version of events, making his credibility an important issue. If he testifies as he did at his deposition and understates the frequency with which he has used the Taser and reported such use, this data will be relevant to his credibility. The Court has already found that this evidence is relevant in the context of the missing data from Defendant Salazar's Taser: "The objective evidence is relevant to whether Defendant Salazar used excessive force and, in addition, is crucial in determining the credibility of the witnesses…." (Doc. No. 225 at 12.) The exact same logic applies to the data from Defendant Esparza's Taser.

**II.    The Taser Data Is a Business Record.**

Under the "business records" exception to the hearsay rule, a "record" of an "event" is admissible if the following are met:

> (A) the record was made at or near the time by—or from information transmitted by—someone with knowledge;
> (B) the record was kept in the course of a regularly conducted activity of a business, organization, occupation, or calling, whether or not for profit;
> (C) making the record was a regular practice of that activity;

        (D) all these conditions are shown by the testimony of the custodian or another qualified witness…
        (E) the opponent does not show that source of information or the method or circumstances of preparation indicate a lack of trustworthiness.

Fed. R. Evid. 803(6).

    The Tenth Circuit has upheld the admission of a wide variety of automatically generated electronic records under the business records exception, including: cellular telephone records, *United States v. Yeley Davis*, 632 F.3d 673, 678 (10th Cir. 2011); wire transfer records, *United States v. Keck*, 643 F.3d 789, 796 (10th Cir. 2011); INS computer records of amnesty applications, *Hernandez*, 913 F.2d at 1512; computer-generated reproductions of insurance cancellation notices, *Hardison v. Balboa Ins. Co.*, 4 F. App'x 663, 669 (10th Cir 2001); and IRS computer records, *United States v. Hayes,* 861 F.2d 1225, 1228–29 (10th Cir. 1988).

    All of the elements of the business records exception are met in this case. First, according to Mr. Galvan, the records were created automatically each time Defendant Esparza depressed the trigger on the Taser. (Exhibit 1 at 41:13–21; 43:16–19; 44:17–45:11.) Therefore, they were made at the time of the event. Second, because the records were automatically created and automatically stored in the Taser whenever Defendant Esparza used the Taser, they were created in the course of Defendant Esparza's work as a police officer for the Espanola Police Department, which was a regularly conducted activity. Third, because the records were automatically created every single time Defendant Esparza pressed the trigger of the Taser, the creation of these records was a regular practice of Defendant Esparza's work as a police officer. Fourth, these conditions have been shown by the testimony of Francisco Galvan, the records custodian for the Espanola Police Department. Fifth, and finally, Defendants have not shown that these records lack trustworthiness.

**CONCLUSION**

    Because, as this Court has already found, the data from Defendant Esparza's Taser is relevant to whether excessive force was used and to Defendant Esparza's credibility, and because the data entries constitute business records, the Taser data should be admitted into evidence at trial.

                          Respectfully submitted,

                          COBERLY & MARTINEZ, LLLP

                          */s/ A. Nathaniel Chakeres*
                          Todd A. Coberly
                          A. Nathaniel Chakeres
                          1322 Paseo de Peralta
                          Santa Fe, NM 87501
                          (505) 989-1029

**CERTIFICATE OF SERVICE**

    I hereby certify that on this 6th day of February, 2017, I filed the foregoing using the CM/ECF system, which will electronically send notification of such filing to all counsel of record.

                          */s/ A. Nathaniel Chakeres*
                          A. Nathaniel Chakeres