IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

JACKIE MARTINEZ, as Personal
Representative on behalf of the
Estate of Russell Martinez,

    Plaintiff,

vs.                                                                                Civ. No. 14-534 KG/WPL

JOSEPH SALAZAR, in his individual
capacity, GREG ESPARZA, in his
individual capacity, THE ESPANOLA
DEPARTMENT OF PUBLIC SAFETY,
LEO MONTOYA, and THE CITY OF
ESPANOLA,

    Defendants.

## MEMORANDUM OPINION AND ORDER

This matter comes before the Court *sua sponte* for reconsideration of its order at the pretrial conference held on February 23, 2017, allowing Defendants to submit deposition designations for use at trial. As explained below, upon further consideration the Court finds no good cause to extend the deadline for Defendants' deposition designations and, as a result, will consider only those designations submitted by Plaintiff.

The Court originally issued its scheduling order for jury selection and trial in this case on December 13, 2016. *See* (Doc. 212) ("Scheduling Order"). The Scheduling Order set this action for jury selection and trial on March 6, 2017, and outlined related trial deadlines. Pursuant to the Scheduling Order, deposition testimony designations were to be filed with the Court fifteen days before trial, February 17, 2017. *Id*. at 3. Objections to deposition testimony designations were to be filed ten days before trial, February 24, 2017. *Id*. The Court reminded

the parties of these deadlines at a telephonic status conference held on February 15, 2017. *See* (Doc. 253); Transcript of Hearing at 9 (taken February 15, 2017) ("Feb. 15, 2017 Tr.").[1] At the telephonic status conference, the Court noted that the designation objection deadline of February 24, 2017, would not allow the Court to rule on any objections to the deposition designations at the pretrial conference set for February 23, 2017. *Id*. at 9–10. As a result, the Court confirmed that the deadline for deposition designations would be February 17, 2017, but reset the deadline to object to those designations to February 21, 2017, to allow the Court to review the objections and to make any necessary rulings during the pretrial conference on February 23, 2017. *Id*.

Plaintiff filed her deposition designations for Russell Martinez, the original plaintiff in this case, on February 17, 2017. (Doc. 255). Defendants did not file deposition designations or objections to Plaintiff's designations.

At the pretrial conference on February 23, 2017, Plaintiff objected to any use of deposition designations by Defendants at trial on the grounds that they missed the Court's clear deadlines. Transcript of Hearing at 11 (taken February 23, 2017) ("Feb. 23, 2017 Tr.").[2] In response, Defendants offered no good cause for their failure to meet the Court's deadlines set out in the Scheduling Order and further amended at the telephonic status conference held on February 15, 2017. Rather, Defendants moved the Court to accept the deposition designations outlined in the parties' proposed pretrial order, which was filed with the Court on January 25, 2017. (Doc. 224). Defendants maintained that the designations in the proposed pretrial order

---

[1] The Court's citations to the transcript of the status conference refer to the court reporter's original, unedited version. Any final transcript may contain slightly different page and/or line numbers.

[2] *See* note 1, above.

2

were sufficient to put Plaintiff on notice about the specific portions of Russell Martinez's deposition Defendants intend to use at trial. Feb. 23, 2017 Tr. at 11–12. Defendants emphasized that the deposition designations in this case are critical, because the original plaintiff, Russell Martinez, is now deceased. *Id*. at 12. Plaintiff replied that the Court has set clear deadlines in this case and Plaintiff has adhered to those deadlines, while Defendants have not. *Id*. at 14–15. Plaintiff further stated that any extension of the deadlines would prejudice Plaintiff because of the limited time now available to review and object to Defendants' deposition designations prior to trial on March 6, 2017. *Id*. Finally, Plaintiff noted that the deposition designations identified by Defendants in the proposed pretrial order are unclear as to what portions of the deposition they are referring. *Id*.

At the pretrial conference, the Court ruled to allow Defendants to specify which of the designations outlined in the pretrial order are the same as Plaintiff's designations, and those that are not. The Court determined that it would then rule on whether to admit designations not already identified by Plaintiff prior to trial. *Id*. at 15–16.

Upon further reconsideration of the arguments of counsel, the deadlines set in this case, and the designations described in the proposed pretrial order, the Court finds Plaintiff's arguments to be well-taken. Indeed, the Court notes that Defendants have failed to meet other deadlines in this case. Moreover, the Court expressly reminded counsel as recently as February 15, 2017, at the telephonic status conference, of the upcoming deposition designation deadlines.

In addition, to the extent the designations identified by Defendants in the proposed pretrial order could remedy Defendants' failure to abide by the Court's deadlines, the designations, on their face, do not clearly designate the portions of the deposition Defendants

intend to utilize during trial.  Specifically, the designations read: "Russell Martinez-Deposition, P.4, l. 6-8, P.5, l. 19 to 107, l. 17, P.114, l. 9, P.115, l. 3." (Doc. 224) at 11.  As noted at the pretrial conference, neither Plaintiff nor the Court could determine what portions of the deposition these designations referred to, and the Court required Defendants to interpret the designations.[3]  Feb. 23, 2017 Tr. at 15–18.  Based on Defendants' clarification at the pretrial conference, the designations included over one hundred pages of deposition testimony to be used at trial.  *Id.*

This Court is mindful that the deposition at issue is of the original Plaintiff in this action, Russell Martinez, who is now deceased.  For this reason, however, it was of critical importance to Defendants to meet the original deadline, yet they clearly and inexplicably failed to do so.

Thus, after considering the deadlines in the Scheduling Order, this Court's instructions at the February 15, 2017 telephonic status conference, Defendants' repeated failure to meet deadlines in this case, and the asserted prejudice to Plaintiff, this Court finds no good cause to extend the deposition designation deadline, and will not further consider any designations other than those already submitted by Plaintiff.

IT IS SO ORDERED.

UNITED STATES DISTRICT JUDGE

---

[3] The Bluebook citation for precise material in the deposition, based on Defendants' clarifications, would be 4:6–8, 5:19–107:17, etc.. *See* The Bluebook: A Uniform System of Citation R. B17.1.2, at 25 (Columbia Law Review Ass'n et al. eds., 20th ed. 2015).  Indeed, "[t]he central function of a legal citation is to allow the reader to efficiently locate the cited source." *Id*. Introduction, at 1.