UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

JACKIE MARTINEZ, Personal
Representative, on behalf of the Estate of
RUSSELL MARTINEZ,
    Plaintiff,

                                                            Case No. 14-CV-00534 KG/WPL

vs.

JOSEPH SALAZAR, et al.,
    Defendants.

## DEFENDANTS' VOIR DIRE QUESTIONS

COMES NOW, Defendants Joseph Salazar, Greg Esparza, the Espanola Department of Public Safety, Leo Montoya and the City of Espanola (hereinafter collectively referred to as Defendants"), and hereby submit the following:

1. Do any of you know:

    <u>The Plaintiff</u>

    Russell Martinez

    <u>The Defendants</u>

    Joseph Salazar

    Greg Esparza

    Leo Montoya

    <u>Plaintiff's Attorneys</u>

    Todd A. Coberly

    Nathaniel Chakeres

<u>Defendants' Attorneys</u>

Martin R. Esquivel

Mark Basham

Katherine Basham

<u>Witnesses</u>

Jackie Martinez

Hermenejildo Quintana, Jr.

Theresa Benavidez

Mario Lovato

Paul Lovato

Francisco Galvan

2. Do any of you believe that a police officer should not have the right to defend him or herself against harm?  If you believe that a police officer should not have the right to defend him or herself against harm, will this belief prevent you from fairly and impartially deciding a case in which a police officer defended himself against a threatening suspect?

3. Do any of you believe that a police officer should not have the authority or right to defend another police officer or citizen against harm?  If you believe that a police officer should not have the right or authority to defend himself or another against harm, will this belief prevent you from fairly and impartially deciding a case in which a police officer defended another officer against a threatening suspect?

4. Do any of you believe that police officers should not have the right to use force even against a dangerous, threatening suspect?

     A.  Do any of you believe that police officers should not have the right to use force to protect him or herself from a dangerous, threatening suspect? Given your belief that a police officer should not be allowed to use deadly force in self-defense, will this belief prevent you from fairly and impartially deciding a case in which a police officer shot and killed a suspect?

     B.  Do any of you believe that police officers should not have the right to use force to protect another police officer or citizen from a dangerous, threatening suspect? Given your belief that a police officer should not be allowed to use force in defense of others, will this belief prevent you from fairly and impartially deciding a case in which a police officer shot and killed a suspect?

5. During the course of this trial, you will be instructed by the Court that the law authorizes a police officer's use of force under certain circumstances. Do any of you hold a moral, religious, or philosophical belief that may prevent you from following the Court's instructions allowing the use of force by a police officer under certain circumstances?

6. Have any of you had an opportunity, in the past five years, to meet with police officer in an official setting (i.e., filling out police reports, traffic accident, speeding tickets.)?

     A.    Were the officers professional and courteous?

     B.    Did you have a negative experience?

     C.    Could those who had a negative experience please raise your hands?

    D.      If so, has this experience affected you in any way which could impact your decision in this case?

    7.      Have any of you, your family or close friends, filed or considered filing an internal affairs complaint or lawsuit against any police officer with any police or sheriff's department?

    A.      When?

    B.      What was the resolution of the complaint or lawsuit?

    C.      Were you satisfied with the resolution?

    8.      Have any of you had family members or friends who believe they were mistreated by law enforcement officers? If so, would that experience affect you in any way in the determination of this case?

    9.      Does anyone believe that all violations of a citizen's constitutional rights must be compensated with money? Would your views affect you in any way in the determination of this case?

    10.      Have you or any family member of yours worked in law enforcement, state or federal prisons or the military?

        A.  In what capacity?

        B.  Does the person you know in law enforcement speak to you about their work?

    C. Is there anything about the connection you or the person you know has to law enforcement which might make it difficult for you to be fair and impartial in this case?

    D. Do you think that your connection with law enforcement would make you tend to favor or disfavor the testimony of the corrections officers in this case?

  11. There have been news accounts of law enforcement using what appears to be excessive force on the news lately.  In this case, you will be hearing that a police officers allegedly used, or caused to be used, force upon a suspect.

    A. Do you think that those accounts are so disturbing to you that you would have a difficult time being a fair and impartial juror in this case?

    B. Do you think that these accounts would make it difficult for you to listen impartially to the testimony of the corrections and other state officers in this case?  Would you hold those images against these particular officers?

    C. Do any of you think that there is ever a time when a law enforcement officer is justified in using some force?

  12. Based upon incidents in the news regarding the use of excessive force, and as you sit here now before hearing any testimony in the case, would it be difficult for you to believe that the police officers acted reasonably in the present case?

  13. Does anyone believe that all violations of a citizen's constitutional rights must be compensated with money?  Would your views affect you in any way in the determination of this case?

14. Do you believe that people who file injury claims or lawsuits for personal injuries may sometimes intentionally exaggerate and magnify their symptoms to support their claim for damages or financial compensation?

15. Have any of you or members of your family been a party to a lawsuit? If so, has this experience affected you in any way which could impact your decision in this case?

16. Do any of you have any opinions about the police officers which could affect your decision in this case? If so, do you think that you could set aside those opinions and decide this case based only on the evidence presented in this courtroom?

17. Do any of you have any complaints about police officers which could affect your decision in this case? If so, could you set aside those complaints and decide this case based only on the evidence presented in this courtroom?

18. Do you believe that a person with a physical disability is not capable of being physically abuse to a police officer?

19. Do you believe that a person with a disability is capable of provoking a confrontation with a police officer?

20. The Plaintiff in this case was a paraplegic. Do you have any family members who suffered from paraplegia?

21. Do you have any friends or family members who have accused officers of excessive force in the past?

22. If you knew someone had been convicted of a crime, would that make you less likely to believe that he or she was telling the truth?

Respectfully submitted,

**BASHAM & BASHAM, P.C**

By: */s/ Martin R. Esquivel*
Martin R. Esquivel
2205 Miguel Chavez Road, Ste. A
Santa Fe. NM  87505
T: (505) 988-4575
mesquivel@bbpcnm.com

   I HEREBY CERTIFY that on this 24th day of February, 2017, I filed the foregoing, which caused counsel of record to be served by electronic means, as more fully reflected on the Notice of Electronic Filing:

Todd A. Coberly/A. Nathaniel Chakeres
Coberly & Martinez, LLLP
1322 Paseo de Peralta
Santa Fe, NM  87501
*Attorneys for Plaintiff*
tcoberly@coberlymartinez.com
nat@coberlymartinez.com

*/s/ Martin R. Esquivel*
Martin R. Esquivel