**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

**FILED**

UNITED STATES DISTRICT COURT
LAS CRUCES, NEW MEXICO

Mar. 9. 2017

**MATTHEW J. DYKMAN**
**CLERK**

JACKIE MARTINEZ, as Personal
Representative on behalf of the
Estate of Russell Martinez,

      **Plaintiff,**

vs.

                                      Civ. No. 14-534 KG/WPL

JOSEPH SALAZAR, in his individual
capacity, GREG ESPARZA, in his
individual capacity, THE ESPANOLA
DEPARTMENT OF PUBLIC SAFETY,
and THE CITY OF ESPANOLA,

      **Defendants.**

## COURT'S INSTRUCTIONS TO THE JURY

MEMBERS OF THE JURY:

      You have now heard all of the evidence in the case.

      It becomes my duty, therefore, to instruct you on the rules of law that you must follow and apply in arriving at your decision in the case.

      In any jury trial there are, in effect, two judges. I am one of the judges; the other is the jury. It is my duty to preside over the trial and to determine what evidence is relevant under the law for your consideration. It is also my duty at the end of the trial to instruct you on the law applicable to the case.

Jury Instruction No. 1

You, as jurors, are the judges of the facts.  But in determining what actually happened in this case -- that is, in reaching your decision as to the facts -- it is your sworn duty to follow the law I am now in the process of defining for you.

And you must follow all of my instructions as a whole.  You have no right to disregard or give special attention to any one instruction, or to question the wisdom or correctness of any rule I may state to you.  That is, you must not substitute or follow your own idea or opinion as to what the law is or ought to be.  It is your duty to apply the law as I give it to you, regardless of the consequences.

By the same token it is also your duty to base your verdict solely upon the evidence in the case, without prejudice or sympathy.

Jury Instruction No. 2

This case should be considered and decided by you as an action between persons of equal standing in the community, of equal worth, and holding the same or similar stations in life.  All persons stand equal before the law, and are to be dealt with as equals in a court of justice.

Jury Instruction No. 3

The Plaintiff in this case is Jackie Martinez, who is the widow of Russell Martinez.  The underlying facts in this lawsuit pertain to the conduct of Defendants toward Russell Martinez. Unrelated to this lawsuit, Russell Martinez died after the events underlying this lawsuit.  The law allows Jackie Martinez, as Russell Martinez's widow, to prosecute this lawsuit on behalf of his estate.  You must determine whether Defendants committed the acts and/or omissions as further defined in these instructions in relation to Russell Martinez, and, if so, the extent to which Russell Martinez was damaged by Defendants' conduct.

Jury Instruction No. 4

In this case, Plaintiff Jackie Martinez seeks compensation from Defendants Joseph

Salazar, Greg Esparza, the Espanola Department of Public Safety, and the City of Espanola for

damages to Russell Martinez.  Specifically, Plaintiff seeks compensation from:

1)   Defendants Joseph Salazar and Greg Esparza for Excessive or Unreasonable Use
     of Force in Violation of the Fourth Amendment to the United States Constitution;

2)   Defendants Joseph Salazar, Greg Esparza, the Espanola Department of Public
     Safety, and the City of Espanola for Battery, in violation of New Mexico state
     law;

3)   Defendants Joseph Salazar, Greg Esparza, the Espanola Department of Public
     Safety, and the City of Espanola for False Arrest, in violation of New Mexico
     state law; and

4)   The Espanola Department of Public Safety and the City of Espanola for violations
     of the federal Americans with Disabilities Act.

Jury Instruction No. 5

The City of Espanola, the Espanola Department of Public Safety, Officer Joseph Salazar and Officer Greg Esparza deny Plaintiff's claims.  Officers Salazar and Esparza deny that they violated Russell Martinez's Fourth Amendment right to be free from excessive force.  Officers Salazar and Esparza claim that they used a reasonable amount of force to protect themselves and others from the immediate threat of serious bodily harm which Russell Martinez posed.  Officers Salazar and Esparza, and the City of Espanola and the Espanola Department of Public Safety also deny the claims of battery and false arrest.  The City of Espanola and the Espanola Department of Public Safety deny Plaintiff's claim under the Americans with Disabilities Act.

