IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

JACKIE MARTINEZ, as Personal
Representative on behalf of the
Estate of Russell Martinez,

    Plaintiff,

vs.                                                      Civ. No. 14-534 KG/WPL

JOSEPH SALAZAR, in his individual
Capacity, and GREG ESPARZA, in his
individual capacity,

    Defendants.

## ORDER AWARDING FEES AND COSTS

This matter comes before the Court upon the Declaration of Todd A. Coberly Requesting Expenses ("Declaration"), (Doc. 227), filed on February 3, 2017, and Defendants' Response ("Response"), (Doc. 256), filed on February 20, 2017. The Declaration was filed pursuant to this Court's order that Defendants pay all reasonable expenses, including attorney's fees, Plaintiff incurred in her attempts to locate Defendant Joseph Salazar's Taser data, and in bringing her related Motion for Sanctions for Defendants' Failure to Preserve Taser Data ("Motion for Sanctions"). (Doc. 225) at 14; (Doc. 196).

In his declaration, Mr. Coberly summarized the work related to the issue of Defendant Salazar's Taser data as follows: (1) reviewing and attempting to decipher the data from 29 Tasers; (2) conducting research for and drafting an opposed motion for leave to take a Rule 30(b)(6) deposition, *see* (Doc. 172), and a reply to Defendants' response to the motion, *see* (Docs. 177 & 178); (3) preparing for, traveling to and from, and participating in a hearing on the

motion for leave to take a Rule 30(b)(6) deposition in Albuquerque on May 5, 2016, *see* (Doc. 192); (4) preparing for and taking the deposition of Defendants' Rule 30(b)(6) designee, Francisco Galvan; (5) conducting research for and drafting an opposed Motion for Sanctions, *see* (Doc. 196), and a reply to Defendants' response to the Motion for Sanctions, *see* (Docs. 198 & 199); and (6) preparing for, traveling to and from, and participating in a hearing on the motion for sanctions in Las Cruces on January 19, 2017, *see* (Doc. 225).  In performing these tasks, Plaintiff requests compensation for 42.5 hours of Mr. Coberly's time, 61.7 hours of Nat Chakeres' time, and 1.8 hours of time expended by paralegals.  (Doc. 227) at 5 ¶ 21.  Plaintiff requests compensation for these hours at the rate of $275.00 per hour for work performed by Mr. Coberly, $225.00 per hour for work performed by Mr. Chakeres, and $125.00 per hour for the work performed by their law firm's paralegals.  *Id*. at 6–7 ¶¶ 24–25.

    In response, Defendants argue that Plaintiff's requested amount of fees is excessive, and therefore unreasonable.  (Doc. 256) at 1.  First, Defendants argue that Mr. Coberly and Mr. Chakeres should be compensated at a rate of $225.00 and $200.00 per hour, respectively, as ordered by the Honorable William P. Lynch on May 13, 2016.  *Id*. at 1–2.  Defendants maintain that the rate ordered by Judge Lynch remains appropriate, as it was determined less than a year ago and Plaintiff has provided no evidence which would suggest otherwise.  Second, Defendants contend that Plaintiff should not be compensated for underlying discovery motions other than the Motion for Sanctions, as Plaintiff has not demonstrated how those motions are related to the Motion for Sanctions or the issue of Defendant Salazar's Taser data.  *Id*. at 2–3.  Third, Defendants submit that both Mr. Coberly's and Mr. Chakeres' presence at the hearing in Las Cruces on the Motion for Sanctions was unnecessary, and therefore duplicative.  *Id*. at 3.  As a

result, Defendants request that any award of fees reflect a total of 40 hours of combined time between Mr. Coberly and Mr. Chakeres.  *Id*.

I. **Standard of Review**

In determining the reasonableness of Plaintiff's fee request, the Court "must begin by calculating the so-called 'lodestar amount' of a fee," which is presumed to reflect a "reasonable" fee. *Robinson v. City of Edmond*, 160 F.3d 1275, 1281 (10th Cir. 1998) (internal citations omitted).[1]  "The lodestar calculation is the product of the number of attorney hours 'reasonably expended' and a 'reasonable hourly rate.'"  *Id*.  An attorney's hours are reasonable if they were necessary under the circumstances.  *Id*.  "A reasonable rate is the prevailing market rate in the relevant community."  *Guides, Ltd. v. Yarmouth Group Property Management, Inc.*, 295 F.3d 1065, 1078 (10th Cir. 2002) (citing *Malloy v. Monahan*, 73 F.3d 1012, 1018 (10th Cir. 1996)).

II. **Analysis**

A. *Number of Attorney Hours Expended*

With regard to the number of hours expended in an effort to obtain Defendant Salazar's Taser data, the Court finds Plaintiff's request to be reasonable.  Indeed, this Court found Defendants grossly negligent in their failure to preserve any data connecting Defendant Salazar to the Taser he was issued while employed at the Espanola Police Department, and awarded fees related to Plaintiff's attempts to locate that data.  (Doc. 225) at 12–14.  Thus, a reasonable award of expenses would include the hours of work spent reviewing and deciphering the data from 29

---

[1] The *Robinson* Court discussed awarding attorney's fees specifically under 42 U.S.C. § 1988, which allows a court to award a prevailing party its reasonable attorney's fees for actions brought under several federal civil rights statutes.  However, courts have also applied the lodestar method to determine whether requested attorney's fees are reasonable in the context of awarding reasonable fees as a sanction, generally.  *See Starlight Intern., Inc. v. Herlihy*, 190 F.R.D. 587, 590 (D. Kan. 1999) (citing *White v. General Motors Corp., Inc.*, 908 F.2d 675, 684–85 (10th Cir. 1990)).