Jury Instruction No. 6

It is a general rule in civil cases that a party seeking a recovery or a party relying on a defense has the burden of proving every essential element of its claim or defense by a preponderance of the evidence.

To prove by a preponderance of the evidence means to establish that something is more likely true than not true.  When I say in these instructions that a party has the burden of proof, I mean that you must be persuaded that what is sought to be proved is more probably true than not true.  Evenly balanced evidence is not sufficient.

Jury Instruction No. 7

Plaintiff brings civil rights claims against Defendant Joseph Salazar and Defendant Greg Esparza under 42 U.S.C. § 1983, a law passed by Congress that provides a remedy to persons who have been deprived of their federal constitutional rights.  To establish a claim for violation of constitutional rights under 42 U.S.C. § 1983, Plaintiff must prove, by a preponderance of the evidence, each of the following elements:

1.  That Defendants acted under color of state law, which means under the authority of the State of New Mexico; and

2.  That Defendants' actions deprived Russell Martinez of his particular rights under the United States Constitution, as explained later in these instructions.

Because both Defendants were officials of the Espanola Police Department within the Espanola Department of Public Safety at the relevant time, the parties have stipulated that they were acting under color of state law.  In other words, this element of Plaintiff's claims is not in dispute, and you must find that this element has been established.

Jury Instruction No. 8

Plaintiff claims that Defendant Joseph Salazar and Defendant Greg Esparza used excessive or unreasonable force against Russell Martinez, in violation of the Fourth Amendment to the United States Constitution.  Every person has the constitutional right not to be subjected to excessive or unreasonable force while being arrested by a law enforcement officer, even though the arrest might otherwise be lawful.  Your verdict must be for Plaintiff on the excessive force claim if all of the following elements have been proved:

> *First*:   That Defendants Salazar and/or Esparza used greater force than would have been reasonably necessary to effect an arrest under the circumstances;
>
> *Second*:   That Russell Martinez suffered an actual, nontrivial injury; and
>
> *Third*:   That Defendants Salazar and/or Esparza's conduct caused Russell Martinez's actual injury.

You should consider separately the force used by each Defendant to determine if one or both of them used excessive or unreasonable force.  In determining whether the force used by either Defendant was "excessive" or "unreasonable," you should consider: the need for the application of force; the amount of force that was actually used; and whether a reasonable police officer on the scene would have used that much force under similar circumstances.  You should also consider the severity of the crime being investigated, whether Russell Martinez posed an immediate violent threat to others, and whether Russell Martinez attempted to flee or resist arrest.  The reasonableness of a particular use of force must be judged from the perspective of a reasonable officer on the scene, rather than with the 20/20 vision of hindsight, and without regard to the officer's subjective intention or motivation.

In addition, you should consider whether the Defendants' own reckless or deliberate conduct unreasonably created the need for them to use force.  However, you should also note that

9

the Fourth Amendment does not require officers to use the least intrusive or even less intrusive alternatives to the amount of force used on a plaintiff.   The only test is whether the police officers acted reasonably.

Jury Instruction No. 9 – WITHDRAWN

Jury Instruction No. 10

Plaintiff claims that Defendant Joseph Salazar and Defendant Greg Esparza committed battery against Russell Martinez in violation of state law.  Your verdict must be for Plaintiff on the battery claim if the following elements have been proved:

*First*:          Defendant Joseph Salazar and/or Defendant Greg Esparza acted
                  intentionally to cause (a) a harmful or offensive contact with Russell
                  Martinez, or (b) an imminent apprehension of such contact; and

*Second*:      an offensive contact with Russell Martinez directly or indirectly resulted.

In making an arrest, a law enforcement officer is privileged to use force that is reasonable under the circumstances to restrain the arrested person, but is not privileged to use force that is unreasonable under the circumstances.

You should consider separately the force used by each Defendant to determine if one or both of them committed battery.

The parties have stipulated that Defendants Salazar and Esparza were acting as employees under the supervision of the Espanola Department of Public Safety and the City of Espanola.  Therefore, pursuant to New Mexico law, if you find Defendant Joseph Salazar or Defendant Greg Esparza liable for battery, you must find the City of Espanola and the Espanola Department of Public Safety liable for battery as well.