Tasers used by the Espanola Police Department in an effort to determine whether any of those Tasers could be linked to events underlying this lawsuit. If Defendants had preserved the data linking Defendant Salazar to the Taser he used while on the force, the production and interpretation of this data would not have been necessary.

In addition, a reasonable award would include work expended in an effort to investigate any failure to preserve the Taser data. To that end, Defendants argue that Mr. Coberly and Mr. Chakeres' work on a "motion for additional discovery" and a "motion for 30(b)(6) deposition" is not sufficiently related to Plaintiff's Motion for Sanctions to be reasonably compensated. This argument is not persuasive.

First, based on the Court's review of the summary of costs and the docket in this case, it appears that the "motion for additional discovery" and the "motion for 30(b)(6) deposition" refer to the same motion which was filed on March 15, 2016. (Doc. 172). Indeed, the motion filed on that date requests leave to engage in additional, limited discovery in the form of a Rule 30(b)(6) deposition, and its briefing corresponds with the hours and timing of the work performed on both the "motion for additional discovery" and the "motion for 30(b)(6) deposition." *Id*. In any event, in construing the described motions as one single motion for additional discovery to conduct a Rule 30(b)(6) deposition, the number of hours expended totals approximately 38 hours. Considering the procedural posture, the quantity and complexity of the factual record, and the arguments in the motion, the Court finds this amount of time to be reasonable.

Second, Plaintiff's motion for additional discovery to conduct a Rule 30(b)(6) deposition is clearly related to locating Defendant Salazar's Taser data and Defendants' preservation of, or failure to preserve, certain evidence. The motion is plainly titled, Plaintiff's Motion to Allow Plaintiff to Take a 30(b)(6) Deposition on the Issue of Defendants' Failure to Preserve Electronic

Taser Data.  In addition, the contents of that deposition form the basis for Plaintiff's subsequent Motion for Sanctions.  (Docs. 172 & 196).  Therefore, the motion, preparation, and costs associated with the Rule 30(b)(6) deposition are sufficiently linked to the Court's ruling on Plaintiff's Motion for Sanctions, and are reasonable hours and costs to be included in Plaintiff's award of fees.

Finally, a reasonable award of fees would include Plaintiff's work on the Motion for Sanctions itself, as it is indisputably related to Plaintiff's efforts to obtain Defendant Salazar's Taser data.  Defendants argue that both Mr. Coberly's and Mr. Chakeres' attendance at the hearing on the Motion for Sanctions in Las Cruces was unnecessary and duplicative.  However, the summary of hours and expenses makes clear that both Mr. Coberly and Mr. Chakeres worked on the Motion for Sanctions.  *See* (Doc. 227-3) at 4–5.  Moreover, the mere presence of two attorneys at a motion hearing does not necessarily suggest to the Court that both attorneys' attendance is duplicative.  Additionally, neither Mr. Coberly nor Mr. Chakeres request compensation for the full travel time from Santa Fe to Las Cruces and back.  *See id*. at 5.  As a result, the Court does not find the hours expended in relation to the Motion for Sanctions to be duplicative or unnecessary.

    B.  *Reasonable Hourly Rate*

With regard to Plaintiff's requested hourly rate, the Court does not find the rates of $275.00 for Mr. Coberly, and $225.00 for Mr. Chakeres to be reasonable.  Less than a year ago in May 2016, Judge Lynch found that the prevailing market rate for an attorney such as Mr. Coberly, as a practitioner with approximately nine-and-a-half years of experience, who provided competent and zealous representation, is $225.00 per hour.  Judge Lynch further found that the prevailing market rate for an attorney such as Mr. Chakeres, as a practitioner with six year of

civil litigation experience, one year of circuit clerkship experience, and no experience in this area of law, who provided competent and zealous representation, is $200.00 per hour. While the Court acknowledges that Mr. Coberly and Mr. Chakeres have accumulated some additional experience since Judge Lynch's order, nearly all of the work forming the basis for Plaintiff's fee request was completed by August 11, 2016, only three months after Judge Lynch made his ruling. *See* (Doc. 227-3); (Doc. 191). As a result, the Court finds that the hourly rates of $225.00 for work performed by Mr. Coberly, and $200.00 for work performed by Mr. Chakeres, to be reasonable in these circumstances.

### III.  Conclusion

In light of the foregoing, the Court will award Plaintiff attorney's fees for the requested hours of work completed by Mr. Coberly and Mr. Chakeres, at the rate of $225.00 and $200.00 per hour, respectively, and their paralegals, at the rate of $125.00 per hour, amounting to a total of $22,127.50. The Court further finds that Plaintiff is entitled to gross receipts tax on attorney's fees at a rate of 8.3125%, for $1,839.35, and costs in the amount of $595.01. In sum, the Court finds that Plaintiff is entitled to an award of $24,561.86, in total.

IT IS SO ORDERED.

_____
UNITED STATES DISTRICT JUDGE