Jury Instruction No. 11

Plaintiff claims that Defendant Joseph Salazar and Defendant Greg Esparza falsely arrested Russell Martinez in violation of state law.  Your verdict must be for Plaintiff on the false arrest claim if the following elements have been proved:

*First*: Defendants Salazar and/or Esparza intentionally detained Russell Martinez without his consent; and

*Second*: The facts available to Defendants Salazar and/or Esparza would not warrant a person of reasonable caution to believe that detention of Russell Martinez was  appropriate.

A law enforcement officer is not liable for false arrest if he had a good faith and reasonable belief in the lawfulness of his actions.  A good faith belief in the lawfulness of the detention requires probable cause to arrest.

The confinement or detention of an individual need have only been for a brief time.  You do not need to find that the individual was held in jail or taken into custody.

The parties have stipulated that Defendants Salazar and Esparza were acting as employees under the supervision of the Espanola Department of Public Safety and the City of Espanola.  Therefore, pursuant to New Mexico law, if you find Defendant Salazar or Defendant Esparza liable for false arrest, you must find the City of Espanola and the Espanola Department of Public Safety liable for false arrest as well.

13

Jury Instruction No. 12

Probable cause for an arrest exists if, at the moment the arrest was made, a prudent person in Defendant Joseph Salazar and/or Defendant Greg Esparza's position would have believed that Russell Martinez had committed or was committing a crime. In making this decision, you should consider what Defendants Salazar and/or Esparza knew and what reasonably trustworthy information Defendants Salazar and/or Esparza had received, in light of their experience and based on the totality of the circumstances. Probable cause requires more than just a suspicion. But it does not need to be based on evidence that would be sufficient to support a conviction, or even a showing that Defendants Salazar and/or Esparza's belief was probably correct. Ultimately, probable cause is established where a substantial probability existed that the suspect committed a crime, requiring something more than a bare suspicion.

Defendants Salazar and Esparza contend that Russell Martinez committed Battery Upon a Peace Officer, in violation of Section 30-22-24 of the New Mexico Statutes Annotated. It is not necessary that Defendants Salazar and/or Esparza had probable cause to arrest Russell Martinez for Battery Upon a Peace Officer, so long as Defendants Salazar and/or Esparza had probable cause to arrest him for some criminal offense, like Resisting, Evading, or Obstructing an Officer.

Section 30-22-24 of the New Mexico Statutes Annotated, entitled "Battery Upon a Peace Officer," makes it a crime to unlawfully and intentionally touch or apply force to the person of a peace officer while he is in the lawful discharge of his duties, when done in a rude, insolent, or angry manner.

Section 30-22-1 of the New Mexico Statutes Annotated, entitled "Resisting, Evading or Obstructing an Officer," makes it a crime to resist or abuse any peace officer in the lawful discharge of his duties.

14

In determining whether Defendants Salazar and/or Esparza were engaged in the lawful discharge of their duties, you should bear in mind that a citizen has the constitutional right to walk away from, or not talk to, a law enforcement officer who initially lacks probable cause or a reasonable suspicion to detain or seize him or her.  Similarly, an officer is not engaged in the lawful discharge of his duties when he uses excessive or unreasonable force, and a citizen has the right to use physical force to defend himself against an officer who is using excessive or unreasonable force.

Jury Instruction No. 13

Plaintiff claims that the City of Espanola and the Espanola Department of Public Safety, acting through Defendant Joseph Salazar and/or Defendant Greg Esparza, violated Russell Martinez's rights under the Americans with Disabilities Act.  Under the Americans with Disabilities Act, no individual with a disability shall, by reason of his or her disability, be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity.

Your verdict must be for Plaintiff on the Americans with Disabilities Act claim, if the following elements have been proved:

*First*:       Russell Martinez had a disability;

*Second*:   Russell Martinez's disability was either known or apparent to
             Defendants Salazar and/or Esparza; and

*Third*:     Either of the following has been proved:

(a)       Defendants Salazar and/or Esparza failed to reasonably accommodate
          Russell Martinez's disability during an arrest, causing Russell
          Martinez to suffer greater injury or indignity in that process than other
          arrestees.

In determining whether Defendants Salazar and/or Esparza failed to
reasonably accommodate a known or apparent disability of Russell
Martinez, you should consider the reasonableness of Defendants
Salazar and/or Esparza's actions in light of the specific circumstances
they faced, including whether Defendants Salazar and/or Esparza faced
exigent circumstances that prevented them from reasonably
accommodating Russell Martinez's disability.  You may also consider
the extent to which the City of Espanola or the Espanola Department of
Public Safety provided, or failed to provide, training and guidance to
its officers on how to handle individuals with disabilities during
investigations and arrests.

There is no duty to reasonably accommodate a disability prior to a law
enforcement officer's ability to secure the scene and to ensure there is
no threat to human life;

16

*or*

(b)     Defendants Salazar and/or Esparza wrongly arrested Russell Martinez
because they misperceived the effects of his disability as criminal
activity.  A person is not wrongly arrested if that person's conduct was
unlawful.

The parties have stipulated that Russell Martinez had a disability.  In other words, this

element of Plaintiff's claims is not in dispute, and you must find that this element has been

established.

Jury Instruction No. 14

Although there is more than one Defendant in this action, it does not follow from that fact alone that if one is liable another is liable.  Each Defendant is entitled to a fair consideration of that Defendant's own defense.  You will decide each Defendant's case separately, as if each were a separate lawsuit.

Jury Instruction No. 15

As stated earlier, it is your duty to determine the facts, and in so doing you must consider only the evidence I have admitted in the case.  The term "evidence" includes the sworn testimony of the witnesses and the exhibits admitted in the record.

Remember that any statements, objections or arguments made by the lawyers are not evidence in the case.  The function of the lawyers is to point out those things that are most significant or most helpful to their side of the case, and in so doing, to call your attention to certain facts or inferences that might otherwise escape your notice.  In the final analysis, however, it is your own recollection and interpretation of the evidence that controls in the case.  What the lawyers say is not binding upon you.

So, while you should consider only the evidence in the case, you are permitted to draw such reasonable inferences from the testimony and exhibits as you feel are justified in the light of common experience.  In other words, you may make deductions and reach conclusions which reason and common sense lead you to draw from the facts which have been established by the testimony and evidence in the case.

Jury Instruction No. 16

You may consider either direct or circumstantial evidence.  "Direct evidence" is the testimony of one who asserts actual knowledge of a fact, such as an eye witness.  "Circumstantial evidence" consists of proof of facts or circumstances which give rise to a reasonable inference of the truth of the fact sought to be proved.  The law makes no distinction between the weight to be given to either direct or circumstantial evidence.

Jury Instruction No. 17

Now, I have said that you must consider all of the evidence. This does not mean, however, that you must accept all of the evidence as true or accurate.

You are the sole judges of the credibility or "believability" of each witness and the weight to be given to the witness' testimony. In weighing the testimony of a witness you should consider the witness' relationship to the plaintiff or to the defendant; the witness' interest, if any, in the outcome of the case; manner of testifying; opportunity to observe or acquire knowledge concerning the facts about which the witness testified; candor, fairness and intelligence; and the extent to which the witness has been supported or contradicted by other credible evidence or previous statements inconsistent with the witness' present testimony. You may, in short, accept or reject the testimony of any witness in whole or in part.

Also, the weight of the evidence is not necessarily determined by the number of witnesses testifying as to the existence or non-existence of any fact. You may find that the testimony of a smaller number of witnesses as to any fact is more credible than the testimony of a larger number of witnesses to the contrary.

Jury Instruction No. 18

A witness may be discredited or impeached by contradictory evidence or inconsistent conduct, or by evidence that at other times the witness has made material statements, under oath or otherwise, which are inconsistent with the present testimony of the witness.

If you believe that any witness has been impeached or discredited, it is your exclusive province to give the testimony of that witness only such credit as you may think it deserves.

Jury Instruction No. 19

An expert witness is permitted to state an opinion based upon a question which, for the purposes of trial, assumes as true certain facts which may or may not be true.

It will be for you in your deliberations, however, to determine from all of the evidence whether or not the facts assumed have been proved to be true.

The rules of evidence provide that if scientific, technical, or other specialized knowledge might assist you in understanding the evidence or in determining a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify and state an expert opinion concerning such matters.

You should consider each expert opinion received in evidence in this case and give it such weight as you may think it deserves. If you should decide that the opinion of an expert witness is not based upon sufficient education and experience, or if you should conclude that the reasons given in support of the opinion are not sound, or that the opinion is outweighed by other evidence, then you may disregard the opinion entirely.

Jury Instruction No. 20

Defendants in this case had a legal duty to preserve evidence relevant to the incident at the Sonic on May 11, 2012.  You have heard evidence about the failure to preserve certain Taser data from Defendant Joseph Salazar's Taser on that date.  As with any of the evidence presented at trial, you may make any inference relating to this evidence that you believe is appropriate, or no inference at all.

24

Jury Instruction No. 21

Certain charts and summaries have been shown to you in order to help explain the facts disclosed by the books, records, and other documents which are in evidence in the case. Such charts or summaries are used for convenience. They are not themselves evidence or proof of any facts. If they do not correctly reflect the facts or figures shown by the evidence in the case, you should disregard these charts and summaries and determine the facts from the underlying evidence.

Jury Instruction No. 22

Some evidence is admitted for a limited purpose only.  When I instruct you that an item of evidence has been admitted for a limited purpose, you must consider it only for that limited purpose and for no other.

Jury Instruction No. 23 - WITHDRAWN

Jury Instruction No. 24

You have heard evidence that a witness faced criminal charges, and that those charges were dismissed prior to the witness giving sworn testimony in a deposition for this case.  You are instructed that this evidence may be considered, along with all other evidence, in deciding whether or not to believe the witness and how much weight, if any, to give to the testimony of the witness, and for no other purpose.

Jury Instruction No. 25

Deposition testimony is testimony that was taken under oath before trial and has been preserved in writing. Some of this testimony was read aloud at trial. This testimony is entitled to the same consideration that you give any other testimony at this trial, however you should not infer anything from the manner in which this testimony was read to you.

Jury Instruction No. 26 - WITHDRAWN

Jury Instruction No. 27

Any notes that you have taken during this trial are only aids to your memory. If your memory differs from your notes, you should rely on your memory and not on the notes. Your notes are only to refresh your recollection. The notes are not evidence. If you have not taken notes, you should rely on your independent recollection of the evidence and should not be influenced by the notes of other jurors. Notes are not entitled to any greater weight than the recollection or impression of each juror about the testimony.

Jury Instruction No. 28

An act is a "cause" of an individual's injuries if it contributes to bringing about the injury, and if the injury would not have occurred without it.  It need not be the only explanation for the injury, nor the reason that is nearest in time or place.  It is sufficient if it occurs in combination with some other cause to produce the result.  To be a "cause," the act, nonetheless, must be reasonably connected as a significant link to the injury.

Jury Instruction No. 29

You are not to engage in any discussion of damages unless you have first determined that there is liability, as elsewhere covered in these instructions.

The fact that you are given instructions on damages is not to be taken as an indication as to whether the court thinks damages should or should not be awarded.

Jury Instruction No. 30

Damages must be reasonable.  If you should find that a plaintiff is entitled to a verdict, you may award only those damages which will reasonably compensate the plaintiff for the injuries that the plaintiff has sustained as a result of a defendant's wrongful conduct.

You are not permitted to award speculative damages.

Jury Instruction No. 31

You must not award compensatory damages more than once for the same injury.  For example, if a plaintiff prevails on more than one of his or her claims and establishes a dollar amount for those injuries, you must not award the plaintiff any additional compensatory damages on each claim.  A plaintiff is only entitled to be made whole once, and may not recover more than a plaintiff has lost.  Of course, if different injuries are attributed to the separate claims, then you must compensate the plaintiff fully for all injuries.

Jury Instruction No. 32

If you have found that one or more Defendants are liable to Plaintiff on one or more claims you must determine the amount of damages that were caused by Defendants' conduct.

You must assess the monetary amount that represents full and reasonable compensation for all of Russell Martinez's damages—no more, no less.  You must award damages for the physical pain, humiliation, and suffering that Russell Martinez suffered as a result of Defendants' conduct.  In determining this amount, you should consider the physical aspects of injury—tangible and intangible.  Plaintiff does not have to introduce evidence of a monetary value for intangible things like pain or humiliation.  There is no exact standard to apply, but the award should be fair in light of the evidence.

You should not base your determination of damages upon speculation, guess, or conjecture.  Further, sympathy or prejudice for or against a party should not affect your verdict and is not a proper basis for determining damages.

Jury Instruction No. 33 – WITHDRAWN

Jury Instruction No. 34

Nominal damages are an inconsequential or a trifling sum, such as $1, awarded to a plaintiff when a technical violation of his or her rights has occurred but the plaintiff has suffered no actual loss or injury.

Nominal damages are only available for if you find a violation of a constitutional right. If you find by a preponderance of the evidence that a plaintiff has stated a technical violation of their constitutional rights, but that the plaintiff suffered no actual loss as a result of this violation, then you may award the plaintiff nominal damages.

Jury Instruction No. 35

If you find that Plaintiff should recover compensation for damages in relation to the claim that Defendant Joseph Salazar and/or Defendant Greg Esparza used excessive or unreasonable force against Russell Martinez, and if you further find that the conduct of either or both Defendants was malicious, willful, reckless, or wanton, then you may award punitive damages against Defendants Salazar and/or Esparza.

Punitive damages are awarded for the limited purposes of punishment and to deter others from the commission of like offenses.

The amount of punitive damages must be based on reason and justice taking into account all the circumstances, including the nature of the wrong and such aggravating and mitigating circumstances as may be shown. The amount awarded, if any, must be reasonably related to the actual damages and injury and not disproportionate to the circumstances.

Malicious conduct is the intentional doing of a wrongful act with knowledge that the act was wrongful.

Willful conduct is the intentional doing of an act with knowledge that harm may result.

Reckless conduct is the intentional doing of an act with utter indifference to the consequences.

Wanton conduct is the doing of an act with utter indifference to or conscious disregard for a person's rights or safety.

39

Jury Instruction No. 36

Faithful performance by you of your duties is vital to the administration of justice.

Any verdict must represent the considered judgment of each juror.  In order to return a verdict, it is necessary that each juror agree to it.  In other words, your verdict must be unanimous.

It is your duty as jurors to consult with one another, and to deliberate in an effort to reach an agreement if you can do so without giving up your individual judgment.  Each of you must decide the case for yourself, but only after an impartial consideration of all the evidence in the case with your fellow jurors.  In the course of your deliberations, do not hesitate to re-examine your own views, and change your opinion, if convinced it is erroneous.  But do not surrender your honest conviction as to the weight or effect of the evidence, solely because of the opinion of your fellow jurors, or for the mere purpose of returning a verdict.

Remember at all times you are not partisans.  You are judges—judges of the facts.  Your sole interest is to seek the truth from the evidence in the case.

Jury Instruction No. 37

During your deliberations, you must not communicate with or provide any information to anyone by any means about this case.  You may not use any electronic device or media, such as a telephone, cell phone, smart phone, computer, the Internet, any text or instant messaging service, blog, or any website such as Facebook, LinkedIn, YouTube, or Twitter, to communicate to anyone any information about this case or to conduct any research about this case until I accept your verdict.  In other words, you cannot talk to anyone on the phone, correspond with anyone, or electronically communicate with anyone about this case.  You can only discuss the case in the jury room with your fellow jurors during deliberations.

You may not use electronic means to investigate or communicate about the case because it is important that you decide this case based solely on the evidence presented in this courtroom. Information on the Internet or available through social media may be wrong, incomplete, or inaccurate.  You are permitted to discuss the case with only your fellow jurors during deliberations because they have seen and heard the same evidence you have.  In our judicial system, it is important that you are not influenced by anything or anyone outside of this courtroom.  Otherwise, your decision may be based on information known only by you and not your fellow jurors and the parties in this case.  This would unfairly and adversely impact the judicial process.

Jury Instruction No. 38

Upon retiring to the jury room you should first elect a foreperson who will preside over your deliberations and will be your spokesperson here in court.

A form of verdict has been prepared for your convenience. You will take the verdict form to the jury room and when you have reached unanimous agreement as to your verdict, you will have your foreperson fill in, date and sign it and then return to the courtroom.

If, during your deliberations, you should desire to communicate with me, please put your message or question in writing signed by the foreperson, and pass the note to the court security officer who will bring it to my attention. I will then respond as promptly as possible, either in writing or by having you returned to the courtroom. I caution you, however, with regard to any message or question you might send, that you should never state your numerical division.

UNITED STATES DISTRICT JUDGE